IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

JO ANN FONZONE AKA JUDY MC GRATH,
        PLAINTIFF                                    CIVIL ACTION LAW
                                                     12-5726-LDD

    VS.

JOE OTERI, PHILLIES ORGANIZATION, OFFICER KEECHEWISCKY,
OFFICER LESINETTE ORTIZ, OFFICER BEE, OFFICER KOVACS,  JOHN Evans
CITY OF PHILADELPHIA, RIVERSIDE  PRISON, C.O .FISHER,  PHILA WARRANT
UNIT,PHILA  DEFENDER ASSOCIATES, RICHARD PATTON, ELIZABETH KOTCHIAN,
DAVID AYERS,GREG ENGLE

            DEFENDANTS                    JURY TRIAL DEMANDED

## AMENDED COMPLAINT

Introductory Statement

1.  This is an amended complaint brought under 42 USC Sec. 1983 for violations of the Fourth

Amendment to the U.S. Constitution. Plaintiff, a thin fifty two year old woman , attended a Phillies

playoff baseball game at Citizens  Bank Park  ( the premises is owned by defendant Philadelphia)

on October 6, 2010 where she was harrassed and  assaulted  then falsely implicated  by a  security

guard whereupon she was  later wrongly  arrested, without probable cause , and  while in police

custody beaten , battered  brutalized so severely that she was taken to the Emergency Room by

police after transported to the  1ˢᵗ police district. The most serious injury Plaintiff suffered was

blunt force chest trauma  which caused  a permanent heart condition . Criminal charges against

Plaintiff were terminated in her favor August 22, 2012.Unbeknownst to Plaintiff at the time of

filing this action,  ADA Kotchian  appealed the Judge's decision and neglected to provide Notice to

Plaintiff. Months later  , the Judge  informed Plaintiff that his decision had been appealed.

Plaintiff  suffered  severe physical and emotional damages as a result of the incidents of October 6,

2010 and  as a result of  the incidents of October 6, 2010 being unjustly treated as a criminal

defendant when she was actually the victim of aggravated assaults, harrassment, stalking. She did noting to to deserve or invite the injuries she received as the hands of the security guard and police officer defendants or the abuse of process and ineffective representation of defense lawyers who slandered her and assisted the prosecution. The Phillies ,the City of Philadelphia ,defender associates, appointed attorney patton, and 3 asst. District attorneys violated plaintiff's civil rights and 1st, 4th, 5th 6th and 14th Amendment constituional rights and their duty of care and are sued in certain supplemental state claims.

## Jurisdiction and Venue

2. Original jurisdiction to hear alleged violations of the constitutional rights of American citizens, and others, is conferred on this court by 28 USC §1331 and 28 USC §1343(a) (3) & (4), via the remedial statute 42 USC §1983.

3. This court is also authorized to hear supplemental state claims by virtue of 28 USC §1367(c).

4. A jury trial is demanded.

5. Punitive damages will be demanded at an appropriate time because the actions of these defendants were particularly egregious and irresponsible.

6. Venue is properly in this court because all witnesses, evidence, and parties are common to Philadelphia and its environs which lies within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## Rights Violated

7. Plaintiff has a right under the Fourth Amendment to be free of excessive and unnecessary force while being taken into custody.

8. Plaintiff has a right to be free of false arrest under the Fourth Amendment.

9. Plaintiff has a right, under the Fourth Amendment, to be free of unlawful searches lacking in probable cause.

10. Plaintiff has a right under the First Amendment to be free of physical assault and retaliation for being a member of a respected profession in the United States, namely for being an attorney engaged in the practice of law.

11. Plaintiff has a right under the First Amendment to be free of retaliation for placing a phone call to 911 seeking assistance while being assaulted and not suffer retaliation therefore.

12. Plaintiff has a right under the 14th amendment not to be deprived of her property without due process of law.

### Operative Facts

13. The defendant Joe Oteri was a private security guard, who by virtue of his joint actions with Philadelphia police officers in subjecting the plaintiff to the unlawful arrest, and unlawful search and seizure and excessive and unnecessary force on October 6, 2010, was cloaked with the authority of the state and is thus liable under the law of §1983.

14. The defendants Ortiz, Kelechewiscky, and Bee, were at all relevant times, police officers employed by the City of Philadelphia(hereinafter "City" and were thus state actors on or about October 6, 2010.

15. The defendant "Phillies" is a well-known professional baseball team who regularly invites the public (one member of which was the plaintiff on October 6, 2010) to "Citizens Bank Park", owned and operated by City which also holds itself out to the public as a place to purchase entertainment opportunities in return for money.

16. The Phillies and Citizens Bank Park are located and do business in Philadelphia Pennsylvania.

17. On October 6, 2010 plaintiff traveled to Citizens Bank Park to watch the Phillies play Cincinnati in a playoff game.

3

18. Plaintiffs seat (#6) was in Section 108, Row #32.

19. During the second inning the plaintiff was standing waving her "rally towel" just as the roughly 47,000 other fans were doing when she was roughly grabbed from the right side by security guard Oteri grabbing and jerking her right arm. Oteri then left her but returned shortly thereafter with Kelechewiscky.

20. Kelechewiscky and Oteri then jostled Fonzone so fiercely that as she reacted by pulling to the left they pushed her head into the seat in front of her with great force and knocked her into the ground. While the plaintiff was being assaulted her handbag was knocked from her hands and this occurred as she attempted to retrieve it.

21. To defendants Kelechewiscky and Oteri then took the plaintiff up to the landing area above her seat section where they ordered her to stand unattended, leaving her there for approximately 10 to 15 min.

22. At this time the plaintiff began to feel pain in her head from being banged into the seat and she began to notice the effects on her body caused by the defendants mocking her into the ground.

23. Suddenly the plaintiff was grabbed with great force from behind, by the elbows, by Officers Kelechewiscky and Bee who proceeded to pull plaintiff with great force backwards with her heels dragging on the ground into a rear office type area where they had a small room.

24. Kelechewiscky and Bee were joined by Philadelphia police officer Kovac as plaintiff was thrown into a chair and her bag was taken from her.

25. Kovac began going through plaintiff's bag and Kelechewiscky began commenting when he saw plaintiff's attorney card that she was a lawyer and also had an "Internal Affairs" card from Lehigh County.

4

26. Kelechewiscky took plaintiff into a small type of holding cell and threw the plaintiff against the wall with great force causing injury to plaintiff's right side, particularly in the upper arm shoulder area.

27. Plaintiff's cell phone was in her jacket pocket and she immediately pulled it out called 911 while she was crying and complaining that she was being assaulted and that she needed help.

28. Shortly Kelechewiscky angrily entered the small holding room and, grabbing plaintiff, threw her against the wall again. At this time plaintiff went down to the ground where she was sobbing and in pain.

29. Kelechewiscky was angrily repeating "I know you have that phone", "I know you have that phone". At this time Kelechewiscky took his night stick and began forcibly hitting the plaintiff in her chest repeating again and again "give me that phone" "give me that phone". Then for reasons unknown to plaintiff Kelechewiscky repeated a couple of times "don't resist", "don't resist". This seemed strange to plaintiff because she is only 5'6" tall and weighs 114 pounds and was on her back totally traumatized in great fear. As abruptly as he came in, Kelechewiscky left.

30. Plaintiff then was taken out of the room with handcuffs being applied behind her back and was placed in a chair.

31. Later plaintiff discovered that the defendant Kovac had stolen her souvenir ticket something of great value to her and something of significant value in and of itself.

32. Two transport officers, both Philadelphia police officers, one of whom was Officer Ortiz, then took plaintiff down to the "first district"

33. At this time Ortiz photographed and fingerprinted the plaintiff even though she had extreme swelling in her right hand and her right arm was badly bruised. The plaintiff was visibly bruised and swollen and when she was observed by a Sergeant Raymon Addison he commented

5

that she needed to go to the hospital. Plaintiff had been handcuffed at this point for over two hours.

34. Plaintiff was then transported to Jefferson Methodist Hospital by officers Baldwin and Jenkins where she arrived at approximately 9:30 PM.

35. As plaintiff was providing her medical history she suffered a seizure as a result of her head being smashed into the seat. In short plaintiff "blacked out".

36. Plaintiff was given no access to her personal information and upon awakening found herself handcuffed to a hospital bed.

37. Baldwin and Jenkins were threatening and rude to plaintiff and after a minimum of care was provided by the hospital the plaintiff was taken to the police headquarters for several hours.

38. Plaintiff then had a video arraignment with a person named "O'Brien". O'Brien released plaintiff on her own recognizance obviously recognizing how beaten and bruised she was.

39. Plaintiff was then put out the street and began walking to the bus station but stopped at the police station on 11th Street and tried to report the assault and abuses she had suffered. She spoke to an officer named Alexander.

40. Officer Alexander would not take plaintiff's complaint telling her she had to report to "Internal Affairs" at 11th and Warden Street

41. Plaintiff suffered severe injuries as a result of the abuses by the aforementioned defendants and then was subjected to a malicious prosecution after which all charges against her were withdrawn.

42. Plaintiff is acquiring documents and collecting facts to bring additional claims which may take the form of requests to amend this complaint there which may be brought as a new complaint.

## Count I

### Plaintiff against Defendants Kelechewiscky and Oteri for False Arrest

43. Paragraphs 1 - 42 above are incorporated herein by reference.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the deprivation of her federally guaranteed rights to be free of false arrest devoid of probable cause and lacking any proper law enforcement objective, together with damages for pain and suffering, embarrassment and humiliation, emotional distress, medical expenses and costs, cost of entertainment denied and all benefits and emoluments connected thereto, all together with fees and costs, punitive damages, attorneys' fees and such other relief as may be deemed appropriate.

## Count II

### Plaintiff against the Defendants Oteri, Kelechewiscky, and Bee for Excessive Force

44. Paragraphs 1-43 above are incorporated herein by reference.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the deprivation of her federally guaranteed rights to be free of excessive force while being taken into custody, together with damages for pain and suffering, embarrassment and humiliation, emotional distress, medical expenses and costs, punitive damages, fees and costs attorneys' fees and such other relief as may be deemed appropriate.

7

## Count III

**Plaintiff against the Defendants Oteri, Kelechewiscky, Ortiz, and Bee for the Unlawful Seizure of Person and Property under Both the 4th and 14th Amendments.**

45. Paragraphs 1-44 above are incorporated herein by reference.

46. The defendants Oteri, Ortiz, Kelechewiscky, and Bee not only unlawfully seized and searched plaintiff's person but Kelechewiscky and Bee also unlawfully took plaintiff's handbag and unlawfully searched it.

47. The defendant Bee unlawfully took plaintiff's souvenir playoff ticket from plaintiff's purse and has never returned it. The souvenir ticket has a high value to be determined at time of trial.

Wherefore plaintiff demands judgment of the above-named defendants jointly and severally for the deprivation of her 4th Amendment rights in the cases of all defendants named in this Count and plaintiff also demands judgment of the defendant Bee for the violation of her 14th Amendment rights in property together with damages for pain and suffering, embarrassment and humiliation, emotional distress, fees, costs, punitive damages, attorneys' fees and such other relief as may be deemed appropriate.

## Count IV

Plaintiff against Defendants Oteri and Kelechsicky for the Violation of her First Amendement Rights

48. Paragraphs 1-47 are incorporated herein by reference.

49. Plaintiff alleges a 1st Amendment right not to be victimized, abused or denied her constitutional right to free speech by state actors while a patron at Citizens Bank Park.

50. Plaintiff was engaged in constituionally protected speech as she cheered for her team on October 6, 2010.

51. Plaintiff suffered adverse action of harrassment, serious injuries, then arrest and serious injuries, and the exercise of her 1st Amendement right to speech was allegedly the substantial factor in the adverse action or arrest.

52. Plaintiff was engaged in constitutionally protected speech just as the other fans were when suddenly, a strange man, ( later Plaintiff learned defendant Oteri was a security guard), began to harrass, grab at , push, pull at her and hurt her and thereby deny her her constitutional right to free speech at the stadium.

53. Plaintiff was denied her 1st Amendment right to speech and cheer , she was being battered, abused, assaulted and victimized by defendant Oteri as he pushed her forcefully into the seat in front of her and she fell to the cement ground.

54. Before Plaintiff could pick herself up from the cement ground, defendants Oteri and Kelechwsicky were both grabbing and pulling her as she tried to retrieve her red Veterans bag which also fell and was underneath the seat in front of her .

55. As defendants Oteri and Kelewischky dragged Plaintiff from her seating section, then pushed her up the stairs to the concourse, she was denied her 1stAmendment rights to speech and cheer for her team.

56. Plaintiff was further denied her 1st Amendment right to speech while in police custody when she called 911 for help after defendant Kelesischky threw her against the wall .

57.Upon learning that Plaintiff had called 911 for help, as dispatch had made them aware, Plaintiff was again denied her 1st Amendment right to speak because defendant Kelewicsky threw her agains the wall a second time, and while she was on the ground, struck her chest repeatedly with his nightstick demanding that she give him her cell phone.

58. As described above defendant kelewichky assaulted Plaintiff causing serious injury because Plaintiff had called 911 for help as she feared for her life; her 1st Amendment right to speak and protect herself was violated by defendant Kelewichky.

WHEREFORE Plaintiff demands judgment of defendants Oteri and Kelewichky jointly and severally for the deprivation of her First amendment rights to speech and associate free of retaliation and violence from state actors lacking any proper law enforcement objective together with damages for pain and suffering, embarrassment, humiliation, negligent and intentional infliction of emotional distress, anguish, punitive damages for wanton and wilful disregard of Plaintiff's health and safety, attorney's fees, costs, and such other relief as may be deemed appropriate.

Count V

Plaintiff against the City of Philadelphia (Monell Claim)  and the Phillies Organization

59. Paragraphs 1-58 above are  incorporated herein by reference.

60. The City of Philadelphia failed to properly supervise, and train the defendants  Ortiz,  Bee, Kovacs, and Kelecwicky  and discipline police officers so as to prevent the unlawful arrest, detention and  seizure of Plaintifff and consequently shares liability for their misconduct.

61. Defendant's failure to train, supervise and discipline amounts to deliberate indifference to the rights  of persons with whom the defendant police department comes into contact, including  Jo Ann Fonzone It is this failure that has created and encouraged ongoing harrassment of veterans, women,  and government whistleblowers.

62. The deficiency in the  training, supervision, hiring, and disciplining of defendant police officers , was  an actual cause of the constitutional deprivations and injuries suffered by Fonzone.

63.  The deficiency in training, supervising, and disciplining of said officers represents a deliberate indifference on the part of the defendants to the rights of veterans , women, and government whistleblowers.

64. As a direct  result  of defendants' negligence, plaintiff was subjected to emotional and physical injury , embarassment, humiliation, confinement, and deprived of her liberty, freedom, and personal property.

65. The Plaintiff had at no time committed any act in the presence of defendants, or any one of them , which constituted either a misdemeanor or violation of any State statutes, nor was there in existence any reasonable or probable cause to believe that any crime had been committed by her. Further, there was not in existence at this time any warrant calling for the arrest or imprisonment of Fonzone

66. The defendants at all times material, knew that there was a complete absence of probable cause against Fonzone with respect to the charge for which they arrested her , but nonetheless procured the District attorney's office to fle charges because they desired to avoid any civil liability for their illegal arrest and serious. Injuries.

67. The plaintiff bad a right to be free from illegal arrest and seizure of her person , a pretext arrest"and a right o be free from unlawful detention, the rights secured to her by the Fourth,Fifth ,Sixth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. Sec. 1983.

68.
Defendants Kelewicsky, Bee, Kovacs and Ortiz, individually and in concert with other defendants acted under color of state law and their official capacitites , said acts were illegal , and each defendant , individually and in concert with the others, acted willfully, knowingly, and with specific intent to deprive plaintiff of her constitutional rights.

69. The actions and misconduct of the defendant City in failing to train and supervise its police pursuant to its policy of allowing site arrests resulted in violations of plaintiff's constitutional rights.

70. Defendants violated Fonzone's constitutional rights with their unnecessary aggressive injurious manhandling of her with no real probable cause that she was in violation of any law. The actions of defendant police officers in accordance with the City's police or custom to allow police to relycompletely on security guard to estsablish probable cause for arrest demonstrated a deliberate indifference for purposes of failure to train and supervise.

71. Defendant Oteri certainly had a motive to provide untrue false information

to the police , his obvious self -preserving ramblings were that of a violent security guard who had just seriously injured a business invitee to establish sufficient probable cause for arrest .The police and the Phillies demonstrated a deliberate indifference for purposes of failure to train and supervise when they allowed the site arrest of plaintiff based only on a security guard's factually inaccurate version of events. Defendants custom or policy of arresting an individual soley on the biased report of a security guard (that just assaulted a business invitee woman ) resulted in a deprivation of Plaintiff's civil and Constitutional rights, 1st, 4th,5th, 6th ,14th Amendments.

72. Defendants City of Philadelphia and the Phillies organization , through their deliberate conduct or deliberate indifference , were the moving forces behind the injuries to Fonzone, both while in the seating section and later in police custody.

73. Oteri 's continuous actions were fairly attributable to the state as the state so far insinuated itself into a position of interdependence with the security guard that he was a joint participant in the

13

unconstitutional activity. After he assaulted and injured Fonzone, Oteri and the police conspired to injure, threaten and intimidate plaintiff in the free exercise of her constitutional right to speak , associate and enjoy the game ,thereby violating her First and Fourteenth Amendemant rights. Oteri's actions continued to include falsely implicating Fonzone, further unconsented touching and grabbing and pushing ber up the stairs, then later writing a false affidavit in the police room in order to have Fonzone arrested.

74. On the July 13, 2013 District Attorney's office private citizen complaint ,defendant Oteri was charged with simple assault, conspiracy and harrassment. This complaint prepared by the district attorney linked Oteri's private defendant activity to the government in order to bring the conduct within the state action requirement for 1983 or 1985(3) action.

75. Oteri acted under color of law as he was the impetus and alone responsible for involving the police and implicating plaintiff by providing false information to the police for the arrest and subsequent prosecution of an innocent injured woman.

76.
The security guard acted in concert with police and the police and substituted the judgment of Oteri for their own official authority in arresting plaintiff.

14

77. Prosecutors relied upon the opinion of security guard Oteri in

whether to prosecute the case and used his verbatim words in the

affidavit signed by officer Ortiz who was not present for a site arrest..

78. The City of Philadelphia maintains a dispatch service and implemented a policy whereby

dispatchers called the police at the exact location where the 911 called was calling from for

help. This act wrongfully informed the very officers who had assaulted plaintiff on October 6,

2010 when she phoned 911 for help from the stadium police room jail cell after Kelewichky

threw her against the wall..

79. The female dispatcher, Jane Doe in following the city's policy ,called the police

room at the stadium, (rather than another police district,) to warn the officers that plaintiff

had called 911 for help from police abuse.

80. Adhering to City policy, Police dispatcher by calling the police room and tipped off

defendant Kelewichky and other police in the police room .

81. Upon learning that Fonzone called 911, Keleewichky was infuriated , returned to the

adjacant room and again threw plaintiff against the wall, screaming at her to give him

the cell phone, and proceeded to strike her repeatedly on her chest until he finally got

her phone.

As a direct and proximate result of these violations of Fonzone's

constitutional rights, she was made to suffer grievous physical injury,

severe pain and emotional trauma, PTSD, moral injury, emharrassment,

humiliation and anguish,was deprived of her liberty, her personal and

professional reputations were severely damaged, and she was forced to

retain counsel to represent her in the criminal proceedings brought by the
Philadelphia district attorney's office.

WHEREFORE ,plaintiff demands judgment from the defendants jointly and severally for
the violations of her federally guaranteed civil and constituional rights, and seeks
damages for pain and suffering, embarrassment, humiliation, damages to personal and professional
relationships and reputation, emotional distress, compensatory and punitive damages for the reckless,
wanton, egregious, malicious disregard for the safety of plaintiff with the willful misconduct of
assault and battery and harrassment , conspiracy to deprive plaintiff of her civil and constitutional
rights, attorneys' fees, costs,and interest and such other relief as plaintiff may be entitled.

### Count VI

Plaintiff against Defendants Phillies organization and City of Philadelphia for Premises Liability

82. Paragraphs 1-81are incorporated herein by reference.

83. Defendants City of Philadelphia and Phillies organization are in the joint business of
providing entertainment events to the public , a common enterprise for the purpose of
hosting sporting and other events for profit and mutual benefit.

84. Plaintiff's relationship to the aformentioned defendants is that of of the business invitee
or public consumer.

85. On October 6, 2010, defendants City of Philadelphia and Phillies organization had
an express duty and responsibility as landowner and lessee to protect and provide
plaintiff with a safe and comfortable enviornment so that she could enjoy the play-off
baseball game for which she had purchased a ticket.

16

86. As possessors of the land , defendants City and Phillies are liable to plaintiff for the
   negligent or intentional harmful acts of defendants security guard and police which
   cause physical injury Defendants land possessors had a duty to exercise reasonable
   care to protect invitees and prevent tortious acts by third persons or employees.

87. Defendants City of Philadelphia and Phillies were aware and had notice that
   security guard Oteri had physically injured plaintiff after he had assaulted and
   pushed her into the seat and she fell to the ground, then he went to locate a
   police officer ,not to help her, but help himself establish a cover up of his
   violent criminal misconduct and assault.

88. Defendants land possessors then had a duty to respond in a reasonable
   manner by offering plaintiff medical help, rather than allowing further
   injury and abuse by police officer incited to violence by a false report by
   security guard . As a result of defendants land possessors breach of standard
   of care, Plaintiff was later falsely arrested and suffered more physical
   injuries by the brutality of defendant Kelewischky.

89. Defendants City and Phillies had a duty to discover that criminal conduct
   was occurring and its business invitee was an injured victim ,there was a
   duty to protect and maintain control over their employees as plaintiff does
   not assume the danger of being harrassed, assaulted, battered , falsely
   implicated , arrested and seriously injured by security and police , when
   she attends her first major league playoff baseball game.

17

90.Plaintiff could not have known  nor did she assume the risk that she would encounter violent criminal conduct of security and police including harrassment,  physical assault and battery escalating to  life-threatening reckless endangernment  ,willful, wanton misconduct and  malicious disregard for her safety while attending a game  at Citizens Bank Park , then false arrest  without probable cause  as an intended cover -up  of defendants injurious violence  .

91.Defendants City and Phillies had a duty to provide adequate security and their failure to do so was a breach of its duty and a substantial factor in causing plainitff's injuries.

92. By failing to help or prevent  the violent conduct of defendants security guard and police ,defendants City and Phillies breached their standard of care and plaintiff suffered physical injuries to her head ,hand arm prior to arrest, and then false implication  into the criminal system by a security guard who needed to  place blame on the innocent woman he had just  assaulted.

93. As a direct result of defendants City and Phillies breach of their standard of care, Plaintiff suffered serious physical injuries causing permanent damages while at her stadium seat at 5:45p.m.and then again while in police custody at 6:15p.m.

WHEREFORE plaintiff demands damages of the defendants City of Philadelphia and Phillies organization jointly and severally for violating their duty of care to plaintiff under Pennsylvania tort law(28 USC 1367 (c) premises liability ) a supplemental state claim  as a business invitee or licensee standard of care is the highest duty owed to a person who is privileged to  enter the premises ,for pain and suffering, injury causing disability, embarrassment, humiliation, negligent and intentional emotional distress ,moral injury, loss of enjoyment of life, loss of time,damage to personal and professional relationships and reputations. damage to and delay of other legal matters, medical expenses and costs,  punitive damages , fees, attorneys fees, and all other appropriate relief as may be deemed appropriate.

conduct of the police and security guard that seriously injured Plainitff. Two other hidden police reports , one signed by Lieutenant Appleton , another Sgt. Middleton, showed that Fonzone was the confidential informant and she had a valid IA complaint .This newly discovered evidence would have changed the outcome of the case had it been presented to the Court. Three weeks later, Evans the officer that signed to have Fonzone arrested was promoted to IA and given the assignment to investigate. Despite a conflict of interest, Evans allegedly investigated and it consisted of lying to all the police officers before he interviewed them that Fonzone filed IA complaints against them.The blatant lie would ensure he would elicit what he wanted from them to slant his investigation and obtain his desired result,contrary to the reports of the Lieutenant and originally assigned investigator.Fonzone informed the AG PCU of the plice and prosecutor misconduct July 6, 2012. Frank Fina took no action on the matter ;now is employed by the Phila District attorney and failed to appear though Fonzone subpoenaed him in this case to ask why there was no action or investigation by his Unit;despite kelechewsicky's excessive force of throwing a handcuffed arrestee against the wall twice and striking her repeatedly on the chest with his nightstick.(Exhibits     )

121.The prosecution did not investigate the incidents despite having a copy of the 911 Plaintiff made for help when she was being assaulted by defendant Kelewischky. Of note, officer kelechewsiky's name was omitted from official police reports and court documents and was substituted by Officer Ortiz .Ortiz was not an arresting officer or at the scene ; she was the passenger in transport vehicle from the stadium to the 1st District Ortiz was not an eyewitness though she wrote and signed the citation for disorderly based on hearsay and Oteri's false report..(Exhibit    )

122.Prosecutor Kotchian appealed Judge Kosinski's decision to dismiss but did not serve Fonzone Notice of appeal to at anytime . At the proceedings in Septemeher ,

25

October and November ,Fonzone did not appear because she was unaware that the case was appealed.. Kotchian was aware, however, that Fonzone was representing herself since June 2012 and that she was to be served with the NOA. Prosecution had ex parte proceedings with various Judges throughout the case from 2010 to 2014 whenever they sought an Order and wanted no objection from Fonzone.

123.Though Fonzone was not givenNotice of a December 17,2012 court date,when trying to file her Expungement Petition on November 15, she was unable to and was told they had appealed.Having learned thaat the world is full of intentional misinformation and misrepresentation , particularly in legal matters with those with some motive, Fonzone must triple check and question everything she is told or reads in order to find the truth.

124.In her quest for the truth about the case disposition of August 22, Fonzone contacted Judge Kosinski's clerk. Soon she received a letter from the Judge stating that Kotchian had appealed his decsion and that there was a proceeding scheduled December 17.

125.Painfully aware that she could be subjected to a warrant if she did not appear, though she had not been served with a notice to appear, Fonzone appeared December 17. Fonzone asked the court, " Don't they have to serve me? " Judge Patrick replied, " They do, but you're here. " (Trans. Dec. 17, 2012, p. 5) Kotchian was not there and asst. District attorney Engel was.

126 Fonzone said , "On Aug. 22 I requested dismissal with prejudice" meaning the decision could not be appealed. The Judge replied, " It's still with prejudice, the fact is they can appeal it because I'm higher than the MC Court." (Trans. Dec. 17, p. 5)

127.The asst.Dist. Att. Engle then had a dialog with the Judge as though Fonzone

was not in the room, and he misrepresented facts about the calculated days for
. the 1013. Fonzone objected and provided accurate facts (Trans. Dec.17, p.10, 11)
but Judge Patrick gave Engel the appeal and scheduled the next date Dec. 31.

128.Fonzone did not have a copy of the appeal and then had to go to the
district attorney office to get a copy 3 months after the DA appealed the
dismissal .

129. Though the next date was set by Judge Patrick for Dec. 31, the ADA appeared in Judge
Gehret 's court on Dec.28 without Fonzone there or having been notified . Engel had the Judge
appoint counsel by misrepresenting facts about Judge Neifeld's order ruling Fonzone competent on
May 23, 2012. Tthe asst.district attorneys were violating Fonzone's 1st Amendement right to
speak in Court.

130. On January 4, 2013 Fonzone filed Motion to Reconsider the dismissal of her private criminal
complaint against Oteri and scheduled a hearing for Janaury 17, 2013.On January 17, the Motion
was dismissed without a hearing because Engel objected to it.

131 At the trial January 18, 2013, Marni Snyder and Fonzone were co-counsel. ADA Kotchian
knowingly allowed her witnesses to falsely testify upon her influence and her blatant misconduct
was intentionally undertaken to prejudice Fonzone and thereby deny her a fair trial. Her conduct
was retaliatory because Fonzone won the case against her August 22, 2012 and the PCU .The
reprehensible conduct of Kotchian 's repeated misrepresentations to every new Judge about
Fonzone " pro se appearance Dec. 17 in violation of a previous order" (Trans. Jan. 18, 2013, p7-8)
were blatant , egregious and appalling untruths.Kotchian was present June 13, 2013 when Judge
Stack appointed Fonzone to represent herself after colloquy.

132.On Feb 11, 2013 a Notice of Appeal of the summary disorderly conduct was filed from Muni
Court to Common Pleas , and prosecution had 120 days June 12, 2013 to get to trial or the case

27

dismissed.Even with 60 day defense continuance from March 4 through May, the October 2 , 2013 trial start was 173 days after the Appeal filed Feb. 11, 2013.Ergo, prosecution was in violation of Rules 600 and 1013 (g), and Fonzone's repeated Motions to vacate and dismiss should have been granted 53 days prior to trial or August 13, 2013.

133. On Feb 12, ADA misrepresented that Fonzone did not file her private criminal complaint with the Pres. Judge when in fact she did. (Exhibit    ) A hearing was then scheduled.(Trans. Feb.12,2013, p.12) Fonzone stated ," that it was a conflict of interest if he (Engel) is supposed to represent me as the victim and he's prosecuting me on the summary disorderly conduct and I respectfully request that another ADA be assigned to the private criminal appeal. " (Trans. Feb. 12, 2013, p. 11,15)

Judge Patrick denied every request of Fonzone.

134. On August 19, 2013 ADA Kotchian was not ready as they had no witnesses. Judge Foglietta said to Fonzone " You have a right to represent yourself." ( Trans. August 19, 2013, p. 14). Fonzone moved for dismissal of the case , the Judge said, " I guess you know the law better than I do becasue I'm not dismissing the case."(Trans. August 19, 2013,p. 17).Fonzone then requested that he recuse and he denied that request.On Dec. 18, 2013 Judge Foglietta would not allow Fonzone to represent herself and argue the Motion to Vacate though she had scheduled the hearing for that.

135 The next date for trial was October 2, 2013, and everything from this date forward should be stricken from the record as violative of Fonzone's constitutioanl rights to speedy trial, and PaRCrim P 600 and 1013. ADA Kotichian left Oct. 2 and Fonzone had to appear again Oct. 3. Then it was continued until Nov, 22. , ( But Fonzone was not told the date was changed from Nov. 22 to Nov. 21, she was threatened with a bench warrant for not appearing by her appointed counsel who did not tell her the date was changed,) and it was continued until Jan. 22, 2014. Jan. 22 the Court was closed due to snow. Fonzone was not notified of the next date and had to call the clerk daily until on March 18 , and was told trial was set for March 19.                                    28

136. On March 19, 2014 Fonzone requested a continuance because she did not have suffficient time to have her 4 previously subpoenaed witnessess preent, Fina, Gray, Addison, ER doctor, The Judge denied her request. Fonzone then tried to argue her Motion to Vacate citing the 120 day rule since filing the appeal Feb. 11, 2013. (Trans. March 19, 2014 pgs.. 25-31, 36-40) Kotchian objected so the Motion was denied.

137. Fonzone explained to the Court that she had been a victim of stalking, injuries and false implication despite the existence of her permanemt Protection From Abuse Order (Exhibit ) against her estranged spouse who has had her vicariously abused before.(Trans. March 19, 2014 pgs. 73-90)

138 Because of the falsified evidence, slander, libel,, without ever having spoken with his client appointed lawyer Richard Patton wrote a defamatory libelous letter to Judge Foglietta about his client which prejudiced the Court against Fonzone before she ever walked into Court, influenced prosecution witnesses, non-appeasrance of defense witnessess as Fonzone had no notice of new trial date until day prior, evidence destroyed and witheld and ex parte conduct of the Judge, prosecutor and defense counsel, Fonzone was denied a fair trial and erroneously determined guilty of summary disorderly conduct for exercising her 1st Amendment right to cheer for her team at a major league baseball playoff game. Fonzone's intent was to watch in person her first playoff game.

139. Fonzone's civil and constituional rights were violated throughout the conspiracy of arrest without probable cause and malicious prosecution. Though the District attorney was sent a copy of Fonzone's 911 audio Nov.15, 2010 when it was subpoenaed by Defender Associate Kim Gray, there was no investigation about Fonzone's confidential complaint by their office, Defenders, or the Philadelphia police department.And Kotchian and Defender Kelly witheld the 911 CD and other crucial exculpatroy evidence from Fonzone that they had since Dec. 10, 2011, until 2014.

140. Pursuant to 42 U.S.C. Sec. 1983 , two allegations are required in order to state a Sec. 1983 cause of action: 1) the complaint must allege that one or more persons have deprived Plaintiff of a federal right and 2) the persons that have deprived Plaintiff of those rights acted under color of state law . Gomez v. Toledo, (1980) 446 U.S. 635, 100 S Ct. 1970.

141. There was a civil conspiracy to obstruct justice with malice and intent to injure Plaintiff amounting to a perpetration of fraud upon the court . All of the defendants , City , Police, Oteri,asst. District attorneys, Defender Assocs., Patton, by falsely implicating plaintiff without probable cause, unlawfully seizing causing her serious injuries ,witholding exculpatory evidence to prosecute plaintiff, failing to objectively investigate the case ,not allowing her to represent herself by fraudulently putting her in mental health court, wrongly issuing bench warrants , resulting in wrongful imprisonment (resulting in a 14th Amendment property right loss of a civil injury case dismissal in another county) ,denying a hearing on her private citizen complaint against the security guard, a genuine issue of concerted activity toward an unlawful objective existed, to get a conviction of an innocent individual who 2 years prior had her criminal case dismissed. The wrongful concealment and intentional non-disclosure of exculpatroy evidence by defendants resulted in continunig deprivation of Plaintiff's rights to due process and equal protection.

142. Where defense lawyers, prosecutor and investigator and others conspired to prejudice an individual of her civil rights, she is thereby denied equal protection of laws in court, and private conduct of non-government employees is converted to state action for purposes of a Sec. 1983 action. Black v. Bayer, C.A. 3rd (Pa. 1982), 672 F.2d 309.

143. All of the defendants acted in concert to deprive Plaintiff of her 1st, 4th, 5th,6th,14th Amendment rights in a 42 U.S.C. 1985 (3) conspiracy motivated by the class based discrimination animus designed to deprive women and whistlehlowers of the right to speak and associate .      30

WHEREFORE , Plaintiff demands judgment of all defendants jointly and severally for violating

their duty of care of care, egregious violations of their oaths and Rules of Professional

Responsibility and Professional, Ethics violating plaintif's civil and constituional rights 1st, 4th,5th,

6th, 14th Amendments, pain and suffering, serious physical injuries resulting in permanent physical

disability, loss of enjoyment of life, 14th Amendment property right loss of personal injury case

September 27, 2011, moral injury, PTSD, negligent and intentional infliction of emotional distress,

past, present and future medical costs and expenses, embarrassment, humiliation past , future

earnings, damage to personal and professional reputations and relationships , all costs and

damages associated with their negligent anad intentional misconducts sicne the incidents of

October 6, 2010, incidental expenses and all costs of this litigation together with punitive damages

for the egregious, willful wanton misconducts and vioaltions of plaintiff's civil and constituitonal

rights ,atttorneys fees ., and such other relief as this Court may warrant .

Respectfully submitted,

Jo Ann Fonzone, Esquire aka Judy Mc Grath
Pro Se for the Plaintiff

July 7, 2015

31

## VERIFICATION

I verify that the statements made in the aforementioned amended complaint are true and correct.

I that false statements herein are made subject to penalties relating to unsworn falsification

to authorities.

Exhibits referred to on the amended complaint will be provide during discovery.

Jo Ann Fonzone, Esq.
2242 Tilghman St.
Allentown, Pa 18104

32

# BALA MEDICAL CENTER
## Wayne V. Arnold, D.O., F.A.C.O.I.

CARDIOLOGY - PERIPHERAL VASCULAR DISEASES

7 BALA AVENUE
SUITE 202
BALA CYNWYD, PA. 19004

(610) 667 - 2746
FAX# (610) 667 - 9420

June 30, 2015

Re:    JoAnn Fonzone

To Whom It May Concern:

Ms. JoAnn Fonzone is under my cardiac care. She was seen for evaluation on May 28, 2015.  Ms. Fonzone is very medication sensitive and has difficulty controlling her paroxysmal atrial fibrillation.

At that time she was given a prescription for a medication which helped her problem immensely. This medication was not on the formulary list of her insurance company. This office tried to appeal this decision but it was denied. During the month she tried multiple other medications which produced side effects which prevented her from working.  None of those medications controlled her arrhythmia.  We appealed the insurance company's decision and it was finally approved on June 25, 2015.

Ms. Fonzone was not able to work for the entire month of June,

If you have any questions or need additional information, please feel free to contact this office.

Sincerely,

Wayne V. Arnold, D.O.

WVA:dm

PHILADELPHIA POLICE DEPARTMENT
## COMPLAINT OR INCIDENT REPORT

| YEAR | DIST./OCC. | D.C. NO. | SECT. | DIST. | VEH. NO. | REPORT DATE |
|---|---|---|---|---|---|---|
| 10 | 03 | 62707 | | 03 | 030 | 10-6-10 |

| CRIME OR INCIDENT CLASSIFICATION | CODE | TIME OUT | A | TIME IN | A |
|---|---|---|---|---|---|
| | | | P | | P |

| LOCATION OF OCCURRENCE | CODE | ☐ IN | TYPE OF PREM. |
|---|---|---|---|
| 1 Citizens bank way | SEC/C7 | ☐ OUT | |

| DATE OF OCCUR. | DAY CODE | TIME OF OCCUR. | A | NATURE OF INJURY |
|---|---|---|---|---|
| 10-6-10 | 3 | 615 | P | none |

| COMPLAINANT | | AGE | RACE | SEX | PHONE (HOME) |
|---|---|---|---|---|---|
| Police | | | | | |

| ADDRESS | PHONE (BUSINESS) |
|---|---|
| | |

| FOUNDED | REPORT TO FOLLOW | | UNIT | CODE | INV. CONT NO. |
|---|---|---|---|---|---|
| ☐ Yes ☐ No | ☐ Yes  ☐ No  ☐ Close Out | | | | |

| WITNESS | TRACEABLE PROP. | UNIQUE DESCRIPTION OF OFFENDER | OTHER EVIDENCE |
|---|---|---|---|
| ☐ Yes ☐ No | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐ Yes ☐ No |

DESCRIPTION OF INCIDENT (Include Description of Crime Scene if Applicable)

Site Arrest

Offender was placed
under arrest #10-03-62707
for disorderly conduct after
being told multiple times
to sit down and stop being
rudy during the game.

| WITNESS | ADDRESS | PHONE NO. |
|---|---|---|
| | | |

OFFENDER INFORMATION
Jo Ann fonzone  7-9-58  wlf
5550 n. Ocean Drive.

| PROPERTY DESCRIPTION (Include Make, Model, Color and Serial No. Where Applicable) | PROP. CODE | INSURED | STOLEN VALUE |
|---|---|---|---|
| | | ☐ Yes ☐ No | $ |
| | | | |
| | | | |

| VEHICLE 1 — OWNER'S NAME | VEHICLE 2 — OWNER'S NAME |
|---|---|
| | |

| VEHICLE 1 — OPERATOR'S NAME | VEHICLE 2 — OPERATOR'S NAME |
|---|---|
| | |

| WANTED/STOLEN MESSAGE SENT  General No.      Date | DIST./UNIT TERMINAL | RECEIPT NO. | SENT BY |
|---|---|---|---|

| REPORT PREPARED BY | NO. | DIST./UNIT PAGES | TOTAL NO. | PAGE |
|---|---|---|---|---|
| Plo Ochz | 9681 | 14 | | 1 |

| REVIEWED BY | NO. | DIST./UNIT | REFERRAL DATE | CEN NO. |
|---|---|---|---|---|

PURSUANT TO ACT 195 OF 1992. THE BELOW PERSON ACKNOWLEDGES RECEIPT OF THE NOTIFICATION OF VICTIM SERVICES FORM.

75-48 (Rev. 8/94)          259413.

354377



Philadelphia Police Radio
Audio Reproduction Unit
215-686-3126

10/06/10        6:14:58 PM
1 CITIZENS BANK WAY
DC #10-03-062707
MC #2010-0043169
JO ANN FONZONE
CH/ R/A

According to Officer Ortiz's Investigation report (see the following 3 pages)
the time of arrest was 6:15 p.m. 6:20 or 6:22 p.m. At 6:14:58 p.m.
I was in the police room jail cell calling 911 for help, but Ortiz
says she was arresting nd outside in the stadium at that time.
The incident outside with security guard Oteri + Officer
Kelemischky occurred at 5:45 pm.



# DISCOVERY COVER SHEET
# Philadelphia Police Department

**DEFENSE COPY**

☐ Public Defenders Office

☐ Private Attorney

**DC Number:** 2010-03-062707
        **Printed:** 2/04/2011 17:52

**Docket Number(s):**

**Next Court Date:**
        **Court Room:**

**Case Subject:** Disorderly Conduct at 1 CITIZENS BANK WAY on 10/06/2010

**Assigned Investigator:** LANDIS, JOHN

**Approving Supervisor:** EVANS, JOHN
        **Discovery Approved On:** 10/12/2010 22:45

**Assigned Unit:** 6100

| Defendant Name(s) | PID | Arrest Date |
|---|---|---|
| Fonzone, Joann | | 10/06/2010 18:13 |

## ENCLOSED REPORTS

### Case Reports:

☑ 2010-03-062707.1 Investigation Report (75-49) Disorderly Conduct at 1 CITIZENS BANK WAY on 10/06/2010

### Interviews:

☑ INTERVIEW

### Attachments:

☑ Incident Report INCIDENT REPORT

☑ Lab Results 75-229   — x-rays

### Other Enclosures:

☐ Seizure Analysis

☐ Ballistics Report

☐ Certificate of Non-Licensure

☐ _____

☐ _____

☐ _____

Notes:

In addition to the documents provided under cover of this form, documents relating to the complaints against the police officers involved in this case, if any have been made, may be found in either the Internal Affairs Division, the Ethics Accountability Division, or the Headquarters Inspection Unit of the Philadelphia Police Department. If law enforcement officials involved in this case are or were employed by agencies other than the Philadelphia Police Department, such documents may be found in the possession of those agencies. The District Attorney's Office does not concede that any such documents are either subject to disclosure or admissible in any criminal proceeding.

DA'S OFFICE REPRESENTATIVE _____ Date _____

DEFENSE COUNSEL _____ Date _____

**PHILADELPHIA POLICE DEPARTMENT**
Print Legibly

| CLASSIFICATION | CODE | DIST/UNIT/AGENCY PREPARING | CODE | REPORT DATE 11/24/10 |
|---|---|---|---|---|

| SIGNATURE OF PERSON RECEIVING COMPLAINT | Badge | PERSON NOTIFIED (I.A.B.) | DATE AND TIME NOTIFIED | I.A.D./COMP. NO. |

## CITIZEN MAKING COMPLAINT TO COMPLETE BALANCE OF REPORT

| COMPLAINANT'S NAME Last | First | Initial | ADDRESS | City | State |
|---|---|---|---|---|---|
| FONZONE | Jo ANN | | 2242 Tilghman St. | Allentown | PA |

| AGE 52 | RACE | SEX ☐M ☑F | DATE OF BIRTH 7/9/58 | OCCUPATION Lawyer | PHONE (Bus.) 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 |

NAME OF ALLEGED VICTIM OF INCIDENT IF OTHER THAN COMPLAINANT

NAME OF ATTORNEY/INTERPRETER/PERSON ASSISTING COMPLAINANT: Jo Ann Fonzone, ESQUIRE

| NAME(S) OF OTHER WITNESSES Last | First | Initial | ADDRESS | PHONE |
|---|---|---|---|---|
| Jack Perryman | Florence | | Northampton, PA | |
| P.O. Connell | | 484-894- | | |
| P.O. Addison | Jefferson Emergency Room personnel | | | |

| NAME(S) OF OFFICER(S) COMPLAINED AGAINST (If Known) | RANK | BADGE | DISTRICT/UNIT | ASSIGNMENT (Foot/Auto/Det) |
|---|---|---|---|---|
| Bee | | | | |

DESCRIPTION: HEIGHT | WEIGHT 260 lbs Stocky | HAIR | EYES | SEX ☑M ☐F | AGE 56 | RACE C | OTHER

| NAME | RANK | BADGE | DISTRICT/UNIT | ASSIGNMENT (Foot/Auto/Det) |
|---|---|---|---|---|
| Kalowsky / Kelewski | | | | |

DESCRIPTION: HEIGHT | WEIGHT OVER 240 Stocky | HAIR | EYES | SEX ☑M ☐F | AGE 56 | RACE C | OTHER

IN DETAIL, STATE WHAT OCCURRED:

See attached.
Permanent PFA Order
& other documents.

*(If Additional Space is Required, Use A Continuation Report (75-51)*

THE ABOVE INFORMATION IS TRUE AND CORRECT

Signature of Complainant

TYPED NAME OF PERSON PREPARING REPORT AND SIGNATURE: Jo Ann Fonzone

DATE AND TIME COMPLAINT MADE: 10/06/10  6:10 ☐AM ☐PM   911 Call

AGENCY: DISPATCH

75-61 (Rev. 9/94)

# John F. Kennedy Community Mental Health/Mental Retardation Center

Delores Wilson Esq.
Chairperson
Board of Directors



Jo Williamson
President/CEO

March 1, 2012

RE: Joann Fonzone
DOB: 07/19/1958

Dear Sir or Madam:

Ms. Fonzone was initially evaluated on October 19, 2011 and had a follow up on December 21, 2011. She was diagnosed with Post Traumatic Stress Disorder. As of our last meeting she was competent to aide in her defense. She is not delusional or psychotic. She understands the circumstances of her situation.

Sincerely,

Buster Smith, MD

Police Advisory Commission                                    6/15/12
To whom it may concern:

Officer Ortiz was not present at the scene; she was
in the transport vehicle from Citizens bank park to the
3rd precinct. She was not the arresting officer, I was not arrested
by a female officer.


PS. - Note the neck bruise from the misconduct of the
male officers. I just got this photo on 6/13/12
though I requested it more than a year ago.

                                        John Joo


Enclosure - arrest photo 10/26/10
            Jefferson ER bill

Ms. Elizabeth Kottias
District Attorney's office
Three S.Penn square
Philadelphia, PA 1910

June 23, 2012

RECEIVED

Re : Comm. v. Fonzone
MC-51-CR-43169-2010

JUN 2 7 2012

ACTIVE CRIMINAL RECORDS
CRIMINAL MOTION COURT

Dear Ms. Kottias:

It is the  defense's position that discovery has not yet  been completed  as there is outstanding discovery requests filed in September  2011 which have not been fully complied with by your office. (copies  attached  herein).

Pursuant to PaRCrim P 573(C)(2) and 573(D), defense hereby requests any and all names , addresses and dates of birth of any witnesses the prosecution intends to call . In addition, defense requests  any and all witness statements, documents reports, exhibits or photographs intended for use by the prosecutor.

Some of the requested items which have not been provided  , though requested on September 9, 2011, include:  All police reports including Police form 48 of October 6, 2010 which is the police transport to hospital form, and  Police form 48 of September 22, 2011, which is the police warrant unit transport form to hospital. Also, the bench warrant of September 21, 2011 constitutes a police report and has not been provided to the defense though requested  repeatedly since  then. ( then defense attorney was told that Ms. Fonzone had an appointment with her cardiologist September 21 and could not be in court that day). Other police reports not provided to defense include:  a police report  containing  a police affadavit of probable cause signed by the arresting officers Kelecheswky and Bee. The police report containing the name of the complaining witness  and alleged victim of disorderly conduct  was similarly not yet provided to the defense.

Furthermore, videotape of the section at Citizen Bank park was requested and not yet provided to defense. Lastly, the fingerprints  of the accused  were not provided to the defense.

Since  the  case was first called to trial October 2010, there were three Court Orders  for the district attorney to provide   discovery.  The defense has provided discovery  and medical reports to previous asst. district attorneys.

Sincerely,

Jo Ann Fonzone, Esquire

Appl #3354
RR
7/3/12
PL #8025



## COMPLAINT OR INCIDENT REPORT

HOSPITAL CASE

R/C HOSP CASE.

ABOVE COMP TRANSPORTED TO MATH
HOSP FOR INJURYS TO HER RIGHT
HEAD SHE OBTAINED AT PHILLIES GAME
ON HAND ON DUTY COMP STATES
INJURYS WERE PRIOR TO BEING

TRINITY PRINTING,INC 215-242-4025

## PRIVATE CRIMINAL COMPLAINT

215783

### COMMONWEALTH OF PENNSYLVANIA

CR -

THE PHILADELPHIA MUNICIPAL COURT
Criminal Justice Center
1301 Filbert Street
Philadelphia, PA  19107

COMMONWEALTH OF PENNSYLVANIA
vs.

**JOE OTERI**

**CITIZENS BANK PARK**

**1  CITIZENS BANK WAY**

**Philadelphia              PA    19148**

Bureau: S

| DISTRICT ATTORNEY'S OFFICE |
|---|
| ☐ Approved    ☐ No Opinion |
| ☑ Disapproved because: |
| Retaliation Lacker prosecutor 1 mur. t Prove. Krid diverter Vd Accuse |

DATE  7/4/12    ASSISTANT DISTRICT ATTORNEY

DATE  7/3/2012    INTERVIEWER Comia-Wolfe

*This defendant* ☐ *has* ☑ *has not* *been fingerprinted.*

**DEFENDANT DESCRIPTION**

| RACE | SEX | HEIGHT | WEIGHT | COLOR OF HAIR | COLOR OF EYES | DAY OF BIRTH (Mo., Day, Yr.) |
|---|---|---|---|---|---|---|
| WH | Female | 5'9" | 175 | BRN | UNK | 47 |

OTHER

, the undersigned do hereby state under oath or affirmation my name is **MS. JO ANN FONZONE**

My address is **2242 TILGHMAN ST  ALLENTOWN, PA  18104**

The accused has violated the Crimes Code or other laws of the Commonwealth of Pennsylvania in Philadelphia County on or about **10/6/2010 5:47:00 PM, CITIZENS BANK WAY PHILX PA**

The said acts were:
Comp was attending a Phillies game and acc was a stadium employee for Citizens Bank Park.  On the above date, time, and location comp was standing and cheering with her rally towel when acc (white male dressed in a blue shirt) grabbed comp's right arm.  Acc began pulling on comp's right arm, comp moved away and acc continued pulling comp's arm.  Comp believes a police officer (white male dressed in a white shirt) approached comp and acc.  Comp states acc and the officer pushed comp causing comp to hit her head on the back of the seat in front of her.  Comp then fell to the ground.  When comp grabbed her purse, acc and the officer pulled comp off the ground by comp's arms and began pushing comp up the steps.  Acc and the officer escorted comp onto the concession stand concourse.  Police notified DC# 10-03-042106.  Medical treatment sought.  Comp does not know what this incident stems from.
**CHARGES: 903 CRIMINAL CONSPIRACY (M2), 2701 SIMPLE ASSAULT (M2), 2709 HARASSMENT (S),**
ll of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to law.  I ask that a
summons or a warrant of arrest be issued and that the accused be required to answer the charges.
**MS. JO ANN FONZONE**

COMMONWEALTH OF PENNSYLVANIA:     ss
COUNTY OF PHILADELPHIA:

And now, this date _____ 20 _____, I certify the complaint has been properly deposed and executed and that there is probable cause for the issuance of process.

_____
udge

I, _____
verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information and belief. This is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa. C.S. §4904) relating to unsworn falsification to authorities.

Date  8/1/12    Signature

| SUMMONS | CITATION |
|---|---|
| YOU ARE COMMANDED TO APPEAR BEFORE THE PHILADELPHIA MUNICIPAL COURT FOR ARRAIGNMENT | USTED ESTA ORDENADO PARA APARECER ANTE LA CORTE MUNICIPAL DE FILADELFIA PARA LECTURA DE ACUSACION |
| DATE (Fecha)        TIME (Tiempo) | LOCATION (Sitio)  Criminal Justice Center 1301 Filbert Street - Room 408 Philadelphia, PA |
| If you fail to appear at the time and place mentioned, a Warrant will be issued for your arrest. You have the right to be represented by an attorney. | Si usted falta de aparecer al lugar y tiempo mencionado una citacion sera entragado para su aresto. Usted tiene el derecho de ser representado por un abogado. |



# Trial Disposition and Dismissal Form

| | | |
|---|---|---|
| ____ Currently in County Prison | ____ ARD | Page: _____ 1 of _____ 1 |
| ____ Intake given at time of Plea | ____ Standard | Date: _____ |
| ____ Plea | ____ Revo. (Prob./Parole) | PSI Agent: _____ |
| ____ Plea & Sentencing | ____ ICC | Court Rep. Initials: _____ |
| ____ Trial | ____ Bench Warrant Review Hearing | Case Assigned To: _____ |
| ____ IPP | | Collections Initials: _____ |
| File #_____ | Presently on supervision with P.O. _____ | |

## DISPOSITION / COMMITMENT

| | | |
|---|---|---|
| Name: Fonzone, Jo Ann | DOB: _____ | D.A.: Philadelphia County District Attorney's Office |
| Race: Caucasian    Sex: Female | SSN: _____ | Disp.Authority: Kosinski, Gerard A. |
| Sentencing Date: _____ | Time: _____ | Typing Date: _____ |
| Defense Counsel: _____ | PID: 1097190 | Court Room: 504 |
| 48 Hrs: _____    30 Days: _____ | 90 Days: _____ | BAC: _____    CRN Date: _____ |

| DOCKET<br>OTN<br>DATE of OFFENSE | COUNT - OFFENSE<br>FINE RANGE<br>PLEA | OFFENSE CODE<br>GRADE | DISPOSITION<br>DISPOSITION DATE<br>SENTENCING DATE | FINES<br>COSTS<br>REST |
|---|---|---|---|---|
| MC-51-CR-0043169-2010<br>N 705589-3<br>10/06/2010 | 1   - Resist Arrest/Other Law Enforce | 18§5104<br><br>M2 | Dismissed - Rule 1013 (Speedy Trial)<br>Disposition Date: 08/22/2012<br>Disposing Authority: Kosinski, Gerard A. | ____ Costs/<br>____ Fines<br>____ EMSA<br>____ MCARE<br>____ Rest |
| MC-51-CR-0043169-2010<br>N 705589-3<br>10/06/2010 | 2   - Disorderly Conduct Engage In Fighting | 18§5503§§A1<br><br>M3 | Dismissed - Rule 1013 (Speedy Trial)<br>Disposition Date: 08/22/2012<br>Disposing Authority: Kosinski, Gerard A. | ____ Costs/<br>____ Fines<br>____ EMSA<br>____ MCARE<br>____ Rest |
| | | | | ____ Costs/<br>____ Fines<br>____ EMSA<br>____ MCARE<br>____ Rest |
| | | | | ____ Costs/<br>____ Fines<br>____ EMSA<br>____ MCARE<br>____ Rest |
| | | | | ____ Costs/<br>____ Fines<br>____ EMSA<br>____ MCARE<br>____ Rest |

**Comments:**

I HEREBY CERTIFY the foregoing to be a true and correct copy of the original *DISPOSITION* as filed in this office:

Date: 11-15-12

Active Criminal Records
Criminal Motion Court Clerk
First Judicial District of Pa.

Issuing Authority:

Gerard A. Kosinski

## CERTIFICATE OF SERVICE

I hereby certify taht I have on this day caused to be served a true and correct copy of the

aforementioned Amended Complaint on the parties listed below at the addresses as listed:

Robert Foster, Esq.
Reger Rizzo & Darnell
2929 Arch St. , 13th floor
Philadelphia, Pa. 19104

City of Philadelphia law dept.(police, John Evans, Riverside Facility, O. Fisher, Bench
1515 Arch St. 14th Floor                                      warrant unit- defendants)
Philadelphia, Pa. 19102

E.Kotchian, D.Ayers, G.Engel
Philadelphia Dist. Attorney's office
3 Penn square
Philadelphia, Pa, 19107

Defender Associates
1441 Sansum St.
Philadelphia, Pa, 19107

Richard Patton
1223 Locust St. 4th floor
Philadelphia, Pa 19107

By: Jo Ann Fonzone , Esquire aka Judy Mc Grath

07/07/15