IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANN FONZONE (a/k/a Judy McGrath), : | | CIVIL ACTION |
| Plaintiff, : | | |
| : | | |
| v. : | | |
| : | | |
| JOE OTERI et al., : | | NO. 12-cv-5726 |
| Defendants. : | | |

ORDER

AND NOW, this 22nd day of July 2015, upon consideration of Plaintiff Jo Ann Fonzone's Petition for Leave of Court to File Supplemental Claims as Included As Counts VII and VIII in Amended Complaint (Doc. No. 48) and Defendants Joe Oteri and the Phillies's Response (Doc. No. 49), it is hereby ORDERED as follows:

1. Plaintiff's request for leave of the Court to include supplemental claims is DENIED. As explained in our Order dated June 3, 2015 (Doc. No. 43), Plaintiff's allegations of various problems with the prosecution of her criminal case—as best as we can discern what her additional claims allege, given the apparently omitted paragraphs in Plaintiff's filing—cannot be properly joined because the claims lack common questions of law or fact. Plaintiff's new claims that she refers to in her petition as Counts VII and VIII are STRICKEN.

2. Plaintiff has failed to correct the deficiencies of her allegations against Defendants Oteri and the Phillies. Plaintiff alleges that Oteri "by virtue of his joint actions with Philadelphia police officers . . . was cloaked with the authority of the state and is thus liable under the laws of § 1983," and she makes various other allegations about the interaction between Oteri and the state officials. (Second Am. Compl. ¶ 13; see also Second Am. Compl. ¶¶ 73–77.) But her conclusory statements are insufficient to allege state action liability for the private Defendants, the tests for which we described in our Order on the motions to dismiss. Similarly, Plaintiff fails to sufficiently allege that the Phillies could have reasonably foreseen the dangers that she alleges give rise to premises liability. As Plaintiff has now had the opportunity to correct these deficiencies and failed to do so, we DISMISS this matter against Defendants Oteri and the Phillies WITH PREJUDICE.

3. Plaintiff's request for the appointment of counsel to assist her is DENIED.

4. Plaintiff is reminded that she must abide by the Court's deadlines, although she represents herself pro se. If she cannot meet a deadline, she is instructed to request an

    extension of time by written motion to the Court, prior to the expiration of the deadline for which she seeks an extension. Failure to meet deadlines or timely seek extensions may result in waiver or default.

5. All parties are instructed that the operative complaint in this matter is the document entitled "Amended Complaint" and docketed as "Second Amended Complaint," filed July 7, 2015 (Doc. No. 46). This document is properly referred to as "Third Amended Complaint."

                                                   BY THE COURT:

                                                 /s/ Legrome D. Davis

                                               Legrome D. Davis, J.