IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENSYLVANIA

JO ANN FONZONE aka JUDY MC GRATH, PLAINTIFF

VS.

JOE OTERI, ET AL, DEFENDANTS

CIVIL ACTION
PERSONAL INJURY
JURY TRIAL DEMANDED
NO.12-CV-5726

FILED OCT 18 2016 LUCY V. CHIN, Interim C... By /s/ ____ Dep. C...

PLAINTIFF'S MOTION TO STRIKE NON-PARTY MOTION FOR A PROTECTIVE ORDER

Preliminarily, it's quite ironic that this non-party is requesting a protective order to prevent the disclosure of information requested when Plaintiff has Permanent Protection From Abuse Order against one of the non-party's clients in a somewhat related legal action, divorce, Id theft, injury, and entertainment contract dissolution.

Another peculiar fact is that Plaintiff was denied discovery and any Interrogatory answers or documents produced which she requested during the course of that crucial, continuing identity theft, fraud, retaliation personal injury litigation. Oddly, as soon as Plaintiff served Interrogatories in that Id theft action, the corporate defendants somehow made sure she was unable to appear for Argument and got the case dismissed ex parte.

Discovery was not completed because that action was dismissed ex parte though the Court was advised that Plaintiff was indisposed, ill with a heart condition and unable to appear for the scheduled Argument on September 27, 2011. Plaintiff reasserts her position that she is a victim of fraud and D theft for decades as related to an entertainment contract and a marriage contract. Both contracts were in issue with the litigation dismissed ex parte a few years ago and nonparty counsel represented defendants in that litigation. Plaintiff continues to suffer from ths suppression and nondisclosure of information surrounding the contracts including but not limited to inability to get a divorce and sever both contracts, hidden salaries and benefits to which she should be entitled as the corprations are still using her social security number for tax and other purpsoes, defamation, libel, false arrest, stalking, serious physical injuries.

Plaintiff contends that the written deposititon or Interrogatories at issue in the current injury litigation must not be quashed or voided by this Court. To support her contention that the Interrogatories to non-party counsel are not improper, procedurally or substaantially defective, Plaintiff avers the following :

Contrary to nonparty counsel's mistaken belief, Plaintiff did not yet subpoena for a deposition pursuant to Fed. R.Civ.P. 45. Plaintiff properly served depositions by written questions according to the Federal Rules of discovery 31 (a)(1)which state that a party may, by written questions, depose any person without leave of court. Personal service is not required by the Rules. Plaintiff's written questions are in compliance with the Federal Rules of Discovery requesting non-privileged matter that is relevant to any party's claim- including the existence, descritpion, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverabe matter Fed.RCiv.P 26 (b)(1).

Where good cause is shown, the Court may order discovery of any matter relevant to subject matter involved in the action. Plaintiff maintains that there is sufficient good cause for the court to order the nonparty counsel to comply with the requested discovery. Plaintiff has substantial need for the materials in preparation of her case and is otherwise unable to obtain them without undue hardship and severe retaliatory pain.Matthenson v.Baxter HealthcareCorp.438 F.3d 763(7th Cir.2006 Nonparty counsel cannot show that the written deposition questions were asked in bad faith, or in such a manner as to annoy, embarrass, or oppress, and therefore, FRCP 30 (d) is inapplicable for the Court to deny the requested discovery.Plaintiff is the person continuously oppressed.

A court may only make a protective order for good cause shown under FRCP 26 (c). Plaintiff contends there was no such showing and there can be no such good cause showing as there is no compelling reason for denying Plaintiff the information requested.The facts do not comprise any prohibition against the discovery of trial preparation material for a nonparty under 26 (b)(3). Plaintiff asserts that the requested discovery is not confidential or work product privilege. As a

matter of law an exception to the work product material, applies here. Fed.RCiv.P 26 (b)(3) provides that any person on request and without the required showing obtain a person's own previous statement about the action or its subject matter. For purposes of these provisions, a statement previously made means: 1) a written statement signed or otherwise adopted or approved by the person making it, or 2) a contemporaneous, stenographic, mechanical, electrical or other recording-or a TRANSCRIPTION of it-that recites substantially verbatim the person's oral statement. 26 (b)(3)(c). Plaintiff would like to have the transcript of the civil Argument ex parte September 27, 2011 as she would like to know what was said to the court to have her Id theft injury action dismissed ex parte rather than Argument rescheduled or continued. Questions10,11

The nonparty managed to escape providing discovery responses in the litigation as defendants when they got that case dismissed ex parte a few years ago. The requested discovery prohibition is not absolute under Rule 26 (b)(3) and but for the Id theft injury litigation dismissal prior to completion of discovery she would have received the requested discovery in that ID theft litigation.

After all, the discovery requested is relevant to Plaintiff's claims and defendants defenses and proportional to the needs of the case pursuant to FRCP 26 (b)(1). Further, defendants in this litigation have requested Plaintiff's tax returns, employment information and other things which she cannot provide without the requested nonparty discovery replies. The requests directly concern her health and safety, right to get a divorce as she is legally separated since 1993, Permanent Protection From Abuse Order, social security number and theft thereof, her identity, her entertainment employment contracts, with her estranged spouse prior to and subsequent to the marraige contract, divorce, hidden employment, earnings, and financial records, subpoenas for records from prior corporate and bank defendants dated ironically OCTOBER 6, etc.

Plaintiff certainly has the right to know the information which is directly relevant and about her which has been illegally undisclosed for years and continuously causes her harm and injury. The requested information and documents are not confidential as they pertain to the Plaintiff and

must no longer be suppressed under any umbrella or blanket protective orders, conspiracy to hide records and information or ex parte dismissals.

Among the factors this court must consider in deciding on a protective order includes : the importance of the issues at stake in the matter , Plaintiff's relative access to the relevant information, Plaintiff's resources within her possession and control versus that which wrongly witheld, the importance of the discovery in resolving the issues , and whether the burden of the proposed discovery outweighs its likely benefit under Rule 26 (b)(1).

A party may obtain discovery of work product absent waiver on a sufficient showing of need and hardship. In re Seagate Tecchnology, LLC. 497 F.3d 1360 (Fed. Cir. 2007), 128 S Ct. 1445 (2008). Plaintiff has alleged conspiracy to commit fraud and ID theft against the corporate defendants in the prior action, she has a substantial need of discovery materials in preparation of her case here as defendants have put employment and financial records, earnings, income and tax returns in issue in its discovery .

Contrary to Ms. Wischusen's claim that the written deposition questions are attorney client privileged or work product , Plaintiff strongly disagrees . As Plaintiff was libeled and has a defamtion action, she has a right to know if there is ongoing interference and slander being spewed about by opposing counsel and others in litigation to which she is a party. If she does not know about such acts and who is involved, how can she possibly prepare for litigation?

It may be true taht Plaintiff knows some fo the answers to questions posed to Ms. Wischusen, however this Court does not and therefore it is crucial for her to provide the requested discovery for the Court as it relates to the instant action..

Question 11 is a request for the Transcript of the proceeding September 27, 2011 when the injury action was dismissed ex parte., and Plaintiff does nto have that information. Question 3 is of extreme relevance and importance for purposes of the instant litigation as defedants in the prior

action are banks and entertainment corporations directly involved with Plaintiff and her estranged spouse. One of the companies Fried- Woods films , Plaintiff was a partner with her estranged spouse, until it went defunct and another company was incorporated, then another. Fraud of others like this misconduct has caused Plaintiff ongoing injuries and compells her to file tax extensions with the IRS to inform them of these criminal activities, and that she is not receivng the benefit and salaries from the illegal use of her social security number at these entertainment corproations. The IRS tells Plaintiff it is a divorce dispute, and it is, but it is also ID theft and fraud which are allegedly federal crimes.

Similarly, the other questions are all important and answers from Ms. Wischusen are necessary so Plaintiff can then properly prepare her case and provide accurate and complete answers to the discovery requested of her in the instant litigation, and refute the false information for the Court.

Plaintiff asserts that the discovery requests are indeed relevant as defendants in this litigation have raised in their answers and April 21, 2016 deposition of Plaintiff certain claims and defenses directly related and relevant to subject matter in this case.

Defendants included in its FRCP 26 materials completely unrelated , irrelevant and not probative to the subject matter of this litigation, yet totally prejudicial , false, unverified, untrue libelous news opinions and Internet articles in their attempt to attack her ,prejudice this Court against Plaintiff and gain advantage in this injury litigation. Defendants are acting in extreme bad faith as this has nothing to do with the merits of this injury action, unless they are part of a conspiracy to injure her. Plaintiff has a separate defamation action , and if defendants are allowed to bring in this irrelevant material, it would cause Plaintiff annoyance, embarrassment, oppression and undue burden.
WHEREFORE ,Plaintiff respectfully requests this Court allow the relevant non-party discovery, compel complete accurate answers in the interests of justice, fairness, truth disclosure and due process of law.

Respectfully submitted,

Dated: 10/15/16

John Ypo, Esquire

## CERTIFICATE OF SERVICE

I Jo Ann Fonzone, Esquire aka Judy Mc Grath hereby certify that I have this day caused to be served a true and correct copy of the Motion to Strike Motion for protective order upon the following at the addresses listed below:

Clair Wischusen, Esq.
2700 Kelly Road
Warrington, Pa 18976

Aaron Shotland, Esq.
1515 Arch St. 14th floor
Philadelphia, Pa 19102

Philadelphia District Attorney
3 S.Penn Square
Philadelphia, Pa 19107

BY: _____
Jo Ann Fonzone, Esq/ aka Judy Mc Grath

October 19, 2016

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF LEHIGH**

JOANN FONZONE aka JUDY McGrath, Plaintiff

vs.

Cary Woods AKA DAVID LOEW AKA DAVID LEE ROTH, Defendant

97-PF-61

FILE NO. 2006-FC-1580

**CIVIL DIVISION**

**CIVIL SUBPOENA TO PRODUCE DOCUMENTS OR THINGS**
**FOR DISCOVERY PURSUANT TO RULE 4009.22**

TO: Chase Manhattan Bank Legal Department
(Name of Person or Entity)

Within twenty (20) days after service of this subpoena, you are ordered by the court to produce the following documents or things: account information including but not limited to credit lines personal + corporate (Warner Independent Pictures, MTV Networks and any others J.P.Morgan Chase, J.P. Morgan Securities, Chase Bank, Chase Investment Services, Chase Insurance Agency, Chase Bankcard, checking, savings accounts Chase Manhattan Bank) Information (personal + corporate) of the defendant
(Address)

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:**

NAME: JoAnn Fonzone, ESQUIRE
ADDRESS: 2242 Tilghman St, #1, C
Allentown, PA 18104
TELEPHONE: 610-434-3155
SUPREME COURT ID #

BY THE COURT: Andrea E. Naugle
Clerk of Judicial Records

DATE: 10/06/09

_____ Deputy

SEAL OF THE COURT

(Rev. 7/08)

**RETURN OF SERVICE:**

On the ____6____ day of ____October____, 20_09_ I, __JoAnn Fonzone, ESQUIRE__ served __Chase Manhattan Bank__
(name of person served)

with the foregoing subpoena by:

(Describe method of service)
__certified mail__

I verify that the statements in this return of service are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

DATE: __10/06/09__

__JoAnn J. [signature] ESQUIRE__
(signature)

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Rhevoler W/L_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery 10/8 |
| 1. Article Addressed to:<br><br>Chase Manhattan Bank<br>Legal Department<br>349 5th Ave.<br>New York, NY 10016 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from...) 7009 2250 0004 1595 5473 | |
| PS ... Domestic Return Receipt | 102595-02-M-1540 |

• Sender: Please print your name, address, and ZIP+4 in this box •

Jo Ann Fonzone, Esquire
AKA Judy McGrath
2242 Tilghman St. 1C
Allentown, PA 18104

2009 MAY 26 PM 1:02

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JoAnn Fonzone
aka
Judy McGrath vs.

Cary Woods AKA DAVID LOEW
DAVID AKA Lee ROTH

97-PF-61
FILE NO. 2006-FC-1580

**PRAECIPE TO REINSTATE OR REISSUE**

TO THE CLERK OF COURTS – CIVIL DIVISION:

✓ Reinstate the Complaint in the above captioned matter.

____ Reissue the Writ of _____ in the above captioned matter.

✓ Other: PFA Order 1997

Date: 5/26/09

_Jhon Jroe ESQUIRE aka Judy McGrath_
(Signature)

JoAnn Fonzone aka Judy McGrath
(Print/Type Name)

(Rev 1-07)

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

MOTION - ~~FAMILY~~/MISCELLANEOUS COURT DIVISION

Jo Ann C. Fonzone AKA
Judy McGrath
DIVORCE

vs.

Cary Jay Woods aka
David Loew aka
David Lee Roth

Plaintiff

Defendant

2006-FC 1580

File No: 97 PF-61

### ORDER OF COURT

AND NOW, this __26th__ day of __December__, __2006__, upon consideration of the attached petition, IT IS ORDERED that the Petitioner, __Jo Ann C. Fonzone__, is hereby ☒granted/☐denied permission to proceed in forma pauperis. ~~Defendant will pay all costs~~ ~~fees of this litigation including but not limited to sheriff~~ ~~service, attorneys fees, forensic accountants~~

BY THE COURT:

_Alan Black_
Judge

FILED
2006 DEC 27 AM 9:36
CLERK OF COURTS
CIVIL
LEHIGH COUNTY, PA

NOW, 12/27/06 @ 9:50 Am
COPIES OF THE WITHIN COURT
ORDER OR DECREE MAILED TO cm/f
ALL INTERESTED PARTIES BY: