IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOANN FONZONE (a/k/a Judy McGrath),

       Plaintiff,

   v.

JOE OTERI, et al,

       Defendants.

CIVIL ACTION
NO. 12-5726

## ORDER

**AND NOW**, this 2nd day of May, 2018, after a review of all pending motions, and all responses thereto, it is hereby **ORDERED** as follows:

      1.  Plaintiff's Motion for Reconsideration (Docket No. 111) is **DENIED**;

      2.  Plaintiff's Motion to Compel Further Responses to Interrogatories (Docket No. 116) is **DENIED**; and

      3.  Plaintiff's Motion for Extension of Time to Reply to Defense Response to Motion and for Miscellaneous Relief (Docket No. 122) is **DENIED**[1].

---

[1] First, Plaintiff seeks reconsideration of the September 5, 2017 order of the Honorable Legrome D. Davis denying a stay of proceedings. (Plaintiff states that this order is dated September 15, 2017, but there is no such order, and I assume she is referring to the September 5 order). For the Court to reconsider a decision, Plaintiff would have to show (1) an intervening change in controlling law; (2) new evidence not available when the court entered its original order; or (3) that reconsideration was necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In support of her motion, Plaintiff attaches medical records that she believes Judge Davis did not have in his possession at the time of his order. However, a review of the medical documentation that she produced shows that most of the information was available when Judge Davis entered his September 5, 2017 order. There are only 2 documents dated after Judge Davis' order, an October 2, 2017 note from her doctor that asks to "please excuse [her] from legal work until the end of 2017" and a September 13, 2017, note from her doctor stating that she was unable to work "at this time" and would be "re-evaluated in the office in one month." (Docket No. 111, Ex. 1, pp. 1, 2.) As it is now May of 2018, both of these medical records are old and irrelevant, referring to dates and events that have long since passed. Accordingly, this is not sufficient new evidence to reconsider Judge Davis' decision not to stay this action.

**BY THE COURT:**


**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

Next, Plaintiff seeks to compel Defendants to provide full and complete answers to interrogatories. However, a review of the dockets shows that the instant motion (Docket No. 116) is identical to the motion to compel filed by Plaintiff on August 11, 2016 (Docket No. 78) and denied by Judge Davis on September 19, 2016. In his order, Judge Davis denied Plaintiff's motion to compel due to her failure to "identify which responses to interrogatories, if any, are deficient." (Docket No. 88) The instant motion to compel is identical to the August of 2016 motion and still fails to identify which responses are deficient, and therefore will be denied. To the extent Plaintiff re-filed this motion to compel seeking to have this Court reconsider Judge Davis' ruling on her August of 2016 motion, I will decline to do so, as Plaintiff has presented no new evidence in her new motion to compel.

Lastly, Plaintiff filed a motion for an extension of time to reply to defendant's response to her motion to compel. As her motion to compel is duplicative of a prior motion and has no merit, an extension is unnecessary and her motion will be denied. In her motion for an extension, Plaintiff mentions in the title of the motion a request to have all interrogatories served upon Defendants be deemed admitted due to Defendants' "blatant unreasonable delay in providing answers or sufficient answers." This request is also denied.