## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JO ANN FONZONE aka JUDY MC GRATH, PLAINTIFF     No. 12-CV-5726

                                                    CIVIL ACTION

VS.                                        JURY TRIAL DEMANDED

JOE OTERI, ET AL , DEFENDANTS

## PLAINTIFF'S MOTION TO COMPEL ANSWERS AND/OR SUFFICIENT ANSWERS TO INTERROGATORIES ,OF DEFENDANTS AND NON-PARTIES,DOCUMENT PRODUCTION

Pursnat to Fed. R.Civ. P 33, 34, 37, Plaintiff moves this court for an order compelling defendants

to answer fully the interrogatories in Plaintiff's Interrogatories as more fully explained as follows:

Like its Document Requests, Plaintiff's Interrogatories were narrowly tailored to ferret out basic

facts supporting the allegations in the Complaint. The Interrogatories are permitted as relevant

discovery and can be an effective means of testing the accuracy of a parties contentions and

narrowing the issues for moving the action forward to resolution. (Failure to answer deems
allegations in complaint and Interrogatories admitted as some defendants did not answer either .)

Plaintiff is indeed dissatisfied with complete lack of answers by some defendants and

nonparties or meaningful , sufficient and responsive answers by thiose defednants who answered

Plaintiff hereby requests that this civil action be moved to Philadelphia or Allentown as it is
burdensome for her to travel to Reading to attend proceedings. Her injuries prevent her from
driving more than a few miles and she must ask friends or family to drive to Court. Plaintiff can
take a bus to Philadelphia , but there is no service to Reading.Plaintiff was disabled by injuries but
still must work on this injury action because of her disloyal counsel Ms.Middleton December 12,
2018.Plantiff requests that this court enter an Order comelling her to return all transcripts,
docments, attroney work-product , reports, motions, all materials provided for her perusal at our
November consultation for use at the conference she failed to attend though she said she would
attend and was paid .

THEREFORE, Plaintiff respectfully requests that this court issue an order compelling defendants

and non-parties to respond fully to the Interrogatories in Plaintifff's Interrogatories , and awarding

Plaintiff reasonable costs, including attroeny's fees, incurred in connection with this motion.

Dated: May 31 ,2019                       Respectfully submitted,

                                       Jo Ann Fonzone, Esquire aka Judy Mc Grath

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JO ANN FONZONE aka JUDY MC GRATH, PLAINTIFF

VS.

JOE OTERI, ET AL, DEFENDANTS

NO:5;12-CV-5726
CIVIL ACTION
JURY TRIAL DEMANDED

Ramon Addison, non-party to the above titled action, is requested to file with this court and serve upon the undersigned counsel for Plaintiff, within the time, 30 days and in the manner provided by teh Federal Rule, sworn answers to each of the follwoing interrogatories:

1. How many years have you been employed with the Philadelphia police department?

2. Were you the Sargeant on duty at the 1st district on Ocotober 6, 2010, and what hours?

3. Do you remember the Plaintiff Jo Ann Fonzone who was brought to the District on Oct.6,2010 from Citizens bank park?

4. If you remember her, do you recall what time she was brought to the District by Officers Ortiz and Person?

5. Is it police procedure for the transporting officers to remain at the district after the transport?

6.  Did you call the transport officers to take Jo Ann Fonzone to the hospital Emergency Room on Ocotober 6, 2010 and do you recall about what time she was transported to the ER?

7.  Do you remember approximately what time you signed the police report form to have Jo Ann Fonzone transported to Jefferson ER?

    8.  Did you sign the form prior to the transport or at a later time? If you signed it before the trsnsdport, did you then give the form to the transporting officers?

    9.  What is the police procedure for completing the form and when and by whom is that done?

    10. If the transporting officers completed the hospital form,where do they get the information ?

    11. Are the transporting officers responsible for filing the police report form and where is the document filed?

12. When the injured person transported to the hospital by the police, is it police procedure to provide the individual with a copy of the VICTIM SERVICES FORM OR police report which states on the bottom:

"Pursuant to Act 185 of 1962, THE BELOW PERSON ACKNOWLEDGES RECEIPT OF THE NOTIFICATION OF VICTIM SERVICES FORM.

13. Is the police report filed at the district where the individual was transported from or where the injuries occurred ? And is the police reprot filed at the City Hall police records office?

14. Are the transport officers responsisble for filing the police report, when , where is this hospital transport police report filed?

15. Is there any reason and are there circumstances where and why the hospital police report would not be filed at the District of Records office ,or produced, disclosed, available, or made a public record (like other police reports are )?

16. While on duty at the 1st District , do you walk around to the jail cells to see and speak with those who have been arrested?

17. Do you remember if you walked around to the jail cells October 6, 2010, and at a approximately what time that was?

18. Do you recall seeing and speaking with Jo Ann Fonzone while she was in a cell where you noticed the swelling, bruises and contusions of her hand, arm, neck,chest and telling her she needed medical attention and would be taken to the hospital?

19. Do you remember Jo Ann Fonzone telling you that she was struck on her chest by a police officer 's nightstick after calling 911 for help, and was arrested at the game because a security guard had injured her head , then brought the officer to the scene?.

20. Is it police procedure for the transporting officers to inform the individual transported to the ER about the Crime Victims Assistance program and tell her that there is a mandatory police report of the incident and this report is required in order for the injured victim to receive compensation from the Crime Vicitms Board

Dated:   May 23, 2016

Jo Ann Fonzone, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JO ANN FONZONE aka JUDY MC GRATH, PLAINTIFF

VS.                                NO. 5;12-CV-5726
                                   CIVIL ACTION
                                   JURY TRIAL DEMANDED


JOE OTERI, ET AL, DEFENDANTS


Marni Snyder, non-party to the above titled action, is requested to file with this court and serve
upon the undersigned counsel for Plaintiff, within 30 days of service of such, and in the manner
provided by the Federal Rules , sworn answers to each of the following Interrogatories:


1. Is it true that on December 28, 2012, you were appointed to represent Jo Ann Fonzone,
   who was not then present , on a disorderly conduct charge, not knowing that she had had
   the case dismissed with prejudice August 22, 2012 when she represented herself, or that
   prosecutor Kotchian appealed September 21, 2013 and had not served Fonzone with the
   appeal papers?


2. Is it true that you sent Jo Ann Fonzone a letter about your appointment but she did not
   receive the letter prior to your meeting or meet you until five minutes before trial
   Janaury 18, 2013?


3. Did you and Jo Ann Fonzone agree to act as co-counsel on her case?


4. As you and your co-counsel met just before trial , there was no opportunity for trial
   prep, interviews, to subpoena witnesses or to have witnessess testify other than co-
   counsel defendant Jo Ann Fonzone, is that right? Did Ms. Fonzone tell you the names of
   the witnesses she had subpoenaed but as prosecution kept getting continuances she did
   not know when the trial would actually occur?

5. Is it true that when you appeared in Judge Patrick's court January 17, 2013 , after Jo Ann Fonzone had left the courtroom upon being threatened, you were unaware then ,that Jo Ann Fonzone had scheduled a hearing on her private citizen complaint agaisnt Joe Oteri ,the security gurad who had falsely implicated her by lying to the police after he had seriously injured her at her stadium seat, and you went there to represent her on her disorderly conduct case?

6. On January 17, 2013 you were unaware that there were two cases ,cases nine and ten on the calendar that day in the same room 504 with the same Judge and the same prosecutor involving Jo Ann Fonzone, one with her being the complainant and one with her the defendant?

7. Have you read the transcript of January 17, 2013, which contained some of what occurred prior to your arrival:The Court crier called cases nine and ten, Ms. Fonzone stepped up, prosecutor Engle jumped in thereby disallowing Ms. Fonzone to inform the Court that there were two separate cases scheduled . Engle abruptly said, " Respectfully, your Honor, Ms. Fonzone is represented by Marni Jo Snyder." "I have spoken with her, she is not present yet today."The judge said, " All right. It's on hold then." When Jo Ann Fonzone tried to speak and tell the court that, "I represent myself on the private citizen complaint now," she was threatened with " I'm going to call the sheriff", then exited the courtroom.

8. When you arrived at 504 that day, did you know that there were two cases, one being a private citizen complaint against security guard Joe Oteri for assault, battey, false implication, harrassment, cospiracy, did prosecutor Engle tell you about that complaint and that he as the state, not you, was supposed to represent her as the complainant?

9. Do you recall Mr. Engle knowingly tell the court, " Your Honor, for both nine and ten, which are motions filed by Ms Fonzone who is now currently represented by Ms. Snyder, Ms. Fonzone was present in court at the first call of the list, she is no longer present. I move for dismissal."

10. Do you recall then saying, based on the misrepresentations of prosecutor Engle , " Being that my client is not here , I can't oppose.", the consequence of the dismissal being that Jo Ann Fonzone crime victim was denied her private citizen complaint hearing agasint the man who had injured then falsley implicated her in the criminal system to cover up his violent assault crime resulting in injuries to Ms. Fonzone's right hand, arm, shoulder, and bead truma causing seizure in the ER and concussion.

11. Do you remember upon meeting Jo Ann Fonzone and listening to her chronology telling her that you knew Kim Gray , (the defender associate who she had an hour long interview with and who had subpoenaed Ms. Fonzone's 911 audio from the police), and that you could provide an address for subpoena as she had left the Defenders office?

12. In your opinion, had the private citizen complaint hearing taken place January 17, 2013 the day prior to the Janaury 18, 2013 trial where you and Ms. Fonzone were co-counsel , and she was the defendant, do you think there would not have been a need for a trial on Janaury 18, 2013 ?

13. Though you were very effective at trial January 18, 2013, especially considering there was no time to prepare, as Ms. Fonzone was innocent , and expressed that she was the crime victim and certainly was not satisfied when prosecutor Kotchian whined and got her way ( after you got the misdemeanor acquittal )with even a summary offense, had you discussed with her any post trial proceedings?

14. Ms. Fonzone filed a Motion to vacate summary conviction within the 10 days on Janaury 28, 2013 as she knew you were ill and might not meet the 10 day deadline, then you also had a Motion to vacate, do you recall whether you filed the Motion or walked it into the courtroom on Janaury 29, 2013? if you went to the courtroom, do you recall what the Judge said ?

15. Although the issue of whether Judge Eubanks did or did not vacate the sumamry conviction to this day remains nebulous, an appeal was filed February 11, 2013, is that true?

16. On February 12, 2013, there were several motions and two different matters before Judge Patrick, including appeal of the dismissal of her private citizen's complaint of Janaury 17, 2013; an appeal of Patrick's dismisssal or reconsideration of her 1013 dismissal ffrom Janaury 17, 2013; and a Motion to vacate the judgment on sentence of Janaury 18, 2013 of Judvge Eubanks; is it true that Engle objected to everything, continuously misrepresented facts to the court in order to make sure that there was never a hearing on the private citizen complaint agasint Oteri?

17. Ms. Fonzone's Private Citizen Appeal of Municipal court Decision on Citizen Complaint filed with Exhibits December 17, 2012 was in the court file, yet Engle, page 12 transcript Feb. 12, 2013continuously misrepresented to Judge Patrick, " that did not occur", and therefore the Common Pleas court did not have jurisdiction. Do you recall prosecutor Engle being in denial of the court record and trying and and suceeding in obtaining his objective by blatant lies to the court, just because Ms. Fonzone, on page 11,stated it was a conflcit of interest for Engle and requested another ADA be assigned to the private citizen appeal, as he was to represent her as a victini on the private citizen case and was prosecuting her on the summary other case?

18. Do you recall that Judge Patrick set the next court date for March 4, and neither you or Ms. Fonzone was available that day, yet Engle kept talking about being ready for trial when there was an appeallate motion to vacate to be heard on next date?

19. Do you recall asking Judge Patrick to recuse herself after she would not remove you from the case ?When, how, and who removed you from the case as I stated February 12 that I wanted you to remain on the case because I was not available in March as I was getting treatment for my heart condition.?

20. Do you know where did Engle false info that I had moved to Florida as he put that in a petition he filed?

21. Are you aware that I was not present or otherwise represented March 4 , 2013 or in May and could not appear until June 24, 2013 as I had been in a heart hospital and was recovering from the injury caused heart condition of Ocotber 6, 2010?

22. Are you aware that on June 24, I asked Judge Minehart if you could be reappointed as you knew the facts and the law better than any other lawyer I saw throughout this very long travesty?

23 Do you remember me coming to your office to talk to you about second appointed lawyer Richard Patton after he prejudiced Judge Foglietta against me by writing a derogatory libelous letter to him before I ever entered his court room, and telling you that I cannot get a fair trial with the Judge because of that?

24. Were you aware of a libelous newspaper article about me which caused other particpants in this litigation to prejudge , treat unfairly , slander me? If so, how ,when and by whom were you made aware of the article do you know I have a defamation action pending regarding this destructive , untrue ,inaccurate, heinous, libelous , retaliatory article?

25. Are you aware that you are the only of the three appointed and three private lawyers who I have respect for as being loyal and working diligently for her client, and I want to say thank you.

June 25, 2016

By: Jo Ann Fonzone aka Judy Mc Grath

CERTIFICATE OF MAILING

I ,Jo Ann Fonzone aka Judy Mc Grath hereby certify that I have this day caused to be served a true and correct copy of non-party Interrogatories upon the following at the address as appears below:

Marni Jo Snyder, Esquire
100 S. Broad St.
Suite 1910
Philadelphia, Pa 19110

June 25, 2016

Jo Ann Fonzone, Esquire
2242 Tilghman St., 1C
Allentown, Pa 18104

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JO ANN FONZONE aka JUDY MC GRATH, PLAINTIFF

VS.                                    NO. 5:12-CV-5726
                                       JURY TRIAL DEMANDED
                                       CIVIL ACTION

JOE OTERI, ET AL, DEFENDANTS

Terry Melcher, non-party to the above titled action, is requested to file with this court and serve
upon the undersigned counsel for Plaintiff, within the time and in teh manner provided by the
Federal Rules, 30 days from the service, sworn answers to each of the following Interrogatories:

1.  Where are you currently employed and what is your job title?

2.  Were you ever an employee of the State of Pennsylvania and if so, where , at what
    agency , what was your position and job title?

3..As Director of the Pennsylvania  Right -To_Know  Office in Harrisburg, what were your
job responsibilities and how many employees did you have working for you?

4. What is the percentage of records requests were granted by government agencies upon first request , and what is the percentage of requests had to go through the record request appeal process?

5. What percentage of requestors ever got copies of records which they requested according to the Right To Know Law?

6. Was it your responsibility to read the requests made by requestors , or some of them?

7. Plaintiff Jo Ann Fonzone Esquire , has, through the years , made several requests with the Right -To -Know law, including the above titled action, and has corresponded with the RTK office, does her name sound familiar to you?

8. There are several letters signed by you to Jo Ann Fonzone, Esquire regarding RTK requests, is her name familiar to you now?

9. When , how and why did you become an employee of the law firm Pepper Hamilton LLP in Philadelphia, Pa?

10.Did yu apply for a posiiton with Pepper hamilton or were you approached and recruited by someone, and who was hat?

11. Upon your departure from   employment at the Right -To-Know office , were you required to sign any non-disclosure or other type  of agreement prohibiting you from discussing  any records requests or appeals ,taking or providing  documents or information  obtained at the RTK office  to anyone?

12. If so, when  , where  and by whom was this agreement signed and witnessed, and what is the exact  verbatim content  of the agreement? Or,was it verbal agreement  so as to avoid unfair advantage over any litigant who may have litigation where Pepper Hamilton LLP is represnting  the opposing parties?

13. When you began employment at Pepper Hamilton, were you aware of the defamation lawsuit the firm was defending and that the Plaintiff was Jo Ann Fonzone?

14. If you were not aware then, when did you become aware of the defamation lawsuit?

15. Do you think that there is an actual , potential or even possible impropriety and/or conflict of interest present in this and/or the defamation action because you had knowledge and access to information about Jo Ann Fonzone's prior litigation and records requests and the reasons therefore, while the Director at the Right-To-Know office ,and now you are employed at the law firm representing the defendants in Jo Ann Fonzone's defamation action?

Date:   June 30, 2016

BY;

Jo Ann Fonzone aka Judy Mc Grath
2242 Tilghman St., Allentown,PA 18104

CERTIFICATE OF SERVICE

I Jo Ann Fonzone aka Judy Mc Grath hereby certify that I have ont his day caused to be served a
true and correct copy of the Interrogatories to Terry Melcher on th date and at the address as set
forth below by U.S. Mail:

Terry Melcher, Esq.
Pepper hamilton, LLP
3000 Two Logan Square
Philadelphia, Pa
19103-2799:

June 30, 2016                            By:

                                         Jo Ann Fonzone, Esq. Aka Judy Mc Grath

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JO ANN FONZONE aka JUDY MC GRATH, PLAINTIFF

VS.                                       5;12-CV-5726
                                          CIVIL ACTION
                                          JURY TRIAL DEMANDED

JOE OTERI, ET AL, DEFENDANTS

## PLAINTIFF'S INITIAL DISCOVERY DISCLOSURES

Pursuant to federal Rule of Civil Procedure No. 26 (a), Plaintiff provides the following information:

Fed.R.C.P. No. 26 (a) (1) (A);

Plaintiff identifies the following persons as likely to have discoverable information that may support its claims in the above -captioned atter. As discovery in this matter is continuing, Plaintiff reserves the right to supplement this information as required.

1. Police Sargeant Ramon Addison     1st District
2. Police Lieutenant Appleton        Internal affairs
3. John Evans                        Internal affairs
4. Cheryl Gaston, Esquire            1622 Spruce St., Phila. Pa
5. Jennifer Lin, Esquire             Phila. District Attroreny's office
6. Police officer Michael Dwyer      Phila. Police dept.
7. Police officer Connell            Phila. Police dept. Headquarters
8. Kim Gray, Esquire                 Phila. , Pa
9. Police Officer Alexander          11th St. Police district
10. Richard Strouse                  Phila. Phillies
11. Frank Fina, Esquire              last known Phila. District Attorney office
12. Harold Dunbar, Chief Deputy State AG       Pennsylvania Atttorney General
13. US Attorney Philadelphia               615 Chestnut St. Phila.
14. Judge Gerald Kosinski                  1301 Filbert St. Phila.
15. Bruce Hart, M.D.                   Jefferson Memorial Hospital ER 2301Broad St. Phila
16. Jefferson Emergency Room staff members      as above
17. James O'Brien, bail commissioner        Phila. Police hedquarters
18. Mrs. Michael Fonzone              2242 Tilghman St. , Allentown, Pa
19. Tina Mellenberg                   2011 Walbert Ave., Allentown, Pa
20. Jimmie Schaffer                        1887 Redwood Drive, Whitehall, Pa
21. Jack Ferryman                          3779 Huckleberry Rd., Allentwon, Pa
22. Trans Bridge bus driver Sean  Oct. 6, 2010        2012 Industrial Drive, Bethlehem, Pa
23. Terry Melcher, Esquire                 Pepper Hamilton 3000 Arch St., Phila.
24. Claire Wischusen,Esquire               2700 Kelly Rd. Warrington, Pa
25. Police Advisory Commission,Kelvin Anderson        Spring Garden St. Phila. Pa

26. Former Police Commissioner Ramsey      c/o Phila. Police dept.
27. Abigail Hurst      Pa Coalition agaisnt domestic violence Harrisburg, Pa
28. Bench warrant Unit      Arch St., Philadelphia
29. Frankford Hospital Emergency Room staff    Frankford Ave. , Philadelphia, Pa
30. Marni Snyder, Esquire      100 S. Broad St. , #1910 Phila. PA
31. Todd Mosser, Esquire      Phila. ,Pa
32. Jo Rosenberger, Esquire      Phila. Law dept. 1515 Arch St.
33. Wayne Hower, VCAP      Crime Victims Board, Harrisburg, Pa
34. Steve Turner, Esquire  VCAP      Crime Victims Board , Harrisburg, pa
35. Police officer Middleton      Philadelphia, Pa
36. Police officer Mc Shea      Philadelphia, Pa
37. Riverside medical staff      Riverside Correctional facility, Phila.Pa
38. Annette Palmeri      1301 Filbert St. (Judge Neufeld clerk)
39. Douglas Earle, Esquire      1015 Chestnut St., 9th fl. Phila.
40. Richard Patton, Esquire      1223 Locust St. Phila. Pa
41. Don Bailey, Esquire      Harrisburg, Pa
42. Chris Shipman ,Esquire      Spring Garden St. , Easton, Pa
43. Judge  Joyce Eubanks      1301 Filbert St., Phila. , Pa
44. Fred Wright,      1015 Chestnut St. , Phila.
45. David Bralow,Esquire      Tribune, Chicago Ill.
46. Lance Gordon      Phlia. City Hall, rm. 311
47. Defender Associate  Christine Gonzalez      1441 Sansum St. Phila. Pa
48. Wendy Spinosa, M.D.      3080 Hamilton Blvd., Allentown, Pa
49. Vladimir Koss, M.D.      1250 Cedar Crest Blvd., Allentown, Pa
50. Buster Smith, M.D.      JFK Health Center  112  Broad St. , Phila.
51. Nancy Spengler, M.D.    OAA    250  Cetronia Road, Allentown, Pa
52. Htwe Sein,M.D.      Palm Beach Gardens, Florida
53. Lehigh Valley Cardiologists-Jain,Huang,Marcus   1250 Cedar Crest Blvd. Allentown Pa
54. Dr. Parker      Bev erly Hillis , Ca
55. Scott Stoll, M.D.      Bethlehem, Pa
56. Steve Olex,M.D.      Allentown, Pa
57. Lauren Reese P.A.      1501 Cedar Crest. Blvd., Allentown, Pa
58. Andres Zirlinger,M.D      1250  Cedar Crest Blvd., Allentown, Pa
59. Sacred Heart audiologist group      451 Chew St., Allentown, Pa
60. Randy Jaeger, M. D.      1621 Cedar Crest Blvd., Allentown, PA
61. Judge  Brian Johnson      455 Hamilton St., Allentown, Pa
62. Robert Foster, Esquire      Phila., Pa
63. Florence Juraitis      Northampton, Pa
64. All  individuals named in Plaintiff's  filings    Plaintiff will answer questions with veracity
65. Diane Scott      1301 Filbert St., Phila.
66. Jeff Saltzman , Esquire      Phila., Pa
67. Highmark Blue Shield, Highmark Classic Blue    P.O.Box 890173, Camp Hill, Pa
68. Chase Bank subpoena specialist      c/o Chase bank, NY, Ny
69. Marc Frumer, Esquire      Phila., Pa
70. Robert Dixon, Esquire      Phila., Pa

71. Abigail Hurst      Pa Coalition Against domestic violence, Harrisburg, Pa
72. Charlie McKenna, Asst. U.S. Attorney      Newark, NJ
73. Kathleen Kane, Esquire      Harrisburg, Pa
74. Charles O'Connor      Pa Superior Court, Phila., Pa
75. Rick McSorley      1301 Filbert St. Phila.
76. Len Berman      online sports writer, Port Washington, NY

77. Tim Ryan                                    Tribune Corp. , Chicago, Illinois
78. Stacey Brendlinger                  Victims Comp.Assistance program, Harrisburg, Pa
79. Christopher diFusco                1515 Arch St. , Phila.law dept.
80. Municipal Judges Neufeld, O'Neill, Stack              1301 Filbert St. ,Phila.
81. Court of Common Pleas Judges Patrick, Minehart, Foglietta   1301 Filbert .St., Phila.
82. Jackie Coehlo,Esquire                    3 S. Penn Square, Phila.
83. Seth Williams , Esquire                  3 S. Penn Square, Phila.


Fed.R.C.P. 26(a)(1)(B)


 Plaintiff identifies the following documents and materials that may support claims in the above
captioned matter. As discovery in this matter is continuing, Plaintiff reserves the right to supplement
this information as required.

Please refer to the documents and materials contained in Plaintiff's #1- 300 , attached herein as
part of Plaintiffs' initial discovery disclosures.


Fed.R.C.P. 26 (a)(1)(C)
Plaintiff reserves the right to supplement these disclosures , especially medical reports ,as they are
continuing ,  become available to her.


Fed.R.C.P. 26 (a)(2)(A):


At this time, Plaintiff has not yet determined what experts she will call to testify at the trial of this
injury action, and requests additional time for this , to secure accurate contact  info for some
potential witnesses , and provide copies of listed  documents. As discovery in this matter is
continuing, Plaintiff reserves the right to supplement this information as required.


Date:   October 6, 2016


Respectfully submitted,

Jo Ann Fonzone, Esquire aka Judy Mc Grath

INDEX

A. PLAINTIFF'S LETTER TO POLICE COMMISSIONER OF JULY 2012

B. PLAINTIFF'S INTERNAL AFFAIRS COMPLAINT OF NOVEMBER 30,2010 WITH ATTACHMENTS (INCLUDING PERMANENT PROTECTION FROM ABUSE ORDER AGAINST ESTRANGED SPOUSE CARY WOODS aka DAVID LEE ROTH FOR DIRECT AND VICARIOUS ABUSE )

C. POLICE CITATION OF OCTOBER 6, 2010 SIGNED BY NOT AT SCENE OFFICER ORTIZ

D. POLICE HOSPITAL TRANSPORT REPORT SIGNED BY SARGEANT ADDISON

E. INTERNAL AFFAIRS REPORT OF LIEUTENANT APPLETON DESGINATING PLAINTFF A CONFIDENTIAL INFORMANT AND DETERMINATION OF VALID COMPLAINT

F. INTERNAL AFFAIRS REPORT OF SARGEANT MIDDLETON WITH DETERMINATION OF PLAINTIFF'S COMPLAINT AS VALID OR FOUNDED

G. REPORT OF JOHN EVANS PROMOTED AND ASSIGNED TO INTERNAL AFFAIRS SOON AFTER OFFSITE SIGNING SUPERVISORY REPORT TO HAVE PLAINTIFF ARRESTED

H. INTERVIEW ON CD OF PLAINTIFF AT POLICE ADVISORY COMMISSION OFFICE OCTOBER 6, 2011

I. TRANSCRIPT OF PLAINTIFF'S DEPOSITION OF APRIL 21, 2015

J. TRANSCRIPT OF PLAINTIFF'S 911 CALL FOR HELP OCTOBER 6, 2010 AFTER BEING THROWN AGAINST THE WALL THE FIRST TIME BY OFFICER KELEWISCHKY

K. PLAINTIFF'S AFFIDAVIT NOTARIZED JUNE 26,2012

L. PHOTOGRAPH OF PLAINTIFF AND FLORENCE JURAITIS OCTOBER 6, 2010 PRIOR TO PLAYOFF GAME

M.PHOTO OF SPORTS ILLUSTRATED CENTERFOLD OF OCOTOBER 6, 2010

PLAYOFF GAME DEPICTING ALL FANS STANDING WITH RALLY TOWELS
N. POLICE HOSPITAL TRANSPORT # 42106 REPORT OF OCTOBER 6, 2010 SIGNED BY
SARGEANT ADDISON  AND CONCEALED BY LAW ENFORCEMENT UNTIL JULY 3, 2012

O. CIVIL RIGHTS ENFORCEMENT COMPLAINT FORM  SENT TO OFFICE OF PA
ATTORENY GENERAL  JULY 3, 2012

P. CORRESPONDENCE FROM OAG  TO JOANN FONZONE, ESQ. REGARDING LETTER
OF  JULY 3, 2012

Q. CORRESPONDENCE FROM FRANK FINA OF OAG DATED OCTOBER 3, 2012

R. LETTER  OF JULY 11,2012 ADVISING PLAINTIFF OF PHILA.DISTRICT ATTORNEY'S
DISAPPROVAL  WITHOUT INVESTIGATION OF PRIVATE CRIMINAL COMPLAINT
AGAINST JOE OTERI PREPARED BY DISTRICT ATTORNEY'S OFFICE JULY 3, 2012

S.PRIVATE CRIMINAL COMPLAINT OF PLAINTIFF AGAINST JOE OTERI  AUGUST 7,2012

T. PRIVATE CITIZEN APPEAL OF MUNICIPAL COURT DECISION ON CITIZEN
COMPLAINT  DATED DECEMBER 17, 2012

U. NOTICE OF MOTIONS HEARING OF PLAINTIFF'S PRIVATE CITIZEN COMPLAINT
SCHEDULED FOR JANUARY 17, 2013

V. TRANSCRIPT OF  JANUARY 17, 2013 HEARING  AND  DENIAL OF HEARING  ON
PLAINTIFF'S PRIVATE CRIMINAL COMPLAINT  AT  ADA  ENGLE 'S  REQUEST

W. NOTICE OF APPEAL OF SUMMARY DISODERLY CONDUCT  CHARGE FILED
FEBRUARY 11, 2013 BY CO-COUNSEL  MARNI SNYDER

X. TRANSCRIPT REFLECTING DISMISSAL OF CHARGES AGAINST JO ANN
FONZONE BY JUDGE KOSINSKI AUGUST 22, 2012

Y. JO ANN FONZONE'S  INTERVIEW WITH JOHN EVANS  AND OFFICER CHRISTINE MC
SHEA JANUARY 28, 2011

Z. JO ANN FONZONE'S CORRESPONDENCE SENT TO KATHLEEN KANE  OCTOBER 15,
2013

A. 1. JO ANN FONZONE'S RIGHT TO KNOW REQUESTS  AND CORRESPONDENCE TO
LAW ENFORCEMENT AGENCIES  AND THE RIGHT TO KNOW OFFICE

B.1. COPIES OF SUBPOENAS SERVED UPON 4 DEFENSE WITNESSESS

C.1.TRANSCRIPT NOVEMBER 21, 2013 WITH ROBERT FOSTER, ATTORNEY
FOR JOE OTERI TESTIFYING WHILE JO ANN FONZONE WAS NOT IN THE
COURTROOM AS THE SCHEDULED DATE WAS CHANGED WITHOUT NOTICE
TO HER

D. 1 LETTER FROM JUDGE KOSINSKI DATED NOVEMBER 17, 2012 TO JO ANN FONZONE ADVISING HER THAT SHE COULD NOT FILE EXPUNGEMENT PETITION BECAUSEE THEY HAD APPEALED

E.1. COPY OF JO ANN FONZONE'S EXPUNGEMENT PETITION SHE TRIED TO FILE

F. 1. COPY OF SUBPOENA OF OCTOBER 6, 2009 TO CHASE MANHATTAN BANK FOR RECORDS ANCILLARY TO PLANTIFF'S DIVORCE ACTION

G.1 COPIES OF SUBPOENAS TO MTV NETWORKS, TIME WARNER, INC. FOR RECORDS ANCILLARY TO DIVORCE ONGOING SINCE 1993 AND IDTHEFT ACTIONS

H.1 Jo ANN FONZONE'S LETTER TO ADA KOTCHIAN JUNE 2012 REGARDING DISCOVERY DOCUMENTS NOT YET PRODUCED THOUGH ORDERED BY FOUR MUNICIPAL COURT JUDGES

I.1. COPY OF COMMON PLEAS COURT ORDER IN DIVORCE 2006

J.1. AFFIDAVITS AND PHOTOGRAPHS

K.1. VCAP COMPLAINTS

L.1.COPY OF BENCH WARRANT ISSUED APRIL 2011WHILE JoANN FONZONE WAS RECOVERING AFTER RECENT DISCHARGE FROM CARDIAC HOSPITAL

M.1.TRANSMITTAL LETTER FROM JEFFERSON HOSPITAL TO IA STATING ER RECORD SENT

N.1. IRS FORMS , FTC INFO REGARDING ID THEFT

O.1. U.S.ATTORNEY NY COMPLAINT OF 11/11/05 BY Jo ANN fONZONE

P.1. PARS

Q.1. LETTER FROM NY AG OFFICE 2005 REGARDING MTV NETWORKS

R.1. MEDICAL REPORTS (WILL BE SENT TO COUNSEL AND CHAMBERS)

S.1. COPY OF PRIOR COURT DOCUMENTS IN ACTIONS RELATED , BROUGHT IN AND MADE ISSUE BY DEFENDANTS AND NON-PARTY TO THIS LITIGATION TO PREJUDICE PLAINTIFF

## Certificate of Service

I, JoAnn Fonzone, Esquire hereby certify that I have caused to be served by U.S. Mail on this day true copy of Plaintiff's Motion To Compel Answers & Document Production, Plaintiff's Discovery Disclosures (2nd copy), and other Interrogatories on Index of Documents pertinent to this action and those that defendant brought into this Action in order to prejudice the Court against n Plaintiff.

By: John Jo Esquire
JoAnn Fonzone Esquire

Dated: 5/31/19