IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE FONZONE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOE OTERI, et al., | : | CIVIL ACTION |
| Defendants. | : | NO. 12-5726 |
| | : | |

### DEFENDANTS' PRETRIAL STIPULATION

1. Agreed upon facts. A conscientious effort should be made to narrow the areas of dispute.

    **Response:** None. Plaintiff failed to share a proposed stipulation with agreed upon facts with Defense counsel in advance of its due date, in violation of this Court's Order August 3, 2021 Order. *ECF #177.*

2. Each party's disputed facts.

    **Response:** Defendants dispute that Plaintiff was subjected to excessive force, false arrest, unlawful seizure of property, 1st Amendment retaliation, or premises liability relating to her arrest on October 6, 2010. Defendants contend that Plaintiff was lawfully arrested for disorderly conduct on October 6, 2010, as reflected by her conviction for disorderly conduct. Defendants contend that any force used on the Plaintiff was reasonable under the circumstances, that none of their actions were motivated by retaliation for Plaintiff's protected speech, that they were not responsible for the revocation of her game ticket, and that Plaintiff was not injured by any defective conditions at Citizens Bank Park, or that the City of Philadelphia had possession or control of Citizens Bank Park at the time of her arrest.

3. Each party's exhibits, as marked for trial. (Any objections to authenticity should be noted or will be considered waived. Exhibits shall be provided to the Court in the form of two, jointly prepared, loose leaf Exhibit Books, each separately numbering Joint Exhibits, Plaintiff's Exhibits, and Defendant's Exhibits, including a schedule of Exhibits which shall briefly describe each Exhibit.)

    **Response**: Defendants identify the following exhibits for use at trial:

    1. Plaintiff's Court Summary

    2. Criminal Docket relating to Plaintiff's Arrest for Disorderly Conduct on

3. Police Paperwork Relating to Plaintiff's Arrest, including all 7548 forms, 7549 forms, PARS, Interviews, Biographical Information Forms.

4. Internal Affairs Report and supporting paperwork relating to Plaintiff's October 6, 2010 arrest and her complaints against the police.

5. Plaintiff's pleadings and court filings.

6. Plaintiff's medical records.

7. Sal DeAngelis' statement to police.

8. Joe Oteri's statement to police.

9. October 2, 2013 Notes of Testimony – Trial - 51CR00081562012.

10. Plaintiff's Deposition Transcript.

4. Each party's witnesses and the subject matter of each witness's testimony.

1. Joe Oteri – will testify regarding his actions and observations relating to Plaintiff's arrest on October 6, 2010

2. Sal DeAngelis - will testify regarding his actions and observations relating to Plaintiff's arrest on October 6, 2010

3. P/O Mark Kovacs - will testify regarding his actions and observations relating to Plaintiff's arrest on October 6, 2010

4. Retired P/O James Kisielewski - will testify regarding his actions and observations relating to Plaintiff's arrest on October 6, 2010

5. Sgt. Christopher Bee - will testify regarding his actions and observations relating to Plaintiff's arrest on October 6, 2010

6. P/O Lesinette Heim - will testify regarding her actions and observations relating to Plaintiff's arrest on October 6, 2010

7. Detective John Landis - will testify regarding his actions and observations relating to Plaintiff's arrest on October 6, 2010

8. Detective John Evans – will testify regarding Plaintiff's Internal Affairs Complaint and his investigation of her allegations.

5. Unusual issues - contentions and authority.

**Response:** Plaintiff brings a premises liability claim without ever alleging or adducing evidence that a defective condition at Citizen's Bank Park caused her injuries.  In fact, she claims that her injuries were caused by an assault by Phillies Security Guard Joe Oteri, and members of the Philadelphia Police Department, not any conditions within Citizens Bank Park.  Additionally, the City of Philadelphia leases the premises of Citizens Bank Park to the Phillies, and was in neither possession or control of that property for purposes of a premises liability claim. The City can be liable for a negligent act of the City or its employees concerning the care, custody or control of real property in its possession.  42 Pa. C.S. § 8542(a)(1), (b)(3).  "Possession" within the real property exception is total control

over the premises, and limited control or mere occupation of the premises for a limited period is insufficient to impose liability. City of Pittsburgh v. Estate of Stahlman, 677 A.2d 384 (Pa. Commw. 1996).

6. Proposed voir dire questions, requests for jury instructions, and a proposed jury verdict form. Counsel shall make a good faith effort to agree upon as many of these items as possible. (THESE ITEMS ARE TO BE SUBMITTED ON DISK IN WORD FORMAT AS WELL AS IN HARD COPY.)

   **Response:** To be supplied.

7. The signed approval of trial counsel for each party.


/s/ Aaron Shotland