**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOANN FONZONE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **No. 12-5726** |
| **JOE OTERI, et al.,** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2022, upon consideration of Plaintiff Joann Fonzone's Submission in response to the Court's Rule to Show Cause and Defendants' response thereto, it is **HEREBY ORDERED** that Plaintiff's case is hereby **DISMISSED WITH PREJUDICE** for lack of prosecution.

BY THE COURT:

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOANN FONZONE,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **No. 12-5726** |
| **JOE OTERI, et al.,** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## DEFENDANTS' RESPONSE TO THE COURT'S
## <u>RULE TO SHOW CAUSE FOR FAILURE TO PROSECUTE</u>

Defendants, City of Philadelphia, James Kisielewski, Lisenette Ortiz, and Mark Kovacs by and through the undersigned counsel, hereby file this Response Requesting Dismissal of Plaintiff's lawsuit for Failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In support thereof, Moving Defendants incorporate the attached Memorandum of Law. Moving Defendants respectfully request that this Court dismiss Plaintiff's claims against them with prejudice.

Date: March 22, 2022

/s/ *Kathryn Faris*
Kathryn Faris
Deputy City Solicitor
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445
Kathryn.faris@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **JOANN FONZONE,** | | : | |
| | **Plaintiff,** | : | |
| **v.** | | : | **CIVIL ACTION** |
| | | : | **No. 12-5726** |
| **JOE OTERI, et al.,** | | : | |
| **Defendants.** | | : | |
| | | : | |
| | | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**RESPONSE AND MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Defendants, City of Philadelphia, James Kisielewski, Lisenette Ortiz, and Mark Kovacs by and through the undersigned counsel, hereby file this Response Requesting Dismissal of Plaintiff's lawsuit for Failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I.     BACKGROUND OF LAWSUIT/BRIEF HISTORY OF PROCEEDINGS**

Plaintiff initiated this lawsuit nearly ten years ago on October 9, 2012 by Complaint. *See* Docket No. 1. Plaintiff filed an amended complaint on January 11, 2013. *See* Docket No. 17. A year and a half later, on August 15, 2014, the Court issued a Rule to Show Cause why the matter should not be dismissed. *See* Docket No. 21. On September 26, 2014, Plaintiff filed a petition to reopen the civil action. *See* Docket No. 22. On March 19, 2015, and March 23, 2015, Plaintiff filed subsequent amended complaints. *See* Docket Nos. 29 and 30.

The Court ordered discovery to be completed on or before February 12, 2016. *See* Docket No. 61. On March 17, 2016, following the close of the discovery deadline, Plaintiff filed a motion to stay the proceedings for six months. *See* Docket No. 67. The Court denied Plaintiff's motion. *See* Docket No. 72.  Plaintiff filed a motion to extend discovery and stay the proceedings on May 2, 2016. *See* Docket No. 73.  On May 24, 2016, the Court granted Plaintiff's request to extend the

discovery deadline to August 22, 2016, but denied the request to stay the proceedings. *See* Docket No. 74.

On June 8, 2016, Plaintiff filed a motion to reinstate Joseph Oteri as a defendant to this action. *See* Docket No. 75. That motion was denied on June 26, 2016. *See* Docket No. 76.  On August 15, 2016, Plaintiff filed another motion to extend the discovery deadline. *See* Docket No. 81. Plaintiff then filed another motion to extend the discovery deadline on October 21, 2016. *See* Docket No. 94. On October 25, 2016, the Court denied Plaintiff's motion to extend the discovery deadline a third time. *See* Docket No. 95. On November 10, 2016, the Court denied Plaintiff's fourth motion to extend the discovery deadline. *See* Docket No. 98. On January 30, 2017, the Court issued a second amended scheduling order directing that discovery was to be completed by March 3, 2017. *See* Docket No. 103.

On March 1, 2017, Plaintiff filed a fifth motion for an extension of the discovery deadline. *See* Docket No. 104. On March 17, 2017, Defendants filed a motion to dismiss for lack of prosecution and a motion for partial summary judgment. *See* Docket No. 105. On April 4, 2017, the Court denied Plaintiff's request for an extension of the discovery deadline. *See* Docket No. 106. Defendant's motion to dismiss was granted in part and denied in part on September 5, 2017. *See* Docket No. 108.

On April 9, 2018, Plaintiff filed a sixth motion for an extension of the discovery deadline. *See* Docket No. 123. On January 31, 2019, a case management conference was held before the Honorable Jeffrey L. Schmehl, during which Plaintiff requested a continuance because she had obtained counsel. *See* Docket No. 130. A final pretrial conference was held on June 19, 2019, and Plaintiff indicated that she would not be prepared to proceed to trial in July 2019 as scheduled.

*See* Docket Nos. 139 and 145. At that conference, Plaintiff again requested that Defendant Oteri be reinstated as a defendant. *Id.*

On September 30, 2019, the Court placed this matter in suspense to permit Plaintiff to obtain an attorney. *See* Docket No. 157. On February 4, 2020, the Court granted Plaintiff additional time to obtain an attorney and ordered that on or before April 6, 2020 Plaintiff was to indicate whether she would proceed with representation or *pro se* and that failure to do so would result in dismissal for lack of prosecution. *See* Docket No. 160. On June 5, 2020, a phone conference was held before the Honorable Marilyn Heffley, which resulted in an order directing that fact and expert discovery be completed by October 5, 2020, that a final pretrial conference be held on April 21, 2021 and that trial begin on April 27, 2021. See Docket Nos. 164 and 165.

On August 19, 2020, Plaintiff filed another motion to reinstate all defendants in the case. *See* Docket No. 166. The Court denied the motion on September 8, 2020. *See* Docket No. 167.  On April 27, 2021, the Court issued an amended scheduling order, scheduling the matter for pretrial conference on September 29, 2021, and trial on October 21, 2021.  *See* Docket No. 174. On August 23, 2021, Plaintiff filed another motion to reinstate Oteri as a defendant to this action. *See* Docket No. 180. The Court again denied the motion. *See* Docket No. 181.

On September 29, 2021, a pretrial conference was held, at which time the Court ordered Plaintiff to provide proof indicated that she was not prepared to go forward with trial on October 21, 2021 due to a medical procedure scheduled for October 13, 2021. *See* Docket No. 187. Following provision of same, the Court rescheduled the jury trial by six months to April 19, 2022, and indicated that no further continuances would be granted. *See* Docket No. 194.

Still undeterred by this Court's orders, Plaintiff filed a motion to reopen discovery on November 4, 2021. *See* Docket No. 195. The Court denied the motion on November 5, 2021. *See*

Docket No. 196.  Nevertheless, on March 1, 2022, Plaintiff filed a motion to enforce a subpoena that had been served on the Phillies Organization. *See* Docket No. 200. On March 10, 2022, the Court denied Plaintiff's motion. *See* Docket No. 201.

Also on March 10, 2022, a final pretrial conference was held by phone. At that time, Plaintiff indicated that she was not prepared to proceed to trial on April 19, 2022. Plaintiff also once again requested that Oteri be reinstated as a defendant and again requested additional time to conduct discovery. Following this conference, the Court issued a rule to show cause why the case should not be dismissed for lack of prosecution and provided Plaintiff seven days to respond in writing. *See* Docket No. 202. On March 21, 2022, Plaintiff filed a handwritten response to the Court's order. *See* Docket No. 204.

## II.   ARGUMENT

### A.   Plaintiff's Claims Should be Dismissed with Prejudice under Fed. R. Civ. P. 41(b) for Failure to Prosecute.

Plaintiff's claims against Defendants should be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides that if a plaintiff fails to prosecute or comply with these rules or a Court order, a defendant may move to dismiss the action or any claim against it. *See* Fed R. Civ. P. 41(b).  Interpreting this Rule, the Third Circuit has identified a six-part test to evaluate whether a party has failed to prosecute its claim, including: (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense. *See, e.g., Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  "[N]o single *Poulis* factor is dispositive," and "not all of the *Poulis* factors

need be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Here, consideration of these factors to the instant case warrants dismissal.

First, there is no question that Plaintiff is personally responsible for her failures to prosecute her case. Plaintiff has had ten years to conduct discovery and prepare for trial but has instead made eight motions to extend discovery deadlines, five motions to reinstate a dismissed defendant, and requested continuances of trial dates four times.

Second, Plaintiff's unwillingness to prosecute this case is prejudicial to Defendants because it has resulted in the pendency of a civil action against them for twelve years. The Third Circuit has held that prejudice can include, "the inevitable dimming of witnesses' memories." *Adams v. Trustees of New Jersey Brewery Employee's Pension Trust Fund,* 29 F.3d 683 (3d Cir. 1994) (citing *Bedwell and Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.3d 683 (3d Cir. 1988)). Defendants' ability to mount an adequate case grows more difficult with each passing year due to the health and availability of witnesses, the dimming memories of the witnesses involved, and the availability of the individual defendants themselves. Defendants should not have a civil matter hanging over their heads in perpetuity.

Third, the record supports a history of dilatory tactics by Plaintiff. This matter has been pending before the court for ten years, which is a significant and inexcusable delay. *See Adams,* 29 F.3d 683 (3d Cir. 1994) ("Four and one-half years is a significant and inexcusable delay and could constitute grounds for dismissal under Rule 41(b)…"). Here, Plaintiff has made at least eight motions to extend or reopen discovery despite four discrete discovery deadlines for this case: February 12, 2016, August 22, 2016, March 3, 2017, and October 5, 2020. *See generally* ECF Docket. Plaintiff's reasons for such requests varied. At times, Plaintiff claimed she was searching for an attorney to represent her and other times claimed various medical issues impeded her ability

to conduct discovery. *See e.g.*, Docket Nos. 81, 94. Despite the granting of these extensions, Plaintiff continues to maintain (even as recently as March 10, 2022) that she is entitled to additional time to conduct discovery. Plaintiff further continues to seek re-litigation of settled issues in this case, including the reinstatement of dismissed defendants. Plaintiff has clearly established a pattern of dilatory tactics to prevent the case from proceeding to trial.

Fourth, Plaintiff's conduct is indeed willful.  In this context,, the Third Circuit has defined willfulness as "intentional or self-serving behavior." *Adams,* 29 F.3d 683 (3d Cir. 1994). Here, Plaintiff has been put on notice at least three times that failure to prosecute her case would result in dismissal. First, on August 15, 2014, the Court issued a Rule to Show Cause why the matter should not be dismissed. *See* Docket No. 21. Second, on March 17, 2017, Defendants filed a motion to dismiss for lack of prosecution and a motion for partial summary judgment. *See* Docket No. 105. Third, on September 29, 2019, the Court advised Plaintiff, following a request to continue the October 2021 trial that the Court would not provide further continuances and would consider dismissal for lack of prosecution if she was not prepared to proceed by spring of 2022. The Court's order rescheduling the jury trial to April 19, 2022 also indicated that no further continuances would be granted. *See* Docket No. 194. Especially in light of the repeating warnings, Plaintiff's conduct can only be described as willful as it is both intentional and self-serving.  Indeed, after being advised of the consequences for failure to comply with Court orders and participate in the prosecution of her case, Plaintiff continues to attempt to evade the conclusion of this case by way of jury trial.

Fifth, alternative sanctions would not adequately deter  Plaintiff from further delay. There are no alternative sanctions available that would compensate for the prejudice to Defendants or that would be adequate to effectuate the administration of justice in this case. Further, because

Plaintiff proceeds *pro se* there is no attorney upon whom the Court could impose monetary sanctions for failure to prosecute the case. This, too, weighs in favor of dismissal. *See Briscoe*, 538 F.3d at 263 (holding that the district court did not abuse its discretion in finding that there were no alternative sanctions available where the plaintiff was proceeding *pro se*  and thus had no attorney upon whom the court could impose the expenses for failing to comply with the court's orders).

Finally, the merits of Plaintiff's claims do not weigh against dismissal of her action. Though some of Plaintiff's claims have survived summary judgment, all her claims are ultimately premised on the incorrect assumption that she was not lawfully arrested for her disruptive and disorderly behavior at a Philadelphia Phillies baseball game twelve years ago in 2010. The fact that Plaintiff was found guilty of disorderly conduct, which would be admissible evidence at trial, belies Plaintiff's claims. In addition, Plaintiff's filings demonstrate averments of a myriad of medical issues that have supposedly continued to worsen over time.  Plaintiff attributes these medical issues to the actions of the Defendants; however, Plaintiff has not provided notice that she intends to produce expert evidence to link her alleged injuries to the conduct of the Defendants. Therefore, any merit of Plaintiff's claims do not outweigh the factors supporting t dismissal.

The balancing of the *Poulis* factors weighs in favor of dismissal for lack of prosecution. Plaintiff has had ten years to propound and review discovery, come to terms with the Court's rulings, and present her case before a jury. She has failed to do so at every step of the way, and at this juncture, the only appropriate remedy is dismissal of the case with prejudice.

## III.   CONCLUSION

For the reasons set forth above, Defendants, City of Philadelphia, James Kisielewski, Lisenette Ortiz, and Mark Kovacs hereby request that this Court dismiss all claims asserted against them with prejudice.

Date: March 22, 2022

/s/ *Kathryn Faris*
Kathryn Faris
Deputy City Solicitor
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445
Kathryn.faris@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **JOANN FONZONE,** | | : | |
| | **Plaintiff,** | : | |
| **v.** | | : | **CIVIL ACTION** |
| | | : | **No. 12-5726** |
| **JOE OTERI, et al.,** | | : | |
| **Defendants.** | | : | |
| | | : | |
| | | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, the Defendant's Motion has been filed on ECF and is available for viewing and downloading by all parties. A copy will also be sent via first class mail to:

Joann Fonzone
631 Primrose Lane
Allentown, PA 18104

Date: March 22, 2022

/s/ *Kathryn Faris*
Kathryn Faris
Deputy City Solicitor
Pa. Attorney ID No. 318580
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5445
Kathryn.faris@phila.gov