IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JO ANN FONZONE aka JUDY MC GRATH, PLAINTIFF

                                  CIVIL ACRION  LAW

         VS.                              12-5726

JOE OTERI, ET AL , DEFENDANTS


PLAINTIFF'S REPLY TO DEFENDANTS RESPONSE AND MOTION TO DISMISS  PERSONAL
INJURY/CIVIL RIGHTS ACTION   FOR LACK OF PROSECUTION


Plaintiff , by and through her attorney, Jo Ann Fonzone, Esquire  hereby files this Reply to  yet

another one of defendants attempts to  deny Plaintiff of her  constitutional rights to have her injury

action fully litigated  in the Federeal Court of the United States of America. The trial date was set for

April 19, 2022, but as Plaintiff continues treatment for the many injuries and permanent irreparable

medical damages she suffered on October 6,2010 and the consequential resulting damages therefrom

the case was  properly stayed by the Federal Magistrate.Plaintiff had to get a cortisone injection in her

right hand prior to being able to prepare this Reply.


  1.  FACTS AND PROCEDURAL HISTORY

      Plaintiff hereby incorporates the June 4, 2021 Reply to defendant motion last year to dismiss

      her case and reiterates that all defendnats should be in the case as per Judge Davis order and

      item 51 on docket, the Amended complaint of July 7, 2015 is the operative complaint.


It is incredulous that defendants are trying to dismiss now on FRCP41(b) lack of prosecution when

plaintff has been filng and complying with , answering  all of their pleadings and discovery and

complying with court Orders timely without fail despite all of the obstacles she has had . Some of

these include, her original lawyer  who prepared the original complaint Mr. Bailey withdrew in

2013 due to medical issues,  Plaintiff was unaware of the August 15, 2014 Rule to show cause  as she

was not served with it, Mr. Bailey did not communicate this. When Plaintiff learned the case had been

dismissed, she immediately filed a Motion to Reopen when Judge Davis was presiding.

Phladelphia new city attorney, in her recitation of items on the docket ,fails to mention an important

item,No51,on the prior page byPlaintiff.All of the facts and circumstances must be included in the case

Moreover, in addition to that item ordering that the operative complaint was the July 7, 2015 Amended

complaint , the new city attorney must be aware of the fact that she represents all those defendants in

that complaint employed by and are state actors for the city of Philadelphia. These include : Riverside

prison,C.O.Fisher,Phila. Bench warrant unit,and the named police officers Evans,Kelewishki,Kovacs,

Ortiz, Bee.

The defendants added in state supplemental claims which arose out of the original incident and

but for the fact of false arrest and baseless warrrant (for non-appearance in court_ when she had

notified the prosecutor and the Clerk by certified mail of her inability to appear because of a

cardiologist appointment , this would not have occurred.. Plaintiff told her then lawyer Mr. Dixon to

inform the court of this fact, that she had a cardiologist appointment ;for some reason, he did not

inform the court, and on Friday morning at about two a.m. the bench warrant unit from Philadelphia

stormed into my mother's home and  greatly frightened us both .Mr.Dixon private attorney could not

bother to tell his client a warrant had been issued though tried to reach him many times earlier that day.

Plaintiff was to be taken to the court for bench warrant hearing but instead was taken to Riverside ,after

having to go to the hospital as the unit driver sped at 100 miles an hour on the turnpike which further

stressed and scared plaintiff ;she went into atrial fibrilation and asked to be taken to a hospital.

Naturally when someone is brought to a hospital in shackles and handcuffs, medical staff wants to get

the patient off the premises as quickly as possible. So, rather than being admitted , Plaintiff  was

released and  taken to Riverside and arrived there early Friday morning. She knew she was  there for

weekend, but didnt know she would be unable to attend a very important Argument in another county

on her ID theft action since 1981 scheduled for Tuesday

When she could, Plaintff phoned her family and asked them to hire a new lawyer to get her out as she

was not being given her correct heart medication and was afraid for her life as her cellmate

was detoxing from heroin and threatened to kill her. Needless to say, Plaintff was very afraid of her.

Several grievances were submitted to the Warden about the above stated problems and that she had to

be in court on Tuesday September 27, 2011 for a civil matter, but was ignored. When Plaintiff's family

told her they hired a new lawyer and she would be released Monday the 26th,to go to bench warrant

court, plaintff felt relief. On that morning,Plaintiff was taken downstairs with others to get on a

bus to court. Astonishingly, when she got to the door, she was stopped by Officer fisher and told she

could not leave until Wednesday. As the bench warant unit took her warrant upon arrival, Plaintff was

unaware of Phila.Crim Rule of Procedure 150(A)(5)which states that a person can only be held on

a bench warrant for three days. Wrongly held for six days and unable to appear at the scheduled

civil proceeding was the result.The warrant stated that rule and that Fonzone was to be taken to

 Criminal Justice center on Friday and not the prison. Because the bench warraant unit did not follow

procedure or policy and the Judge's Order on the warrant, the very important Argument was dismissed

September 27, 2011 ; Plaintiff was wrongly held at Riverside until September 28, 2011. These city

employees deprived plaintff of her right to appear in court on September 26 and September 27 as a

result plaintiff suffered immeasureable damages as the civil case was against large corporations for

a significant amount of damages over three decades.Plaintff was denied her rights to 14th Amendment

due process., and suffered damage to her reputation with this false warrant and unlawful detention.

If an individual 's constitutional or civil rights are violated, there is no qualified or any immunity for

 government or state actors under the Pa state law Tort claims Act. 42 Pa. Cons.Stat. Sec. 8541

After the phone conference of March 10, 2022, Plaintiff did not have notice of the court's Order to

show cause until March 21, 2022 when she went to the Federal court in her hometown and asked for

copy of the Order. Worried that the case might be dismissed before she had a chance to reply, Plaintiff

sat in the clerk's office and hand wrote her reply and filed then served it  by U.S. mail .Item 204

That was two weeks ago, how can defendants accuse Plaintiff of failng to prosecute  ? That term is

applicable for plaintiffs who let their cases sit idle for years, not those who are dilgent and keep up

with compliance of court orders  and the case to the best of our ability and health allows us to.

Plaintiff received defendants Memorandum and Response on April 4 and has 14 days to file her reply.

Plaintiff is an attorney but when self represnting or pro se is not required to file a Notice of Appearance

2.   ARGUMENT

Plaintiff's case against defendants must not be dismissed for lack of prosecution pursuant  to

FRCP41(b)or an other rule as there are many issues of genuine material fact in dispute and Plaintiff has

worked very hard despite overwhelming circumstances to pursue her rights for fair and just

adjudication  of her case.  Many questions remain because Defendants failed to answer Discovery and

contrary to what the previous city attorney told Plaintiff, he failed to depose Joe Oteri and others.

There was no investigation in this case,this is  true, if you dont talk to witnessess, you dont want to

find out the facts.Plaintiff provided names of witnesses, the police and prosecutors refused to speak

with any of them, even the officer who saw Plaintiff's swollen and brusied  hand, arm, neck and had

her taken to the Emergency Room .Plaintiff provided her Protection from Abuse Order yet no question

To this day, Plaintiff does not have any information about what the probable cause to arrest was or who

determined  it. Was it Oteri acting with the delegated duty of police then he was a state actor. And that

is why Mr. Bailey put his name as lead defendant on the complaint. How he and other defendants were

taken out of the case was an error  after Judge Davis retired as there was a concerted effort to deprive

Plaintiff of her constituitonal rights from the beginning . Right to know requests and  documents with

the court were filed by Plaintiff about this, along with requests for copies of all police reports, though

these were wrongly witheld from her for more than two years in violation of  four Discovery Orders by

Municipal court Judges. What evidence did the police have to make the arrest; 'none' and that is clearly insufficient for a legitimate prosecution.Plaintiff provided medical reports to defendants and the court. When records are requested  and not produced , defendant must justify its refusal to produce records or things. Defendants produced no records Plaintiff requested in discovery, thats why she continued to ask to open Discovery. Where is the videotape from the concourse at the stadium and why wont they turn it over? Were there any cell phone videos? Why didnt the police ask at the scene for these? Why didnt  police speak to anyone seated near Plaintiff that had been on the bus with her from Allentown? How  previous  complaints were filed against any of the police defendants ?If there is nothing to hide, parties do not hide information.

To discuss  defendants interpretation of rule 41(b), ( though it is a judge's job to interpret the law and not defense lawyers),  in reviewing the six part test of the Poulis v. State Farm Fire & Cas. Co. , 747 F.2d 863, 868 (3d Cir. 1984),contrary to defendnants assertion,  none of the six factors  are applicable to Plaintiff 's conduct in the course of this litigation. The six factors will be examined  one at a time . 1)Plaintiff's personal responsibility. Indeed Plaintiff has had all the responsibility  since her original lawyer withdrew in 2013 and even though retained another lawyer  several years later, ( who did not even show up in court, but talked with Judge on a phone call while Plaintiff was in court and told the Judge she was representing Plaintiff but did nothing but lie to a Federal Judge in Reading , Pa). Since then Plaintiff has had to wear all the hats, Attorney, Witness, Victim and Plaintiff . Fonzone has done this while undergoing  continuous medical treatment, several  hospitalizations for  trauma caused heart conditions, and other injuries, chest wall injury and , spine surgeries, breathing difficulties from chest injury,treatment for concussion, tbi, migraines,tinnitus, seizures, pba, right ear hearing loss,right shoulder injury treatment, fractured  right wrist, dominant right hand weakness, much physical therapy, many spinal injections, chronic pain , at times so excruciating  that visits to emergency rooms were necesssary, mouth bleeding , (yet unknown source), from suffering head, neck, chest, right side trauma

from having front  top of her head pushed into the hard back of the stadium seat  by Oteri then Oteri

and Kelewishki,  suffering a concussion, neck trauma, then later  suffering injury to arms and shoulder

when dragged by back of arms at elbows by officers Bee and kelewishki across the concourse while

standing watching the game for 10-15 minutes ,  then in the police cell room when thrown against the

wall twice by kelewiscki suffering head,neck, right shoulder and hand and wrist injuries , then when

struck with his nightstick repeatedly on chest because dispatch called the room and told them I called

911 for help, he  wanted my phone,(must of thought it was a camera phone,but it was not), all of these

injuries led to chronic pain, continuous medical treatment ,  required and continuous treatments,

medications, pain and suffering, loss of enjoyment of life, extreme emotional distress,humiliation and

embarrassment,mistreatment of a crime victim.  The inconvenience and cost of having to travel to

Philadelphia court many times for four years as prosecution dragged on and continued the case

endlessly because the had no witnesses show up for years,( they even illegally continued the case after

Plaintiff  had it dismissed with prejudice in 2012, ). The increase in medical insurance premiums until

they became unaffordable as the injuries disabled Plaintiff ,delay of Plaintiff's other pending litigation,

costs of this and criminal litigation,  dismissal  of a very important ID theft injury case because of this

travesty of justice, dismissal of defamation case ,complete damage to  Plaintiff's legal career, damage

to Plaintiff's personal relationship, malicious prosecution as they knowingly misrepresented facts to the

Court , police  and Oteri lied to protect their criminal violent activities .There was a total cover up of

the truth and evidence by police and  rogue asst. prosecutors, violating Plaintiff''s rights,slandering and

libeling her because she would not plead guilty and wanted a  dismissal or trial ,she was the crime

victim not guilty of any crime while at a Phillies playoff game execrcising her !st Amendment rights.

Plaintiff  was responsible for having to have medical treatment for all the injuries and  damages which

disabled her but still managed to do all the legal work since2013 .There were continuances by both

sides,delays while the case was sent to two other Judges when the original Judge retired ,delay for the

covid virus for about two years. Moreover, Plaintiff 's mother was very ill in early 2020 and in hospital

for six weeks ,sick for rest of the year and Plaitniff took care of her . Plantiff's aunt died from the covid

virus , yes all of these were time delays but not Platniff's fault; its called life.If Plantiff got extensions,

she provided the Court with medical documentation or explanation; she was not taking vacations and

getting continuances.Yes, plaintff has been very responsible in meeting deadlines and filng documents

in  reply to defense motions or whatever throughout this litigation  despite all the odds against her.

2) There has been NO prejudice to defendants caused by Plaintiff as she did not fail to meet

scheduleng orders or respond to any discovery. Conversely, it is Plaintiff who has  been

prejudiced and adversely affected by defendants total disregard of  Plaintiff 's Discovery

requests, both Interrogatories and Document Production Requests. They have either completely

failed to reply or replied with insufficent answers to Interrogatories and blatantly refused to

provide any documents  requested by plaintiff.

3) There has been no dilatoriness , much less a history of such by Plaintiff.  However, there has

been a recurring refusal by defendants to refuse to answer Plaintiff's  discovery  so that it has

been nearly impossible for Plaintiff to have the  information she is entitled to  to proceed  .If

there has been delay , it has been caused by defendants refusal to sufficiently respond to

discovery, depose those they said they would,  so that Plantiff had to request to compel

discovery responses and to open Discovery  in order to obtain the answers she is entitled to

have for this litigation. What are they hiding and why do they refuse to answer questions or

produce documents and things requested?  It is defendants that are completely uncooperative

and are causing delibebrate delay, not the Plantiff who has sufficiently answered Interrogatories

, provided Documents requested because she is not hiding information.

4) Whether the conduct of the party was wilful or in bad faith.Plaintiff's conduct was not in

bad faith or wilful but rather has in good faith continuously done  her best to meet

deadlines , do the research and preparation and service of pleadings,answer Discovery

appear for a nearly three hour Deposition , appear in Court prior to covid

in front of Judge Davis and  in Reading in front of Judge Schmel each time required to do so.

Plaintiff strongly contends it is defendants all of them named in the operative complaint that

acted in bad faith deliberately to sweep this case and their criminal violent activities under the

rug, get rid of it to cover up their  criminal misconduct, public corruption, conspiraacy to

deprive Plaintiff of her civil and constitutional rights,treat her like a criminal defendant wrongly

to protect the violent crimes of the perpetrators who seriously injured her through their false

implication and arrest , battery, aggravated assaults, reckless endangerment, causing her not

only serious injuries but some permanent irreparable damages such as heart conditions and

right ear deafness which she will have to endure and treat for the rest of her life. Indeed,

defendants have acted and continue to  act in wiful bad faith, unethical and unprofessional

manner by refusing to extend any offer  to  Plaintiff for destroying her health and life, and

instead act only to deny her rightful discovery and continuously to have her case dismissed.

5) Sanctions. Yes, defendants should be sanctioned for everything stated above in paragraphs 1-4.

To dismiss  Plantiff's personal injury case is the harshest and most frowned upon  ruling there is

This is especially true when a Plaitniff has suffered irreparable damages and permanent loss of

body function, here the hearing in her right ear from the head trauma., tinnitus, and other

chronic conditions which will not disappear overtime like a  broken leg.

6)  The merit of the case. Plaintiff has  sufficiently stated the merits of her case in this and other

pleadings, but  her medical records and Exhibits will more fully explain Perhaps  Ms.Faris

did not receive all of the file from her predecessor; he had a large quantity of medical records

and other documents like Discovery answers that plaintiff served him with. When considering

all of the above mentioned factors or just one of these is more than sufficient  to show

that this case must not be dismissed because there was no lack of prosecution  by Plaintiff.

Consideration of the six factors of Poulis certainly does not warrant dismisssal of Plaintiff's

case.In fact, not one of the factors can be satisfied to dismiss the case because Plaintiff

has conducted herself in a profesional manner ,has done nothing which could be deemed

failure to prosecute her case. Yes , she filed Motions to extend discovery , try to obtain

answers and documents from defendants; she had promptly answered defendants discovery.

The reason for Motions to reinstate defendant was explained as necessary to include totality

of facts and circumstances and Oteri was named the lead defendant by Plaintiff's prior attorney

because,but for his harrassment and injury to Plaintiff first,then false implication to police, there

would be no case and Plaitntiff would not have suffered so many injuries and damages.Careful

perusal of the docket evidences that Continuances were made by both sides and by the Court

several times; Plantifff 's requests for them were either for her medical reasons or when she was

taking care of her mother before and after she was in the hospital with the covid virus.

The Court understood the necessity for the continuances and almost everything was shut down

in 2020 and 2021 anyway, so Federal buildngs were closed.

Defendant's second assertion about Plaintiff's unwillingness to prosecute this case is pure

nonsense. What a shame that the case is pending against the defendants, perhaps they should

have thought about consequences to their criminal behavior and misconduct against policy

before they injured, falsely implicated and injured Plaintiff then falsely arrested and maliciously

prosecuted her to cover up their violent criminal activities.Criminal charges were proper for them

Plaintiff vehemently disagrees with use of a paragraph in Adams v. Trustees of New

Jersey Brewery Employee's Pension Trust Fund, 29F.3d 683 (3d cir. 1994); " the inevitable

dimming of witnesses' memories", because that quote states that "prejudice can include ". As

with any witness , memory is an individual issue based on many things. Age can be a factor, one's

ability to remember visual or by ear what they witnessed or their actions; one's health is a factor

There is no  definitive rule that determines how much and if an indivdual can or does remember.
Defendants defense does not diminish but rather is enhanced with time; perhaps they can find witnesses
that they did not interview or investigate when they should have at the stadium or ER.It is  true in any
litigation, parties must be available as long as the case proceeds; what a shame for defendants to  have
litigation because of all their collective and colluded actions, Plaintiff is disabled.  Becasue of
their failure to properly investigate and disdain for seeking the truth , both police  and prosecutors,
Plaintiff was mistreated  as the criminal defendant that the defendants in this lawsuit should have
been, and not like the seriously injured crime victim that she is.  By the way, ten years is not  long for
litigation ; some divorce cases that drag on for nearly 30 years. Plaintiff has an excellent memory.

To address, defendants third assertion, Plaintiff  clearly has not procrastinated with any delay tactics.
Defendants must acknowledge that but for their violent criminal activities , there would be no case ,
no ten year litigation and Plaintiff would be as healthy as she was prior to October 6, 2010.She would
not be taking heart medications and others or have any of the other medical conditons caused by the
physical trauma she survived  from the  aggravated assaults of Oteri and  then later by other defendants
like kelewishki. Fonzone called 911 for help as she was in fear for her life from kelewishki.
Plaintiff did not"claim' that medical issues impeded her ability to conduct discovery. Her many medical
issues, treatments and surgeries necessary as a direct result of the October 6, 2010 incidents DID
prohibit her so that she needed  an extension for a motion reply  or  discovery.It is the deliberate and
blatant refusal to answer Interrogatories and Document Requests in fact denied Plaintiff  answers she
sought and was entitled to have in discovery. No, she did not want to confront the violent defendants
and depose them;  Mr. Shotland told her that he was going to depose them. Plaintiff tried to find  loyal
counsel to do this, but it is very difficult once a case is in litigation to find other counsel.It is also very
difficult to wear all the  hats and Plaintiff certainly should not have to do everything.
Conversely to defendants'incorrect allegation that Plaintff seeks re-litigation of settled issues in  case

no issue has been settled or litigated, so how can there be any re-litigation? There is no pattern of any tactics to prevent the case from proceeding to trial. Admittededly, the court has authority to assign counsel in a civl rights case, Plaintiff did ask for this because it is difficult to do all the work when physicallydisabled.Plaintiff alleges that it is defendants that have a pattern of tactics of non-cooperation bad faith tactics to just dismiss the case, deny Plaintff her right to be made whole ,though impossible, as an injured individual, have offered nothing , no conference, no evidentiary hearing , no settlement conference, they are completely unreasonable , no meetings to look at documents or medical records, they have filed no pre -trial stipulation , exhibits or other documents. Defendants pattern of bad faith is wilful and evident. A fan is injured and disabled at a major league game and the team offers zero. Defendants conduct is wilful and self serving according to Adams, 29 F.3d 683 (3d Cir. 1994).They have no intention of acting in a civil and lawyer like fashion in order to resolve this case. There is no iota of fairness in their playbook, they merely want to dismiss with total disregard for Plaintiff's rights as the party seriously injured and disabled by them. Atrial fibrilation is a disability as is right ear deafness and the many orthopaedic damages, chronic migraine and other pain. There are many other injuries and conditions caused by defendants which Plantiff will have to treat for and endure the rest of her life. Do these defense lawyers have any sense of right and wrong or acknowledge the Rules of Professional Responsibility and fair dealing in litigation?

It is disgraceful how defendants are discussing sanctions to compensate defendants when they caused Plaintiff all the injures and damages; did defense lawyers read the complaint and Plaitniff's Discovery answers or look at any medical records? Alternative sanctions for what? Defendants must be sanctioned for complete failure to comply with Discovery and for defendants correct information must pay expenses to Plaintiff for their deliberate non-compliance and failure to co-operate with. Discovery Plaintiff is an attorney since 1986 attorneys who self represent are called pro se .She has been in compliance with every court Order without delinquency. Distinguishingly,defendants are continuously delinquent, brazen and fail to reply to Plaintiff's discovery as they are obviously hiding information.

The considerable merits ,substantial injuries permanent physical conditions and damages certainly do weigh strongly against dismissal of Plaintff's civil rights/injury action.

Yes, the case has not been dismissed, despite defendants desperate attempts , because this Court is cognizant ,there are many genuine issues of material fact in dispute, which defendants would like to sweep under the rug as though the criminal incidents of their clients never happened and did not seriously injure Plaintiff. Their violent unwarranted acts caused Plaintiff injuries and damages. They might have gotten away with blaming the victim , but the truth eventually will be exposed.

To correct defendants incorrect contention, Plaintiff's claims are not based on any assumption and  a good lawyer never assumes anything, especially when all the facts are unknown to him. Fonzone was not lawfully arrested as she did not break any law and to date, there  has NEVER been any evidence or probable cause  that an arrest was valid or lawful. It was a false arrest prompted by false implication by oteri who lied to police to protect himself  from accountability after he seriously injued Plaintiff at her stadium seat.Oteri brought police instead of medical help after causing her head to be pushed into seat

To further correct defendnants wrong assumptions, Plaintiff was neither disruptive or disorderly while at her seat doing the wave with all other fans, standing, sitting, cheering like fans do at baseball games, particularly playoff games. Exercise of  an individual's First Amendment rights in speech or cheering like Plaintiff was doing, is protected and cannot be used to lawfully charge anyone with disorderly conduct. Comm. v. Masterangelo.Fonzone was a business invitee; she was not a trespasser or disorderly, she had  a right to be there as no one told her to leave when she stood in concourse for 10-15 minutes watching game until grabbed from behind by police for no reason. Defendants can feel free to admit the false arrest at trial to be countered with overwhelming evidence of police ,prosecution misconduct, and medical records. Where and when was the probable cause  and by whom?

After three retained attroneys did nothing to help Fonzone get the false charges dismissed and refused

to argue her Motion to dismiss which she filed in November 2010,Fonzone took over her defense June

2012 ,( Kotchian was the asst. prosecutor )and got the charges dropped August 22, 2012 with prejudice.

Because kotchian unconstitutionally appealed and failed to give Fonzone notice , went to another judge

and deliberately did not mention that the charges had been dropped with prejudice, the case went on.

Fonzone learned this when she went to the clerk to  file Expungment papers,  and knew she better

appear or the bench warrant squad could be sent again to her mother's home.  Fonzone knew she was

being penalized because she filed complaints with police ,various government agencies about incidents

the victim being prosecuted ,rather than the violent perpetrators .IA deemed complaint "FOUNDED"

This travesty had cost  thousands by now, so Fonzone accepted  appointed counsel rather than retain

another lawyer. The appointed lawyer met with Fonzone for about five minutes prior to trial in January

2013, so there was no time  for her to bring the witnesses she had subpoenaed, there were four.

Ms.Snyder was very good, the Judge acquitted Fonzone, then at last minute Kotchian whined and the

Judge said okay, summary disorderly conduct. The information contained no facts and the definition of

misdemenaor not summary disorderly conduct.Similarly, the first information dd not contain any facts.

Snyder  filed a Motion , walked into court, and Fonzone filed a Motion post trial. The Order was never

filed,but signed and the conviction was overturned on weight of the evidence  or lack thereof. Fonzone

did not get a copy of this until a few years later, Snyder appealed then later withdrew without

Fonzone's knowledge.  The Order had the Judge's signature then oddly, there was something written

underneath her signature in other handwriting. This was the second time Fonzone's criminal case was

dismissed. Of note here, the site citation  against Fonzone was written for unruly by officer ortiz who

was no where near the area to see anything. (Odd how the  deliberate burning of a building is

deemed "not unruly "in cities around the country summer of 2020 but Fonzone doing the wave at a

major league baseball playoff game was "unruly'). If fans were not excited, then teams should  worry.

The day prior, Fonzone had scheduled a Private Criminal Complaint hearing agasint Oteri. The clerk

erred by puttting the same docket number on this case and  asst. prosecutor Engle should not have been

on both  summary case against Fonzone and her private complaint against Oteri.The Judge would not

let Fonzone speak, Engle threatened to get the sheriff so Fonzone left. Later, Ms. Snyder did not object

to engle's dismissal of the  private citizen complaint without hearing as Fonzone was not in the room.

Moreover, when a case is appealed , according to the Philadelphia rules, prosecution has 120 days to

bring case to trial or it is dismissed. The appeal filed by Ms. Snyder, after case had been dismissed

twice was Febuary 11, 2013, and  asst. kotchian dragged the appeal on with continuances much

longer than 120 days or October 2, 2013. The case again legally was dismissed by rule 600 , but

prosecutorial misconduct kept the case dragging on to further harass Fonzone,  innocent crime vcitm.

Three asst. prosecutors  ayers, kotchian and engle were found by the Court to be in violation of

Discovery orders. Fonzone filed Motions for production of all police reports , audio,videotape, and

other exculpatory materials which were  unconstitutionally  witheld by police and prosecution. Brady v.

Maryland.  Ayers dragged Fonzone through mental health court ;hid the report with PTSD diagnosis.


The travesty went on  as yet another Judge  would not let Fonzone represent herself, and two appointed

lawyers were not on her side. Richard patton in violation of the rules of Professional Responsibility

and Ethics sent a  derogatory libelous letter to the Judge about his "client' even before  he ever spoke

with his "client".Who was he talking to ?Consequently, the Judge intimidated Fonzone when she asked

if there ws a CD player in the courtroom, he replied," Why do you want to dance?"

 Fonzone wanted to play the 911 call she made after she was thrown against the wall the first time by

kelewiscki and was in fear of her life. ( Judge would not  allow any of her evidence to be introduced

into the record, including her ER record where she told nurse she was assaulted)When the CD was

playing, Fonzone cried as she relived the horror,but the Judge had a predetermined opinion because of

patton's disparaging letter.It is strange  this malicious prosecution was allowed to proceed from the

start; Fonzone's intent was to watch the game , she loves baseball and attended the game she loves .

Defendants here are also wrong in their mistaken assertion that Fonzone did not provide Notice she intends to produce expert evidence that her injuries are linked to the defendants. She has already done that in providing many medical records to the Court and to Mr Shotland. Further, at the scheduling conference with Judge Davis , she stated that she would have medical experts. As medical records are admissible and speak for themselves, it is quite ignorant for defendants to make such an assertion. Did they not read the file or Disocvery provided by Fonzone?

Distinguishing the case at bar with Poulis, there are no similarities which make them analogous at all. There is no scintilla or any factor here which could possibly rise to the level of the harshest penalty to an injured Plaintiff, that of dismissal with prejudice.Defendants are incorrect; Plaintiff did not have ten years to propound or review discovery. First, Fonzone had many medical issues to treat which consumed a tremendous amount of time and will the rest of her life.Secondly, defendants have failed to sufficiently or completely failed to answer and cooperate in the Discovery process so Plaintiff had almost no Discovery to review or proceed . How can a case be brought to trial with such huge inconsistencies and wilful omissions to participate in discovery in this case?No investigation was done by police, no answers to Interogatories about prior police complaints brought against defendants.

Conversely, it is the defendants who have failed miserably at every step to provide the Discovery answers Plaintiff is entitled to have in order to proceed and gather facts about defendants which have been kept hidden by their lawyers. The remedy is compulsion of complete Discovery answers of defendants , including depositions and videotape at stadium ,reasonable offer made and stay of case

## 3. CONCLUSION

WHEREFORE, based on the aforementioned, Plaintiff respectfully requests that this case proceed and not be dismissed with prejudice in the interests of justice.

Dated: April 18, 2022

Jo Ann Fonzone , Esquire
Pa Id No. 203914

PHILADELPHIA POLICE DEPARTMENT
## COMPLAINT OR INCIDENT REPORT

| YEAR | DIST./OCC. | D.C. NO. | SECT. | DIST. | VEH. NO. | REPORT DATE |
|------|-----------|----------|-------|-------|----------|-------------|
| 10 | 03 | 62707 | | 03 | 030ES | 10-6-1 |

| CRIME OR INCIDENT CLASSIFICATION | | CODE | TIME OUT | TIME IN |
|---|---|---|---|---|

LOCATION OF OCCURRENCE
1 Citizens bank way.    sec 107

☐ IN  ☑ OUT    TYPE OF PREM.

| DATE OF OCCUR. | DAY CODE | TIME OF OCCUR. | NATURE OF INJURY |
|---|---|---|---|
| 10-6-10 | 3 | 615 (P) | none |

COMPLAINANT  Police          AGE  RACE  SEX  PHONE (HOME)

ADDRESS                                    PHONE (BUSINESS)

FOUNDED  ☐Yes ☐ No
REPORT TO FOLLOW  ☐ Yes ☐ No  ☐ Close Out   UNIT   CODE   INV. CONT
WITNESS  ☐Yes ☐ No
TRACEABLE PROP.  ☐ Yes ☐ No
UNIQUE DESCRIPTION OF OFFENDER  ☐ Yes ☐ No
OTHER EVIDENCE  ☐ Yes ☐ No

DESCRIPTION OF INCIDENT (Include Description of Crime Scene if Applicable)

Site Arrest
Offender was placed
under arrest #10-03-6270
for disordely conduct after
being told mulitple times
to sit down and stop being
unruly during the game.

WITNESS                    ADDRESS                  PHONE NO.

OFFENDER INFORMATION
JoAnn Fonzone  719-58  W/f
5550 N. Ocean Drive.

PROPERTY DESCRIPTION (Include Make, Model, Color and Serial No. Where Applicable)   PROP. CODE   INSURED  ☐Yes ☐No   STOLEN VALUE  $

VEHICLE 1 — OWNER'S NAME                VEHICLE 2 — OWNER'S NAME

VEHICLE 1 — OPERATOR'S NAME             VEHICLE 2 — OPERATOR'S NAME

WANTED/STOLEN MESSAGE SENT
General No.          Date        DIST./UNIT TERMINAL   RECEIPT NO.   SENT BY

REPORT PREPARED BY
P/o Ortiz

| NO. | DIST./UNIT | TOTAL PAGES | PAGE |
|-----|-----------|-------------|------|
| 9681 | 14 | | 1 |

REVIEWED BY          NO.   DIST./UNIT   REFERRAL DATE   CEN NO.

PURSUANT TO ACT 155 OF 1992, THE BELOW PERSON ACKNOWLEDGES RECEIPT OF THE NOTIFICATION OF VICTIM SERVICES FORM:

75-48 (Rev. 6/94)

· 259413 ·

354373

Computer Crime Unit   Fax:215-683-1868          Dec 13 2010 11:39   P.01

*I got his Exculpatory evidence in 2014*

*DA hide it Dec 13, 2010*

*Injured prior to arrest by Officer*

*Exculpatory evidence hidden by police + prosecution for 3 years despite Motions requesting all police reports and Right to Know Requests.*

PHILADELPHIA POLICE DEPARTMENT
## COMPLAINT OR INCIDENT REPORT

YEAR **10**   DIST/OCC. **1**   D.C. NO/D-24 **4210 6**   SECT/A **1**   UNIT **1**   VEH. NO. **302.**   REPORT **10-7**

CRIME OR INCIDENT CLASSIFICATION **HOSPITAL CASE**   CODE **3017**   TIME OUT **1225 P**

LOCATION OF OCCURRENCE **2301 S 24TH**

DATE OF OCCUR. **10-7-10**   DAY CODE **9**   TIME OF OCCUR. **1225**   NATURE OF INJURY

COMPLAINANT **VIF DOB 2-19-58   JOANN FONZONE**   AGE **52**   RACE **W**   SEX **F**   PHONE (HOME) **294 688**

ADDRESS **5550 OCEAN DR**   PHONE (BUSI)

FOUNDED ☐Yes ☐No   REPORT TO FOLLOW ☐Yes ☑No ☐Close Out

WITNESS   TRACEABLE PROP. ☐Yes ☐No   UNIQUE DESCRIPTION OF OFFENDER ☐Yes ☐No   OTHER EVIDENCE ☐Yes ☐No

DESCRIPTION OF INCIDENT **ILC HOSP CASE**

**ABOVE COMP TRANSPORTED TO META HOSP FOR INJURYS TO HER RIGHT HAND SHE OBTAINED AT PHILLIES GAME DR HART ON DUTY COMP STATES INJURYS WERE PRIOR TO BEING ARRESTED COMP GIVEN 500 MGS TYLENOL**

WITNESS **ANDESTED**

OFFENDER INFORMATION   PHONE (HOME)

PROPERTY DESCRIPTION   PROP. CODE   INSURED ☐Yes ☐No   STOLEN VALUE $

VEHICLE 1 – OWNER'S NAME   VEHICLE 2 – OWNER'S NAME

VEHICLE 1 – OPERATOR'S NAME   VEHICLE 2 – OPERATOR'S NAME

WANTED/STOLEN MESSAGE SENT   General No.   Date   DIST/UNIT TERMINAL   RECEIPT NO.   SENT BY

REPORT PREPARED BY **BALDWIN JENKINS**   NO **321 4444**   DIST/UNIT **3**   TOTAL PAGES   PAGE NO.

REVIEWED BY **Sgt Adolson**   NO. **8659**   DIST/UNIT **1**   REFERRAL DATE   CEN NO.

PURSUANT TO ACT 185 OF 1992, THE BELOW PERSON ACKNOWLEDGES RECEIPT OF THE NOTIFICATION OF VICTIM SERVICES FORM.

75-48 Front (Rev. 11/09)   **174431 / 229685**

- 2 -

```
                                                          PHILADELPHIA PD
11/08/2011                                             INCIDENT HISTORY DETAILS                                          PAGE 1 OF 1
```

SEARCH PARAMETERS

```
FROM DATE:        10/06/2010                    TIME FROM:      0000
TO DATE:          10/06/2010                    TIME TO:        2359
PRIMARY UNIT(S):  ALL
TX NUMBER(S):     ALL
DC NUMBER(S):     1003062707
LOCATION(S):      ALL
EVENT TYPE(S):    ALL
DISTRICT(S):      ALL
SECTOR(S):        ALL
PRIORITY(S):      ALL
DISPOSITION(S):   ALL
PAYROLL NUMBER(S):ALL
COMPLAINANT INFO: N                 FULL DETAILS: Y
BLOCK ADDRESS:    ALL
RESPONSE TIME:    ALL
GENERAL #:        ALL
WORKSTATION ID:   ALL
REQUESTED BY:     FIVE SQUAD RADIO FOR COURT ATTENDANCE
```

**INCIDENT HISTORY DETAIL**

```
********************************************************************************************************
                                  -- NEW RECORD -- NEW RECORD -- NEW RECORD --
********************************************************************************************************
```

| ICALL | 1027906545 | DIST CASE | 1003062707 | CROSS REFERENCE CALL : NO |
|-------|-----------|-----------|-----------|--------------------------|

```
ENTERED:    10/06/2010 18:13:06              BY  C31 (')      /193260 AS    TYPE  IVPER       C31
DISPATCHED:                                  BY  C31 (')
ONSCENE:                                     BY  C31          /193260                          193260
CLOSE FILED: 10/06/2010 18:13:06             PRIMARY UNIT:  30P                                193260
DISPOSITION: ARR                                                    PRIORITY:  3       P
TYPE:       IVPER (INVESTIGATE PERSON)
LOCATION:   1 CITIZENS BANK WAY , PHL (CITIZENS BANK PARK)
DIVISION:         DISTRICT: 03     SECTOR:  3                       PHONE:
NAME:                             ADDR:
```

| REMARKS | | |
|---------|---|---|
| 10/06/2010 18:13:06 | BADGE 9404 | | | C31 | 193260 |

```
SEGMENTS
10/06/2010 18:13:06  ENTRY      $P1003062707 Dispo: ARR                                        C31   193260
10/06/2010 18:13:06  WALKIN     Walkin Event For Unit 30P                                      C31   193260
10/06/2010 18:13:06  PRIUNIT    30P                                                            C31   193260
10/06/2010 18:13:06  CLOSE      D/ARR                                                          C31   193260
                                C31
```

```
************************************************ 1 ************************************************
```

```
  T O T A L    R E C O R D S    R E T R I E V E D =    1
```

SENSITIVE CALLER INFORMATION NOT INTENDED FOR PUBLIC KNOWLEDGE REMOVED FROM THIS REPORT.

-3-



Account: 4246525153
Amount: 50.00
PostDate: 20111028
Tran_ID: 575784246
CheckNum: 177
DIN: 575785081
ReturnReasonDescription:
ECEItemSeqNum: 000005854622826

Account: 4246525153
Amount: 50.00
PostDate: 20111028
Tran_ID: 575784246
CheckNum: 177
DIN: 575785081
ReturnReasonDescription:
ECEItemSeqNum: 000005854622826

CAD  REPORT  9/11/ℬ𝒞 Call
on 10/06/10

STIGATION REPORT    *Internal Affairs*    PHILADELPHIA POLICE DEPARTMENT

| # DISTRICT OF OCCURRANCE | # DC NUMBER | REPORT TYPE | | # DISTRICT | # SECTOR |
|---|---|---|---|---|---|
| 3RD | 79466 | INITIAL (49) | Sheet 1 of 1 | 3RD | |

| PREVIOUS CLASSIFICATION | CODE | INVESTIGATING OFFICER | BADGE | PAYROLL | DIST / UNIT PREPARING | CODE | REPORT DATE |
|---|---|---|---|---|---|---|---|
| | | LT. APPLETON | 131 | 0 | Iad | 0 | 12/8/10 |

| CLASSIFICATION | # CODE | # PLACE OF OCCURRENCE | # J.A.D. INVESTIGATIONS | Juvenile Offenders |
|---|---|---|---|---|
| C.A.P. | 2704 | 1 CITIZENS BANK WAY | ☐ Male   ☐ Female | ☐ Adult Offenders |

| COMPLAINANT (USE FIRM NAME) | # AGE | # RACE | # SEX |
|---|---|---|---|
| JO ANN FONZONE | 52 | WHITE | FEMALE |

| COMPLAINANT ADDRESS | COMPLAINANT PHONE |
|---|---|
| 2242 TILGHAM ST ALLENTOWN, PA | 484-294-6481 |

| # TYPE OF PREMISES | DATE REPORTED | TIME REPORTED | REPORTED BY | ADDRESS |
|---|---|---|---|---|
| | 12/8/10 | 11:06 AM | | |

| # DATE OF OCCURRENCE | # DAY CODE | # TIME | # FOUNDED | # STATUS | | UNIT |
|---|---|---|---|---|---|---|
| 10/6/10 | 3 | 6:13 PM | ☒ Yes ☐ No | 1. ☒ Active  2. ☐ Inactive - not cleared | 3. ☐ Arrest - cleared  4. ☐ Exceptionally cleared | 0 |

| STOLEN PROPERTY | # PROPERTY VALUE | # RECOVERED VALUE | INSURED | # OCCURRENCE |
|---|---|---|---|---|
| B. Miscellaneous | $ 0 | $ 0 | ☐ Yes  ☐ No | ☐ Inside  ☒ Outside |

## COMPLAINT AGAINST POLICE

### DC# 10-03-079466

### IAB # 10-0724

| INVESTIGATOR | BADGE | PAYROLL | SERGEANT | BADGE | PAYROLL | LIEUTENANT | BADGE | PAYROLL |
|---|---|---|---|---|---|---|---|---|
| T. NEWSOME--MIDDLETON | 8194 | 0 | | 6 | 0 | | | |

#336P
0715-13
RS

P.P.# 8161



PHILADELPHIA POLICE DEPARTMENT
## COMPLAINT OR INCIDENT REPORT

CAP

LOCATION OR OCCURRENCE

COMPLAINANT
Confidential

Confidential

-6-

Budge
8579

Internal Affairs

## PHILADELPHIA POLICE DEPARTMENT
### COMPLAINT OR INCIDENT REPORT

| YEAR | DIST./OCC. | D.C. NO. | SECT. | DIST. | VEH. NO. | REPORT DATE |
|------|-----------|----------|-------|-------|----------|-------------|
| 10 | 03 | 7944 | 3 | 3 | IA3A | 12-9-10 |

| CRIME OR INCIDENT CLASSIFICATION | CODE | TIME OUT | TIME IN |
|---|---|---|---|
| CAP | 2704 | 830 P | A P |

| LOCATION OF OCCURRENCE | ☐ IN ☑ OUT | TYPE OF PREM. |
|---|---|---|
| Citizen's Bank View | | |

| DATE OF OCCUR. | DAY CODE | TIME OF OCCUR. | A P | NATURE OF INJURY |
|---|---|---|---|---|

| COMPLAINANT | AGE | RACE | SEX | PHONE (HOME) |
|---|---|---|---|---|
| Confidential | | | | |

| ADDRESS | PHONE (BUSINESS) |
|---|---|
| Confidential | |

| FOUNDED? | REPORT TO FOLLOW | | UNIT | CODE | INV. CONT NO. |
|---|---|---|---|---|---|
| ☑ Yes ☐ No | ☐ Yes  ☐ No  ☐ Close Out | | | | |

| WITNESS | TRACEABLE PROP. | UNIQUE DESCRIPTION OF OFFENDER | OTHER EVIDENCE |
|---|---|---|---|
| ☐ Yes ☐ No | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐ Yes ☐ No |

DESCRIPTION OF INCIDENT (Include Description of Crime Scene if Applicable)

| WITNESS | ADDRESS | PHONE NO. |
|---|---|---|

OFFENDER INFORMATION

| PROPERTY DESCRIPTION (Include Make, Model, Color and Serial No. Where Applicable) | PROP. CODE | INSURED | STOLEN VALUE |
|---|---|---|---|
| | | ☐ Yes ☐ No | $ |

| VEHICLE 1 — OWNER'S NAME | VEHICLE 2 — OWNER'S NAME |
|---|---|

| VEHICLE 1 — OPERATOR'S NAME | VEHICLE 2 — OPERATOR'S NAME |
|---|---|

| WANTED/STOLEN MESSAGE SENT | DIST./UNIT TERMINAL | RECEIPT NO. | SENT BY |
|---|---|---|---|
| General No. 440; Date 1790 | 3 | 547 | Middleton 8194 |

| REPORT PREPARED BY | | NO. | DIST./UNIT TOTAL PAGES | PAGE NO. |
|---|---|---|---|---|
| Middleton 8194 | | | | |

| REVIEWED BY | NO. | DIST./UNIT | REFERRAL DATE | CEN NO. |
|---|---|---|---|---|

PURSUANT TO ACT 138 OF 1992, THE BELOW PERSON ACKNOWLEDGES RECEIPT OF THE NOTIFICATION

CBN: 1012237

97190

FUNZONE, JO ANN

Grp

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| JOANN FONZONE (a/k/a Judy McGrath) | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.   12-cv-5726 |
| JOE OTERI, OFFICER KELECHEWISCKY, | ) | |
| OFFICER LESINETTE ORTIZ, OFFICER BEE, | ) | |
| OFFICER KOVAC, PHILLIES, and CITIZENS | ) | |
| BANK PARK | ) | |
| *Defendant* | | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
DON BAILEY, ESQUIRE
4311 N. 6TH STREET
HARRISBURG, PA 17110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____ October 9, 2012 _____          *Lauren Sampson*
                                            *Lauren Sampson*, Deputy Clerk

whether the contemnor is financially able to pay as ordered.

(1) Upon a determination that the defendant is financially able to pay as ordered, the issuing authority may impose imprisonment for nonpayment, as provided by law.

(2) Upon a determination that the contemnor is financially unable to pay as ordered, the issuing authority may order a schedule for installment payments.

(C) A contemnor may appeal an issuing authority's determination pursuant to this rule by filing a notice of appeal within 30 days of the issuing authority's order. The appeal shall proceed as provided in Rule 141.

*Comment:* This rule provides the procedures governing defaults in the payment of fines imposed as punishment for contempt in proceedings before district justices, Pittsburgh Magistrates Court judges, and Philadelphia Traffic Court judges. *See* 42 Pa.C.S. §§ 4137(c), 4138(c), or 4139(c). As used in this rule, "issuing authority" refers only to district justices, Pittsburgh Magistrates Court judges, and Philadelphia Traffic Court judges when acting within the scope of their contempt powers. *See* 42 Pa.C.S. §§ 4137, 4138, and 4139.

For contempt procedures generally, see Rule 140.

When a contemnor defaults on a payment of [...] paragraph (A) requires the issuing authority to no[...] contemnor of the default, and to provide the conten[...] an opportunity to either pay the amount due or appear [...] 10-day period to explain why the contemnor should [...] imprisoned for nonpayment. If the contemnor fails [...] appear, the issuing authority must issue a warrant for [...] of the contemnor.

If the hearing on the default cannot be held immedia[...] issuing authority may set bail as provided in Chapter 5[...]

This rule contemplates that when there has been a[...] pursuant to paragraph (C), the case would return to the [...] authority who presided at the default hearing for comp[...] the collection process.

*Note:* Rule 32 adopted October 1, 1997, effective Oc[...] 1998; renumbered Rule 142 and amended March [...] effective April 1, 2001; amended March 3, 2004, effec[...] 1, 2004.

**Historical Notes**

By Order of Jan. 6, 2005, eff. Jan. 29, 2005, the Pennsylvan[...] Court ordered "that all references in any court rule, court ord[...] form (including citation), automated statewide court case ma[...] system (i.e. PACMS, CPCMS and DJS) or any other legal[...] except as provided for in Act 207 [2004, Nov. 30, P.L. 1618[...] justice' shall be deemed a reference to 'magisterial distric[...]

# PART E.   MISCELLANEOUS WARRANTS

### Rule 150.   Bench Warrants

(A) In a court case when a bench warrant is executed, the case is to proceed in accordance with the following procedures.

(1) When a defendant or witness is arrested pursuant to a bench warrant, he or she shall be taken without unnecessary delay for a hearing on the bench warrant. The hearing shall be conducted by the judicial officer who issued the bench warrant, or, another judicial officer designated by the president judge or by the president judge's designee to conduct bench warrant hearings.

(2) In the discretion of the judicial officer, the bench warrant hearing may be conducted using two-way simultaneous audio-visual communication.

(3) When the individual is arrested in the county of issuance, if the bench warrant hearing cannot be conducted promptly after the arrest, the defendant or witness shall be lodged in the county jail pending the hearing. The authority in charge of the county jail promptly shall notify the court that the individual is being held pursuant to the bench warrant.

(4) When the individual is arrested outside the county of issuance, the authority in charge of the county jail promptly shall notify the proper authorities in the county of issuance that the individual is being held pursuant to the bench warrant.

(5) The bench warrant hearing shall be conducted without unnecessary delay after the individual is lodged in the jail of the county of issuance on that bench warrant.

(a) When the bench warrant is issued [...] supervising judge of a "multi-county" inv[...] grand jury, the individual shall be detained u[...] the supervising judge is available to co[...] bench warrant hearing.

(b) In all other cases, the individual sha[...] detained without a bench warrant hearing [...] bench warrant longer than 72 hours, or the [...] the next business day if the 72 hours expires [...] business day.

(6) At the conclusion of the bench warr[...] following the disposition of the matter, the [...] officer immediately shall vacate the bench [...]

(7) If a bench warrant hearing is not held [...] time limits in paragraph (A)(5)(b), the bench [...] shall expire by operation of law.

(B) As used in this rule, "judicial officer" [...] to the magisterial district judge or common p[...] judge who issued the bench warrant, or the [...] district judge or common pleas court judge [...] by the president judge or by the preside[...] designee to conduct bench warrant hearin[...] Philadelphia, trial commissioners.

*Comment:* This rule addresses only the proce[...] followed after a bench warrant is executed, and doe[...] to execution of bench warrants outside the Co[...] which are governed by the extradition procedures [...] § 9101 *et seq.,* or to warrants issued in con[...] probation or parole proceedings.

Paragraph (A)(2) permits the bench warrant [...] conducted using two-way simultaneous audio-visu[...] cation, which is a form of advanced communication[...]

618

Charles Mapp, Deputy Court Administrator                          6/11/17
Philadelphia City Hall, Rm. 336
Philadelphia, Pa 19107

Mr. Mapp,

It was a pleasure to meet you Thursday June 8, 2017. Pursuant to your suggestion, I went to speak
with Elaine but she was not in the office at the time. As I explained to you regarding a case of
October 6, 2010, I motioned for dismissal with prejudice and case was dismissed with prejudice
on a 1013 Motion ( 237 days exceeded the allowable 180 speedy trial rule) August 22, 2012. As
you know , with prejudice, means the action is not appealable.

Despite the non-appealable status of the unsubstantiated charges against me, (as I was the victim of
physical assaults and serious injuires), because the prosecutor intentionally failed to serve me
Notice of Appeal, neither I or anyone on my behalf was appearing in court from September through
December ,2012 as prosecutor Kotchian misrepresented facts to the court to have the case proceed.

Moreover, the Common Pleas Judge Patrick was unaware during that time that I had not been
served notice or more importantly, that the case could not be appealed. When I finally learned the
case was in Common Pleas court, I informed Judge Patrick that I had not been given notice or
opportunity though the ADA Kotchian was aware I was representing myself and did so June, July
and August 2012.   The Judge ignored the violations of my constitutional rights to due process
erroneously allowed the appeal and said" You're here aren't you?". The proceedings after August
22, 2012 were in violation of my due process rights, retaliatory, wrongful and void.

Though I filed a private Citizen complaint against the perpetrator who had injured me then falsely
implicated me by lying to the police, my scheduled hearing on January 17, 2013 was erroneously
disallowed by Judge Patrick because the prosecutor objected . A different prosecutor should have
been assigned to my private criminal complaint against Joe Oteri as the one in Judge Patrick's court
was prosecuting me at the time.This was a definite conflict of interest.

The next day, a trial occurred where I was acquitted , but at last minute, ada Kotchian whined to
the Judge . "ok summary disorderly conduct".Isn't their job to seek the truth and prosecute violent
criminals who seriously injure women?

Ten days later, I filed Motion to vacate based on insufficent evidence. Then my co-counsel Ms.
Snyder appeared in court with a vacate motion which Judge Eubanks signed. The case was again
dismissed. For some odd reason, the original Order was not in the court file when I looked at the
file. Subsequently, a Notice of Appeal was filed February 11, 2013. According to the Rules, there
is a 120 day requirement when a case is appealed from Municipal to common Pleas and the
prosecutor must bring it to trial or the case is dismissed.

Despite the Rules, the case went on and on. I filed and tried to argue Rule 600 Motions to dismiss,
but the Judge wouldn't allow me to do argue them. This was because appointed lawyer Patton
wrote a derrogatory letter to the Judge about me to prejudice him against me before I ever even
spoke to or met him. Again. my constitutional speedy trial rights were violated , but the case
dragged on until March 2014.
Based on the factual account of this travesty of justice, I am the victim of injuries and injustice and
believe have more than paid my dues for breaking no law while attending a phillies playoff game.
I'd appreciate if you could forward this information to have the disposition errors corrected.

                              Thank you, Jo Ann Fonzone, Esquire
                                        -9-

Dominic Rossi
Court Compliance                                              5/11/17
Philadelphia City Hall, Rm. 370
Philadelphia, Pa 19107

Mr. Rossi,

I have been trying to reach you to discuss the legal circumstances surrounding the matter at issue.
Then I was told to write to you by your assistant Mr. Jordan.
Last week I sent via fax a number of documents evidencing the fact that I motioned for dismissal
with prejudice and case was dismissed with prejudice on a 1013 Motion ( 237 days exceeded the
allowable 180 speedy trial rule) August 22, 2012. As you know , with prejudice, means the action
is not appealable.

Despite the non-appealable status of the unsubstaniated charges against me, as I was the victim of
physical assaults and serious injuires, because the prosecutor intentionally failed to serve me
Notice of Appeal, neither I or anyone on my behalf was appearing in court from September through
December , 2012 as Kotchian misrepresented facts to the court to have the case proceed.

Moreover, the Common Pleas Judge Patrick was unaware during that time that I had not been
served notice or more importantly, that the case could not be appealed. When I finally learned the
case was in Common Pleas court, I informed Judge Patrick that I had not been given notice or
opportunity though the ADA Kotchian was aware I was representing myself and did so June, July
and August 2012.    The Judge ignored the violations of my constitutional rights to due process
,erroneously allowed the appeal and said" You're here aren't you?". The proceedings after August
22, 2012 were in violation of my due process rights, retaliatory, wrongful and void.

Though I filed a private Citizen complaint against the perpetrator who had injured me then falsely
implicated me by lying to the police,   my scheduled hearing on January 17, 2013 was erroneously
disallowed by Judge Patrick because the prosecutor objected . A different prosecutor should have
been assigned to my private criminal complaint against Joe Oteri as the one in Judge Patrick's court
was prosecuting me at the time.

The next day, a trial occurred where I was acquitted , but at last minute, ada Kotchian whined to
the Judge , "ok summary disorderly conduct".Isn't their job to seek the truth and prosecute violent
criminals who injure women?

Ten days later, I filed Motion to vacate based on insuffcent evidence. Then my co-counsel Ms.
Snyder appeared in court with a vacate motion which Judge Eubanks signed. The case was again
dismissed. For some odd reason, the original Order was not in the court file when I looked at the
file. Subsequently, a Notice of Appeal was filed February 11, 2013. According to the Rules, there
is a 120 day requirement when a case is appealed from Municipal to common Pleas and the
prosecutor must bring it to trial or the case is dismissed.

Despite the Rules, the case went on and on. I tried to argue Rule 600 Motions to dismiss, but the
Judge wouldnt allow me to do so. This was because appointed lawyer Patton wrote a derogatroy
letter to the Judge about me to prejudice him against me before I ever even spoke to or met him.
Again, my consitutional speedy trial rights were violated , but the case dragged on until March
2014.

Based on the factual account of this travesty of justice, I am the victim of injuries and injustice and .
believe have more than paid my dues for breaking no law while attending a phillies playoff game. Sincerely,

Christine Esq +w

# THE $39.10 COURT FILING FEE IS
# REQUIRED TODAY

### ACCEPTABLE FORMS OF PAYMENT: CASH, MONEY ORDER
(You may use major credit cards, and debit cards from 9am until 3:30pm)

Name of the person who you wish to file against: Joe Oteri

Home or work Address for this person during the day: Citizens Bank Park (one person per sheet)

City: Philadelphia     State: PA     Zip:

This person's Race is: Black   (White)   Asian   Hispanic   Other
(please circle one)

AGE: 47     SEX: (Male)or Female   HEIGHT: average   WEIGHT: medium

Hair color: brown     Eye Color: ?

Were you threatened or assaulted? Yes

Do you want someone evicted? No, FIRED From security company

Briefly write the exact threat or explain the assault:
I was watching the Phillies playoff game, standing and sitting and waving my rally towel like the other 46,000 fans. A man in blue shirt suddenly start grab and pull at my right arm, I moved to my left to get away from him. Later, he and another (very large man) started getting rough grabbing, then pushing me into the seat in front of me and my head hit. A guy in front of me yelled to them "Let her alone! she's not doing anything!" then they dragged me from the section and pushed me from behind to where I was told to "stay there!" About 15 minutes later I was sitting when Otey grabbed me, grabbed...

Were the police notified? Yes or No
I called 911.

If yes, write the district or District Control Number (DC#) 1st District

Were either you or the person you are filing against Arrested during this incident?
(Yes) or No, if yes who: I was because Otey provided false information to falsely implicate me → Sec. 5105 (a)(5); 5504 (d) 530, 4906
18 Pa.C.S.A.

Date(s) of incident(s)     Time(s) of incident(s)     Location(s) of incident(s)
October 6, 2010     5:47 pm.     Citizens Bank Park

TRINITY PRINTING,INC 215-242-4025

7/5783

# PRIVATE CRIMINAL COMPLAINT

## COMMONWEALTH OF PENNSYLVANIA

CR -



THE PHILADELPHIA MUNICIPAL COURT
Criminal Justice Center
1301 Filbert Street
Philadelphia, PA 19107

COMMONWEALTH OF PENNSYLVANIA
vs.

| DISTRICT ATTORNEY'S OFFICE |
| --- |
| ☐ Approved    ☐ No Opinion |
| Disapproved because: |
| Retaliation |
| Lacker prove for 1 m... |
| Prove for id direct... |
| ...id Accory... |

JOE OTERI
CITIZENS BANK PARK
1 CITIZENS BANK WAY
Philadelphia          PA   19148

| DATE 7/4/12 | ASSISTANT DISTRICT ATTORNEY |
| --- | --- |
| DATE 7/3/2012 | INTERVIEWER Comia-Wolfe |

Bureau  S                  *This defendant* ☐ *has* ☒ *has not* been finge...

### DEFENDANT DESCRIPTION

| RACE | SEX | HEIGHT | WEIGHT | COLOR OF HAIR | COLOR OF EYES | DAY OF BIRTH (Mo., Day, Yr.) |
| --- | --- | --- | --- | --- | --- | --- |
| WH | Female | 5'0 | 175 | BRN | UNK | 47 |
| OTHER | | | | | | 11/4/50 |

I, the undersigned do hereby state under oath or affirmation my name is ___MS. JO ANN FONZONE___
My address is ___2242 TILGHMAN ST. ALLENTOWN, PA. 1810___
The accused has violated the Crimes Code or other laws of the Commonwealth of Pennsylvania in Philadelphia County
about ___10/2/2010 4:47:00 PM, 1 CITIZENS BANK WAY PHILA PA___
The said acts were:

Comp was attending a Phillies game and acc was a stadium employee for Citizens Bank Park.  On the above date, time, and location comp was standing and cheering with her rally towel when acc (white male dressed in a blue shirt) grabbed comp's right arm. Acc began pulling on comp's right arm, comp moved away and acc continued pulling comp's arm. Comp believes a police officer (white male dressed in a white shirt) approached comp and acc.  Comp states acc and the officer pushed comp causing comp to hit her head on the back of the seat in front of her.  Comp then fell to the ground.  When comp grabbed her purse, acc and the officer pulled comp off the ground by comp's arms and began pushing comp up the steps.  Acc and the officer escorted comp onto the concession stand concourse. Police notified DC# 10-03-042100.  Medical treatment sought.  Comp does not know what this incident stems from. CHARGES: 903 CRIMINAL CONSPIRACY (M2), 2701 SIMPLE ASSAULT (M2), 2709 HARASSMENT (S).
all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to law.  I ask that a
summons or a warrant of arrest be issued and that the accused be required to answer the charges.

___MS. JO ANN FONZONE___

| COMMONWEALTH OF PENNSYLVANIA: | | I, ___ |
| --- | --- | --- |
| COUNTY OF PHILADELPHIA: ss | | verify that the facts set forth in this complaint are true and correc... |
| | | best of my knowledge, information and belief. This is made subje... |
| And now, this date _____ 20___, I certi- | | penalties of Section 4904 of the Crimes Code (18 Pa. C.S. §4904): |
| fy the complaint has been properly deposed and executed and that there is | | to unsworn falsification to authorities. |
| probable cause for the issuance of process. | | |
| Judge | | Date 7/3/12      Signature |

| SUMMONS | CITATION |
| --- | --- |
| YOU ARE COMMANDED TO APPEAR BEFORE THE PHILADELPHIA MUNICIPAL COURT FOR ARRAIGNMENT | USTED ESTA ORDENADO PARA APARECER ANTE LA COR... MUNICIPAL DE FILADELFIA PARA LECTURA DE ACUSA... |
| DATE (Fecha)          TIME (Tiempo) | LOCATION (Sitio) Criminal Justice Center 1301 Filbert Street - Room 408 Philadelphia, PA |

If you fail to appear at the time and place mentioned, a Warrant will be issued for your arrest. You have the right to be represented by an attorney.

Si usted falta de aparecer al lugar y tiempo mencionado una ca... sera entragado para su aresto.   Usted tiene el derecho ... representado por un abogado.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of this Court this

RECEIVED

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY DEC 17 2012

ACTIVE CRIMINAL RECORDS
CRIMINAL MOTION COURT

COMMONWEALTH OF PENNSYLVANIA

VS

JOSEPH OTERI

M C – 51–CR
0043169–
2010

CP–51–~~2013~~
MD –61–2013

PRIVATE CITIZEN  APPEAL OF MUNICIPAL COURT DECISION ON CITIZEN COMPLAINT

Jo Ann Fonzone aka Judy Mc Grath , a private citizen  hereby appeals ,( pursuant to  Criminal Procedure Rule 840  c  ) of the to this Honorable Court of  Common Pleas  of the decision of the Municipal Court  in denying the  issuance of her private criminal  complaint against  Joseph  Oteri  of the incident  on October 6, 2010 . In July 2012, when  private citizen learned  the name of the security guard , Oteri ,. that falsely implicated her in the criminal system,  after  he caused her serious injuries  to her head  and right arm, hand and shoulder, she filed a private criminal complaint with the District Attorney private citizen complaint office . After they refused to take any action, question or investigate or even serve the complaint on Oteri, Petitioner  inquired  as to the appeal process, and was told by Micvhele Wolfe  that her complaitn would be forwarded to the municipal Court  for review. The  complaint  was to include alleged  violations of Pa. C.S.A. Sec. 5301   ,." A person acting or purporting to act in an official capacity commits a misdemeanor of the 2nd degree if he,  1) subjects another to arrest , search, seizure, mistreatment or other infringement of personal or property rights; or

2)  denies or impedes another in the exercise or enjoyment of any right , privilege...and 5105 , 5504

(d) " A person who knowingly gives false  information to any law enforcement officer with the

–13–

intent to implicate another under this section commits an offense under Section 4906. The private criminal complaint also contained allegations of assault, Sec.2701( though because of the serious injuries , it should have been aggravated assault) , battery, harrassment Sec.2709 and criminal conspiracy, Sec. 903 unlawful restraint, reckless endangerment .

The assistant 's disapproval was the usual prosecutorial discretion and judicial economy as though the serious physical and emotional injuries of the crime victim, and the continuous legal harrassment ,abuse , and financial burden that she suffers from is unimportant to the law enforcement agency . It is unknown to the private complaint affiant whether the assistant da gave the municipal court all of the supporting documents and evidence that she submitted for its review .

Supporting documents that were given for review included affidavits, photos of severe injuries, a 911 cd ,( when Jo Ann Fonzone called for help because she was being physically assaulted by a police officer , after being falsely implicated by Oteri,) and other documents Ms. Fonzone was at a Phillies playoff game and was doing nothing wrong or illegal , she was standing and cheering with her rally towel , like the other 47,000 fans when she was grabbed by her right arm then pushed into the stadium seat by the security guard. She did not know he was a security guard when he proceeded to grab her arm and touch her without her consent, push her and pull at her arm, then later push her head into the seat in front of her which caused her to fall to the cement ground causing her serious injuries to her head and body.

WHEREFORE, Petitioner respectfully requests that this Honorable Court grant this Motion to reverse the Municipal court decision denying her private citizen complaint in accordance with Criminal *court rule 840 and issue a summons for Joe Oteri to appear before the Municipal Court for* Arraignment.

Respectfully submitted,
Jo Ann Fonzone, Esquire

John Jo, ESQUIRE

-14-

**John F. Kennedy Behavioral Health Center**
**112 N. Broad Street**
**Philadelphia, PA 19102**

**Psychiatric Evaluation**

Patient:  ___JoAnn Fonzone___            Client Chart #:  ___3180___

Address: _2242 Tilghman Street___        Date of Birth:  ___7/19/58___

_____Allentown, PA  18104_____        Date of Evaluation:  ___10/19/11___

Phone:  ___484-294-6481_____         Social Security #:_____

Referral Source:____Self_____
*********************************************************************
**Purpose of Evaluation:**

Psychiatric evaluation

**Chief complaint/Presenting symptoms:**

Client is a 53 year old separated Caucasian female. She states she is Court ordered for a psychiatric evaluation. Client states that on October 6, 2010 she was at a Phillies game by herself. In the second inning someone in a blue shirt started pulling on her. She was dragged over the concession area. She was then "dragged" to the police room at the stadium. Five years prior, she was the victim of an assault in which she sustained multiple rib fractures. She states she was thrown into a wall by one of the officers. She states she called 911 and told them she was being assaulted. Then an officer came in and started beating her with his stick and demanding her phone. She was later taken to another station and finger printed. She was charged with disorderly conduct because she was standing.

An officer saw her bruises and sent her to the emergency room. She states she sustained a contusion and developed cardiac problems, i.e. atrial fibrillation.

**History of Presenting Symptoms:**

She states she has flashbacks every three weeks. She sleeps approximately seven hours. She was not gone to a Phillies games since. She is less social. She is more hypervigilant. She is uncomfortable and worries about her safety if she goes out alone. Mood is "ok". Appetite is okay, weight is up a little. No auditory or visual hallucinations. No history of panic disorder. No anorexia or bulimia. No obsessive compulsive behaviors. No hypomanic or manic behaviors. No suicidal or homicidal ideation. No history of self injurious behavior.

On September 23, 2011 the police broke into her mother's house because she missed a court date. As a result she no longer feels safe there.

Name: <u>JoAnn Fonzone</u>

**Past psychiatric history (including substance abuse history, if any)**

Abused Women's Group
No inpatient or outpatient psychiatric treatment.
No drug or alcohol abuse.

**Medical history (including medication and allergies):**

| | |
|---|---|
| Atrial Fibrillation | Toprol 75mg po BID |
| Three motor vehicle accidents | ASA 81mg (2) po daily |
| Optic Stroke with loss of vision in right eye | |
| S/P concussion | |
| Allergy -- PCN -- GI upset | |
| Codine -- GI upset | |

**Social History (including cultural background, education, occupation, legal history, etc.):**

Lawyer
Some sporadic work
History of domestic abuse, no sexual abuse
No children
Married 1983, legally separated since 1993, husband was abusive, physically and financially
**Family medical and psychiatric history:**

Mother -- HTN
Father -- deceased 1987, MI, DM
Brother -- HTN
Two sisters -- alive and well

**History of past traumatic experiences:**

Assaulted 1993 in New York
Assaulted 2005 by a restaurant owner

**Past psychiatric medication (including allergies or adverse reaction to medication):**

Denied

**Present medication:**

Denied

-16-

Name: <u>JoAnn Fonzone</u>

**Mental Status:**

Client is a 53 year old separated Caucasian female who is well nourished and well developed. She has no psychomotor abnormalities. She is alert and oriented to person, place and time. Mood is "okay", affect is appropriate. Thought processes are goal directed. She has no thought insertion or withdrawal. No auditory or visual hallucinations. No suicidal or homicidal ideation. Judgement and insight are good.

**Clinical formulation (please include client strengths, barriers to recovery, progress made towards recovery, present goals and aspirations for treatment):**

Client is an articulate and insightful woman. She is just here to have the evaluation done as per courts request.

She is a long standing victim of multiple abuses. She would benefit from therapy but feels that she can not financially afford it at this time.

**Diagnosis:**

Axis  I(Code): ___309.81___  Diagnosis: _Post Traumatic Stress Disorder Chronic___

     (Code): _____  Diagnosis:_____

Axis  II: (Code): _____  Diagnosis:_____

Axis  III: _Atrial Fibrillation, S/P concussion, S/P 3MVA's_____

Axis  IV: _Finances, legal, health_____

Axis  V(GAF): _68_

**Medication prescribed:**

None at this time.

**Treatment goals and type of treatment recommended:**

1. Would recommend individual therapy to address anxiety associated with abuse and trauma.

2. Would consider and antidepressant trial as well. Antidepressants have been shown to be beneficial in decreasing post traumatic stress symptoms

  _Buster Smith, MD_____

**Psychiatrist Name (Print)**

                                             **Psychiatrists Signature**

  _10/19/11_____

**Date**

-17-

General made the
e House Judiciary
hat seemed to be
pted the AG. For
to appear before
dn't let him speak.
, "reclaiming my
't let him answer.
ted me but you're

s. At one point in
Bill Barr asked for
The US Attorney
ocrat Chair of the
of us fired back at
break.

llustration of the
ump, his admin-
that they will try
ral of the United

't the AG's testi-
eo clip we played
re the hearing, I
r footage of the
ies last summer.
owing the riot-
scenes of police
d footage of the

one hundred plus day siege of the federal courthouse in Portland. It showed Antifa members smashing windows, burning cars, and burning the American flag.

It's always difficult in a hearing to coordinate the use of video with testimonies and questions. It's especially tough when Republicans are in the minority in the House. The majority Democrats control the computers and TVs in the room. They always "seem to have trouble" when it's a Republican video. We decided to take the risk.

We figured the safest time to play it was right after my opening statement. The Democrats could probably avoid "trouble," but we brought our own TV just in case the TV screens in the room the Democrats controlled didn't work. The day before the hearing, I asked our top communications staffer to put together a montage of Democrats and journalists saying "peaceful protest." Putting the montage on the front end of the video added about ninety seconds to the clip.

Right after the opening statements, we played it. We felt it was important for the country to see. The mainstream press had not covered the violence of that summer. It began with an MSNBC reporter Ali Velshi standing in front of a large building engulfed in flames. As the building burns in the background, the reporter says, "I want to be clear on how I characterize this. This is mostly a protest. It is not, generally speaking, unruly."

I am not kidding. The building is on fire, but it's "not, generally speaking, unruly." Really? I guess it was a fire that just happened. No one started it. It started itself. It was spontaneous. A spontaneous, peaceful fire!

239  -18-



# DO WHAT YOU SAID YOU WOULD DO

### FIGHTING FOR FREEDOM IN THE SWAMP

## CONGRESSMAN JIM JORDAN

CERTIFICATE OF SERVICE

I, Jo Ann Fonzone, Esquire aka Judy Mc Grath hereby certify that I have on this day caused to be

served by U.S. Mail Plaintiff's Reply to defendants motion to dismiss her civil rights/injury action

upon the followng as listed below:

Kathryn Faris
City of Philadelphia
1515 Arch St., 14th floor
Philadelphia, Pa 19102

Michael Eidel
Fox Rothschild
2700   kelly road
Warrington, Pa 18976

James Binns
1125 Walnut St.
Phila., Pa 19107

The Philies Organization management
One Citizen  bank park Way
Phila., Pa 19148

Phila. District Attorneys ' office
3 Penn Square
Phila. Pa 19107

Defender assocs.
1441 Sansum St.
Phila., pa 19107

April 18, 2022

Jo Ann Fonzone, Esquire  aka Judy Mc Grath