IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE FONZONE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 12-5726 |
| | : | |
| JOE OTERI, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Plaintiff Joanne Fonzone ("Fonzone") commenced this lawsuit approximately one decade ago in October of 2012. The events at issue in this litigation, in turn, took place some 12 years ago. Since its inception, the course of this lawsuit has been marked by ongoing delay. For the reasons that follow, this case will be dismissed with prejudice based upon Fonzone's failure to prosecute this action.

**I.     PROCEDURAL HISTORY**

On October 9, 2012, Fonzone, then represented by counsel, filed a Complaint against Defendants Joe Oteri, Officers James Kisielewski, Lisenette Ortiz, Christopher Bee, Mark Kovacs, the Philadelphia Phillies, Citizens Bank Park, and the City of Philadelphia alleging claims of false arrest, excessive force, unlawful seizure, a violation of First Amendment rights, Monell[1] liability, and premises liability relating to events that transpired more than a decade ago at an October 6, 2010 Philadelphia Phillies playoff game at Citizens Bank Park. Doc. No. 1.[2]

---

[1]   Monell v. Department of Social Services, 436 U.S. 658 (1978).

[2]   The Honorable Legrome D. Davis originally presided over the case. On October 5, 2017, the case was reassigned to the Honorable Jeffrey L. Schmehl. Doc. No. 112. On September 12,

(Footnote continued on next page)

On January 8, 2013, Fonzone's counsel petitioned the Court to withdraw, based on medical issues as well as "certain material issues . . . as to which plaintiff and [counsel] respectfully disagree[]." Doc. No. 14.  Judge Davis denied counsel's request to withdraw, indicating that counsel may renew the request once another attorney entered an appearance on behalf of Fonzone.  Doc. No. 15.  In order to afford Fonzone adequate time to acquire alternate legal counsel, the case was placed in suspense on January 9, 2013.  Id.  Fonzone filed an Amended Complaint on January 11, 2013, acting pro se.  Doc. No. 17.  Approximately a year and one-half later, on August 15, 2014, Judge Davis issued a Rule to Show Cause why the matter should not be dismissed.  Doc. No. 21.  After receiving no response, the case was dismissed without prejudice on September 24, 2014, pursuant to Local Rule of Civil Procedure 41.1(a).  Doc. No. 22.  On September 26, 2014, Fonzone filed a petition to reopen the civil action, which the Court granted.  Doc. Nos. 23, 24.  The Court subsequently granted Fonzone's previous counsel's request to withdraw and denied her request for the Court to appoint counsel.  Doc. No. 32.  Defendants the Philadelphia Phillies and Joe Oteri moved to dismiss, which Judge Davis granted without prejudice by order dated June 3, 2015.  Doc. No. 42.  Defendants the City of Philadelphia and Officer Lisenette Ortiz also moved to dismiss, and Judge Davis granted in part and denied in part their motion.  Id.  Judge Davis granted Fonzone leave to amend, and Fonzone filed an Amended Complaint on July 7, 2015, the operative Complaint in this case.  Doc. Nos. 46, 51, 108.  The Court subsequently denied Fonzone's request to file supplemental claims and

---

2019, upon consent of the parties and by order of Judge Schmehl, the case was referred to the undersigned to conduct all further proceedings, including trial, the entry of final judgment, and all post-trial proceedings.  Doc. No. 149.

dismissed Defendants Joe Oteri and the Philadelphia Phillies with prejudice. Doc. No. 51.[3]

The Court ordered discovery to be completed on or before February 12, 2016, Doc. No. 61, and subsequently extended the discovery deadline to March 28, 2016, Doc. No. 66. On March 17, 2016, Fonzone filed a Motion to Stay the Proceedings for six months, which the Court denied. Doc. Nos. 67, 72. However, the Court extended the discovery deadline to August 22, 2016. Doc. No. 74. On October 25, 2016, the Court denied Fonzone's subsequent motions to extend the discovery deadline. Doc. Nos. 95, 98. On January 30, 2017, the Court issued a Second Amended Scheduling Order directing that discovery was to be completed by March 3, 2017. Doc. No. 103. On March 1, 2017, Fonzone sought another extension of the discovery deadline. Doc. No. 104. On March 17, 2017, Defendants filed a Motion to Dismiss for Lack of Prosecution and a Motion for Partial Summary Judgment. Doc. No. 105. On April 4, 2017, the Court denied Fonzone's request for an extension of the discovery deadline. Doc. No. 106.

On September 5, 2017, the Court granted Defendants' Motion for Partial Summary Judgment with respect to the Monell claim, but denied it as to the remaining claims. Doc. No. 108. The Court also denied Defendants' Motion to Dismiss for Failure to Prosecute without prejudice, noting that, "[a]t this point, the Poulis factors do not warrant dismissal." Id. However, the Court stated that Fonzone's "failure to comply with discovery orders of this Court has prejudiced Defendants, whose efforts to mount a meaningful defense has been thwarted by [Fonzone's] inaction." Id. at 15. Moreover, the Court stated that Fonzone "has begun to establish a history of dilatoriness," but noted that Defendants had not proactively brought any issue of noncompliance to the Court's attention. Id. The Court also denied Fonzone's request

---

[3]  In this order, Judge Davis also instructed Fonzone "that she must abide by the Court's deadlines, although she represents herself pro se" and once again denied her request for the appointment of counsel. Doc. No. 51.

for appointment of counsel and a stay of this action. Id. at 18-19.

The case was subsequently reassigned to Judge Schmehl, who held a case management conference on January 24, 2019, during which Fonzone requested a continuance because she had obtained counsel. Doc. Nos. 112, 130. A final pretrial conference was held on June 19, 2019, at which Fonzone, still proceeding pro se, indicated that she would not be prepared to proceed to trial in July 2019 as scheduled. Doc. Nos. 139, 145.

On September 12, 2019, upon the consent of the parties, the case was referred by Judge Schmehl to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Doc. No. 149. A telephone conference was scheduled for September 18, 2019, at which Fonzone failed to appear. Doc. No. 153. A status conference was subsequently held by telephone on September 30, 2019, after which the Court directed the case to be placed in civil suspense to permit Fonzone time to obtain legal counsel. Doc. No. 157. On February 4, 2020, although Fonzone failed to appear at a court-ordered telephone conference, the Court granted Fonzone additional time to obtain an attorney and ordered that, on or before April 6, 2020, Fonzone was to indicate whether she would proceed with representation or pro se and that failure to do so would result in dismissal for lack of prosecution. Doc. No. 160. On May 15, 2020, Fonzone indicated by letter that she would be proceeding pro se. Doc. No. 162. On June 5, 2020, a scheduling order was entered removing the case from civil suspense and directing that fact and expert discovery be completed by October 5, 2020, a final pretrial conference be held on April 21, 2021, and the trial to begin on April 27, 2021. Doc. Nos. 164, 165. On April 27, 2021, the Court issued an amended scheduling order which listed the matter for a pretrial conference on September 29, 2021, and trial on October 12, 2021. Doc. No. 174.

On September 29, 2021, a pretrial conference was held wherein Fonzone informed the Court that she was scheduled to have a surgical procedure on October 13, 2021, and accordingly, would not be able to proceed with a jury trial on October 12, 2021. Doc. No. 187. This Court ordered Fonzone to provide medical documentation regarding the procedure. Id.; Doc. No. 191. On October 13, 2021, this Court subsequently issued an order relisting the jury trial to begin on April 19, 2022. Doc. No. 194. In that order, Fonzone was advised, in bold letters, that "no further continuances will be granted" and that, "[i]f Plaintiff is not ready to proceed with trial on April 19, 2022, the case will be dismissed with prejudice." Id.

On November 4, 2021, Fonzone filed a Motion to Reopen Discovery, which this Court denied on November 5, 2021. Doc. Nos. 195, 196. On March 1, 2022, Fonzone also filed a Motion to Enforce a Subpoena that had been served on the Phillies Organization, which this Court likewise denied. Doc. Nos. 200, 201.

On March 10, 2022, a final pretrial conference was held by telephone with the parties. At that time, Fonzone indicated that she was unable to proceed to trial on the scheduled date of April 19, 2022. Instead, Fonzone requested that previously dismissed Defendant Joe Oteri be reinstated in the case, a request that she has repeatedly made throughout the litigation. See, e.g., Doc. Nos. 51, 55, 74, 76, 147, 167, 181. Moreover, she reiterated her need for additional discovery. Finally, during the telephone conference, Fonzone also requested that the undersigned recuse herself from the case. Following this telephone conference, the Court issued a Rule to Show Cause why the case should not be dismissed for lack of prosecution and provided Fonzone seven days in which to respond. Doc. No. 202. Id. Fonzone submitted a response on March 21, 2022, in which she reiterated her allegations of ongoing injury resulting from the events at the Philadelphia Phillies playoff game. Doc. No. 204. However, her response did not

address or provide any reasonable explanation for why her case should not be dismissed for lack of prosecution based on her unreadiness to proceed with trial on April 19, 2022. Id. Defendants the City of Philadelphia, James Kisielewski, Lisenette Ortiz, and Mark Kovacs submitted a response on March 23, 2022, requesting that the case be dismissed with prejudice for failure to prosecute. Doc. No. 205. Defendant Christopher Bee likewise submitted a response on March 25, 2022, requesting that the Court dismiss Fonzone's claims with prejudice. Doc. Nos. 207, 209. On April 18, 2022, Fonzone filed a Reply, in which she argued that her case should not be dismissed, once again relying on her continued "treatment for the many injuries and permanent irreparable medical damages she suffered on October 6, 2010" and the Defendants' purported failure to provide discovery as reasons justifying her inability to proceed with the April 19, 2022 trial date. Doc. No. 211.

## II.   RECUSAL

During the telephonic pretrial conference held on March 10, 2022, Fonzone requested that the undersigned recuse herself from the matter. Fonzone, purportedly relying on this Court's orders denying further discovery and failing to reinstate Defendants Joe Oteri and the Philadelphia Phillies, claimed that the undersigned exhibited bias and unfairness in presiding over this litigation. Fonzone, however, did not renew her demand for recusal in her Response to the Rule to Show Cause.

There are no grounds for recusal.[4] Fonzone's oral motion for recusal, made mere weeks before the April 19, 2022 scheduled trial date, appears to be an attempt to delay the ultimate

---

[4] "Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

disposition of this case and yet another tactic to postpone the scheduled trial. Her allegations of bias or prejudice are completely unfounded. To the extent they are based on this Court's denial of her requests for discovery, including her most recent Motion to Compel, see Doc. No. 200, this case's already protracted and extended discovery period has long been closed. See Doc. No. 201.

To the extent they are based on the Court's denial of Fonzone's request to reinstate Joe Oteri and the Philadelphia Phillies as defendants, those entities have long since been dismissed from this case. As discussed supra, Fonzone's belabored attempts to insert them back into this litigation since their dismissal with prejudice approximately seven years ago have repeatedly been denied by Judge Davis, Judge Schmehl, and the undersigned. See Doc. No. 51 (July 22, 2015 Order dismissing Defendants Joe Oteri and the Philadelphia Phillies with prejudice); Doc. No. 55 (August 19, 2015 Order denying Plaintiff's Request for Reconsideration of Order Dismissing Defendants Joe Oteri and the Philadelphia Phillies); Doc. No. 74 (May 24, 2016 Order denying Plaintiff's Request for Reconsideration of Order Dismissing Defendants Joe Oteri and the Philadelphia Phillies); Doc. No. 76 (June 27, 2016 Order denying Plaintiff's Motion for Reinsertion of Defendant Joe Oteri); Doc. No. 147 (July 12, 2019 Order informing Fonzone that Defendants Joe Oteri and the Philadelphia Phillies have been dismissed from the case with prejudice); Doc. No. 167 (September 8, 2020 Order denying Plaintiff's Motion to Reinstate All Defendants in this Case); Doc. No. 181 (August 23, 2021 Order denying Plaintiff's Motion for Argument About Defendants in Operative Complaint).

Here, recusal would unjustifiably delay the proceedings, necessitating another continuance if granted, for a case that has already been pending for a decade. See Smith v. Danyo, 585 F.2d 83, 86 (3d Cir. 1978) (stating that the judicial process cannot "tolerate the

7

practice of waiting until the eve of trial and then resorting" to seeking recusal in order to obtain a continuance). Thus, the undersigned will not resort to reassigning this case to yet another judge, thereby unjustifiably delaying its ultimate disposition.

### III.     DISMISSAL FOR FAILURE TO PROSECUTE

Throughout the course of this decade's long litigation, the Court has taken all reasonable steps to ensure that Fonzone would be permitted time to prepare for trial and to appear before the Court for pretrial conferences and trial dates. However, dismissal of this action for failure to prosecute is now appropriate. Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute. Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). A district court's authority to dismiss a proceeding where a party fails to prosecute its claims derives from a court's inherent authority to control its own proceedings. Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988). In the Third Circuit, a district court may exercise its inherent authority and dismiss a case for failure to prosecute where the following factors weigh in favor of dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). While dismissal for failure to prosecute must be a sanction of last resort, "where a plaintiff's actions amount to the willful refusal to prosecute or blatant failure to comply with a district court order, dismissal for failure to prosecute is appropriate." Roberts v. Ferman, 826 F.3d 117, 123 (3d Cir. 2016).

"None of the Poulis factors is alone dispositive, and . . . not all of the factors need to be satisfied to justify dismissal" for lack of prosecution. Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019).

In this case, an assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, as a pro se litigant, Fonzone bears personal responsibility for her failure to litigate this case. Emerson, 296 F.3d at 190. Fonzone has had approximately 10 years to litigate this case by conducting discovery and preparing for trial. Instead, she appears unwilling to move this case forward to trial absent the inclusion of defendants who were dismissed with prejudice more than six and one-half years ago, or the continuation of discovery, which has long-since concluded. Accordingly, the first Poulis factor heavily weighs in favor of dismissal.

Second, the prejudice to the adversary caused by Fonzone's failure to litigate this action to trial also calls for dismissal. Here, Fonzone's insistence that she is still entitled to discovery and the reinstatement of certain defendants long ago dismissed in this action wholly frustrates and delays the resolution of this case. Indeed, the remaining Defendants have been involved in this case for the past 10 years with little movement toward resolution. The Defendants have unquestionably been prejudiced by this lengthy passage of time.

The third factor, a history of dilatoriness, undoubtedly supports the dismissal of this action. This case has been pending for 10 years. See Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994) ("Four and one-half years is a significant and inexcusable delay, and could constitute grounds for dismissal under Rule 41(b)[.]"). Fonzone has made numerous requests to extend or reopen discovery despite five discrete discovery deadlines in this case, namely February 12, 2016 (Doc. No. 61); March 28, 2016 (Doc. No. 66); August 22, 2016 (Doc. No. 74); March 3, 2017 (Doc. No. 103); and finally

October 5, 2020 (Doc. No. 165). See, e.g., Doc. Nos. 61, 66, 74, 95, 98, 103, 108, 123, 195, 198. Fonzone's reasons for such requests have varied, at times asserting that she was searching for an attorney to represent her, see, e.g., Doc. No. 81, and at times claiming that medical issues impeded her ability to litigate the case, see, e.g., Doc. Nos. 94, 111, 123. On April 27, 2021, this Court scheduled the jury trial to begin on October 12, 2021, with the final pretrial conference to take place on September 29, 2021. Doc. No. 174. During the pretrial conference, Fonzone for the first time informed the Court that she was unable to proceed with the trial as scheduled due to a surgical procedure that was scheduled to take place on October 13, 2021.[5] Doc. No. 187. The Court relisted the trial to April 19, 2022, informing Fonzone in bold letters that no further continuances would be granted and that if she was not ready to proceed with trial on April 19, 2022, the case would be dismissed with prejudice. Doc. No. 194. Despite this warning, during the pretrial conference, Fonzone continued to seek to relitigate settled issues in this case regarding the reinstatement of dismissed defendants and requests for additional discovery. This pattern of dilatory tactics preventing the case from proceeding to trial weighs heavily in favor of dismissal.

Fourth, whether the conduct of the party or the attorney was willful or in bad faith, also favors dismissal. In this setting, the Court must assess whether the party's conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams, 29 F.3d at 875. Fonzone's desire to reopen discovery on the eve of trial and relitigate the dismissal of defendants highlights her flouting of the Court's scheduling order and her failure to adequately prepare for and prosecute her case

---

[5] Upon the Court's request, Fonzone submitted a letter from a medical provider stating that she "will be present in our outpatient surgical unit for care involving her neck on October 13, 2021." See Doc. No. 192.

throughout the 10 years it has been pending in this Court. Despite being advised that her case would be dismissed for lack of prosecution if she was not prepared to proceed to trial on April 19, 2022, Fonzone continues to attempt to evade the conclusion of this case by way of jury trial. At this juncture, Fonzone's conduct rises to the level of willful.

With respect to the fifth factor – the effectiveness of sanctions other than dismissal – where a plaintiff proceeds pro se and monetary sanctions such as attorney's fees would not be "an effective alternative," a district court may conclude no alternative sanctions existed. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).

Finally, the sixth factor, the meritoriousness of Fonzone's claims are neutral, having survived summary judgment. However, consideration of this factor does not outweigh the factors supporting dismissal of this case.

### IV.   CONCLUSION

In light of these factors, the Court finds that the circumstances of this case justify dismissing Fonzone's case with prejudice. An appropriate order follows.

Dated: April 22, 2022

BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE