12-5726
Funzone v. Otero et al

3.

Exhibits

INDEX

A. PLAINTIFF'S LETTER TO POLICE COMMISSIONER OF JULY 2012

B. PLAINTIFF'S INTERNAL AFFAIRS COMPLAINT OF NOVEMBER 30,2010 WITH ATTACHMENTS (INCLUDING PERMANENT PROTECTION FROM ABUSE ORDER AGAINST ESTRANGED SPOUSE CARY WOODS aka DAVID LEE ROTH FOR DIRECT AND VICARIOUS ABUSE )

C. POLICE CITATION OF OCTOBER 6, 2010 SIGNED BY NOT AT SCENE OFFICER ORTIZ

D. POLICE HOSPITAL TRANSPORT REPORT SIGNED BY SARGEANT ADDISON

E. INTERNAL AFFAIRS REPORT OF LIEUTENANT APPLETON DESGINATING PLAINTFF A CONFIDENTIAL INFORMANT AND DETERMINATION OF VALID COMPLAINT

F. INTERNAL AFFAIRS REPORT OF SARGEANT MIDDLETON WITH DETERMINATION OF PLAINTIFF'S COMPLAINT AS VALID OR FOUNDED

G. REPORT OF JOHN EVANS PROMOTED AND ASSIGNED TO INTERNAL AFFAIRS SOON AFTER OFFSITE SIGNING SUPERVISORY REPORT TO HAVE PLAINTIFF ARRESTED

H. INTERVIEW ON CD OF PLAINTIFF AT POLICE ADVISORY COMMISSION OFFICE OCTOBER 6, 2011

I. TRANSCRIPT OF PLAINTIFF'S DEPOSITION OF APRIL 21, 2015

J. TRANSCRIPT OF PLAINTIFF'S 911 CALL FOR HELP OCTOBER 6, 2010 AFTER BEING THROWN AGAINST THE WALL THE FIRST TIME BY OFFICER KELEWISCHKY

K. PLAINTIFF'S AFFIDAVIT NOTARIZED JUNE 26,2012

L. PHOTOGRAPH OF PLAINTIFF AND FLORENCE JURAITIS OCTOBER 6, 2010 PRIOR TO PLAYOFF GAME

M.PHOTO OF SPORTS ILLUSTRATED CENTERFOLD OF OCOTOBER 6, 2010

PLAYOFF GAME DEPICTING  ALL FANS STANDING WITH RALLY TOWELS

N.  POLICE HOSPITAL TRANSPORT  # 42106 REPORT OF OCTOBER 6, 2010 SIGNED BY SARGEANT ADDISON  AND CONCEALED BY LAW ENFORCEMENT UNTIL JULY 3, 2012

O.  CIVIL RIGHTS ENFORCEMENT COMPLAINT FORM  SENT TO OFFICE OF PA ATTORENY GENERAL  JULY 3, 2012

P. CORRESPONDENCE FROM OAG  TO JOANN FONZONE, ESQ. REGARDING LETTER OF  JULY 3, 2012

Q. CORRESPONDENCE FROM FRANK FINA OF OAG DATED OCTOBER 3, 2012

R. LETTER  OF JULY 11,2012 ADVISING PLAINTIFF OF PHILA.DISTRICT ATTORNEY'S DISAPPROVAL  WITHOUT  INVESTIGATION OF PRIVATE CRIMINAL COMPLAINT AGAINST JOE OTERI PREPARED BY DISTRICT ATTORNEY'S OFFICE JULY 3, 2012

S.PRIVATE CRIMINAL COMPLAINT OF PLAINTIFF AGAINST JOE OTERI  AUGUST 7,2012

T. PRIVATE CITIZEN APPEAL OF MUNICIPAL COURT DECISION ON CITIZEN COMPLAINT  DATED DECEMBER 17, 2012

U. NOTICE OF MOTIONS HEARING OF PLAINTIFF'S PRIVATE CITIZEN COMPLAINT SCHEDULED FOR JANUARY 17, 2013

V.  TRANSCRIPT OF  JANUARY 17, 2013 HEARING  AND  DENIAL OF HEARING  ON PLAINTIFF'S PRIVATE CRIMINAL COMPLAINT  AT  ADA  ENGLE 'S  REQUEST

W. NOTICE OF APPEAL OF SUMMARY DISODERLY CONDUCT  CHARGE FILED FEBRUARY 11, 2013 BY CO-COUNSEL  MARNI SNYDER

X.  TRANSCRIPT REFLECTING DISMISSAL OF CHARGES AGAINST JO ANN FONZONE BY JUDGE KOSINSKI AUGUST 22, 2012

Y. JO ANN FONZONE'S  INTERVIEW WITH JOHN EVANS  AND OFFICER CHRISTINE MC SHEA JANUARY 28, 2011

Z. JO ANN FONZONE'S CORRESPONDENCE SENT TO KATHLEEN KANE  OCTOBER 15, 2013

A. 1. JO ANN FONZONE'S RIGHT TO KNOW REQUESTS  AND CORRESPONDENCE TO LAW ENFORCEMENT AGENCIES  AND THE RIGHT TO KNOW OFFICE

B.1. COPIES OF SUBPOENAS SERVED UPON 4 DEFENSE WITNESSESS

C.1.TRANSCRIPT NOVEMBER 21, 2013 WITH ROBERT FOSTER,  ATTORNEY FOR JOE OTERI TESTIFYING WHILE JO ANN FONZONE WAS NOT  IN THE COURTROOM  AS THE SCHEDULED DATE WAS CHANGED WITHOUT NOTICE TO HER

D. 1  LETTER FROM JUDGE KOSINSKI  DATED NOVEMBER 17, 2012 TO
JO ANN FONZONE ADVISING HER THAT SHE COULD NOT FILE
EXPUNGEMENT PETITION BECAUSEE THEY HAD APPEALED

E.1. COPY OF JO ANN FONZONE'S EXPUNGEMENT PETITION SHE TRIED TO FILE

F. 1. COPY OF SUBPOENA OF OCTOBER 6, 2009  TO CHASE MANHATTAN BANK FOR
RECORDS ANCILLARY TO PLANTIFF'S DIVORCE ACTION

G.1 COPIES OF SUBPOENAS TO MTV NETWORKS, TIME WARNER, INC. FOR
RECORDS ANCILLARY TO DIVORCE ONGOING SINCE 1993 AND IDTHEFT ACTIONS

H.1  Jo ANN FONZONE'S LETTER TO  ADA KOTCHIAN JUNE 2012  REGARDING
DISCOVERY DOCUMENTS NOT YET PRODUCED THOUGH ORDERED  BY  FOUR
MUNICIPAL COURT JUDGES

I.1. COPY OF  COMMON PLEAS  COURT ORDER IN DIVORCE   2006

J.1. AFFIDAVITS  AND PHOTOGRAPHS

K.1. VCAP COMPLAINTS

L.1.COPY OF BENCH WARRANT  ISSUED  APRIL 2011WHILE JoANN FONZONE
WAS  RECOVERING  AFTER RECENT DISCHARGE FROM CARDIAC HOSPITAL

M.1.TRANSMITTAL LETTER FROM JEFFERSON HOSPITAL TO IA STATING  ER
RECORD SENT

N.1. IRS  FORMS , FTC INFO  REGARDING ID THEFT

O.1. U.S.ATTORNEY  NY  COMPLAINT  OF 11/11/05  BY Jo ANN fONZONE

P.1. PARS

Q.1. LETTER FROM NY AG OFFICE 2005 REGARDING MTV NETWORKS

R.1.  MEDICAL REPORTS  (WILL BE SENT TO  COUNSEL AND CHAMBERS)

S.1.  COPY OF  PRIOR COURT  DOCUMENTS  IN ACTIONS  RELATED ,
BROUGHT  IN AND  MADE ISSUE BY  DEFENDANTS  AND  NON-PARTY
TO THIS  LITIGATION  TO PREJUDICE PLAINTIFF

3. PLANTIFF'S EXHIBITS ( PAGE4- FOLLOWING INDEX of 3pages of EXHI BITS)

T1. Applcation for continuance -filed and served upon Mnicipal court clerk and District attorney because Fonzone had scheduled cardiologist appt.certified mail card receipt signed

U1. Plaintiff's Interrogatories filed , third time accepted by Michele H. Clerk with Motion

V1. Petition of Reconsideration of Order Jan.18,2013 Muni Court after case was dismissed with prejudice August 22, 2012 .Fonzone had no inent to be disorderly , the evidence was insufficient to demonstrate that she acted with the intent of promoting or facilitating the offense of disorderly conduct, she exercised her 1st Amendment right to cheer for her team at a playoff game. If protected by 1st am. , behavior that might annoy or irritate someone is not disorderly conduct. Com. v. Gowan , 582 A.2d 879 (Pa. Super. 1990).

W1. Letter to Dominic Rossi of court compliance 5/11/17

X1. United States District Court Notice of lawsuit signed by Don Bailey, Esquire to Joe Oteri and other defendants

Y1.Municipal Transcript of 07/20/12 with Judge O'Neill, though case "must be tried" according to Judge Stack , O'neill continued it again at request of asst. Prosecutor Kotchian

Z1. Letterof Lucy Chin of US Districe Court dated 10/20/2016 to Jo Ann Fonzone, Esquire returning Interrogatories , later resent and filed with clerks Nicole and Michele's authorization with Motion

A2. Phila. Muni court docket page stating Fonzone's Bench warrant hearing scheduled for Sept. 26, 2011 at noon; though guard would not let her go or be released untl Sept. 28,2011 wherebyshe could not attend her scheduled Argument in Lehigh County civil case of Id theft

B2. Copy of Trans Bridge round trip ticket receipt of 10/06/10 departing Allentown 2:05 pm for 5:05 game in Philadelphia and one way ticket from Phila. To Allentown 10/07/10 departing 12'30 pm on Bieber Tourways bus line

C2. Information of summary disorderly conduct dated July3, 2013 with no facts but element of misdemeanor disorderly conduct

D2. Criminal complaint without any affidavit of probable cause by police of Oct. 7, 2010

E.2. Transcript of June 13, 2012 wherein Judge Stack after colloquy with Fonzone and asst prosecutor kotchian rued that Fonzone could represent herself over kotchian's objection

F.2 Letter from Kotchian of Dec.21, 2012 falsely stating Judge Neuffeld ordered Fonzone needed another lawyer knowing Judge Stack had several months prior ruled Fonzone could represent herself. Also included was long hidden and suppressed by police and prosecution was hospital incident report when police took Fonzone to Emergency Room; this was exculpatory evidence wrongly witheld under Brady v. Maryland as it stated Fonzone was injured prior to arrest- by Oteri . Prosecutor had report more than two years as its date stamped Dec. 13, 2010.

G2. Jo Ann Fonzone's Entry of Appearance  Municipal Court dated June 13, 2012

H2. Newspaper articles about false arrest

I.2  Email to witness about libelous inaccurate  blog

J2. Paragraphs almost verbatim typed  on same paper about incident full of inaccuracies ,
( including the wrong seat section ), fabrications of untruths  with oteri 's name and an off
scene female officer ortiz's name  on it. There  was no sworn affidavit of probable cause .

K.2. Pretrial report containing incorrect information including weight of Plaintiff (who never
weighed  more than 115 pounds in her life), report states 145 pounds; other info ommitted
like fact Fonzone livng with her mother, her occupation lawyer and other  omitted facts

L2. Municipal court dockets conflicting names of arresting officers, some  name Ortiz ( false)
others state Bee, but none mentioned Kelewischky  , the officer that brutally assaulted
Fonzone in police room.

M2. Letter from Kelly at Defender Associates to Fonzone telling her she is not allowed to have
copies of her exculpatory  materials- her 911 audio CD, police reports, etc.

N2. Email from Len Berman to Fonzone day after the playoff game  where Roy Halladay had
a no-hitter  nearly perfect game  evidencing Fonzone's intent to watch  the playoff game.

O 2. Title page of ID theft appeal to Pa Supreme Court when trial court dismissed case Sept.27
2011 in Lehigh Co.because Fonzone was unlawfully detained at Riverside until Sept.28.

P2. Letter from IRS August. 19, 2021 to Jo Ann Fonzone, Esquire  (named executor and Estate
lawyer ) for the Estate of Carl W. Alio, Sr.

Q2. Seal of Phila.Common Pleas court Admission History of Jo Ann Fonzone to Riverside from
Sept. 23, 2011 to Sept. 28, with her medical intake  report stating  cardiac condition

R2.Page from Muni court docket 10/07/2010-evidencng the wrongful continuation of malicious
prosecution after Fonzone had the charge dropped with prejuidce August 22, 2012.

S2. Envelope from City of Philadelphia law Dept. To Jo Ann Fonzone, Esquire  of 6/14/2012

T2. Operative complaint filed July 7, 2015 pursuant to Judge Davis Order of July 22, 2015
wherein  no  defendants  were dismissed with prejudice

U2.First page of Plaintiff's Amended complaint filed by counsel Mr. Bailey January 11, 2013

V2. Subpoena to Chris Thomas of Riverside to produce warrant of September 21,2011 and
appear in Muni court.

W2.Victims Comp. Claim of 07/0/12 against Joe Oteri ( as soon as Claimant learned his name)

X2. Letter from IRS & Dept. Of   Veterans Affairs to J. Fonzone, Esquire Estate lawyer and
named Executrix in Will of Carl W. Allio, Sr. ( no compensation  paid by Fonzone to herself ,she
made sure all taxes , bils and beneficiaries were paid first, then she was removed while in the

Y.2 Letter from Stacy Brendlinger of VCAP dated Jan. 26, 2011 stating they have no police report on file which states JoAnn Fonzone was a crime victim .This is because police and prosecutor wrongly witheld exculpatory evidence ,three police reports and 911 audio CD which evidenced Fonzone was an injured crime victim prior to arrest-while Oteri harrassed and pushed her into seat. Other documents from and to VCAP also attached.

Z2. Municipal court Transcript of December 12, 2012

A.3. Letter from Foxrothschild to Jo Ann Fonzone, Esquire of September 15, 2001 , Re; Fonzone v. Chase Manhattan bank, MTV, Warner Brothers about Fonzone's ID theft action scheduled for Argument September 27, 2011. Fonzone could not appear as she was unlawfully detained six days on a three day bench warrant hold ( for not appearing in court though she had filed for continuance as she had cardiologist appointment and told her lawyer that).Her important ID theft-fraud case was dismissed ex parte in Lehigh County Court of Common Pleas.

B3. Letter from Adm. Asst. To Dept.Court Admin. First Judicial District as proof Jo Ann Fonzone requested transcript for Oct. 3, 2013 from reporter Vaquez who states she has no transcript from the ex parte proceeding on this day with Judge Foglietta and asst.prosecutor kotchian.

C3. Letter to Charles Mapp, Deputy Court Admin. Phila. Dated June 11, 2017 from Jo Ann Fonzone, Esq. Re: case dismissed with prejudice August 22, 2012; however asst. Prosecutor Kotchian wrongly proceeded with prosecution by misrepresenting facts to Common Pleas Judges, knowing Fonzone was then representing herself June, July. Kotchian failed to serve Fonzone with Appeal and thus continued her harrassment of the injured crime victim.

D3. October 4, 2017 filng by Jo Ann Fonzone

E.3 Letter to Lucy Chin and Michele Hemmer ,U S District court clerks of Dec. 23, 2016 with enclosures of 3 sets of Interrogatories for filing as relevant to Motions filed to compel answers.

F.3 Non-party witness Jack Ferryman's Answers to Plaintiff Jo Ann Fonzone's Interrogatories

G.3. Requests for Pre-trial Discovery-includng all police reports and exculpatory evidence and Request for Bill of Particulars filed by Jo Ann Fonzone, Esquire 9/09/11 with the Continuance request be cause of a scheduled cardiologist appointment

H3.Petition to vacate filed by Douglas Earle , Esq. March 2, 2012 ,paid attorney for JoAnn Fonzone

I.3. Request to Staff of Riverside for immediate release for scheduled bench warant hearing Sept. 26, 2011 and becasue it was more than three days so Fonzone was unlawfully detained , and could not appear at civil court Argument in Lehigh County; copy of Items Received at Riverside taken from Fonzone including bench warraant which stated Rule 150(A)(5) person can only be held on bench warrant three days, and heart medication (which Fonzone was not getting while at Riverside)

J.3 Petition for Immedate withdrawal of prosecution and Immediate Disposition of this Matter Based on Wrongful Arrest and Defects in Procedure and Motion to Dismiss for Failure to allege essential elements and No Probable Cause filed in Municipal court Nov.9,2011 by Jo Ann Fonzone, Esquire

K.3. Plaintiff's Motion for Extension of Time To Reply to Defense Response to Plaintff's Second Motion to compel answers to Discovery filed April 9 2018

L.3 Copy of page of Plaintiff's Motion filed in United States Court of Appeals for the Third Circuit as per Magistrate to Reinstate all Defendants in the case per Amended Operative complaint filed July 7, 2015 entry 51 on docket .

M.3Order of District Court Judge Davis November 4, 2016 , "it is hereby ORDERED that Defendants shall submit a response by November 10, 2016".to Plaintiff's Discovery

N.3.Pages 61-64 from transcript January 18,2013 Jo Ann Fonzone testimony about October 6, 2010 (unnecesary because case was dismissed with prejudice August 22, 2012)

O.3 Pages 81-84 from transcript March 19,2014 ( unnecesary because case was dismissed with prejudice August 22, 2012.)

P.3. CLE Certificates

Q.3. Copy of Order from Municipal court Judge Eubanks signed January 29, 2013 appearing she had vacated the sumamry disorderly conduct charge against Jo Ann Fonzone pursuant to Motion filed by Marni Snyder. This order was not provided to Ms. Fonzone until a few years later.

R.3.Letter from Pa Ofice of Attorney General Civil rights Division Harold Dunbar of September 18,2012 acknowledging receiptof Jo Ann Fonzone's,Esquire correspondenc September 6, 2012

S.3. Copy of fax to Judge Foglietta from appointed lawyer Richard Patton August 19,2013 prejudicing,libeling Jo Ann Fonzone prior to ever meeting him and prior to her ever being in that Judge's courtroom

T.3.Copy of note sent to Debra Rainy,apponted lawyer after patton replaced ,about next court date of November 22, 2013 with copies of four witness subpoenas to make sure are present that day

U.3. Tax documents of Jo Ann Fonzone , put in issue by opposing counsel

V.3. Credit reports of Jo Ann Fonzone

W.3. Municipal court docket page 10 of 15 evidencing 5/23/12 "Fonzone found competent though privatge lawyer Frumer and asst. Prosecutor Ayers had possession of Dr.,Smith M.D.. psych report deeming Fonzone COMPETENT diagnosed with PTSD October 19, 2011 upon evaluation

X. 3. Philadelphia police department Investigation report witheld from Fonzone for 2/12 years) stating wrong time of inciden t, wrong weight of Fonzone, wrong name of complaining witness, prepared by an off scene police woman -Ortiz

Y.3.Letter from Dr Spinosa, M.D.,Jo Ann Fonzone's primary care physician 's medical opinion that Jo Ann has no psych problems ,and she takes no medications on a regular basis dated Nov1, 2005.

Z3.Copy of contract with William Morris Talent Agency stamped by agency ,original signed by agent at time , making it valid(unbeknownst at Fonzone), later , spouse estranged spouse Cary Woods ,estranged since 1993. Woods used Fonzone's creative writings for profit in entertainment business since 1980 , attached name Judy Mc Grath to her ssn and has taken 100% of profits.

# EX. A

AFFADAVIT OF FACTS IN REPLY TO MEMORANDUM TO POLICE COMMISSIONER FROM INTERNAL AFFAIRS , COMPLAINT # 10-724

Dear Sir,

I recently was given a copy of the IA report of John Evans . I was compelled to set the record straight and give you a true version of the incident because , in the report, I was libeled, slandered and have had my character almost as viciously attacked as my body was on October 6, 2010.

Many pieces of information were witheld from me and I am still discovering information about the incident and procedures. Preliminarily, John Evans was the supervisor who signed the complaint to have me arrested for disorderly conduct on October 6, 2010. Then, three weeks later, he was promoted to IA and assigned to investigate my IA complaint. I know a lot about conflict of interest and clearly, this constituted conflict which prevented IA from doing a complete and thorough and unbiased investigation. Even before I was aware that Mr. Evans had signed the complaint, ( I learned of this when I obtained a copy a few months ago), I requested a female officer to investigate my IA complaint or someone other than John Evans because I had a gut feeling that he would not do a through investigation. I reached this decision after I gave him names of witnesses and told him about the 911 audio CD ( I called 911 twice from the jail cell after I was thrown against the wall by Officer Kisliewski), hospital records, and he dismissed these as unimportant and did not interview these witnesses or obtain the 911 audio and did not want copies of the ER records . Captain Gramlich would not assign someone else to investigate.

Though the alleged investigation was completed in March 2011, I was not informed of this until June 2011 and only because I made many phone calls to try to find out what was going on with the investigation. Each time , I was told Evans was not available, then I would ask for his supervisor or Captain and was told the same thing. I was treated with astounding disrespect.

When I was finally told that the investigation was complete and that the findings were unfounded, Deputy commissioner Johnson said that he would look into the matter. Also, I was told by Deputy commissioner Fox that she was going to assign someone else to investigate because I gavc her a copy of the 911 CD.

When another investigator was not assigned, I went to the Police Advisory commission and gave my statement to that agency . PAC has been helpful, respectful and courteous to me, and its members have treated me with the respect and dignity that every crime victim deserves. I have sent them further information as I obtain it. In return, they have provided information which no one else has in nearly 2 years. There is another DC number in this case, the hospital transport incident report which indicates that I was taken to the ER while in custody because I was injured. Though there are inaccuracies on the report, like date and for starters, it is proof that I was an injured crime victim on October 6, 2010.

The other DC number is 2010-42106 was reviewed by Sgt. Addison #8659 1st District. Sgt. Addison when making rounds , saw that my hand, arm and wrist were bruised, contused and very swollen and told me that I needed to go to the hospital. He was a helpful police officer one that the department is lucky to have in its employ.

I obtained this report on July 3, 2012 because I was unaware of the report until June 25, 2012 when PAC told me that if the police transport someone to the hospital, they must file a report.

When I filed the IA complaint, I red on the back of the form, that , as a part of the checks and balance process that a copy of the complaint was forwarded to the District Attorney. Since I filed the complaint in November 2011, I have tried to find out who the complaint was sent to at the D.A. And have been accused of stalking because I called the DA office to obtain the name of the ADA who got the complaint. I still do not have that information or know if the complaint was ever sent to the DA.

Moving on to the Memorandum of P/O Lightfoot. I will provide correct and true information to refute the inaccurate statements in the report. I did not allege or accuse any police officer of theft of property, other than the taking of my Phillies playoff game ticket from my bag in the police room. I alleged physical injuries.

I signed the consent form on January 28, 2011 for John Evans to obtain the ER records, though I had a copy with me that day and a lot of other pertinent information, photographs of my injuries and other evidence, but he did not want to see anything and did not want the ER records. Several months ago, the ER records were sent to IA because the hospital sent me a letter which stated that.

Evans seemed more concerned about the condition of my cell phone then the physical injuries I suffered. The cell phone was in my left jacket pocket, not my right . I put the phone in my pocket after I tried to call a friend during the game, but as the crowd was so very loud, ( WIP Radio said that that game was the loudest ever at the stadium), I couldnt have the conversation and put the phone in my pocket and not my bag.

Contrary to the report, I did not request treatment. Sgt. Addison saw the bruises, contusions, and swelling of my right hand, wrist, and arm when he did his rounds , and told me that I needed to go to the hospital and would have officers take me there. ( there were also other non-visible injuries).

At the hospital, while in the triage area, I had a grand mal seizure from the trauma to my head when it was pushed into the stadium seat a few hours earlier. ( I dont take seizure meds anymore because they only recur when I suffer a trauma to my head) . I had x-rays of my hand, arm and shoulder, and a urine test because I had just finished taking antibiotics for a sinus infection . When I left, I was given a prescription for tylenol with codeine which I never had filled as I am allergic to codeine. I was in severe pain from the physical trauma to my body.

Officer Ortiz was not at the scene at the stadium and did not personally view anything there. She was a passenger in the transport vehicle from the stadium to the 1st district. She did not attempt to escort me fro the stadium. I did not swing my arm at her or anyone. Both of my arms were grabbed from the back from behind me by P/O Bee and kileweski while I was standing in the concourse area watching the game for about 10-15 minutes . I was in this area after I was shoved up the steps by the officers.

When I was standing watching the game then abruptly grabbed abd dragged, I yelled 'what are you doing? I'm just watching the game." P/O kileweski replied, "we want to talk to you." So, I was pulled by the back of my arms with only the heels of my feet touching the ground into the police room and thrown on a chair. I was yelling for them to stop hurting me as many people watched the horrendous brutal incident.

Security guard Oteri was in the hall and not in the police room or adjacent jail cell. He did not see what occurred from outside in the hall. I was not offered anything to drink I asked what the charge was and was I under arrest. I was ignored..I was then handcuffed by P/o Bee. As my nose was running and I was crying profusely from the pain and trauma and because I still had a sinus infection, I asked for tissues and was ignored.

Oteri might have witnessed P/O Kovacs take my souvenir playoff ticket from my bag..Kovacs found my attorney ID card and an IA card from Lehigh County. P/O became enraged upon hearing P/O kovacs say, " OH , you're a lawyer, why do you have an Internal Affairs card?"

Since I have had no contact with my estranged spouse since I left California in 1994, I dont keep up with his latest publicist or whatever the so-called employees do for him. Ms. Shuck , the publicist who claims to know it all actually knows nothing about the hell my life has been since I signed my life away more than 30 years ago to a marriage contract with the fraud .

P/O Jenkins and Baldwin did not hear me tell triage nurse that my injuries occurred prior to being arrested because I did not say that. I said my head was injured before I was arrested, and other injuries occurred while I was in custody in the jail cell at the stadium,.I reported to the staff that I was the vicitm of an assault. I told the hospital staff that a security guard had grabbed my right arm, then later my head was pushed into the seat at he stadium. I then said I was thrown against the wall twice and hit in the chest with the Police nightstick and that my chest was hurting.

I did not speak to officers Baldwin and Jenkins and certainly did not say that I received all of these injuries prior to being arrested a the game. It is astonishing the lengths some go to to try to discredit innocent individuals. I was not unhappy because I was only given tylenol. I was given a prescription for tylenol with codeine which I am allergic to. I was in severe pain and could not take it for the pain. I did not fill the prescription after I got home the next day.I went to my family physician who saw the huge contusion on my chest and ordered an immediate chest x-ray and echocardiogram. I have been treating with cardiologists since then and am on medication for the blunt force trauma caused heart condition I now have from being beaten severely with the P/o kelewiski's nightstick.

Naturally , I also have Post Traumatic Stress Disorder from the aggravated assault, reckless endangerment, harrassment etc.( like a veteran or abused individual ), which I survived October 6, 2010 and since then.,

P/o Landis is incorrect. P/O Ortiz did not bring me into the police room.P/O Bee and keliwiski did, threw me on a chair. P/O Kovacs took my bag, went through it, commented about my ticket, took it and didnt put it back in the bag,As mentioned, he also commented about my ID and IA card. Admitted, I was probable disheleved as I had just suffered trauma to my head and ws dragged into the police room by my arms while doing nothing wrong, just standing watching the game for 10-15 minutes in the concourse area. Bee did not tell me I was under arrest or Mirandize me. I was not told of any criminal charge and did not know what I was charged with until the next morning at video arraignment I was told disorderly conduct. When I asked what I had done, I was told" someone wanted everyone to sit down."Who was this that falsely implicated me in the criminal system?i still do not have that 6th Amendment right to know the nature and cause of the arrest answer.

I was not cursing in the police room; there were no commands said to me. I asked "why they were doing this , I said, " I didnt do anything wrong."I said, " I'm just here to watch a playoff game."

I was traumatized, felt like I had a concussion and was crying in pain. After Kovacs and 2 others a the desks looked at the ID and IA cards in my bag and commented, P/O keliewski became extremely agitated and angry. Then, he took me from the chair into the adjacent smaller room, and when the door closed, he threw me against the wall. I fell to the ground. I knew something was going on and was not right, so I got my cell phone from my left jacket pocket and called 911. I told them where I was that I was being physically attacked and that I needed help. I mentioned Bee, Kovacs but was so upset and crying I couldnt pronounce kelewiski's name. Then, I heard the door open, so I put the phone back in my pocket. P/O again threw me against the wall again and I again fell to the floor. When he left, I again called 911, but didnt have a chance to speak because I heard the door open. P/o kelewiski then yelled, give me that phone , I know you have a phone. ( 911 dispatch had called the P/o out in the police room when I told them I was at the stadium in the jail cell). P/o kelewiski then began to hit me with his nightstick repeatedly on the chest before he finally left , I was yelling for him to stop hitting me.

P/O Landis did not see P/o keleweski throw me against the wall or hit me with a nightstick as he was not in the jail cell room.

P/o Person was the driver of the police vehicle which transported me to the 1st district from the stadium 3rd district. He was not in the police room at the time so how could he determine anything. Or that I was screaming or cursing. Admittedly, I was yelling and crying while being injured in the jail cell room. P/O Person did not see any of the physical attack as he was not in the jail cell room. P/O Person did not observe Phillies security confiscate my playoff ticket because he was not at he scene until he was called later to drive me to the 1st district. Furthermore, P/o kovacs took the ticket from my bag, not the Phillies security.

While I was standing in the concourse watching the game, I was grabbed from behind by the arms by P/O Bee and Kellweski. I did not swing at P/o Ortiz or see her then. ( she and P/o person were called in for overtime to drive me to the 1st precinct.) I was startled and scared when grabbed from behind, then dragged with only the heels of my feet touching the ground, across the concourse into the police room. I was yelling," hey what are you doing? I'm just watching the game ." I heard then, " We want to talk to you."

I was traumatized, not irrational or kicking or cursing. I was not Mirandized at the stadium or at anytime thereafter.
P/O Ortiz did not see P/o kelewiski hit me with the nightstick or throw me against the wall as she was not in the jail cell where it occurred.
P/o Ortiz did not observe Phillies security confiscate my playoff ticket because they did not do that. P/o Kovacs took the ticket from my bag.

P/O Kovacs slandered and libeled me as I was not hostile or deranged while in the police room or ever. I called 911 for help from the jail cell after I was thrown against the wall and in fear for my life. The 2nd time I called, I didnt get a chance to speak. Then, P/o keleeweski demanded that I give him the phone after he learned I had called 911 for help.

P/O Kovacs did not observe Phillies security confiscate my ticket because he had in fact taken it from my bag and did not place it back in the bag with my other property.

Neither P/o Bee or anyone else spoke to me about Phillies code of conduct. I have been to other games and never had a problem or suffered any injuries. No one ejected me from the game. No one gave me any verbal commands. I did not fling my arms around anyone. I was grabbed from behind and dragged across the concourse. Prior to this surprise from behind attack, I was standing enjoying the game for about 10 -15 minutes. I yelled" what are you doing, I'm here to watch the game" , when I was grabbed from behind. I did not scream obscenities . There was a capacity crowd at the playoff game and people were standing everywhere .

I was put in handcuffs, was crying and traumatized in the police room . Perhaps this is known as uncooperative and out of control to some.

P/O Bee did not see P/o threw me against the wall or hit me with the nightstick as he was not in the jail cell room at he time . P/o Bee did not observe Phillies security confiscate my playoff ticket , which is peculiar since everyone said they did.

P/o keleweski is incorrect when he says that the Phillies security decided to eject me. No one told me to sit down. And, P/O kisewelski did not ask me to leave. He and Oteri grabbed my arm forcefully, pushed and shoved me til my head hit the seat in front of me. I fell to the ground from their shoving. Then, I heard the guy in front of me yell to them, " let her alone, she didnt do anything wrong!" As I tried to pick myself up and get my bag, they continued to grab at me, pulling me out of the area. I said, "Im getting my bag." then, P/O Bee, Keleweski and Oteri pushed me up the steps until I was a t the concourse area . I stood in that area for 10-15 minutes watching the gme, until I was grabbed from behind, as previously mentioned.

P/O Ortiz did not handcuff me while I was outside the police room. I was handcuffed inside the police room by a male officer, Bee. P/o keleeweski was not outside the police room. He was inside the police room and then in the jail cell room.

P/O keleewsiki did not see any other officers throw me against the wall or hit me with the nightstick because he was the violent perpetrator that committed those heinous, reckless and aggravated assaults and caused me serious and irreparable damages. There was not even any probable cause to arrest me.

I did not file any complaint against officer Ortiz but I have learned recently that Evans told her and the other officers that he interviewed that I had filed complaints against every officer that was interviewed by him for this investigation. This was an unfair, untrue, slanderous and prejudicial statement for him to make to each officer and ensured the incomplete , biased, unfavorable conclusion of this investigation. My question about that, is why and what motive did he have for doing such a thing?

Based on the foregoing actual and accurate facts, I submit that the conclusion on page 9 of the Memorandum was erroneous, unsubstantiated and reached by the negligent investigation of John Evans.

Commonwealth of PA

County of Lehigh

Respectfully,

07/06/12 [signature] ESQUIRE
Jo Ann Fonzone, Esquire

07/06/12

Sworn and subscribed before me this 6 day of July, 2012

[signature]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Brenda L. Laughead, Notary Public
South Whitehall Twp., Lehigh County
My Commission Expires July 5, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

# EX. B

PHILADELPHIA POLICE DEPARTMENT
Print Legibly

58490

| CLASSIFICATION | CODE | DIST/UNIT/AGENCY PREPARING | CODE | REPORT DATE |
|---|---|---|---|---|
| | | | | 11/22/10 |

SIGNATURE OF PERSON RECEIVING COMPLAINT — Badge
PERSON NOTIFIED (I.A.B.)
DATE AND TIME NOTIFIED
I.A.D. COMP. NO.

## CITIZEN MAKING COMPLAINT TO COMPLETE BALANCE OF REPORT

COMPLAINANT'S NAME Last: FONZONE First: JO ANN Initial:
ADDRESS: 2242 Tilghman St. City: Allentown State: PA
AGE: 52 RACE: SEX: ☐ M ☑ F DATE OF BIRTH: 7/19/58
OCCUPATION: Lawyer
PHONE (Home) (Bus.): 484-29464

NAME OF ALLEGED VICTIM OF INCIDENT IF OTHER THAN COMPLAINANT: ?
ADDRESS:
PHONE (Home) (Bus.)

NAME OF ATTORNEY/INTERPRETER/PERSON ASSISTING COMPLAINANT: Jo Ann Fonzone ESQUIRE
ADDRESS:
PHONE (Home) (Bus.)

NAME(S) OF OTHER WITNESSES Last First Initial: Jack Ferryman Allentown Florence
ADDRESS: Northampton, PA (seated next to Jo Ann at Station on Trans Bridge bus)
PHONE (Home) (Bus.)

P.O. Cornell Phila. 484-894-4683
ADDRESS:
PHONE (Home) (Bus.)

P.O. Addison Jefferson Emergency Room personnel Phila
ADDRESS:
PHONE (Home) (Bus.)

NAME(S) OF OFFICER(S) COMPLAINED AGAINST (If Known): Bee
RANK: BADGE: DISTRICT/UNIT: 3 ASSIGNMENT (Foot/Auto/Det.):

DESCRIPTION — HEIGHT: WEIGHT: over 200 lbs Stocky HAIR: EYES: SEX: ☑ M ☐ F AGE (Approx.): 5 6 RACE: C OTHER:

NAME: Kelowsky Kelewski
RANK: BADGE: DISTRICT/UNIT: 3 ASSIGNMENT (Foot/Auto/Det.):

DESCRIPTION — HEIGHT: WEIGHT over 240 Stocky HAIR: EYES: SEX: ☑ M ☐ F AGE (Approx.): 5 6 RACE: C OTHER:

IN DETAIL, STATE WHAT OCCURRED:

See attached.
Permanent PFA Order
& other documents.

(If Additional Space Is Required, Use A Continuation Report (75-51))

THE ABOVE INFORMATION IS TRUE AND CORRECT
[signature]
Signature of Complainant:

DATE AND TIME COMPLAINT MADE: 911 Call 10/06/10 6:10 A.M. / (P.M.)

TYPED NAME OF PERSON PREPARING REPORT AND SIGNATURE: Jo Ann Fonzone

AGENCY: 911 DISPATCH

75-561 (Rev. 9/94)

## INTERNAL AFFAIRS INVESTIGATIVE PROCESS

Upon receiving your complaint, we begin an investigative process. Your complaint receives an Internal Affairs Division control number which allows us to monitor the investigation. In accordance with the Mayor's Executive Order 1-9-93, we must complete this investigation and the Police Commissioner must send you written notice of our determination and the reasons therefore no later than one-hundred and forty (140) days after you make the complaint.

Our investigative process includes but is not limited to:

a) a personal interview of you
b) a personal interview of all witnesses
c) a personal interview of the accused officers
d) a personal interview of police officers present
e) a survey of the neighborhood for witnesses
f) requesting and retrieving documents or physical evidence
g) possible use of the polygraph (lie detector)

After we have interviewed all persons who have information on your complaint, we examine any physical evidence that may exist. In all cases, your complaint is reviewed by the investigator and his/her supervisor and a determination is made. A report is then prepared which includes a summary of all interviews, records, etc. that we have obtained in the course of the investigation. The report is then reviewed and approved by the Commanding Officer, Internal Affairs Division; Chief Inspector, Internal Investigations Bureau; Deputy Commissioner, Special Operations and, finally, by the Police Commissioner. At any step along the way this report may be returned for additional work or to explain part of the investigation.

After the report is approved by the Police Commissioner you will be notified by mail of our findings. The filing of this report will not necessarily result in a criminal investigation, however, if a crime is involved and we have been able to sustain your allegations, you may be required to appear in court.

If a crime is involved and we have been able to sustain your allegations, you may be required to appear in court.

If we are able to sustain your accusation that a police officer has acted improperly, you may be asked to testify before a Police board of Inquiry, an administrative proceeding which may result in disciplinary action against the officer.

If we are able to sustain your accusation that a police officer has acted improperly but it is of a very minor nature, you may be advised that this officer will receive appropriate training.

We conduct our investigations in a neutral, impartial manner with the idea that the facts will speak for themselves. We want to be fair to you and to the accused officer.

We classify our reports in the following manner:

**SUSTAINED:** Investigation demonstrates that the allegation is true and the action(s) of the officer(s) was inconsistent with departmental policy, orders and directives and/or applicable local, state or federal laws.

**NOT SUSTAINED:** A thorough investigation can neither prove nor disprove the allegation.

**UNFOUNDED:** The incident alleged did not occur.

**EXONERATED:** Although the allegation is true, the conduct of police is in accordance with accepted Police Department policy.

**WITHDRAWN:** The person(s) making the complaint decided, on his/her own volition, to withdraw the complaint.

In the event the investigation reveals independent evidence that the complaint was false, the complainant could be subject to appropriate criminal and civil action.

As a check and balance on our investigative process, a copy of your complaint will be forwarded to the District Attorney's Office for its review. If criminal charges against an officer(s) may be involved, the District Attorney's Office will be contacted and will decide what charges, if any, will be placed against the police officer(s).

You may come to the Internal Affairs Division, 323 Race Street, 2nd floor, from 9:00 A.M. to 4:00 P.M., Monday through Friday (except holidays) to review the investigation report concerning the complaint. The telephone numbers for Internal Affairs Division are 686-3209 and 686-3210.

F 10/7

Please file this PFA Order 97-PF61 in file # 2006-FC-1580.

Thank you.

[signature] ESQUIRE

FILED
2009 OCT -6 PM 1:19
CLERK OF COURTS
LEHIGH COUNTY, PA

IN HE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

Pltf: JOANN FONZONE 2242 Tilghman St. Allentown PA
2070 WALBERT AVE,
APT B
ALLENTOWN PA 18104
VS
Dft: CARY J WOODS fraud; David Lew
aka [illegible] etc. David Lee Roth
D.O.B. 06-May-1957 S.S. NO. 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

: File No. 97-PF-61
: PROTECTION FROM ABUSE
Permanent ORDER
U.S. District Court-Phi
2/01/01

P R E L I M I N A R Y  O R D E R

AND NOW, this 17TH day of JANUARY, 1997, after a Prelimi ary Hearing and pursuant to the Protection From Abuse Act, 23 Pa. .S. 6101 et seq; IT IS HEREBY ORDERED THAT:

1. Defendant shall refrain from abusing, or through vicarious abuse, threatening, stalking, or hara sing the Plaintiff ~~and the minor child(ren)~~ in any manner or at a y location whatsoever. (or having her abused, stalked, threatened, harassed, [illegible] [illegible] or bribed)

2. N/A ~~ustody of the following minor child(ren):~~
( ) a. ~~is temporarily awarded to Plaintiff.~~
( ) b. ~~is to remain as per existing custody order, No.~~
( ) c. ~~is awarded to Plaintiff, temporarily superseding existing custody order, No. N/A .~~
( ) d. ~~is temporarily awarded to~~
( ) e. ~~temporarily superseding existing custody order, No. N/A is temporarily awarded to~~

3. N/A :her PFA orders:

4. Defendant is ~~evicted~~/excluded from the premises at the primary residence or from any premises where the Plaintiff shall come to reside during the effective period of this order as well as from the following:
( EXCLU E ) Primary residence/police dept: S WHITEHALL TWSP
2070 WALBERT AVE APT B ALLENTOWN PA 18104
( ) Place of employment/police department: or anywhere she travels
( ) School/police department:
( ) Other/police department:
( ) Exceptions to exclusion:

[illegible] the attorneys who will [illegible] me or this PFA connected divorce [illegible] issues who will assist in the remaining [illegible] [illegible] prosecutions [illegible] [illegible] Judge Diefenderfer [illegible]

[illegible] continued [illegible]



LEHIGH COUNTY SHERIFF DEPARTMENT

PROTECTION FROM ABUSE SERVICE INFORMATION FORM

RIFF'S OFFICE: (610) 820-3175 LEHI CTY RADIO: (610) 437-5252 AFTER 4:30

DEFENDANT INFORMATION:

A. NAME : CARY J WOODS

B. ADDRESS : 13749 Mulholland Dr. BH, CA
2
3 8700 Hollywood Blvd, Los Angeles, CA

LC ID#: 0069762
PHONE: (000) 000-0000
MUNCIPAL:
COUNTY:

DIRECTIONS FROM LEHIGH COUNTY COURTHOUSE:
1. NO ADDRESS FOR DEFENDANT WAS PROVIDED. HE IS RESIDING
2. IN CALIFORNIA.
3.

C. ~~NO EMPLOY~~
CONTACT : Warner Bros. Records Sony Loew's Films
ADDRESS : 15 Rockefeller Center or 711 5th Ave.
2
3 NY, NY NY, NY

MTV Viacom 1515 Broadway, NYC

PHONE: (000) 000-0000
~~WORK HRS:~~ Woods Entertainment 137. Mulholland BH 9021

D. D.O.B.: 06-May-1957 AGE : 39
S.S.N.: 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 RACE: White
HEIGHT: 5'10 HAIRCLR: BLOND
IDENTIFYING MARKS:
WEIGHT:
EYES: BR
TATOOS:

E. VEHICLE MAKE: PORSCHE 93
LICENSE NO. :
COLOR: BLACK
STATE: CA
PICTURE: Y
VEHICLE MAKE:
LICENSE NO. :
COLOR:
STATE:

– never paid salary, royalties, benefits, illegal use of my SS# — Identity Theft Victim

PLAINTIFF INFORMATION:

A. NAME : JOANN FONZONE aka Judy McGrath Pres. CEO MTV

B. ADDRESS : 2070 WALBERT AVE
2 APT B
3 ALLENTOWN PA 18104

NOTES:
PHONE: (610) 437-5593
COUNTY: LEHIGH
MUNCIPAL: SOUTH WHITEHAL
PHONE: (000) 000-0000
COUNTY:
WORK HRS:
PHONE: (000) 000-0000
COUNTY:
NOTES:
PHONE: (000) 000-0000
COUNTY:
SCHOOL HRS:
S.S.N.: 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

C. EMPLOYER: MTV - VIACOM INC.
CONTACT : 1515 Broadway, NYC, NY 10036
ADDRESS :

D. CONTACT : and see list sent to
ADDRESS : IRS in March 1997

E. SCHOOL : alleging tax fraud of employees
ADDRESS :

F. D.O.B.: 19-Jul-1958

G. IS PLAINTIFF STILL LIVING WITH DFT: NO.

I left Southern California June 14, 1994 and am legally separated not yet divorced since then.

IS THIS AN EVICTION? (Y/N): N

HEARING DATE: 23-Jan-1997 10:30 AM

ATTY FOR PLAINTIFF:
ROOM: 604
PHONE: 000 000-0000

POLICE JURISDICTION OF PLAINTIFF'S RESIDENCE: S WHITEHALL TWSP PD

POLICE JURISDICTION OF PLAINTIFF'S CONTACT:

POLICE JURISDICTION OF PLAINTIFF'S EMPLOYMENT:

POLICE JURISDICTION OF PLAINTIFF'S SCHOOL:

ADDITIONAL INFORMATION:

Alex Palman — legal malpractice judgment

Continuos Vicarious abuse

8. Because the Plaintiff fears what the Defendant may do in the future, Plaintiff seeks the relief prayed for hereinafter.

THEREFORE, the Plaintiff requests that this Honorable Court enter an Order providing to the Plaintiff the following relief:

a. Directing the Defendant to refrain from stalking, abusing, threatening, or harassing the Plaintiff ~~and the minor child(ren)~~; or ordering such or paying for such abuse or vicarious abuse

b. Directing the Defendant be ~~evicted and~~ excluded from the premises at: 2070 WALBERT AVE APT B ALLENTOWN PA 18104 or any other residence where the Plaintiff ~~and the minor child(ren) may come to reside~~ resides, place of employment or travels.

c. Directing the Defendant to surrender the following weapon(s); Professional licenses and authority to order abuse & arrest of me and directing the Sheriff of Lehigh County to confiscate them;

~~d. Custody of the following minor child(ren):~~
N/A

~~( )a. is temporarily awarded to Plaintiff.~~
~~( )b. is to remain as per existing custody order, No.~~
~~( )c. is awarded to Plaintiff, temporarily superseding existing custody order, No. N/A~~
~~( )d. is temporarily awarded to~~
~~( )e. temporarily superseding existing custody order, No. N/A is temporarily awarded to~~

e. Directing that the Order remain in effect for a term of one year from the date of its entry;

f. Granting such other relief as your Honorable Court deems to be in the best interests of the parties.

[signature] or [signature]
Plaintiff

AFFIDAVIT

I verify that the statements made in this Petition are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. 4904, relating to unsworn falsification to authorities.

Date: 17-Jan-1997

[signature] or [signature]
Affiant

CK: CAOSAP 1997 60

# EX. C