

# First Judicial District of Pennsylvania

*51CR00081562013*
*Jo Ann Fonzone*

---

*Hearing Volume 1*
*November 21, 2013*



*First Judicial District of Pennsylvania*
*100 South Broad Street, Second Floor*
*Philadelphia, PA 19110*
*(215) 683-8000   FAX:(215) 683-8005*

*Original File 2013^11-21^Jo^Ann^Fonzone.txt, 23 Pages*
*CRS Catalog ID: 14061252*

51CR00081562013
Jo Ann Fonzone

Page 1

[1]         IN THE COURT OF COMMON PLEAS
       FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
[2]             CRIMINAL TRIAL DIVISION

[3]
COMMONWEALTH        :
[4]                 :
     v.     : CP-51-CR-0008156-2013
[5]                 :
JO ANN FONZONE      :
[6]

[7]

     Courtroom 508, Criminal Justice Center
[8]
       Philadelphia, Pennsylvania
[9]

[10]
        November 21, 2013
[11]

[12]   BEFORE: THE HONORABLE ANGELO FOGLIETTA, J.

[13]          STATUS

[14]

[15]
     IMPORTANT NOTICE: Photocopying or otherwise
[16] duplicating this transcript is strictly prohibited
     by law. As provided in Pa. R.J.A. No. 5000.7,
[17] unauthorized photocopying or duplication without
     express approval by the court reporter shall be
[18] subject to all appropriate legal proceedings,
     including, but not limited to, commencement of
[19] civil action against the perpetrator/s and
     notification to the Supreme Court of Pennsylvania
[20] Disciplinary Board. See also 18 C.P.S.A., Rule
     3926, Theft of Services, and the last page of this
[21] transcript.
[22] REPORTED BY:    JANET M. MANSFIELD, RPR
                OFFICIAL COURT REPORTER
[23]
[24]
[25]

Page 2

[1] APPEARANCES:
[2]   ELIZABETH KOTCHIAN, ESQUIRE
      Assistant District Attorney
[3]   Attorney for the Commonwealth
[4]   DEBRA RAINEY, ESQUIRE
      Attorney for the Defendant
[5]

[6]
[7]
[8]
[9]
[10]
[11]
[12]
[13]
[14]
[15]
[16]
[17]
[18]
[19]
[20]
[21]
[22]
[23]
[24]
[25]

Page 3

[1]      (In open court.)
[2]   THE COURT: Swear him in.
[3]   (The witness was sworn.)
[4]   THE COURT CRIER: Sir, state your
[5] full name and spell your last name.
[6]   THE WITNESS: Robert Foster,
[7] F-O-S-T-E-R.
[8]   THE COURT CRIER: Occupation, sir?
[9]   THE WITNESS: Attorney.
[10]    THE COURT: Mr. Foster, you were
[11] here, and you were talking about a
[12] discussion between counsel regarding a
[13] certain subpoena and things like that.
[14]    You have something you want to
[15] add?
[16]    THE WITNESS: What I'm going to add
[17] is that Mr. Oteri had tried to figure
[18] out what was going on with the subpoenas
[19] by contacting both the DA's office and
[20] the attorney that had sent the
[21] subpoenas, and he was given conflicting
[22] messages such as, "Don't show up on the
[23] 21st, the hearing is the 9th, you don't
[24] have to show up because you've already
[25] been excused."

*(handwritten: Why did My lawyer subpoena Oteri's lawyer !!! off)*

Page 4

[1]    THE COURT: Without getting into
[2] hearsay, you said he received
[3] conflicting messages?
[4]    THE WITNESS: Right. He never made
[5] arrangements to take today off.
[6]    THE COURT: Is this what he told
[7] you?
[8]    THE WITNESS: Yes.
[9]    MS. RAINEY: Judge, I never spoke
[10] to Mr. Oteri. So I'm not sure what
[11] counsel is talking about.
[12]    THE WITNESS: Mr. Oteri was somehow
[13] aware of the December 9th trial date,
[14] which is why Ms. Fonzone is in
[15] Baltimore. I don't know how he learned
[16] about that date.
[17]    THE COURT OFFICER: There was a
[18] listing for 12/9, but it never actually
[19] got into the dates. In the docket, it
[20] does say a 12/9 date, which was back on
[21] October 2nd, trial scheduled. Then
[22] there was a trial listed for 10/3, and
[23] then --
[24]    THE COURT: It was bifurcated to
[25] 10/3, and then we had some discussion,

1562013
zone

Page 5

and I have on my notes here highlighted in yellow, "Bifurcated trial scheduled for November 21st, 2013, must be tried

THE COURT OFFICER: That's absolutely correct, Your Honor. But what I'm saying is 10/2, when the trial was initially scheduled, 12/9 was the trial date.

THE COURT: Originally.

MS. RAINEY: And when you look in the docket, it still appears. That's why I called you to say why are we listed for 12/9.

THE COURT: And I told you that we're listed for Thursday. This was on Monday, right?

MS. RAINEY: Right, Tuesday or Monday. I don't remember. I contacted Mr. Foster, because he and I had been speaking before I called you say to, "What the hell?" It's 12/9."

THE COURT: You said more than that, but that's okay.

MS. RAINEY: I called him back and

Page 6

[1] I said, "No, I talked to the Judge, it's
[2] for 11/21." I texted my client then to
[3] say, "Make sure we're here for 11/21,
[4] we're on, we're ready to go."
[5]     My subpoena, regardless of all of
[6] this, says 11/21 in Courtroom 508 at
[7] 9:00 am. It doesn't say anything about
[8] December 9th. I never spoke to
[9] Mr. Oteri --
[10]     THE COURT: I'll take these items
[11] seriatim. The first item with regard
[12] to -- don't walk away.
[13]     MS. RAINEY: I'm not, Judge. I'm
[14] sorry.
[15]     THE COURT: I hate when you turn
[16] your back to me.
[17]     MS. RAINEY: Sorry about that.
[18]     THE COURT: With regard to the
[19] defendant, the defendant was advised at
[20] least three days ago that today was the
[21] date of the hearing by you, correct?
[22]     MS. RAINEY: Yes, sir.
[23]     THE COURT: And she's not here.
[24]     MS. RAINEY: Yes, sir.
[25]     THE COURT: And you have no problem

Page 7

with that. I mean I appreciate your candor to the Court. And if this matter does proceed, that we'll proceed in absentia.

MS. RAINEY: That's exactly what I told my client via text.

THE COURT: So that resolves that issue.

MS. KOTCHIAN: I would ask for a bench warrant and to proceed in absentia.

THE COURT: Now, with regard to your subpoena, which everyone agrees that Mr. Oteri for the Phillies received, what is your request?

MS. RAINEY: Your Honor, my request at this point is -- and, unfortunately, I can't make the normal discovery request, because it's not the DA's fault he's not here.

I'm going to ask the Court later on to instruct yourself, like you would a jury, missing witness, why they're missing, because clearly they're not here, because what they have to offer is

*[handwritten margin notes:]* No I was to appear Nov 21 - 50th anniversary JFK death - that's what he all agreed on Oct 3.

Page 8

[1] probably not what they want out there.
[2]     I have no other argument to make,
[3] and that's why that particular jury
[4] trial instruction exists.
[5]     THE COURT: You want the adverse
[6] inference jury instruction given to
[7] myself; is that what you're saying?
[8]     MS. RAINEY: That's what I would be
[9] asking you to do.
[10]     MS. KOTCHIAN: Your Honor, as I
[11] stated before on the record, Mr. Oteri
[12] called me. Because we didn't speak, we
[13] just left messages for each other. He
[14] said -- I called him right after October
[15] 3rd and said, "It's getting postponed
[16] you'll get a subpoena in the mail, you
[17] don't have to be there," because that's
[18] my recollection of what happened on
[19] October 3rd.
[20]     Because we had a statement, she
[21] wanted to cross-examine him on it. I
[22] said, "He's been on the stand for two
[23] hours, we don't need him back, I'm not
[24] going to subpoena him."
[25]     THE COURT: So she subpoenaed him.

Ann Fonzone

Page 9

MS. KOTCHIAN: Yes. I didn't realize that, Your Honor. So when he called me and said, "Do I have to come," I said, "No, you don't. We send those out automatically, but you don't need to be there."

THE COURT: Where is Mr. Oteri physically?

MS. KOTCHIAN: He works for a delivery company, Your Honor. He contacted me when he first received the subpoena back in October, very concerned, and said if he really needed to be there, he could come in January, but November and December are very busy because of other colleagues that are out, that he wouldn't be able to take off this date, and probably not be able to take off any date in December either. He drives a route. I didn't realize --

THE COURT: It appears to be an honest mistake. And, Ms. Kotchian, thank you for your candor. She told the witness that you subpoenaed that he

Page 10

[1] didn't have to honor the subpoena,
[2] thinking it was hers he was calling
[3] about and not yours. So I understand
[4] that.
[5] MS. RAINEY: My only concern, as an
[6] officer of the court, we all have a duty
[7] to alert witnesses. I subpoenaed you.
[8] You don't have to respond to my
[9] subpoena. However, sir, the other side
[10] has a right to subpoena you. If they
[11] do, I can't speak on behalf of that
[12] subpoena. I do it all the time. DAs do
[13] it all the time.
[14] So to just say I told him it was
[15] mine, "You don't have to come," without
[16] ensuring he understands that the other
[17] side has a right to subpoena him was
[18] disingenuous.
[19] THE COURT: I don't think it's
[20] disingenuous. I think it may not have
[21] been the best advice.
[22] Ms. Kotchian has been before me
[23] before, and she's an officer of the
[24] court, and I'm taking her at her word
[25] she was under the impression the call

*[handwritten: I told Rainy 4 witnesses I wanted her to subpoena that I had already served.]*

Page 11

she got from Mr. Oteri was regarding her subpoena.

She wasn't aware you subpoenaed him. So therefore she advised him he didn't need to honor that subpoena. So -- because she didn't need him anymore. I understand that.

I know what you're saying, but I am taking her at her word that's what occurred. Now --

MS. RAINEY: Your Honor.

THE COURT: -- we can do one of two things.

MR. FOSTER: Your Honor, am I done?

THE COURT: Done what?

MR. FOSTER: Testifying. Any questions for me?

THE COURT: I don't know. Are you going to call him?

MS. RAINEY: I am, because he's got to authenticate some of the documents.

THE COURT: Then you're going to be a witness in this case. Don't go anywhere.

*[handwritten: what documents?]*

Page 12

[1] MR. FOSTER: I was planning on
[2] staying anyway. I didn't know if you
[3] wanted me to be standing up here.
[4] THE COURT: You can have a seat.
[5] MS. RAINEY: My only question that
[6] I'd ask the Court to consider when did
[7] Mr. Oteri contact the DA's office in
[8] relation to when he received my
[9] subpoena.
[10] He would not have received my
[11] subpoena before the end of October. I
[12] did not send out either the duces tecum
[13] or my personal appearance subpoena until
[14] two weeks after we had been in here.
[15] So counsel knows when she would
[16] have sent her subpoena out. So he
[17] couldn't have been calling her about her
[18] subpoena.
[19] Understand my frustration,
[20] particularly since these are the
[21] documents that Phillies counsel
[22] graciously gave to me as a result of the
[23] subpoena duces tecum I sent. I knew
[24] based on Mr. Oteri's testimony on direct
[25] and cross that if some of the stuff he

*[handwritten: ?]*

Page 13

said existed, I would need it to challenge his credibility.

That's why I sent the duces tecum and why I asked you for the bifurcation. Then for him not to be here just all the more is frustrating.

THE COURT: I understand you're frustrated. We'll note that for the record, Ms. Rainey is frustrated.

MS. KOTCHIAN: Can I put on the record this case has had over 45 listings and Mr. Oteri has been subpoenaed for almost all of them, and that routinely the case has gotten continued.

He's used to call me, saying "I got a subpoena, do I have to come," and most of the time I said no, because he's only actually testified on two dates out of the numerous, numerous times this case has been listed.

THE COURT: I've already made the determination, and to the effect there's a ruling, the ruling that it was an honest mistake why Mr. Oteri isn't

*[handwritten: Yeah old prosecution continuences]*

Page 14

[1] here.

[2]     So, Ms. Rainey, I think we can do
[3] one of two things. You've already
[4] agreed that your client was advised and
[5] she decided not to show up for a hearing
[6] for which she was subpoenaed.

[7]     So that's an issue you have to deal
[8] with, and if we did proceed, like I
[9] said, we would proceed in absentia.

[10]     However, with regard to presenting
[11] your case, I mean do you want to go
[12] forward today --

[13]     MS. RAINEY: Not without -- sorry.

[14]     THE COURT: -- with the request
[15] that I make an adverse inference with
[16] regard to what he would have testified
[17] to?

[18]     I'm going to tell you I'm not going
[19] to make the adverse inference because I
[20] believe there was an honest mistake.

[21]     So the alternative is even though I
[22] have "must be tried both," do you want
[23] to give it another date?

[24]     MS. RAINEY: I would ask you to
[25] give another date, issue a bench warrant

Page 15

nunc pro tunc for Miss Fonzone, order her to be here tomorrow in front of you. If she doesn't have a legitimate reason for why she's not here, do what you do, hold her in contempt.

She has no reason not to be here. I'm not making excuses for her, but her not being here has nothing to do with the other part of this mess.

THE COURT: I know that.

MS. RAINEY: I'm going --

THE COURT: We were going -- basically I'm telling you that we would proceed in absentia, that's fine, if you are prepared to proceed without Mr. Oteri being here.

MS. RAINEY: I'm not. Not if you're not going to do the adverse inference, I'm not. I'm being honest with the Court, straightforward.

MS. KOTCHIAN: He certainly can't take off. If I tell him now, he can't take off tomorrow.

THE COURT: I understand that. Like I said numerous times, I do believe

Page 16

[1] it was an honest mistake. So I'm not
[2] going to make an adverse inference.

[3]     But he was legitimately subpoenaed
[4] and because of a, I guess, inadvertent
[5] mistake on your part -- inadvertence on
[6] your part that he wasn't advised to
[7] honor the subpoena. So we'll give it
[8] one more date.

[9]     MS. RAINEY: I would ask the Court
[10] to issue an order to the Phillies
[11] organization to ensure he's here.
[12] They're who I sent the subpoena to, to
[13] counsel.

[14]     So I think counsel for the Phillies
[15] should take some responsibility for
[16] this, particularly since we had a phone
[17] call and he assured me --

[18]     THE COURT: Who?

[19]     MS. RAINEY: Mr. Foster and I
[20] talked. He e-mailed me. We played
[21] e-mail tag. He finally said, "Did you
[22] get any stuff? No." He re-sent it. I
[23] called him. We both addressed thinking
[24] this matter had been moved to 12/9. He
[25] checked the docket, saw the same thing I

Page 17

did.

We talked on the phone, and he said to me, "I sent you the documents, Ms. Rainey. Do you need me to be there? No. Just please make sure Oteri is there." He said to me -- and I may have misunderstood his words -- "I will make sure" or "I'll see what I can do to make sure court is for November 21st."

THE COURT: And I understand Mr. Oteri is not at present an employee of the Phillies, correct?

MS. KOTCHIAN: I think he's still. I don't --

THE COURT: I thought he was working for a delivery company.

MS. RAINEY: He works for both.

MS. KOTCHIAN: He works for the Phillies during the season, but his day job is he's a delivery driver. He works that year-round.

THE COURT: I'm going to assume Mr. Foster made an effort to have him here and was unsuccessful.

MS. RAINEY: That's fair. I'm just

Page 18

[1] asking that you order to make sure he's
[2] here on our next court date.
[3]     THE COURT: I'm going to order him
[4] to make every effort to make sure he's
[5] here. If you can do that, that's fine.
[6] But I'm not going to issue any order or
[7] any sanctions or anything like that,
[8] because I don't think you have absolute
[9] control over him because he's not
[10] working for the Phillies at the time,
[11] correct?
[12]     MR. FOSTER: That's correct. He's
[13] a game day employee. I can come here
[14] and say the subpoena is not valid since
[15] he's not working for the Phillies at the
[16] time the subpoena was issued, but he
[17] knew about it, and that's fine.
[18]     MS. RAINEY: May I ask counsel to
[19] provide me an address so I can get a
[20] personal appearance subpoena filed by my
[21] investigator to him?
[22]     MR. FOSTER: I'll see what I can
[23] do. I'll call and get the address.
[24]     THE COURT: Let me tell you this.
[25] I order you that if you have a current

Page 19

address for Mr. Oteri, you provide it to defense counsel.

MR. FOSTER: I will turn it over, Your Honor.

THE COURT: Very well. Anything else?

MS. RAINEY: That's it.

THE COURT: Anything?

MS. KOTCHIAN: The bench warrant nunc pro tunc, and we'll get a date in January.

THE COURT: I'm going to issue a bench warrant nunc pro tunc on Ms. Fonzone.

There was no inadvertence for her not being here other than the fact she disobeyed a valid subpoena to be here even after speaking to her attorney that she had to be here today.

THE COURT CRIER: What I was going to say is she does know it, because she signed a subpoena for 12/9.

THE COURT: For today.

MS. RAINEY: I had signed for her for --

Page 20

[1]     THE COURT CRIER: She signed for a
[2] subpoena for 12/9, which was my
[3] mistake. So I realized as soon as
[4] Ms. Fonzone left, Deb was still here, I
[5] texted her. Fonzone was not coming
[6] back. She didn't want to come back.
[7] She left, had the 12/9, 12:00 time
[8] certain.
[9]     MS. RAINEY: She had that train to
[10] catch. I came in and signed the 11/21.
[11]     THE COURT: The bottom line is you
[12] told her after we spoke on the phone
[13] that 12/9 is not the date, that the next
[14] date would be today, 11/21/13, and you
[15] told her she had to be here. In spite
[16] of that, she willfully did not appear.
[17]     MS. RAINEY: That's exactly right.
[18]     THE COURT CRIER: We're looking for
[19] a January date?
[20]     MS. RAINEY: I don't know.
[21] Whatever date works with the calendar.
[22]     THE COURT CRIER: I have the week
[23] of January 20th. How is the 22nd? It's
[24] a Wednesday.
[25]     MS. RAINEY: For the record, Your

Page 21

[1]      Honor, at 12:18, I received a text from
[2]  Ms. Fonzone, "I'm scheduled tomorrow. I
[3]  will be there. I'm in court for a _____ friend
[4]  federal," something, "today." I don't
[5]  know what that means.
[6]      THE COURT:  She said she's going to
[7]  be here tomorrow?
[8]      MS. RAINEY:  Yes, sir.  What does
[9]  that mean?
[10]     THE COURT:  I don't know what it
[11]  means.
[12]     MS. RAINEY:  She's going to come in
[13]  tomorrow and sign her own subpoena. I'm
[14]  not signing for her anymore because
[15]  that's what she does.
[16]     THE COURT:  Okay.  We'll issue a
[17]  bench warrant nunc pro tunc for her to
[18]  be here tomorrow since Ms. Rainey has
[19]  indicated that she's aware of it and
[20]  said she would be here.
[21]     Okay.  We're listing it for when?
[22]     THE COURT CRIER:  January 22nd.  I
[23]  have to put it on the list for tomorrow.
[24]     THE COURT:  Right.
[25]     THE COURT CRIER:  Off the record.

Page 22

[1]      (Discussion held off the record.)
[2]      THE COURT CRIER:  Judge, I'm going
[3]  to list it for status tomorrow.
[4]      (The proceedings were concluded.)
[5]           ***
[6]
[7]
[8]
[9]
[10]
[11]
[12]
[13]
[14]
[15]
[16]
[17]
[18]
[19]
[20]
[21]
[22]
[23]
[24]
[25]

Page 23

C E R T I F I C A T I O N


     I HEREBY certify that the proceedings
and evidence are contained fully and accurately in
the notes taken by me in the above cause, and this
copy is a correct transcript of the same.




_____
     JANET M. MANSFIELD, RPR
     Official Court Reporter




     (The foregoing certification of this
transcript does not apply to any reproduction of
the same by any means unless under the direct
control and/or supervision of the certifying
reporter.)



D-1

# Trial Disposition and Dismissal Form

| | | |
|---|---|---|
| ____ Currently in County Prison | ____ ARD | Page: _____ 1 of _____ 1 |
| ____ Intake given at time of Plea | ____ Standard | Date: _____ |
| ____ Plea | ____ Revo. (Prob./Parole) | PSI Agent: _____ |
| ____ Plea & Sentencing | ____ ICC | Court Rep. Initials: _____ |
| ____ Trial | ____ Bench Warrant Review Hearing | Case Assigned To: _____ |
| ____ IPP | | Collections Initials: _____ |
| File # _____ | Presently on supervision with P.O. _____ | |

## DISPOSITION / COMMITMENT

| | | |
|---|---|---|
| Name: **Fonzone, Jo Ann** | DOB: _____ | D.A.: Philadelphia County District Attorney's Office |
| Race: Caucasian   Sex: Female | SSN: _____ | Disp. Authority: Kosinski, Gerard A. |
| Sentencing Date: _____ | Time: _____ | Typing Date: _____ |
| Defense Counsel: _Jetnp Fonz_ | PID: 1097190 | Court Room: 504 |
| 48 Hrs: _____   30 Days: _____ | 90 Days: _____ | BAC: _____   CRN Date: _____ |

| DOCKET OTN DATE of OFFENSE | COUNT - OFFENSE FINE RANGE PLEA | OFFENSE CODE GRADE | DISPOSITION DISPOSITION DATE SENTENCING DATE | FINES COSTS REST |
|---|---|---|---|---|
| MC-51-CR-0043169-2010 N 705589-3 10/06/2010 | 1 - Resist Arrest/Other Law Enforce | 18§5104 M2 | Dismissed – Rule 1013 (Speedy Trial) Disposition Date: 08/22/2012 Disposing Authority: Kosinski, Gerard A. | Costs Fines EMSA MCARE Rest |
| MC-51-CR-0043169-2010 N 705589-3 10/06/2010 | 2 - Disorderly Conduct Engage In Fighting | 18§5503§§A1 M3 | Dismissed – Rule 1013 (Speedy Trial) Disposition Date: 08/22/2012 Disposing Authority: Kosinski, Gerard A. | Costs Fines EMSA MCARE Rest |
| | | | | Costs Fines EMSA MCARE Rest |
| | | | | Costs Fines EMSA MCARE Rest |
| | | | | Costs Fines EMSA MCARE Rest |

**Comments:**

I HEREBY CERTIFY the foregoing to be a true and correct copy of the original _DISPOSITION_ be filed in this office.

Date: _11-15-12_

Active Criminal Records
Criminal Motion Court Clerk
First Judicial District of Pa.

Issuing Authority:

Gerard A. Kosinski

Exh. 12

## Trial Disposition and Dismissal Form

| | | | |
|---|---|---|---|
| ____ Currently in County Prison | ____ ARD | Page: | _____ 1 of _____ 1 |
| ____ Intake given at time of Plea | ____ Standard | Date: | _____ |
| ____ Plea | ____ Revo. (Prob./Parole) | PSI Agent: | _____ |
| ____ Plea & Sentencing | ____ ICC | Court Rep. Initials: | _____ |
| ____ Trial | ____ Bench Warrant Review Hearing | Case Assigned To: | _____ |
| ____ IPP | | Collections Initials: | _____ |
| File # _____ | Presently on supervision with P.O. _____ | | |

### DISPOSITION / COMMITMENT

Name: **Fonzone, Jo Ann** — DOB: _____ — D.A.: Philadelphia County District Attorney's Office

Race: Caucasian   Sex: Female — SSN: _____ — Disp.Authority: Kosinski, Gerard A.

Sentencing Date: _____ — Time: _____ — Typing Date: _____

Defense Counsel: ~~Earl Douglas~~ Jo Ann Fonzone   PID: 1097190 — Court Room: 503

48 Hrs: _____   30 Days: _____   90 Days: _____   BAC: _____   CRN Date: _____

| DOCKET OTN DATE of OFFENSE | COUNT - OFFENSE FINE RANGE PLEA | OFFENSE CODE GRADE | DISPOSITION DISPOSITION DATE SENTENCING DATE | FINES COSTS REST |
|---|---|---|---|---|
| MC-51-CR-0043169-2010 N 705589-3 10/06/2010 | 1 - Resist Arrest/Other Law Enforce | 18§5104 M2 | Dismissed - Rule 1013 (Speedy Trial) Disposition Date: 08/22/2012 Disposing Authority: Kosinski, Gerard A. | Costs/ ____ Fines ____ EMSA ____ MCARE ____ Rest |
| MC-51-CR-0043169-2010 N 705589-3 10/06/2010 | 2 - Disorderly Conduct Engage In Fighting | 18§5503§§A1 M3 | Dismissed - Rule 1013 (Speedy Trial) Disposition Date: 08/22/2012 Disposing Authority: Kosinski, Gerard A. | Costs/ ____ Fines ____ EMSA ____ MCARE ____ Rest |
| | | | | Costs/ ____ Fines ____ EMSA ____ MCARE ____ Rest |
| | | | | Costs/ ____ Fines ____ EMSA ____ MCARE ____ Rest |
| | | | | Costs/ ____ Fines ____ EMSA ____ MCARE ____ Rest |

**Comments:** 1013 Motion Granted. 237 Days. (ADA:Elizabeth Kotchian, Defendant:Jo An Fonzone, Steno:Bill Geftman, Court Clerk:Shante Fleet)

Issuing Authority: 

Gerard A. Kosinski

MC-51-CR-0043169-2010 Comm. v. Fonzone, Jo Ann
Dismissed - Rule 1013 (Speedy Trial)

2731595791

Printed: 8/22/2012  11:13 AM



**GERARD A. KOSINSKI**
JUDGE

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
PHILADELPHIA MUNICIPAL COURT
JUDICIAL CHAMBERS

1316 CRIMINAL JUSTICE CENTER
1301 FILBERT STREET
PHILADELPHIA, PA 19107
(215) 683-7244/45
Fax: (215) 683-7246

November 17, 2012

Joann Fonzone
2242 W. Tilghman St.
Apt. C 1
Allentown, PA 18104-4392

MC-51-CR-0043169-2010

Dear Ms. Fonzone,

I am in receipt of your Petition to Expunge.  I cannot rule on the Petition since I have no jurisdiction to do so.  Only a Philadelphia Common Pleas Court Judge has such jurisdiction. I am sending your paperwork back to you.

Also the Commonwealth has appealed my decision.  That hearing will be on December 17th, 2012, Courtroom 504, Criminal Justice Center, 9 AM.

Sincerely,

Gerard A. Kosinski
Judge, Philadelphia Municipal Court

ADA Caroline McGlynn, Chief, South Division
GAK/ss

PETITION TO EXPUNGE

MC-51_CR-0043169-2010

To the Honorable Judges of the Municipal Court of Philadelphia:

The Petition of Jo Ann Fonzone aka Judy McGrath, by her attorney Jo Ann Fonzone, respectfully represents :

1. That your Petitioner was arrested on October 6, 2010 and charged with disorderly conduct.

2. That as a result of said arrest, she was photographed and fingerprinted by the Philadelphia police department or their agents in the City and County of Philadelphia, Pennsylvania.

3. That on August 22, 2012, defendant was in front of the Honorable Judge Kosinsky ,courtroom 53, located at 1301 Filbert St. , Philadelphia, PA, who dischrged her on the aforementioned charge.

4. That as a result of this arrest and subsequent photographing and fingerprinting, she has been caused to suffer embarrassment and irreparable harm.

5. That the Commonwealth of Pennsylvania will not be harmed by the granting of this petition.

WHEREFORE, your petitioner respectfully prays that your Honorable Court direct the commissioner of the Philadelphia Police department , the Honorable Judge Kosinski, to expunge the fingerprints, photographs, record of arrest of Jo Ann Fonzone aka Judy McGrath from the files of the Department and deliver to your petitioner all records of the arrest and prosecution and that the Philadelphia Police Commissioner request that the Pennsylvania State Police and the Federal Bureau of Investigation return all records pertaining to the same arrest to Petitioner's attorney and that the Deputy Court Administrator for Data Processing remove all references pertaining to the same arrest from the computer indexes of the Municipal Court of Philadelphia.

_Jolenn Joy, ESQUIRE_

Attorney For Pejitoner

Joann Fonzone Esq
2242 W Tilghman St Apt C1
Allentown, PA 18104-4392

COMMONWEALTH OF PA

     VS.                         MC-51-CR-0043169-2010

JO ANN FONZONE  AKA  JUDY MC GRATH


ORDER



IT IS  ORDERED  THAT  on the _____ day of _____, 2012,  the record  of  Jo Ann Fonzone, aka Judy Mc Grath, dob 07/19/58,  SSN #1688 of the arrest  of October 6, 2010  for disorderly conduct and  reisitng arest  is hereby  EXPUNGED. The  defendant was acquitted of all charges on August 22, 2010 when the case was dismissed with prejudice in Municipal Court room 503 , pursuant to  defense motion 1013  and rule 555 of the Philadelphia Rules of Criminal Procedure.

It is further ORDERED that the  Philadelphia Police department  Commissioner  deliver all records of the arrest and prosecution to  Petitioner's attorney Ms. Fonzone and request that the PA State Police and the Federal Bureau of Investigation  return all records pertaining to the same arrest to petitioner's attorney and that the Deputy court Administrator for Data Processing remove all references pertaining to the same arrest from the computer indexes  of the Municipal Court of Philadelphia.



                         J._____





**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF LEHIGH**

JoAnn Fonzone
aka Judy McGrath  Plaintiff

VS.

Cary Woods AKA DAVID LOEW
AKA DAVID LEE ROTH
Defendant

97-PF-61
FILE NO. 2006-FC-1580

CIVIL DIVISION

**CIVIL SUBPOENA TO PRODUCE DOCUMENTS OR THINGS**
**FOR DISCOVERY PURSUANT TO RULE 4009.22**

TO: Chase Manhattan Bank Legal Department
(Name of Person or Entity)

Within twenty (20) days after service of this subpoena, you are ordered by the court to produce the following documents or things: account Information including but not limited to Credit lines personal + corporate (Warner Independent Pictures MTV Networks and any others J.P. Morgan Chase, J.P. Morgan Securities, Chase Bank Chase Investment Services, Chase Insurance Agency, Chase Bankcard checking savings and Chase Manhattan Bank _(Address)_ Information (personal + corporate) of the defendant

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above. You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:**

NAME: JoAnn Fonzone ESQUIRE
ADDRESS: 2242 Tilghman St #1 c
Allentown PA 18104
TELEPHONE: 610-434-3155
SUPREME COURT ID # applic. 97 to wave in

BY THE COURT: Andrea E. Naugle
Clerk of Judicial Records

_____ Deputy

DATE: 10/06/09

SEAL OF THE COURT

(Rev. 7/08)

ETURN OF SERVICE:

On the _____ day of _____

October, 20 09 I, hAnn Fonzone ESQUIRE

served Chase Manhattan Bank

(name of person served)

with the foregoing subpoena by:

(Describe method of service)

certified mail

I verify that the statements in this return of service are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

DATE: 10/06/09

John Fonzone ESQUIRE

(signature)



Ms. Lora Askew
JP Morgan Chase
7610 W. Washington St.
Indianapolis, Indiana 46231

Dear Ms. Askew,

Re: Subpoena served at Chase Bank in New York City 10/08/09
Case : Jo Ann Fonzone aka Judy McGrath VS. Cary Woods aka David Loew aka David Lee Roth
Docket # 97-PFA-61, 06-FC -1580

To reply to your letter of March 12, 2010, I don't know why you were sent the subpoena. that was
served via certified mail last October to the legal department in NYC . The original subpoena which
was served was legible, and not the faxed copy that you got from Chase with an 847 area code
wherever that is.

A careful reading of the subpoena and the documents sent therein would make a reasonable person
understand that I did not request credit card information. I had a Visa with Washington Mutual since
2006, Chase acquired that bank in 2009.

I requested account information of the defendant in this divorce litigation at Chase Manhattan Bank
and its affiliates , including J.P. Morgan Chase as clearly stated on the subpoena of October 6, 2009.

The request or subpoena is called Discovery , a tool in a civil lawsuit, and allowed by the Rules of
Civil Procedure in any state. Since Chase Manhattan gave the estranged spouse a credit line , it is
difficult for me to believe that Chase Bank is unable to locate any record of such a transaction, a $50
MILLION dollar credit line. Certainly, if J.P. Morgan Chase does not have the account information ,
TIN or the social security numbers ,( including my social security number), that were provided in order to
obtain the credit line, then Chase Manhattan Bank in Manhattan, New York must have this
information.

Chase Bank is in willful contempt of a court ordered subpoena, and the Rule is 30 days from the date
of service to comply with a subpoena. I anticipate that Chase will cooperate and comply with the
subpoena by providing the requested information within 30 days or suffer financial sanctions for
non-compliance.

03/20/10                                                     Sincerely,

                                                             Jo Ann Fonzone, Esquire



Ms. Elizabeth Kottias
District Attorney's office
Three S.Penn square
Philadelphia, PA 1910

June 23, 2012

RECEIVED

JUN 2 7 2012

ACTIVE CRIMINAL RECORDS
CRIMINAL MOTION COURT

Re : Comm. v. Fonzone
MC-51-CR-43169-2010

Dear Ms. Kottias:

It is the defense's position that discovery has not yet been completed as there is outstanding discovery requests filed in September 2011 which have not been fully complied with by your office. (copies attached herein).

Pursuant to PaRCrim P 573(C)(2) and 573(D), defense hereby requests any and all names , addresses and dates of birth of any witnesses the prosecution intends to call . In addition, defense requests any and all witness statements, documents reports, exhibits or photographs intended for use by the prosecutor.

Some of the requested items which have not been provided , though requested on September 9, 2011, include: All police reports including Police form 48 of October 6, 2010 which is the police transport to hospital form, and Police form 48 of September 22, 2011, which is the police warrant unit transport form to hospital. Also, the bench warrant of September 21, 2011 constitutes a police report and has not been provided to the defense though requested repeatedly since then. ( then defense attorney was told that Ms. Fonzone had an appointment with her cardiologist September 21 and could not be in court that day). Other police reports not provided to defense include: a police report containing a police affidavit of probable cause signed by the arresting officers Kelecheswky and Bee. The police report containing the name of the complaining witness and alleged victim of disorderly conduct was similarly not yet provided to the defense.

Furthermore, videotape of the section at Citizen Bank park was requested and not yet provided to defense. Lastly, the fingerprints of the accused were not provided to the defense.

Since the case was first called to trial October 2010, there were three Court Orders for the district attorney to provide discovery. The defense has provided discovery and medical reports to previous asst. district attorneys.

Sincerely,

Jo Ann Fonzone, Esquire



Please file this PFA Order 97-PF61
in file # 2006-FC-1580.

Thank you.

John Tyro ESQUIRE



FILED
2009 OCT -6 PM 1:19
CLERK OF COURTS
LEHIGH COUNTY, PA

Note filing date:
October 6

The PFA Order Filed herein
at Exh. E.

31

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

MOTION ~~FAMILY~~/MISCELLANEOUS COURT DIVISION
DIVORCE

Jo Ann C. Fonzone AKA
Judy McGrath

_____ Plaintiff        2006- FC 1580

vs.

Cary Jay Woods
aka
David Loew aka        File No ( 97 PF -61 )

David Lee
Roth        Defendant

ORDER OF COURT

AND NOW, this __26th__ day of __December__, 2006

upon consideration of the attached petition, IT IS ORDERED that the Petitioner,

__Jo Ann C. Fonzone__, is hereby ☒granted/☐denied

permission to proceed in forma pauperis. ~~Defendant will incur all costs~~
~~fees of this litigation including but not limited to sheriff~~ (Ba)
~~service attorneys fees expense & court fees.~~

BY THE COURT:

__Alan Black__
Judge

FILED
2006 DEC 27  AM 9:36
CLERK OF COURTS
CIVIL
LEHIGH COUNTY, PA

NOW, 12/27/06 @ 9:50Am
COPIES OF THE WITHIN COURT
ORDER OR DECREE MAILED TO cmk
ALL INTERESTED PARTIES BY: