

*20 Court Appearances since Oct. 7, 2010*

# MUNICIPAL COURT OF PHILADELPHIA COUNTY
## DOCKET

**Docket Number: MC-51-CR-0043169-2010**

# CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Jo Ann Fonzone

Page 2 of 7

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Arraignment | 10/07/2010 | 9:25 am | B08 | Arraignment Court Magistrate James O'Brien | Scheduled |
| Arraignment Status | 11/09/2010 | 10:30 am | 404 | Judge Marsha H. Neifield | Scheduled |
| Trial | 12/22/2010 | 8:00 am | 503 | Judge Teresa Carr Deni | Scheduled |
| Status | 01/14/2011 | 9:00 am | 406 | Judge Kenneth J. Powell Jr. | Scheduled |
| Trial | 03/21/2011 | 9:00 am | 406 | Judge James M. DeLeon | Continued |
| Trial | 04/29/2011 | 9:00 am | 406 | Judge David C. Shuter | Scheduled |
| Bench Warrant Hearing | 06/16/2011 | 12:00 pm | 405 | | Scheduled |
| Trial | 07/18/2011 | 10:00 am | 503 | Judge Wendy L. Pew | Cancelled |
| Trial | 07/18/2011 | 10:00 am | 503 | Judge Wendy L. Pew | Scheduled |
| Status | 08/31/2011 | 8:30 am | 406 | Senior Judge Felice Rowley Steck | Continued |
| Status | 09/21/2011 | 8:30 am | 406 | Judge Marsha H. Neifield | Scheduled |
| Bench Warrant Hearing | 09/26/2011 | 12:00 pm | 888 | | Scheduled |
| Bench Warrant Hearing | 09/28/2011 | 8:30 am | 406 | Judge Marsha H. Neifield | Scheduled |
| Status | 10/19/2011 | 8:30 am | 406 | Judge Marsha H. Neifield | Continued |
| Status | 11/23/2011 | 8:30 am | 406 | | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|

## DEFENDANT INFORMATION

Date Of Birth:    07/19/1958    City/State/Zip: Allentown, PA 18104

Alias Name
Fonzone, Joann
Fonzone, Joanne
Judy, McGrath

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Fonzone, Jo Ann |

Printed: 11/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information

Darlene  Bishop
4929 Wissahickon  Ave
Philadelphia,  Pa 19144

To whom it may concern,

    My name is Darlene Bishop I am a associate of Joann Fonozone. On
September 26 2011 I was binging release and Ms. Fonozone and a few other
female were on they way to count, expect Ms Fonozone this letter is letting
you know she had to stay behind.

Sincerely Yours,

*Darlene Bishop*

Darlene Bishop



**TRANS-BRIDGE TOURS INC**
5925 TILGHMAN STREET, SUITE 40
ALLENTOWN, PA 18104

SEE REVERSE SIDE OF YELLOW
COPY FOR THE TICKET REFUND AND
TOUR CANCELLATION POLICIES

| | | | TOUR DATE | AMOUNT REC | BALANCE DUE |
|---|---|---|---|---|---|
| | | | 10/06/10 | 159 00 | .00 |

TOUR NUMBER     TOUR NAME

9120   DIVISION HOME GAME 1           THU
       SEAT: 24                                      ATTIME: 2:05pm

FARE FROM: ALLENTOWN GREEN HILLS, 5925 TILGHMAN ST
    DEPART: AFTER GAME

PASSENGER: FONZONE                                *********
                                                  073371-00
                                                  *********

PRICE: 158.00       OTHER:      .00
  R/V 158.00                            SOLD ON: 9/29/10  BY: GWO

**NO SMOKING,**
**FOOD OR BEVERAGES**     DRIVER AND TOUR DIRECTOR GRATUITY ARE NOT INCLUDED

A 0377       BIEBER, CARL R. TOURWAYS,
R E C E I P T  &  I T I N E R A R Y      ** NOT GOOD FOR TRAVEL **
M: PHILADELPHIA PA    PA   DEPART: Thu 07oct10     CONF#: 6642032401
TO: ALLENTOWN      PA   JOANN FONZONE        ONE WAY/ADULT
***  CITY  ***       ARRIVAL     LAYOVER     DEPARTURE    SCHEDULE
                                              12:30p 07oct10   BI  0304
PHILADELPHIA PA   02:40p 07oct10                         BI  0304
ALLENTOWN     PA

RE PAID:    $13.00    CASH           01715 PHILADELPHIA PA
X                     xx    CA/CA          07oct10 10:55a 1933
SURANCE:    $0.00     DOC #:              PHLT006
CESS BAG:   $0.00                       ** VOID IF DETACHED **
CESS VAL:   $0.00     ROAD REWARD
                      127 00 29  00204687 6

PHILLIES DIVISION SERIES HOME GAME 1
OCTOBER 6 (WED)

FONZONE (1)
SEAT 24                    G





# INFORMATION

Commonwealth of Pennsylvania
Court of Common Pleas
County of Philadelphia
1st Judicial District

**Commonwealth of Pennsylvania**
v.
**Jo Ann Fonzone**

Docket No: CP-51-CR-0008156-2013 — *Summary offense not misdemeanor*

The Attorney for the Commonwealth of Philadelphia County by this information charges that in the County of Philadelphia, Pennsylvania, Jo Ann Fonzone:

*There are no facts, Russell v US.*

COUNT 1:          Disorderly Conduct Engage In Fighting - (S)  — *this is misdemeanor D.C. not summary*

Offense Date: 10/06/2010      18 § 5503 §§ A1

With intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, engaged in fighting or threatening, or in violence or tumultuous behavior and the intent of the actor was to cause substantial harm or serious inconvenience, or the actor persisted in disorderly conduct after reasonable warning or request to desist

Citation of Statute
and Section:              1  18 § 5503 §§ A1 (S)

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth.

Philadelphia County District Attorney
R Seth Williams

CP-51-CR-0008156-2013 Comm. v. Fonzone, Jo Ann
Information Filed



7037924381



*PARS*



Page 1 of 1

COMMONWEALTH OF PENNSYLVANIA
PHILADELPHIA COUNTY

DC#: 10-03-062707
Dckt/MC#: MC51-CR-0043169-2010
Date: OCT 07, 2010

SID: 38180657

## Criminal Complaint      Misdemeanor

COMMONWEALTH OF PENNSYLVANIA VS. JO ANN FONZONE

ALIAS:

I, the undersigned, do hereby state under oath or affirmation:

(1) My name is:  BRANDON HARRIS    District Attorney's Representative

(2) I accuse  JO ANN FONZONE

who lives at 2242 Tildhman ST APT: 1 C Allentown PA 18104-

with violating the Penal Laws of Pennsylvania on or about  Wednesday, October 06,2010

in the County of Philadelphia.

(3) The acts committed by the accused were:

ON OCTOBER 6, 2010 AT 1 CITIZENS BANK WAY, PHILADELPHIA, PA THE DEFENDANT DID WITH
INTENT TO CAUSE A PUBLIC INCONVENIENCE ENGAGED IN FIGHTING OR THREATENING,
OBSCENE LANGUAGE OR TUMULTUOUS BEHAVIOR AND THE DEFENDANT DID ATTEMPT TO
AVOID A LAWFUL ARREST

In violation of Pennsylvania Penal Laws, section(s) and title(s)

Defendant has been fingerprinted

CHARGES:

| Code | Description | Grade | Counts |
|------|-------------|-------|--------|
| CC5104 | RESISTING ARREST | M2 | 001 |
| CC5503A1 | DISORDERLY CONDUCT-FIGHTING | M3 | 001 |

All of which is against the peace and dignity of the Commonwealth of Pennsylvania

(4) I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the
charges I have made.  This complaint has been reviewed and approved by EBONY  WORTHAM

A.D.A.

(5) I swear to or affirm the within complaint upon my knowledge, information and belief, and sign it on
10/07/2010  before Philadelphia Municipal Court Judge/Arraignment Court Magistrate.

_____          _____
Signature of Arraignment Court Magistrate        Signature of Affiant

On 10/07/2010    , the above named affiant swore or affirmed that the facts set forth in the complaint were true and
correct to the best of his/her knowledge, information and belief, and signed it in my presence.  I believe the
within affiant to be a responsible person and that there is probable cause for the issuance of process.



_____
Issuing Authority          Seal



1        IN THE MUNICIPAL COURT OF PHILADELPHIA
        FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
2             CRIMINAL TRIAL DIVISION

3               - - -

4
    COMMONWEALTH              :
5                       :
        -vs-          :
6                       :
    JOANN FONZONE          : MC-51-CR-0043169-2010
7

8               - - -

9          Motion to act as pro se

10             - - -

11        Criminal Justice Center

12          Courtroom 503

13       Philadelphia, Pennsylvania

14          June 13, 2012

15

16

17            - - -

18   BEFORE:  THE HONORABLE FELICE STACK, J.

19            - - -

20

21

22

23

24

25        THOMAS J. CAMPBELL, RPR
         OFFICIAL COURT REPORTER

1          THE COURT OFFICER:  Your Honor, this

2    is Case No. 4.

3          Raise your right hand.

4                  - - -

5          JOANN FONZONE, after having been

6    first duly sworn, testified as follows:

7                  - - -

8          THE COURT OFFICER:  State your name

9    for the record

10         THE DEFENDANT:  Joann Fonzone,

11   F-O-N-Z-O-N-E.

12         THE COURT:  For the record, Miss

13   Fonzone had Mr. Douglas Earl representing her

14   this morning, but she has told the Court and

15   told him that she doesn't want him

16   representing her anymore, so I'm going to

17   allow him to be withdrawn as counsel.

18         Now the issue we want to address is,

19   you would like to represent yourself.  Is that

20   correct?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  In order for you to do

23   that, we have to have a colloquy on the

24   record, meaning, ask you a lot of questions to

25   make sure you're a person who can represent

1 said that to you.

2   Now it must be tried.  If they don't

3 present their case at the next listing, it has

4 to be discharged.  That's what I said this

5 morning.  You didn't hear that because you

6 were too excited about the fact that it wasn't

7 going on today.  But that's what I said.

8 That's where we're at now.

9   THE DEFENDANT:  I understand that.

10   THE COURT:  Do you still want to

11 represent yourself at the next listing?

12   THE DEFENDANT:  Yes.  And I would

13 like to add this for the record:  I'm not now,

14 nor have I ever been, incompetent.  That all

15 resulted because the first private attorney I

16 hired didn't show up, about a year ago,

17 July 18 to be exact, and what I told the judge

18 when I was called -- when I was waiting for

19 the attorney that I had just hired, I guess

20 they didn't believe me, and then they made me

21 go have a psych eval.

22   I had a private psych eval.  I was

23 diagnosed posttraumatic stress disorder.  That

24 does not make a person incompetent.  I

25 suffered serious injuries on October 6, 2010.

1     And then I was dragged through mental health
2     court.  I was libeled and slandered.  The
3     facts were misrepresented to the presiding
4     judge, most recently Judge Neifield, who I
5     distinctly recall, and I do have the
6     transcripts, this can be verified, last year
7     and more recently, January 25, Judge Neifield
8     told the then attorney, Frumer, that if he
9     would talk to someone in the district
10    attorney's office, and I do have her name, I
11    believe it's Shae Roads, that the charges
12    would be withdrawn the next time.
13              Since all he did was continue the
14    case, and I had to subsequently get -- hire
15    another attorney, hoping to move this case to
16    resolution.  Then he was also told the same
17    thing.  The next court date was April 25 and
18    then May 23.  I mean, I seem to have to keep
19    coming back and back for continuance after
20    continuance.  I have, you know, ample
21    documented evidence.  The charge was
22    disorderly conduct.  It looks like a parking
23    ticket, and yet I seem to be dragged through
24    the system as -- and I was a victim, injured
25    victim --

1          MS. KOTCHIAN:  Ma'am, we're not --

2          THE DEFENDANT:  -- criminal --

3          MS. KOTCHIAN:  -- I ask -- I have to

4    object, Your Honor.  We're not talking about

5    the merits of the case.

6          THE COURT:  We're not.

7          Court treatment to be provided -- a

8    status report, 5/23.  Who represented you at

9    that?

10         MS. KOTCHIAN:  Those were pro se

11   motions filed by the defendant.

12         THE COURT:  Let's move ahead on the

13   issue.  She wants to represent herself at the

14   next listing.  I will make a determination

15   today if it seems you're competent to

16   represent yourself.  I don't mean competent

17   mentally.  I just mean legally competent.

18         THE DEFENDANT:  I'm an attorney, by

19   the way.

20         THE COURT:  Oh, you're an attorney?

21         THE DEFENDANT:  Yes.

22         THE COURT:  You didn't mention that.

23   You never mentioned that at all.

24         MS. KOTCHIAN:  Your Honor, she's

25   not --

1    THE DEFENDANT:  When someone says
2    you're incompetent, you have to hire -- I went
3    to law school in California.
4    THE COURT:  You have a law degree?
5    THE DEFENDANT:  Yes, Your Honor.
6    THE COURT:  Do you have a copy?
7    THE DEFENDANT:  Not with me.  I
     *obtained continuing education credits*
8    think six years ago I passed the bar, the last
9    time I was out there.
10   MS. KOTCHIAN:  Are you licensed to
11   practice in the Commonwealth of Pennsylvania?
12   THE DEFENDANT:  That's in the
13   process.
14   THE COURT:  But not -- right now
15   you're not licensed to practice in
16   Pennsylvania?
17   THE DEFENDANT:  Well, I don't know.
     *I moved in 2000.*
18   I have taken cases to the court of appeals.
19   Unless they're admitted, you can't file
20   anything.  I'm waiting for my -- depending
21   on -- this is, you know, sort of holding me
22   up.
23   THE COURT:  Do you have a license in
24   California to practice?
25   THE DEFENDANT:  Yes.

1    properly, then it's my job to speak --

2    Q    Actually --

3                    THE COURT:  That's what we call

4    court decorum.  We can't allow people yelling

5    out.

6                    THE DEFENDANT:  I'm professional,

7    but if I hire a lawyer that's not properly

8    representing me, I'd rather speak for myself.

9    BY MS. KOTCHIAN:

10   Q    What I'm saying is that -- I'm telling you,

11   it's a rule of the court, you can't speak unless

12   Judge Stack allows you to speak.  Do you think

13   that's the kind of rule you can comply with?

14   A    Yes, and I have for many years, 30-some years.

15                   THE COURT:  Do you have anything

16   else?

17                   MS. KOTCHIAN:  No.

18                   THE COURT:  I think she can

19   represent herself, if everything is true.  I

20   will take you at your word.  At the next

21   listing you don't need a lawyer.  You'll be

22   able to represent yourself.  It's pro se.  You

23   don't have to be licensed to practice in

24   Pennsylvania if you are representing yourself.

25                   THE DEFENDANT:  OK -I have a license-confidential
                                     status for my
                                     protection.





**DISTRICT ATTORNEY'S OFFICE**
3 SOUTH PENN SQUARE
PHILADELPHIA, PENNSYLVANIA 19107
**SOUTH DIVISION**
UNIT PHONE: (215) 686-5710     UNIT FAX: (215) 563-0143

R. SETH WILLIAMS
District Attorney

December 21, 2012

Ms. JoAnn Fonzone
2242 W. Tilghman St. Apt. C1
Allentown, PA 18104-4392

Re:          **Commonwealth v. JoAnn Fonzone**
              **MC-51-CR-0043169-2010**
Next Listed:  **12/28/12 CJC 503**

Dear Ms. Fonzone,

Enclosed please find copies of documents related to the Internal Affairs investigation of your complaint. Please provide these documents to your attorney. Pursuant to Judge Neifield's order, you must appear in court with an attorney.

Please have your attorney contact me with any questions or concerns. Thank you.

Sincerely,

Elizabeth Kotchian
Assistant District Attorney



Commonwealth of Pennsylvania
Court of Common Pleas
County of: _____
_____ Judicial District

**ENTRY OF APPEARANCE**

**RECEIVED**

SEP 0 4 2012

Docket No: *MC51-CR-0043169*
*2010*

COMMONWEALTH OF PENNSYLVANIA
**ACTIVE CRIMINAL RECORDS**
**CRIMINAL MOTION COURT**
*Jo Ann Fouzone aka Judy McGrath*

**To the Clerk of Courts:**

Please enter my appearance for the defendant in the above-captioned case.

*Case dismissed*

_____ *ESQUIRE*
Signature of Attorney for Defendant

*6/13/12 - 8/22/12*
Date

Name and address of Attorney for Defendant:

Name: *Jo Ann Fouzone, Esquire*

Supreme Court ID No: ~~_____~~ *263914 confidential status*

Firm: *Law office of Jo Ann Fouzone*

Address: *2242 Tilghman St*
*Allentown, PA 18104*

Phone No: *484-294-6481*

Fax No: (optional) _____

Email Address: (optional) _____

*Check Applicable:*
- [x] Court Appointed
- [x] Privately Retained
- [ ] Public Defender
- [ ] Pro Bono Counsel

**[Philadelphia Use Only]**

Common Pleas Court Trial Division, Criminal Section [ ]

Common Pleas Court, Family Court Division [ ]

Philadelphia Municipal Court, Criminal Division [x]

Printed:  8/24/2012 12:25:35PM

# Man gets $1M for improper arrest

Kareem Alleyne was charged in 2012 in crash that killed officer.

**By Chris Palmer**
STAFF WRITER

A Philadelphia jury awarded a German-town man more than $1 million Wednesday after it agreed that he was improperly arrested and recklessly charged in a car-bike crash that killed a police officer in 2012.

Kareem Alleyne, 38, sat stunned as the verdict was announced, letting out a deep breath afterward and saying simply, "I'm in shock."

Alleyne, a former bank teller, was charged four years ago with vehicular homicide and involuntary manslaughter in the death of Officer Marc Brady, 35, in a collision outside the home of a woman with whom both men had relationships.



Kareem Alleyne had charges dismissed in 2014.

A judge dismissed the charges in 2014 for lack of evidence. Alleyne then sued three homicide investigators who probed the crash — Lt. Philip Riehl and Detectives James Pitts and George Pirrone — claiming their investigation was flawed because they were eager to implicate him and minimize blame on their deceased colleague.

Two of the officers — Riehl and Pirrone — denied those allegations in testimony during the eight-day trial. All three left the courtroom without commenting Wednesday afternoon.

See **AWARD** on B5

## Award

Continued from B1

Their attorneys, Brock Atkins and Armando Brigandi of the city's Law Department, also declined to comment.

James Funt, who represented Alleyne, said he was grateful for the outcome, which came four years after his client's arrest.

"I can't imagine how difficult this has been for Kareem," Funt said. "The jury gave him his good name back."

Funt and colleagues Lori Mach and Noah Cohen made clear during the trial that there was no argument that Alleyne had struck and killed Brady with his car on July 15, 2012, outside the East Mount Airy home of Romara Glenn, Alleyne's girlfriend at the time and the mother of six of Brady's children.

But the attorneys argued that investigators were too quick to conclude that Alleyne intentionally ran over Brady — and said the officers purposefully downplayed or overlooked Internal Affairs files detailing Brady's previous stalking and harassing of Alleyne, because those files could have suggested their colleague was at fault for the crash.



**Officer Marc Brady** was killed in the crash.

"Marc Brady was a man with nothing else to lose, spiraling out of control, and they knew it," Funt said during closing arguments Tuesday. "They knew Kareem Alleyne was an innocent, innocent man."

Alleyne has struggled to find steady employment since being charged, even after his acquittal in the criminal trial, his lawyers told the jury. An online search for his name yields scores of old news clips showing that he killed a police officer.

"His name means something to him," Funt said, adding that the pain is made worse because one of his sons, Kareem Jr., will have to live with it as well.

The officers who testified during trial and their attorneys sought to point out that information about Brady's past was included with the evidence they gave to the District Attorney's Office — and that prosecutors decided to move forward with charges anyway.

Riehl testified that he did not think Alleyne should have been charged, and that he told prosecutors as much at the time. Nothing, Riehl said, was done to minimize damning evidence against Brady, whom he described on the stand as "a ticking time bomb."

"Everything we did was pro-Alleyne," Riehl said.

The jury of nine women and three men evidently disagreed. Riehl, Pirrone, and Pitts were each found liable for malicious prosecution, and Riehl and Pirrone were found liable for false arrest.

Alleyne was awarded $336,000 for harm to his reputation, $330,000 for economic losses, $318,750 for emotional and mental anguish, and $45,500 for legal expenses.

The award is not unusual among lawsuits filed against Philadelphia police. Since 2008, at least six cases involving police-involved shootings have been settled in the city for $1 million or more.

Still, Alleyne — who studied electrical circuitry books at times in the courtroom — said the verdict could help him begin to move forward.

"It's a start," he said. "It's definitely a start."

✉ cpalmer@phillynews.com ☎ 215-854-2817
Ⓕ @cs_palmer

Staff writer Mark Fazlollah contributed to this article.

# In Pa., a misguided attempt to protect police

By Jonathan Blanks

Police play a unique role in the community. They possess the awesome power to use violence against an individual to maintain public peace and safety.

How police use that power — and how some officers sometimes abuse it — is in the public interest to know. But the Pennsylvania Legislature might make it harder to track incidents of potential abuse by officers and, in doing so, may undermine the public's trust in the police who serve it.

In November, the Pennsylvania House of Representatives overwhelmingly approved House Bill 1538, which would prevent government officials from releasing the names of officers under investigation for on-duty shootings or uses of force that do not result in criminal charges against the officers. The Senate version, S.B. 1061, adds criminal penalties against anyone who leaks such information to the press. Both of these bills are meant to further the "protection of law enforcement" by keeping involved officers anonymous.

Of course, officer safety is important. But there is scant evidence that specific police officers or their families — in Pennsylvania or elsewhere — have been targeted and harmed by criminals because they were named in use-of-force incidents. (While police officers have been the tragic victims of ambushes, including in Philadelphia, the indications are that officers are, as New York City Police Commissioner William Bratton said in 2014, "targeted for their uniform," not their actions.)

At best, these bills provide a remedy for something that has not been proven to be a problem. At worst, they protect officers with documented histories of violence and, ironically, give the majority of officers a bad rap.

Police officers are often justified in their use of force, deadly or otherwise. In some cases, officers may be commended for bravery for using force to keep communities safe in very dangerous situations. Except in extreme situations, it doesn't make sense to hide the names of officers who are doing their jobs responsibly and admirably. And it

is hard to imagine a situation that justifies shielding the minority of officers who cross the line from public scrutiny.

Internal and criminal investigations are by their nature kept from the public eye, and for good reason. But the community should know if its public servants are under investigation for inappropriate violence and who they are. If one officer out of a thousand does something bad, but no one can say who it is, all officers fall under suspicion because the so-called bad apple is indistinguishable from everyone else.

As I testified before the U.S. Commission on Civil Rights last year, the data we have about large metropolitan police departments suggests that officers prone to inappropriate violence make up a small percentage of a large police force. But many of those officers have faced multiple allegations of excessive force or other indicators of violent misconduct.

One officer in Denver had 40 complaints filed against him, nearly half of which accused him of using "excessive force," and

threatening to arrest people for no reason," before he was removed from duty. Under the proposed Pennsylvania laws, an officer like the one in Colorado — who was also named in two excessive-force civil suits that cost the City of Denver more than $1 million in settlements — could be protected from public scrutiny unless he is charged with a crime.

Current Pennsylvania law is bad enough as it is. Authorities already have the discretion to release or withhold the names of officers involved in use-of-force incidents. Without a timetable for release of officers' names, the process to get to the bottom of what happened can be a very lengthy one.

This is similar to the law in Virginia. In August 2013, John Geer was fatally shot by a Fairfax County, Va., police officer. Geer was unarmed at the time of the shooting, and it took authorities until January 2015 to name the officer responsible. That officer, Adam Torres, was fired in July 2015, was criminally charged but Geer's death one month later, and pleaded guilty to involuntary manslaughter in April.

All the officers at the scene of the shooting reported that Geer had his hands up when he was killed. Nevertheless, the county took 16 months to release Torres' name and even longer to fire him and finally secure a conviction. The legally sanctioned delay led at least one major media outlet to allege a police coverup.

Law enforcement is a tough and demanding job. Officers should be held accountable for their actions not only to protect the community, but also so that most officers are not lumped in with the few who abuse their powers against the public.

H.B. 1538 and S.B. 1061 will not make police officers safer and will likely only put further stress on police-public relations. If the Pennsylvania legislature wants to make police safer, it should move in the opposite direction by making law enforcement more transparent and accountable to those it serves: the people of Pennsylvania.

Jonathan Blanks is the managing editor of PoliceMisconduct.net and a research associate at the Cato Institute's Project on Criminal Justice in Washington. ✉ JBlanks@cato.org



From: .com <jo76erjo@aol.com>
To:
Subject: Fwd: incomplete information on your article
Date: Fri, Feb 1, 2019 1:46 pm

this Matt miller is very wrong about the incident which disabled me. Im trying to get him to correct or retract, difficult process, just like the crap in mcall by bribed reporter.

-----Original Message-----
From: .com <jo76erjo@aol.com>
To:
Sent: Thu, Jan 31, 2019 12:50 pm
Subject: Fwd: incomplete information on your article

-----Original Message-----
From: .com <jo76erjo@aol.com>
To: letters <letters@pennlive.com>; MattMiller <MattMiller@aol.com>
Sent: Thu, Jan 31, 2019 9:42 am
Subject: incomplete information on your article

To whom it may concern"   I would like to provide facts to you for the purpose of having information which appears on your site pennlive.com corrected.   I was a seriously inured crime victim on October 6, 2010 in Philadelphia at Citizens bank park and in fact was physically disabled by the injuries and cardiac conditions   as a direct result of the aggravated assaults I survived. Becasue I was injured initially by a security guard( unknown to me that he was ) at the time, then later by a police officer,  law enforcement protected them rather than me the crime victim. The guard after , grabbing my right arm and shoulder then pushing me into a stadium seat whereupon I fell after my head hit the back of the seat , went to get the police, rather than medical help, I was falsely implicated for disorderly conduct I was told latrer because I was standing (like everyone else) in the stadium though I did nothing wrong or illegal.   The two of them grabbed me from my seat and pushed me up the stairs, again hitting my head on the seat. I stood for 10-15 minutes in the concourse , when suddenly I was grabbed by the back of my arms, near elbow, and dragged across the concourse into a room and thrown onto a chair. While on the concourse,  I was yelling what are you doing? Im just trying to watch the game thought I had a In the police room, after a sargeant took my playoff ticket from my bag( and didnt put it back into my bag), and my attorney ID, an officer sneered, "oh you're a lawyer" pushed me into teh cell room and threw me against the wall, then left. I knew I was in serious danger for my life, so managed to call 911 for help. Unbeknownst to me, dispatch notified the police in the outside room. The same officer  stormed back into the room threw me agaitst the wall and screamed at me to give me my phone. ( he must have  thought I had a camera phone) and I did not then.   I fell to the ground after her threw me against the wall, and he began to strike my chest with a nightstick repeatedly demanding the phone. finally, he got it and left the room.  later, I was brought out to the larger room, crying , in pain and traumatized fromt he assault.  From there I was taken to the police district. The officer in charge  saws how I was beaten and bruised and had 2 other officers take me to the Jefferson emergency room.    I have been treating with cardiologists and will be for the rest of my life. I had major spine surgery last year also , diagnosed with PTSD, pba, tinitus, post concussion syndrome, fibromalgia, chronic pain, migraines, right arm, and hand weakness,   from the chest, head, neck trauma.

After being incompetently represented, I represented myself and got the case dismissed August 22, 2012 with prejudice which means that the criminal cased is over and final. Any malicious vindictive proceedings by a disgruntled asst. prosecutor who violated my constitutional rights, the Brady rule by illegally witholding evidence and discovery from the Court, ( there were 4 discovery violations),  was unlawful.

2/1/2019



JOE OTERI 46/W/M EMPLOYEE OF PHILADELPHIA PHILLIES, SECURITY
DEPARTMENT. ON 10/6/10 AT APPROXIMATELY 6:15PM, INSIDE CITIZENS
BANK PARK ABOVE EMPLOYEE WAS SUMMON TO SECTION 107 FOR AN
UNRULY PATRON. UNPON ARRIVAL THE DEFENDANT WAS TOLD TO SIT
DOWN IN HER SIT, DEFENDANT WAS OBSTRUCTION OTHER PATRONS VIEW
OF THE GAME. THE DEFENDANT WAS ASKED KINDLY NUMEROUS TIMES
TO CONDUCT HERSELF AND CONTINUED TO BE UNRULY. ABOVE
EMPLOYEE ASKED THE DEFENDANT TO COME OUT OF HER SECTION A BE
BRIEFED ON PHILADELPHIA PHILLIES CONDUCT INSIDE THE STADIUM.
THE DEFENDANT REFUSED, AND BEGAN CURSING AT THE PHILLIES
EMPLOYEE. THE DEFENDANT STARTED SWINGING A PEOPLE AT WHICH
TIME P/O ORTIZ 9681, PHILADELPHIA POLICE DEPARTMENT CAME OVER TO
ASSIST. THE DEFENDANT REFUSED POLICE COMMANDS. A LARGE CROWD
BEGAN TO GATHER. TO DEFUSE THE SITUTATION POLICE TRANSPORTED
THE DEFENDANT TO THE POLICE ROOM FOR PROCESSING.

P/O ORTIZ #9681 PR#259413, ASSIGNED 14TH DISTRICT. ON 10/06/10 P/O ORTIZ
WAS WORKING A DETAIL AT #1 CITIZENS BANK PARK, NLDS PHILLIES
GAME. AT APPROXIMATELY 6:15PM P/O ORTIZ RESPONDED SECTION 107
TO ASSIST PHILLIES SECURITY WITH AN UNRULY PATRON. UPON
ARRIVAL P/O ORTIZ OBSERVED THE DEFENANT STANDING WITH HER
BACK TOWARDS THE OFFICER. THE OFFICER WENT TO GIVE A VERBAL
COMMAND, AT THAT TIME THE DEFENDANT SWUNG HER ARM BACK
TOWARDS THE OFFICER, MISSING THE OFFICER. P/O ORTIZ SPOKE WITH
PHILLIES SECURITY THEN ADVISED THE DEFENDANT SHE WAS BEING
ARRESTED FOR DISORDERLY CONDUCT. WHILE BEING TRANSPORTED TO
THE POLICE ROOM AND INSIDE THE POLICE ROOM THE DEFENDANT WAS
KICKING HER LEGS, FLAILING HER ARMS, CURSING AT POLICE. THE
DEFENDANT CONTINUED HER UNRULY CONDUCT INSIDE THE POLICE
ROOM. THE DEFENDANT WAS CHARGED WITH DISORDERLY CONDUCT
(***), AND REISTING ARREST, THEN TRANSPORTED TO THE 1ST POLICE
DISTRICT FOR PROCESSING. P/o Ortiz #9681.

JOE OTERI 46/W/M EMPLOYEE OF PHILADELPHIA PHILLIES, SECURITY
DEPARTMENT. ON 10/6/10 AT APPROXIMATELY 6:15PM, INSIDE CITIZENS
BANK PARK ABOVE EMPLOYEE WAS SUMMON TO SECTION 107 FOR AN
UNRULY PATRON. UNPON ARRIVAL THE DEFENDANT WAS TOLD TO SIT
DOWN IN HER SIT, DEFENDANT WAS OBSTRUCTION OTHER PATRONS VIEW
OF THE GAME. THE DEFENDANT WAS ASKED KINDLY NUMEROUS TIMES
TO CONDUCT HERSELF AND CONTINUED TO BE UNRULY. ABOVE
EMPLOYEE ASKED THE DEFENDANT TO COME OUT OF HER SECTION A BE
BRIEFED ON PHILADELPHIA PHILLIES CONDUCT INSIDE THE STADIUM.
THE DEFENDANT REFUSED, AND BEGAN CURSING AT THE PHILLIES
EMPLOYEE. THE DEFENDANT STARTED SWINGING A PEOPLE AT WHICH
TIME P/O ORTIZ 9681, PHILADELPHIA POLICE DEPARTMENT CAME OVER TO
ASSIST. THE DEFENDANT REFUSED POLICE COMMANDS. A LARGE CROWD
BEGAN TO GATHER. TO DEFUSE THE SITUATION POLICE TRANSPORTED
THE DEFENDANT TO THE POLICE ROOM FOR PROCESSING.

*[handwritten: wrong section I was not in 107.]*

*[signature] 10/6/10*





Judicial District of Pennsylvania
**Pretrial Service Division**
**Investigation Report**

## Arraignment

| Name | | | | Arraignment Court | | Arraign Date |
|---|---|---|---|---|---|---|
| JO ANN FONZONE | | | | Municipal, CJC Rm. B08 | | 10/07/2010 09:25 |

| Arrest Date | CBN | PID | SID | District | Holding Facility |
|---|---|---|---|---|---|
| 10/06/10 | 1012237 | 1097190 | SID: 38180657 | 03rd Police District | PDU CCTV (750 Race St.) |

| Defendant | District no. | Charge | Grade | Description |
|---|---|---|---|---|
| 83176938 | 1003062707 | 39012 | M2 | RESISTING ARREST |

### Defendant Information

| Sex | Race | Birthdate | Age | Height | Weight | |
|---|---|---|---|---|---|---|
| F | W | 07/19/58 | 52 | 506 | 145 | NO 10 |

DEFENDANT: FONZONE, JO ANN
CURRENT ADDRESS:
2242 Tildhman ST 1 C
Allentown PA 18104-

LIVING WITH:
RELATIONSHIP: *mother*
*Glenna Fonzone*

**Born**
ALLENTOWN  PA
USA

**Primary Language**
English

**Residence in Philadelphia (YY/MM)**
17/00   *NO*

**ID Number**

**Type**

| Marital Status — *Legally* Separated *since 1993* | How Long (YY/MM) 17/00 | Children 0 | Support No | Amount | Voluntary/Court-Ordered |
|---|---|---|---|---|---|

Employment/Support

See Page 2

**Military Service**

**Education**
Unknown

**Discharge**

COMMENTS: No ID. Interview waived.   Def was very hostile and uncooperative.

---

**Defendant**

DEFENDANT: FONZONE, JO ANN
CURRENT ADDRESS:
2242 Tildhman ST 1 C
Allentown PA 18104-

LIVING WITH:
RELATIONSHIP:

**Community Ties**

ADDRESS VERIFIED: N
VERIFIED WITH:
CONTACT PHONE:
VERIFIED BY: -
VERIFIED DATE:

| Block | Guideline Category |
|---|---|
| 2 | ROR- Standard Conditions |



# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## SECURE DOCKET

Docket Number: **MC-51-CR-0043169-2010**

# CRIMINAL DOCKET

**Court Case**



Commonwealth of Pennsylvania

v.

Jo Ann Fonzone

Page 2 of 6

## DEFENDANT INFORMATION

| | | |
|---|---|---|
| Name | Jo Ann Fonzone | Hair Color  Black | Eye Color  Hazel |
| Date of Birth | 07/19/1958 | Address | |
| SSN  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 | | | |
| SID  250-01-97-4 | | Address Type Home : | |
| | | 2242 Tildhman ST | |
| | | APT 1 C | |
| | | Allentown, PA  18104 | |

Drivers License No:  18192803
Drivers License State:  PA
Fingerprint Status:  Unknown

| Alias Name | Alias SID | Alias SSN |
|---|---|---|
| Fonzone, Joann | 25001974 | ~~    ~~-1688 |
| Fonzone, Joanne | 25001974 | ~~    ~~-1688 |
| Judy, McGrath | 25001974 | 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 |

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Prosecution | Commonwealth of Pennsylvania |
| Arresting Agency Officer | BEE, CHRISTOPH M |
| Arresting Agency Officer | LANDIS, JOHN C |
| Affiant | ORTIZ, LESINETTE |
| Defendant | Fonzone, Jo Ann |
| Complainant | Oteri, Joe |

## BAIL INFORMATION

**Fonzone, Jo Ann**                                                                 **Nebbia Status: None**

| Bail Action | Date | Bail Type | Percentage | Amount | | |
|---|---|---|---|---|---|---|
| Bail Non-Monetary Condition/Condition Text | | | | | | |
| | | | | | Bail Posting Status | Posting Date |
| Set | 10/07/2010 | ROR | | $0.00 | | |
| | | | | | Posted | 10/07/2010 |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | | 18 § 5104 §§ | Resist Arrest/Other Law Enforce | 10/06/2010 | N7055893 |
| 2 | 2 | | 18 § 5503 §§ | Disorderly Conduct Engage In Fighting | 10/06/2010 | N7055893 |

Disposition

| Case Event | | Disposition Date | Final Disposition | |
|---|---|---|---|---|
| Sequence/Description | | Offense Disposition | Grade | Section |

AOPC 1221 - Rev 06/09/2011                                                                            Printed: 06/09/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET

Docket Number: MC-51-CR-0043169-2010

### CRIMINAL DOCKET

Court Case



Commonwealth of Pennsylvania                                Page 1 of 9
v.
Jo Ann  Fonzone

### CASE INFORMATION

Cross Court Docket Nos:  PARS-MC-51-CR-0043169-2010

Judge Assigned:                          Date Filed: 10/07/2010      Initiation Date: 10/06/2010

OTN:  N7055893                           Lower Court Docket No:  MC-51-CR-0043169-2010

Initial Issuing Authority:               Final Issuing Authority:

Arresting Agency:  Philadelphia Pd       Arresting Officer:  ORTIZ, LESINETTE

Case Local Number Type(s)                Case Local Number(s)

    District Control Number                         1003062707

    PSI Microfilm Number                            111656mh

### STATUS INFORMATION

Arrest Date:   10/06/2010

Case Status: Active

| Status Date | Processing Status |
|---|---|
| 09/28/2011 | Warrant Lifted |
| 06/16/2011 | Awaiting Trial |
| 06/16/2011 | Warrant Lifted |
| 11/09/2010 | Awaiting Trial |
| 10/07/2010 | Awaiting Status Listing |
| 10/07/2010 | Awaiting Preliminary Hearing |

Complaint Date:   10/07/2010

After 6/09/11, Officer
Ortiz was on docket
as arresting officer.

Prior to 6/09/11 Officer
Bell was on docket
as arresting officer.

In mid June 2011 (6/16/11)
I filed a Right to Know Request
with the Police dept at 9tha Race
(Officer Baldini)

...llected on these docket sheets. Neither the courts of the Unified Judicial ... of Pennsylvania Courts assume any liability for inaccurate or delayed data. ... be used in place of a criminal history background check which can only be ... s not comply with the provisions of the Criminal History Record Information ... set forth in 18 Pa.C.S. Section 9183.

Printed: 05/10/2012

AO

Sy
e
pr



# DEFENDER ASSOCIATION
## OF PHILADELPHIA

1441 Sansom Street
Philadelphia, PA 19102
(215) 568-3190

ELLEN T. GREENLEE
**DEFENDER**

January 5, 2011

Ms. Jo Ann Fonzone
2242 Tildhman Street
Apt. 1C
Allentown, PA  18104

**Re:  MC-51-CR-0043169-2010; NCD: January 14, 2011, Room 406**

Dear Ms. Fonzone:

This will acknowledge receipt of your letter dated October 22, 2010.  Enclosed please find the additional discovery you requested.  By law, you are not entitled to your own copy of these materials.  They are being provided as a courtesy by the Defender Association.

Very truly yours,

**DENNIS T. KELLY**
Deputy Defender

DTK/mm

Enclosure



Len's Top 5

Subj: **Len's Top 5**
Date: 10/7/2010 10:05:37 A.M. Eastern Daylight Time
From: len@lenbermansports.com
To: Jo76erjo@aol.com

Email not displaying correctly? View it in your browser.



Happy Thursday everyone, here's my Top 5 for October 7, 2010 from Len
Berman at www.ThatsSports.com

## 1. Quick Hits

- Roy Halladay of the Phillies pitches a no-hitter in his playoff debut against
  Cincinnati.
- Texas and the Yankees also draw first blood in the baseball playoffs. More of
  the same for school kids. The Yankees/Twins game ended well after
  midnight.
- Today's playoff schedule. All games TBS and Eastern Time.

  Game 2, Texas at Tampa Bay. 2:30pm.
  Game 2, Yankees at Twins. 6:00pm.
  Game 1, Braves at Giants. 9:30pm.

- By the way, the NHL season begins today with 5 games, one of them in
  Helsinki, Finland.

## 2. No No

I got an email yesterday morning from subscriber Jo Ann in Philadelphia. She said
she was going to the game last night and she would let me know how fantastic
Roy Halladay's perfect game was. Sorry, Jo Ann. He walked one batter. You were

*Intent to Enjoy Game*

way off base. No perfect game. Just your run of the mill no hitter.

Somebody asked me the other day if I still get excited about sports after being in the business for 40 years. I answered yes because you never know when something great or dramatic is going to happen. It happened last night. The second no hitter in post season play, two days shy of the 54th anniversary of Don Larsen's perfect game.

I wonder what's going to happen today?


## 3. The Pitts

The Pittsburgh Pirates this season stretched their North American record to 18 consecutive losing seasons. But here's a ray of light. Their Double-A team, the Altoona Curve, won their league championship. Matt Walbeck won manager of the year for the 4th time in 6 years. So, how was he rewarded? With a pink slip. The word is he wasn't following the Pirates format for developing players. Yeah, that's been a winning formula, hasn't it?

By the way, a Pittsburgh fan named Gary Mercer bet $20 dollars on every game for the Pirates to lose. His return on investment this season was 9.98.


## 4. Everybody's Doing It

In response to yesterday's item, where a former bicycle racer says you can't win the Tour de France without doping, subscriber Torin R., a cycling enthusiast, sent me a thoughtful email. "What they can do – doped or not – is simply incredible. As the drug testing gets better it will certainly lead to more positive tests.  But it won't stop the cheating. As testing gets better, the drugs get more sophisticated and harder to detect. So maybe they should alter the prize. Make the trophies in the shapes of prescription bottles, IV bags, or mortars and pestles."

Another possibility is to let them do whatever they want to their bodies. Why should we care? That's pretty much what Italy's anti-doping prosecutor suggested this week. And he immediately caught all sorts of flak. But think about it. If these guys wanna be dopes, why should millions of dollars be spent trying to catch them being stupid?

Thursday, November 04, 2010 AOL: Jo76erjo



COURT ADMINISTRATION
CIVIL OPERATIONS SECTION
455 WEST HAMILTON STREET
ALLENTOWN, PA 18101-1614
(610) 782-3657    FAX  NUMBER (610) 820-3093

July 20, 2011

Jo Ann Fonzone                                          File No.    2010-C-5208
               vs.
Chase Manhattan Bank

**NOTICE OF ARGUMENT**

     Oral argument originally scheduled for August 16, 2011 is rescheduled to **September 27, 2011 at 1:30 PM** in Courtroom 5A before the Honorable William E. Ford.  The matter to be argued on this date will be Defendants' Preliminary Objections to 2nd amended complaint.

     If argument is no longer required or the motion is moot, please notify the Court, as well as filing the proper paperwork with the Clerk of Courts-Civil Division, with a copy to Court Administration.

     If you receive this notice, but no longer represent the above client, your withdrawal has not been marked on the docket.  Please contact the Clerk's office for instructions.  Further, if you have withdrawn as counsel, please forward this notice to your client or their new counsel.

     If you have any questions regarding the above information, please contact the Civil Operations Office at (610) 782-3657.

Civil Operations Officer

This ID theft / Injury Case?

Was DISMISSED

EX PARTE in Lehigh County

September 27, 2011
When I could not appear
for Argument as I
Was illegally locked up
3 day fail Rule 150(a)(5)
on a bench warrant for 6
days from Sept. 23 — Sept. 28.

IN THE SUPREME COURT OF PENNSYLVANIA

MIDDLE DISTRICT


JO ANN FONZONE AKA JUDY MC GRATH,  PETITIONER


VS.


CHASE MANHATTAN BANK, MTV NETWORKS, INC. TIME WARNER, INC. ET AL,

RESPONDENTS


Petition for Allowance of Appeal  from the Order of the Superior Court of Pennsylvania entered
March 9, 2012 at No. 3230 EDA 2011, 2945 EDA 2011, 97-PF-61, Affirming the dismissal  order of
Lehigh County Court of Common Pleas  No. 5208- CO 2010, 97-PF-61  entered  September 27, 2011,
November 1, 2011.


PETITION FOR ALLOWANCE OF  APPEAL


Jo Ann Fonzone, Esquire, aka Judy McGrath
For the   Petitioner



JoAnn Fonzone Esq.
2242 W. Tilghman Street, Apt C1
Allentown, PA 18104-4392



 **IRS** Department of the Treasury
Internal Revenue Service

AUSTIN   TX   73301-0059

In reply refer to:   0686100000
Aug. 19, 2021   LTR 2645C   KO
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   201912 30
Input Op:   0509906065 00006253
BODC: WI





CARL W ALLIO DECD
JOANN FONZONE ESQUIRE
631 PRIMROSE LN
ALLENTOWN   PA   18104-4683

006920

                 Taxpayer identification number: 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
                          Tax periods: Dec. 31, 2019

                              Form: 1040

Dear Taxpayer:

Thank you for your inquiry of Apr. 22, 2021.

We're working on your account. However, we need an additional 60
days to send you a complete response on what action we are taking
on your account. We don't need any further information from you right
now.

If you have questions, you can call 1-800-829-0922.

If you prefer, you can write to the address at the top of the first
page of this letter.

You can get any of the forms or publications mentioned in this letter
by calling 800-TAX-FORM (800-829-3676) or visiting our website at
www.irs.gov/formspubs.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you in the spaces below.

Telephone number ( )_____ Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.

0686100000
Aug. 19, 2021   LTR 2645C   K0
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   201912 30
Input Op:   0509906065 00006254

CARL W ALLIO DECD
JOANN FONZONE ESQUIRE
631 PRIMROSE LN
ALLENTOWN  PA   18104-4683

Sincerely yours,

Linda I. Aponte
Operations Mgr., Accts Management 2



Please wait...
8-NOV-2011 08:20

Page 1

Lock&Track
Admission History Report for
FONZONE, JOANN

Name: FONZONE, JOANN                          In Date: 09/23/2011 05:27
Intake:                                        FID:
      PID: 1097190           SID: 25001974         Class: MINIMUM
Custody:                     HvR: BENCH             Inci: 0
Alerts: 0                    Seps: 0               Sex: FEMALE
                             Race: WHITE

  Facility:              Block:            Cell:              Bed:

 Open Cases: 0     Total Bail: 0           Holding Case:

INTAKE #    HOUSED       FACILITY    RELEASED    REASON      FACILITY
1154344     09/23/2011   RCF         09/28/2011  AT-COURT    RCF
Release Comment: CJC

Press <GoBack>:



# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0043169-2010**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jo Ann  Fonzone

Page 2 of 13

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Arraignment | 10/07/2010 | 9:25 am | B08 | Arraignment Court Magistrate James O'Brien | Scheduled |
| Arraignment Status | 11/09/2010 | 10:30 am | 404 | Judge Marsha H. Neifield | Scheduled |
| Trial | 12/22/2010 | 8:00 am | 503 | Judge Teresa Carr Deni | Scheduled |
| Status | 01/14/2011 | 9:00 am | 406 | Judge Kenneth J. Powell Jr. | Scheduled |
| Trial | 03/21/2011 | 9:00 am | 406 | Judge James M. DeLeon | Continued |
| Trial | 04/29/2011 | 9:00 am | 406 | Judge David C. Shuter | Scheduled |
| Bench Warrant Hearing | 06/16/2011 | 12:00 pm | 405 | | Scheduled |
| Trial | 07/18/2011 | 10:00 am | 503 | Judge Wendy L. Pew | Cancelled |
| Trial | 07/18/2011 | 10:00 am | 503 | Judge Wendy L. Pew | Scheduled |
| Status | 08/31/2011 | 8:30 am | 406 | Senior Judge Felice Rowley Stack | Continued |
| Status | 09/21/2011 | 8:30 am | 406 | Judge Marsha H. Neifield | Scheduled |
| Bench Warrant Hearing | 09/26/2011 | 12:00 pm | 888 | | Scheduled |
| Bench Warrant Hearing | 09/28/2011 | 8:30 am | 406 | Judge Marsha H. Neifield | Scheduled |
| Status | 10/19/2011 | 8:30 am | 406 | Judge Marsha H. Neifield | Continued |
| Status | 11/23/2011 | 8:30 am | 406 | Judge Marsha H. Neifield | Scheduled |
| Status | 01/25/2012 | 8:30 am | 406 | Judge Marsha H. Neifield | Continued |
| Status | 04/25/2012 | 8:30 am | 406 | Judge Marsha H. Neifield | Continued |
| Status | 05/23/2012 | 8:30 am | 406 | Judge Marsha H. Neifield | Scheduled |
| Trial | 06/13/2012 | 10:00 am | 503 | Senior Judge Felice Rowley Stack | Continued |
| Trial | 07/20/2012 | 10:00 am | 503 | Judge Joseph J. O'Neill | Continued |
| Trial | 08/22/2012 | 10:00 am | 503 | Judge Gerard A. Kosinski | Scheduled |
| Motions Hearing | 10/19/2012 | 9:00 am | 504 | Judge Paula A. Patrick | Continued |
| Motions Hearing | 12/17/2012 | 9:00 am | 504 | Judge Paula A. Patrick | Scheduled |
| Trial | 12/28/2012 | 10:00 am | 503 | Judge Thomas F. Gehret | Continued |
| Motions Hearing | 01/17/2013 | 9:00 am | 504 | Judge Paula A. Patrick | Scheduled |
| Trial | 01/18/2013 | 10:00 am | 503 | Judge Joyce O. Eubanks | Scheduled |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of th Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omission these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability a set forth in 18 Pa.C.S. Section 9183.







$ 00.45°
JUL 14 2012
MAILED FROM ZIP CODE 19103

CITY OF PHILADELPHIA
LAW DEPARTMENT
15th Floor, One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

RETURN TO

JoAnn Fonzone, Esquire
2242 Tilghman Square
Allentown, PA   18104

IN  THE UNITED STATES DISTRICT COURT  FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

JO ANN FONZONE  AKA JUDY MC  GRATH,          CIVIL ACTION LAW
        PLAINITFF                                                           12-5726-LDD

        VS.

JOE OTERI,  PHILLIES ORGANIZATION,  OFFICER KEECHEWISCKY,
OFFICER LESINETTE ORTIZ, OFFICER BEE, OFFICER KOVACS,  JOHN Evans
CITY OF PHILADELPHIA, RIVERSIDE  PRISON, C.O .FISHER,  PHILA WARRANT
UNIT,PHILA  DEFENDER ASSOCIATES, RICHARD PATTON, ELIZABETH KOTCHIAN,
DAVID AYERS,GREG ENGLE

        DEFENDANTS                    JURY TRIAL DEMANDED

RECEIVED
JUL = 7 2015

AMENDED COMPLAINT

Introductory Statement

1.  This is an amended complaint brought under 42 USC Sec. 1983 for violations of the Fourth

Amendment to the U.S. Constitution.  Plaintiff, a thin fifty two year old woman , attended a Phillies

playoff baseball game at Citizens  Bank Park  ( the premises is owned by defendant Philadelphia)

on October 6, 2010 where she was harrassed and  assaulted  then falsely implicated  by a  security

guard whereupon she was  later wrongly  arrested, without probable cause , and  while in police

custody beaten , battered   brutalized so severely that she was taken to the Emergency Room by

police after transported to the  1st police district. The most serious injury Plainitff suffered was

blunt force chest trauma  which caused  a permanent heart condition . Criminal charges against

Plaintiff were terminated in her favor August 22, 2012.Unbeknownst to Plaintiff at the time of

filing this action,  ADA Kotchian  appealed the Judge's decision and neglected to provide Notice to

Plaintiff. Months later  , the Judge  informed Plaintiff that his decision had been appealed.

Plaintiff  suffered  severe physical and emotional damages as a result of the incidents of October 6,

2010 and  as a result of  the incidents of October 6, 2010 being unjustly treated as a criminal





IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

JO ANN FONZONE (a/k/a/ Judy McGrath) : CIVIL ACTION LAW

  **Plaintiff**        :

  **VS.**         :

JOE OTERI, OFFICER KELECHEWISCKY, :
OFFICER LESINETTE ORTIZ, OFFICER :
BEE, OFFICER KOVAC, PHILLIES, and :
THE CITY OF PHILADELPHIA,   :
           :
  **Defendants**     : JURY TRIAL DEMANDED

*125726 LDD  FILED
2012  Oct 9, 2012*

*RECEIVED
JAN 1 1 2013*

## AMENDED COMPLAINT

### Introductory Statement

1. This is an amended complaint brought under 42 USC §1983 for violations of the Fourth Amendment to the U.S. Constitution. Plaintiff, a diminutive middle-aged woman, attended a Phillies playoff baseball game at Citizens Bank Park (the premises is owned by defendant Philadelphia) on October 6, 2010 where she was falsely arrested, unlawfully searched and was also assaulted and badly beaten by a number of police officers. In addition to having valuable personal property stolen, Plaintiff was also criminally charged. Charges were terminated in her favor, see *Heck v. Humphrey* (citations omitted) less than a year later i.e., during calendar 2011. Plaintiff is still gathering information and tends to seek additional actions (malicious prosecution and abuse of process among others) via either a separate complaint or amendments hereto once some additionally necessary documents and facts she needs are collected. The defendants herein are the Phillies, The City of Philadelphia, Officer Oteri, a private security force officer, and a number of Philadelphia City police officers namely officers Kovac, Kelechewiscky, Ortiz, and Bee. Plaintiff suffered severe injuries both physically and

1





**Commonwealth of Pennsylvania**
**County of Philadelphia**

Commonwealth of Pennsylvania
vs.

_JoAnn Fonzone, ESQUIRE_
(Defendant)

COURT OF COMMON PLEAS
MUNICIPAL COURT
CRIMINAL DIVISION

Term, Yr. _2010_

No. _51-CR-43169_

# Subpoena

(Not to be Used as a Subpoena Duces Tecum)

To: _CHRIS, THOMAS, Director RCF_
(Name of Witness)

_8001 STATE Rd., Philadelphia, PA 19136_
(Address)

You are Ordered by the Court to _PRODUCE the BENCH WARRANT OF SEPTEMBER 21, 2011 AND MAIL TO JoAnn FONZONE, ESQ._ at _8_ o'clock _1_ M., in the matter of Commonwealth vs. _Fonzone_ _____, charged with _disorderly conduct_

Joann Fonzone Esq
2242 W Tilghman St Apt C1
Allentown, PA 18104-4392

## NOTICE

This subpoena is issued pursuant to Pa. R. Crim. P. No. 9016. If you fail to attend, you may be subject to sanctions including but not limited to imprisonment and attorneys fees.

INQUIRIES CONCERNING THIS SUBPOENA SHOULD BE ADDRESSED TO:

_JoAnn Fonzone, ESQUIRE_ (I.D.No.)
(Name of Attorney)
ADDRESS _2242 Tilghman St, Allentown, PA 18104_
E-MAIL ADDRESS _____
TELEPHONE NO. _484-294-6481_     FAX NO. _____
WITNESS the Honorable C. Darnell Jones, President Judge of the Court of Common Pleas, and / or Louis J. Presenza, President Judge of the Municipal Court of Philadelphia, the _____ day _____,
_____

By The Court:
VIVIANT. MILLER
Clerk of Quarter Sessions

PRO     **VIVIAN T. MILLER**
(Clerk)

The subpoena must be signed and sealed by the Clerk of Quarter Sessions before service.

(Rev. 3/07)

# RETURN OF SERVICE

On the _11th_ day of _November_, 20 _11_,

I, _JoAnn Fouzone, Esquire_, served with the foregoing subpoena by

(describe method of service):

_Certified U.S. mail + fax_

_+ regular_

I verify that the statement in this return of service are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_11/11/11_
Date

_John Fox ESQUIRE_
Signature

_CHRIS THOMAS_
Name of Person Served



**Victims Compensation Assistance Program Short Form**   (For Official Use Only)   Claim # _____

Please complete this entire section of the form. In order to process your claim, we must be able to contact you.

**Victim Information**   ☐ Male ☑ Female

Name Jo Ann Fowone aka Judy McBride   Date of Birth 07/19/1958   SS# 1688
Address 2242 Tilghman St.   City Allentown   State PA   Zip Code 18104
County Lehigh   Safe Daytime Phone 484-294-6487   Other Safe Phone unlisted

**Claimant Information**   If victim is the claimant, write "SAME." If someone other than victim is filing, complete the entire section.

Name Same   Date of Birth __/__/__   SS# _____
Address _____   City _____   State ____   Zip Code _____
County _____   Safe Daytime Phone _____   Other Safe Phone _____
☐ Male ☐ Female   Relationship to Victim _____

**Crime Information**

Date of Crime 10/06/10   Date Reported to Police 10/06/10   or Date PFA filed 1/17/97   (permanent Order holding victim and abuser)
Was this a crime of domestic violence? ___ yes ___ no   Did the crime involve a motor vehicle? ___ yes ✓ no
Did the crime occur at work? ___ yes ✓ no
Location of crime (street name and number) 1 Citizens Bank Way, Philadelphia, PA 19148
City Philadelphia   State PA   County Phila
Police Department Philadelphia   Police Incident # 2010-4 2406
Person(s) who committed the crime Joe Oters
Briefly describe crime and injuries: ~~unprovoked~~ security guard pulled right arm, hit right arm then pulled my head into back of seat. so I had [legend] mal. diagnosed w/ herniated later. while in Emergency Room - bruises & contusions & swelling of right hand arm shoulder

---

**Benefit: Medical/Counseling Expenses**

Did you incur medical expenses? ✓ yes ___ no
Did you incur counseling expenses? ✓ yes ___ no
*Provide itemized medical or counseling bills.*
Do you have insurance to cover your medical/counseling expenses? ✓ yes ___ no
If yes, provide insurance benefit statements showing payment or rejection of payment for these bills.

**Benefit: Loss of Earnings**

Did you miss work and lose pay? ✓ yes ___ no
Dates you missed work 10/06/10 to __/__/__
Employer's name, address, and phone number:
Self

Doctor's name, address, and phone number who can verify you missed work because of the crime:
Wayne Arnold, D.O. 610-667-2946
Bala Cynwyd, PA 19004
Wendy Rush-Sprinson MD. 610-437-0739
Allentown PA 18103

**Benefit: Funeral Expenses, Loss of Support**

Did you incur funeral expenses? ___ yes ✓ no
Did you receive any monies due to the death? (Veteran's benefits, life insurance, Social Security) ___ yes ___ no
Were you or others financially dependent on the deceased victim? ___ yes ___ no
Provide copies of the itemized funeral bills/receipts, and statements of any benefits received.

**Benefit: Stolen Cash**

Did you have money stolen from you? ___ yes ✓ no
Amount of money stolen $ _____
One of the following benefits must be your main source of income in order to file for stolen cash. Check all that apply.
___ Social Security Benefit ___ Retirement/Pension(s)
___ Disability ___ Court Ordered Child/Spousal Support
Provide a copy of your monthly benefit statement for the month and year of the crime.
Do you have homeowner's/renter's insurance? ___ yes ___ no
If yes, provide a copy of your insurance declaration page.
Are you required to file IRS tax returns? ___ yes ___ no
If yes, provide a copy of your most recent tax returns.

*I just recently learned the name of the perpetrator (security guard), that is why I couldn't file this sooner. I didn't know who the security was at time)*

## Victims Compensation Assistance Program Short Form

### Acknowledgement and Reimbursement Agreement
*The Acknowledgement and Reimbursement Agreement must be signed before the claim verification process will begin.*

My signature below signifies I understand each of the following statements or points of law:

The decision to approve my claim is that of the Program's. I may object to all or part of the Program's decision in writing within 30 days from the date of the decision. I must prove the exact amount of my losses before the Program will consider awarding compensation from the Crime Victims Compensation Fund. I may file for reimbursement for additional expenses incurred relating to the crime. My claim may be denied if I do not cooperate fully with law enforcement agencies, the courts, and the Program or maintain a valid address with the Program. If I were to make a false claim, it would be a criminal offense punishable as a misdemeanor under Section 11.1303 of the Crime Victims Act. If I were to make a false statement in this claim form with the intent to mislead the Program, it would be a criminal offense punishable as a misdemeanor under 18 Pa. C.S. 4904.

I understand that the Crime Victims Compensation Fund is the payer of last resort. I specifically agree to inform the Program and repay to the Commonwealth any funds that I may receive from any other source that has previously been considered, as a result of the crime and to the extent of the award. That is, I agree to repay any funds that I receive from the offender, any other person or source, which compensates me for the injury I suffered, including any award for pain and suffering. I further agree that if the claim is at any time determined to be in error, false or fraudulent, I will refund to the Program all sums of money paid by the Program.

X _____  ESQUIRE                            7/09/12
**Claimant's Signature**                                **Date**

### Authorization to Obtain Information
*This Authorization to Obtain Information must be signed before the claim verification process will begin.*

I hereby authorize, in accordance with the privacy regulations under HIPAA (the Health Insurance Portability and Accountability Act, 42 USC § 1320d et seq.) any hospital, physician, health care provider or other person who attended or examined (print name of victim) _____ ; employer of the JoAnn Fonzone _____ ; any funeral director or other person who rendered _____ organization, victim or claimant; any police or governmental agency, including state or federal taxing authorities; any _____ and all information in their possession with respect to the crime that is the basis for this claim. Copies of this authorization may be used in place of the original.

X _____                                     7/09/12
**Claimant's Signature**                               **Date**

### Representation By Others
Are you represented in this matter by an attorney:

In filing this compensation claim?     In a civil lawsuit?     In an insurance action?
✓ ___ yes ___ no                       ___ yes ___ no          ___ yes ___ no

### Referral
Who referred you to the compensation program?     ✓ Hospital     ___ Prosecutor     ___ Poster/Brochure
___ Police     ___ Victim Service Program     ___ Other (Identify) _____

### Victim Service Program Information
For assistance in filing your claim, please call the agency listed here.
If no agency is listed, please call (800) 233-2339 for assistance.

### Victim Statistical Information
The following information is used for statistical purposes only. This section is strictly voluntary.
Race:
___ White ___ Black ___ Hispanic ___ American Indian/Alaskan Native ___ Asian/Pacific Islander ___ Other
Country of Birth _____
Do you have a disability?
___ yes ___ no   If yes, nature of disability ___ Physical ___ Mental ___ Developmental Disability

**Mailing Address:**                          **Street Address:**
P.O. Box 1167, Harrisburg, PA 17108-1167      3101 North Front St., Harrisburg, PA 17110
Phone and Fax Numbers:   (800) 233-2339   (717) 783-5153   (717) 787-4306 (FAX)
Rev. 07/10                          Website: www.pacrimevictims.org

**DEPARTMENT OF VETERANS AFFAIRS**
**Insurance Center**
**P. O. Box 42954**
**Philadelphia, PA 19101**

07/30/2018

793700491
JOANNE FONZONE ESQ
APT 1C
2242 TILGHMAN STREET
ALLENTOWN PA 18104

In Reply Refer To:
V493779
V00493779
310/292A2LH

Dear Ms. FONZONE:

Per our conversation, enclosed is the receipt for Authorization of Payment for Mature Endowment on Carl W. Allio.

If you need to contact us, see below.  If you write to us, please include your daytime phone number.

Sincerely yours,

*Lakia Harris-Pierce*

Policyholders Services Division

Toll-free  (1-800-669-8477)    Toll-free fax  (1-888-748-5828)    Website & E-mail  (www.insurance.va.gov)
Hours of operation:  (Mon. – Fri. 8:30 a.m. – 6:00 p.m. ET)  Best days to call  (Wed. and Thurs.)
Automated policy access  (24 hours, 7 days a week)
Especialistas disponibles que hablan Español.

 **IRS** Department of the Treasury
Internal Revenue Service

KANSAS CITY   MO   64999-0025

In reply refer to:  0933665335
Sep. 22, 2021      LTR 96C    0
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   202012 30
                    00002317
BODC: WI

ESTATE OF CARL W ALLIO
JOANN FONZONE, ESQUIRE
631 PRIMROSE LN
ALLENTOWN  PA  18104



035743

          Social Security number or
   individual taxpayer ID number:  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
             Name of taxpayer:  CARL W ALLIO
                         Form:  1040

Dear Joann Fonzone, Esquire:

Thank you for your correspondence which we received on Jan. 29, 2021.

There are no refunds that need to be claimed for Carl W Allio.

If you have questions, you can call 800-829-0922.

If you prefer, you can write to the address at the top of the first
page of this letter.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you in the spaces below.

Telephone number (   )_____ Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.

                         Sincerely yours,

                         Tonya Williams-Wallace
                         Operations Manager, AM OPs 1





**VICTIMS COMPENSATION ASSISTANCE PROGRAM**
P.O. BOX 1167
HARRISBURG, PA 17108-1167

(800) 233-2339
(717) 783-5153
(717) 787-4306 FAX

*717-265-8934*
*Meg Strober*
*LuAnn*

January 26, 2011

JoAnn Fonzone
2242 West Tilghman Street
Apt. C1
Allentown, PA 18104

Re:  **Claim No.:** 201008610
     **Victim:**    JoAnn Fonzone

Dear  JoAnn Fonzone:

We are currently reviewing the above-referenced claim filed for compensation with our office pursuant to the Crime Victims Act.

However, before a decision can be reached, it will be necessary for you to provide the Program with the following information:

The Crime Victims Act, which governs our Program requires that we have a police report to verify that a crime did occur and that you were a victim.  We are not doubting that you were a crime victim but the Philadelphia Police Department has informed our office they have no report on file regarding you as a victim in this incident.

Please obtain a copy of the report for this incident that verifies you as the victim so that we may continue reviewing your claim.

The Program will hold the claim until the requested information is received.  Upon receipt of this information, we will continue processing your claim.

Please contact our office if you have any questions concerning this letter.

Sincerely yours,

*Stacie L. Brendlinger*

Stacie Brendlinger
Victim Advocacy Specialist

*3 police reports hidden by police and prosecutor which evidenced Fonzone was crime victim injured prior to arrest by Otero*

*Exculpatory evidence showed Fonzone was innocent*

Enclosure

cc:

Worker ID:  Stacie Brendlinger

Form ID: FUP00404

## CONCLUSION

On (p. 162), " I appreciate opposing counsel's compassion for an injured crime victim who now has serious heart condition as a result of being a crime victim.  I can't work full time because of the injuri and damages I suffered."

Ms. Castor replied, (p.163)" The main problem is she was charged with a crime. you're charged as an offender, anybody can call 911, doesn't mean you're a crime victim. She was clearly arrested, she clearly went to the  hospital, nothing shows that she was a victim of  the crime."

I don't know if I'm more disheartened or saddened by this entire proceeding. Where there's an increasing epidemic of violence against women , we all sit here as women and you are all attacking m the  injured victim .I tried to get videotape from citizens bank park  which would have shown that I w injured by the security guard Oteri and officer kelewiscki  in the stadium.  And I'm sure there were people with camera phones  in the vicinity at seats and later standing in the concourse , but no one ha come forward to help me corroborate the truth . There were no cameras in the jail cell of the stadium police room (where kelewscki threw me against the wall twice then hit me with the nightstick,) , just me and my cell phone. The only eyewitness of this proceeding is me. I provided true testimony und oath, but  with or without an oath ,I speak the truth. I am a crime victim and am  being revictimized  f telling the truth, presenting a 911 CD evidencing  a victim's call for help  , photos of bruises, medica reports,affidavits,  standing up for myself  and fighting  for my rights  because I  dissent with the government in this case.  What is the name and employer of the person that complained to security guard because I was standing and cheering? I'm being  denied my 6th amendment right to this information. I am the crime victim ,but the one being dragged through the system for the offense of disorderly conduct  in retaliation because I was also the one  who was seriously injured. .They are wrong.  I have a permanent irreparable cardiac condition from being beaten  repeatedly with a polic officer's nightstick on my chest because I called 911 for help.   Why isn't  anyone questioning officer kelewiscki? It is strange that his name does not appear on the police reports or court dockets when he was the arresting officer with officer Bee. This entire cover-up is not just appalling ; I'm disgusted wit the whole thing. I don't know how much longer  we can claim to be the greatest  country in the world when the government  treats our injured crime victims as criminals,arrests,prosecutes  and  libel and slander us. Yet  , they do not even thoroughly question , investigate,arrest  and prosecute  violent perpetrators of  brutality , misconduct  of  law enforcement in a case like this where the victim suffered serious injuries from aggravated assault.  When we the people of this great nation apathetical allow our government to treat its victims like criminals in order to protect  an  out of control violent police  officer , then,how  can  we remain the greatest country in the world. We are a nation of equal justice under the law  where no one is supposed to be above the law. The law must be applied  and enforced equally and not selectively. This cover-up of the police  and security guard brutality which VCAP has participated in, though  its  function and purpose is to help injured crime victims  and  hav compassion for us certainly is not the legislative intent of this agency.  VCAP should be wise and independent  enough to acknowledge that sometimes innocent people are arrested and maliciously prosecuted when  there is a motive for this. I'm disappointed ; I tell the truth and am ignored. They ke telling lies to libel ,slander and smear me, so I must keep telling the truth to refute,set the record right

For the aforementioned reasons, VCAP's decision to deny my claim should be reversed as I was an injured crime victim ,(and  am eligible for VCAP benefits),  on October 6, 2010, I reported the crimes of aggravated assault etc. within 72 hours as required by VCAP,  and then  I was  wrongly charged wi the crime of disorderly conduct. I was not intoxicated .   Though there was a police report on file which lists me as a crime victim who was transported to the ER , this report was  not  disclosed  to me or VCAP by the police  until July 3, 2012.. VCAP now has the  police report which shows I'm eliigibl



```
1                   IN THE MUNICIPAL COURT

2        FOR THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

3                    CRIMINAL TRIAL DIVISION

4                           - - -

5

6    COMMONWEALTH                    :

7                                    :

8        vs.                         :

9                                    :

10   JOANN FONZONE                   :    MC# 0043169-2010

11

12                           - - -

13             Monday, December 17, 2012

14                           - - -

15                    Courtroom 504

16                 Criminal Justice Center

17                Philadelphia, Pennsylvania

18                           - - -

19

20

21   BEFORE:   THE HONORABLE PAULA PATRICK, J.

22                           - - -

23                         MOTION

24                           - - -

25
```

2

1    APPEARANCES:

2

3    GREGORY ENGLE, ESQUIRE
     Assistant District Attorney
4    Counsel for the Commonwealth

5    JOANN FONZONE
     Pro se Defendant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

```
 1                         INDEX

 2                 COMMONWEALTH'S EVIDENCE

 3   WITNESS:                   DR    CR    RDR   RCR

 4   (None presented)
                          -  -  -
 5
                         EXHIBITS
 6
     NO.            DESCRIPTION        MARKED    ADMIT.
 7
     C-1            Notes of Testimony    4        -
 8
     C-2            Chart                 4        -
 9                        -  -  -

10
                  DEFENDANT'S EVIDENCE
11
     WITNESS:                   DR    CR    RDR   RCR
12
     (None presented)
13                        -  -  -

14
                         EXHIBITS
15
     NO.            DESCRIPTION        MARKED    ADMIT.
16
     (None presented)
17                        -  -  -

18

19

20

21

22

23

24

25
```

```
 1              THE CRIER:  Going back to No. 57, Your
 2    Honor, Joann Fonzone.
 3              Miss Fonzone, step up.
 4              DA appeal, Your Honor, No. 57, Joann
 5    Fonzone.
 6              THE COURT:  Commonwealth, do you have
 7    the notes?
 8              MR. ENGLE:  I do, Your Honor.
 9              THE COURT:  Mark the notes as C-1.
10                        -  -  -
11              (Notes of Testimony marked Commonwealth
12    Exhibit C-1 for identification.)
13                        -  -  -
14              MR. ENGLE:  I also have what I'd like
15    to mark as C-2, which is a demonstrative chart.
16              THE COURT:  In reference to the times?
17              MR. ENGLE:  Yes, Your Honor.
18                        -  -  -
19              (Chart marked Commonwealth Exhibit C-2
20    for identification.)
21                        -  -  -
22              THE COURT:  Okay.
23              MS. FONZONE:  Your Honor, if I may, I
24    have not been served at all since the summer.  I
25    was unaware that they even appealed this case.
```

*appealed Sept 21, 2012* (handwritten annotation)

5

1   As far as I was concerned, I got this case

2   dismissed August 22nd from Judge Kosinski.

3           THE COURT:  Well, they re-filed.  They

4   can do that.

5           MS. FONZONE:  Don't they have to serve

6   me, Your Honor?

7           THE COURT:  They do, but you're here.

8           MS. FONZONE:  Because I tried to file

9   expungement papers, and that's when I became

10  aware of it.

11          THE COURT:  Okay.

12          MS. FONZONE:  Also, on August 22nd I

13  requested dismissal with prejudice, and I think

14  the clerk made an error by not putting the words

15  "with prejudice" on the disposition form.

16          THE COURT:  It doesn't matter; it's

17  still with prejudice.  The fact is that they can

18  appeal it because I'm higher than the MC Court.

19          MS. FONZONE:  Right.  But I still don't

20  know what basis.  I've seen no alleged risks or

21  any motions.

22          THE COURT:  We'll see.

23          Okay.  On what basis are you appealing?

24          MR. ENGLE:  Because, Your Honor, Judge

25  Kosinski on August 22nd granted a 1013 motion to

*Handwritten annotations:*
- *No, it was dismissed with Prejudice.*
- *No untrue*
- *writs*

1    dismiss in error.

2            I'll draw the Court's attention to C-2,

3    the demonstrative exhibit that I've created.   The

4    blue highlighted dates of 12/22/10, 11/23/11, and

5    6/13/12 were all charged to the Commonwealth.

6    And it's our argument that those were in error. *false*

7    The actual count of days at the time should be

8    76.  Judge Kosinski ruled it was in the realm of

9    230.

10           12/22/10 the defendant was not present.

11   Judge Kosinski saw a notation on the Quarter

12   Sessions File that discovery was incomplete.

13   However, there was evidence that complete       *NO IT*

14   discovery was passed to the Defender Association  *WASN'T*

15   in 404 and then new counsel had been retained at

16   that time.

17           The mere fact that the defendant was   *I was not served*

18   not present alone should be enough for those 23  *with Notice that*
                                                      *dismissal was appealed.*
19   days to be excluded.   Under Rule 1013 and 600,

20   the nonpresence of a defendant is excludable

21   time.

22           THE COURT:  Okay.  Well, you can't hold

23   the fact that she was incompetent.

24           MR. ENGLE:  She was competent at the

25   time, Your Honor.

1          THE COURT:  No, no.  I'm saying from

2     11/23/2011 she was incompetent.

3          MR. ENGLE:  Yes, Your Honor.

4          MS. FONZONE:  And if I may, Your Honor?

5          THE COURT:  No, wait a minute.

6          MS. FONZONE:  Okay.  I want to object

7     to all of this.

8          THE COURT:  So she was not competent

9     during the time of 11/23 --

10          MR. ENGLE:  Yes.

11          THE COURT:  -- where you highlighted

12     that.

13          MR. ENGLE:  Yes, Your Honor.  And Judge

14     Kosinski ruled those 63 days were chargeable to

15     the Commonwealth.

16          THE COURT:  Right.  They're not

17     chargeable to her.

18          Okay.  And then you have on 6/13/2012

19     chargeable to her.

20          MR. ENGLE:  Yes, Your Honor.

21          THE COURT:  Okay.

22          MR. ENGLE:  Because these three dates

23     should not have been charged to the

24     Commonwealth --

25          THE COURT:  No, no, no.  11/23/2011

*I was pissed with Judge Stack!*

 1    should have been charged to the Commonwealth; she

 2    was incompetent during that time.

 3              Do you understand what I'm saying?

 4         MR. ENGLE:  I do, Your Honor.

 5         THE COURT:  So from 12/22/2010 up until

 6    7/18 should be chargeable to the defense.  How

 7    many days is that?  *211*

 8              So from 12/22/2010 to 7/18/2011 should

 9    be chargeable to the defense, because at that

10    point she was determined to be incompetent.  So

11    therefore anything thereafter is not going to be

12    chargeable to her.

13              So from the dates of 12/22/2010 when

14    the defendant FTA'd and there was finally a bench

15    warrant issued, that time is chargeable to the

16    defendant.  On the days where she was incompetent

17    from 11/23/2011 until 5/23/12, that's

18    Commonwealth time; that's not defense time.  *183*

19         MR. ENGLE:  Respectfully, Your Honor,

20    those were status listings; they weren't trial

21    listings.

22         THE COURT:  No, no, I understand.  But

23    she's not responsible.  They were status listings

24    because of her incompetence.  That's why.

25         MR. ENGLE:  However, there was no delay

```
 1   on behalf of the Commonwealth to bring the case

 2   to trial.

 3                THE COURT:  Well, you can't bring a

 4   defendant to trial if they're not competent.

 5                MR. ENGLE:  Yes, Your Honor.  And,

 6   therefore, I'm arguing that that time should have

 7   been excluded or the time should have been

 8   extendable and should not have counted under Rule

 9   1013.

10                THE COURT:  Okay.  But it's not

11   chargeable to her is all I'm telling you.

12                MR. ENGLE:  I understand that.

13                THE COURT:  Okay.  And then you have

14   6/13/2012 until 8/22/2012 all should be defense

15   time.

16                Okay.  Go ahead, ma'am.

17                MS. FONZONE:  Yeah, I'd like to object

18   to everything he just said.

19                I have never been incompetent.  I was

20   diagnosed with post-traumatic stress disorder.

21   Then the Commonwealth played some games and

22   misrepresented to the previous judges that they

23   didn't have the paperwork.

24                I went to JFK Mental Health Clinic and

25   was diagnosed with post-traumatic stress
```

1    disorder.  My attorneys at the time did give

2    previous ADAs all the paperwork saying that I was

3    competent to proceed and I was diagnosed with

4    post-traumatic stress disorder.

5              I was, however, being the victim of

6    serious injuries and crime like aggravated

7    assault, hospitalized three times for those

8    physical injuries.  I was in the hospital March

9    of 2011; therefore, I was unavailable.

10             On April 29th I did notify the attorney

11   at the time, the Public Defender, of that fact.

12   They failed to tell the judge that I was

13   recovering from serious physical injuries.  And

14   then a bench warrant was issued, which they never

15   told me about until June 16th.  And I came to

16   court to get the bench warrant lifted, and I

17   brought my hospital records to the Bench Warrant

18   Unit in the basement.

19             On 11/23/11, contrary to what the ADA

20   just mentioned, I did have the paperwork from JFK

21   Medical Center.

22             THE COURT:  Listen, I didn't charge any

23   of that time to you.

24             MS. FONZONE:  Okay.  On June 13th my

25   attorney was supposed to get the case dismissed.

1   He neglected to mention that, and then he had to

2   leave.

3          So I, in the interest of trying to

4   expedite this case, asked Judge Stack if I could

5   represent myself.  And after a colloquy with ADA

6   Kotchian and myself the judge said I was very

7   capable and competent to proceed, but the

8   Commonwealth did not have their witnesses.  So

9   then Judge Stack said next time this definitely

10  has to be tried.

11          The next time was July 20th, and Judge

12  O'Neill would not make a ruling at all.  So he

13  continued it until August 22nd, where Judge

14  Kosinski correctly calculated the days at 257 or

15  237 days, way beyond the 180-day speedy trial

16  right.

17          I also have yet to receive all of the

18  discovery which I requested about two years ago

19  from the Commonwealth, specifically fingerprints,

20  because at the time my hand was about ten times

21  the size and it caused me great pain when the

22  police fingerprinted me.  My hand must look like

23  the Incredible Hulk.

24          THE COURT:  Fingerprints don't change.

25          MS. FONZONE:  So that's bad faith on

1       the part of the Commonwealth.    Grounds Indismissed presented missended

2                   THE COURT:  Okay.  I understand.

3                   The appeal is granted.  So we need a

4       date.

5                   All right.  Have a seat, ma'am.

6                   MS. FONZONE:  One last thing, Your

7       Honor, if I may.

8                   THE COURT:  Have a seat.

9                   MS. FONZONE:  Right.  Sure.

10                  (Pause.)

11                  THE CRIER:  Your Honor, going back to

12      Case No. 57, that date is going to be 12/31 in

13      Room 1003 at 10 o'clock.

14                  THE COURT:  Okay.  Thank you.

15                  (Whereupon, proceedings concluded.)

16                          - - -

17

18

19

20

21

22

23

24

25

13

CERTIFICATION

1

2

3

4               I hereby certify that the proceedings

5    and evidence are contained fully and accurately in the

6    stenographic notes taken by me upon the foregoing

7    matter on Monday, December 17, 2012, and that this is a

8    correct transcript of same.

9

10

11

12

13

14

15                  _____
                     KRISTINE A. VARGAS

16                   Registered Professional Reporter

17

18

19                (The foregoing certification of this

20    transcript does not apply to any reproduction of the
    same by any means, unless under the direct control

21    and/or supervision of the certifying reporter.)

22

23

24