IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE FONZONE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 12-5726 |
| JOE OTERI, et al., | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 16th day of June, 2022, upon consideration of Plaintiff's Motion to Vacate Order of Dismissal of Civil Rights Personal Injury Action (Doc. No. 216), it is **HEREBY ORDERED** that Plaintiff's Motion is **DENIED**.[1]

---

[1] On April 22, 2022, this Court entered a Memorandum Opinion and Order dismissing Plaintiff's case with prejudice for failure to prosecute. Doc. Nos. 212, 213. Federal Rule of Civil Procedure 60(b) allows a court to grant a party relief from a final judgment in specified circumstances. Plaintiff indicates in her Motion that she seeks relief on the basis of Rules 60(b)(1) and (3). See Doc. No. 216 at 7-9. Pursuant to Rule 60(b)(1), courts may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Plaintiff claims that she is entitled to relief under Rule 60(b)(1) because she was never mailed a copy of the April 22, 2022 Order by U.S. Mail or electronically. Doc. No. 216 at 7. However, the docket indicates that both the Memorandum Opinion and Order were entered on the docket and e-mailed to Plaintiff at the email address for Plaintiff listed on the docket on April 22, 2022. Doc. Nos. 212, 213; see also Notice to Pro Se Litigants (E.D. Pa. Apr. 9, 2020), *available at* https://www.paed.uscourts.gov/documents/notices/not_pro%20se%20email%20address.pdf ("The email address that is provided will be used to serve copies of orders on the *pro se* litigant."). To the extent Plaintiff claims she did not timely receive a copy of the April 22, 2022 Order dismissing her case, she does not state a basis for granting relief pursuant to Rule 60(b)(1) from this Court's dismissal for failure to prosecute.

A motion pursuant to Rule 60(b)(3) allows relief from judgment based on fraud, misrepresentation, or misconduct by an opposing party. "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his [or her] case." Stridiron v. Stridiron, 698 F.2d

(Footnote continued on next page)

BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

---

204, 207 (3d Cir. 1983).  Once again, Plaintiff continues to reiterate complaints about Defendants' purported failure to provide discovery, long after the extended discovery period in the case had passed.  See Doc. No. 216 at 4-5, 8-9.  These complaints about the discovery process have been repeatedly rejected by the Court throughout this litigation.  See Doc. Nos. 65, 88, 98, 102, 123, 147, 201.  Plaintiff's complaints about discovery do not support any relief pursuant to Rule 60(b)(3).

The remainder of Plaintiff's Motion reargues the Court's decision to dismiss her case for failure to prosecute.  A motion brought under Rule 60(b), however, may not be used as a substitute for appeal.  Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999).