IN THE UNITED STATES  DISTRICT COURT FOR THE EASTERN DISTRICT
OF  PENNSYLVANIA


JO ANN FONZONE AKA JUDY MC GRATH                    12-5726
           PLAINTIFF                                 CIVIL ACTION LAW
                                       JURY TRIAL DEMANDED

          VS.

OTERI, OFFICERS KELECWIESKI, ORTIZ, KOVACS,EVANS, PHILLIES ORGANIZATION,
CITY OF PHILADELPHIA, et al


PLAINTIFF'S PETITION TO REOPEN CIVIL ACTION


Plaintiff  respectfully requests that this Honorable Court reopen the above titled  civil rights
personal injury action and in support thereof avers:


1.  Plaintiff first learned  that this court issued an Order April 22, 2022  on May 31, 2022

    when she went to the Allentown Federal court clerk's office because she had  not received

    a reply  from the court on her April 18, 2022  filing. The clerk Evelyn Renner was kind

    enough to provide Plaintiff with a copy of the Order of dismissal on May 31, 2022 which

    disheartened  her upon reading .( copy attached herein)


2.  At the March 10, 2022 telephone conference , and prior conferences ,plaintiff had stated

    to the court that she was not receiving her Court Orders, and the  magistrate ordered that

    her Orders be both emailed and mailed by U.S. Mail to Plaintiff. However, Plaintiff  did

    not receive the Order of April 22, 2022 either by electronic mail or U.S. Mail and  thus

    her reason for calls to the clerk's office and then going to the Federal clerk's office .


3.  Similarly, Plaintiff filed  a Motion on June 14, 2022 and never received an  Order on

    that filing until July 8, 2022 when she again went to the Federal clerk's office in

    Allentown and was provided a copy by Matt Sheetz who also signed  on the bottom of

    page and put the date he served  Plaintiff with the Order.(copy attached herein) While

there, Plaintiff told the clerk she had not received the Order either by email or U.S. Mail and

had to phone the clerk' several times and still had not received said Order. Finally ,on Saturday

July 9, 2022 Plaintiff received copies of both Orders April 22,2022 and June 16, 2022 in the

U. S. Mail ,( copy of envelope atached herein witnessed by Plaintiff's mother Mrs.M.Fonzone,)

with whom plaintiff resides.

4.   Though it might state on the docket that Plaintiff was emailed copies of Orders;this does not

guarantee that Plaintiff received said Order. Because Plaintiff has had the email address since

2000, has a huge quantity of emails,had very serious injuries requiring hospitalizations and

continuous treatment since she was a crime victim in 2010, Plaintiff has not had time to read all

her emails ,some do not come through her IP,and has informed the court of this issue .

5.   The Court on the June 16, 2022 Order in footnote , states that "Plaintiff was emailed the

Opinion and Order ", but it was not mailed to her by U. S. Mail.  When an Order which

dismisses an injured / disabled Plaintiff's case  ; is it too much to ask that it be sent to her by

U. S. Mail as required by due process for her to have Notice and Opportunity.

6.   Moreover, on April 19, 2022 Plaintff was at her neurologist undergoing a new treatment

for chronic migraines which are a result of the head trauma , concussion and traumatic

brain injury she suffered October 6, 2010  when Oteri assaulted her and her head was

pushed into the back of the stadium seat in front of her. In August 2019 , plaintiff went

deaf in her right ear from this head trauma and also suffers from chronic tinnitus.

7.   At the March phone conference Plaintiff tried to explain to the Court that she could

not be in trial April 19 precisely because she would be with her neurologist, but it did

not seem to be important to the Court or defense lawyers. Plaintiff also reiterated to

the court that she needed help with the trial as the injuries disabled her with a heart

condition and other prermanent  medical conditions to no avail.

8.Plaintiff  contends that the above mentioned suffices for the Court to reinstate

this civil action under 61(b) (1), courts may relieve a party from a final judgment

for "mistake, inadvertence , surprise or excusable neglect" because  it  was a mistake that Plaintiff did not receive a copy of the  Orders of April  and June; or it was  inadvertenrtly not mailed to her  by the clerk or  there was mail tampering ,but it was  excusable because she had no Notice that her case had been dismissed  which is the harshest penalty for a plaintiff.

9 Plaintiff hereby incorporates by reference her Motion of June 14, 2022 stating  with clarity reasons  that she did not fail to prosecute this action despite of all the odds against her.

10. Though Plaintiff does not agree that it is necessary for her to use Rule 60(b)(3) to be granted " relief from the judgment of dismissal, based on fraud, misrepresentation or misconduct  by opposing party"; she wlll nevertheless discuss the components of this Rule. Plaintiff has asserted throughout this litigation that  there was a cover up by defendants to protect  the violent perpetrators that seriously injured her, first Oteri and then Officer kelewchky. There was no probable cause to arrest her; she called 911 for help and they all hid the audio of the call for more than two years as they refused to acknowledge Plaintiff was taken toEmergency Room  after Sargeant Addison  noticed that she needed medical attention. There  was  other exculpatory evidence suppressed and witheld , many other acts of police and prosecutor misconduct and misrepresentations to the courts,blatant lies, slander about Plaintiff. All of this is contained in Plaintiff's Affidavit including the fact that a warrant was issued  based on lies to the court. Plaintiff  notified the Municipal clerk, the District attorney and her  lawyer ( Mr. Dixon)she had an appoitment with her cardiologist and would not be in court Sept.21,2011 , yet  they got a bench warrant for her non-appearance knowing  her legitmate reason for her absence.

11.  There was no reason the Bench warrant unit and police had to storm into her mother's home in the middle of the night  on a warrant for non-appearance especially becasue they all knew  or should have known had they read the file why she did not appear .Plaintif had been informing them all that she was seriously injured and  getting medical treatment for the injuries ;they had

direct knowledge as she was sending them medical reports .Evans had ER report which he ignored

12.Further, police and prosecutor had a copy of the Hospital transport police report generated by

the police after she was taken to the ER. This exculpatory evidence that stated "she was injured

prior to arrest" was witheld by police and prosecution until Plaintiff obtained a copy of it more

than two years after the incidents when the Police Advisory Commission told her that each time

the police take an individual to the hospital ; there is a police report filed. The fraud is that Plaintiff

was an injured crime victim ,mistreated by the police and prosecutor to cover up their misconducts.

They also had in their possession a copy of Plaintiff's Permanent Protection From Abuse Order

against her estranged spouse,(which is also supposed to protect her from stalking and vicarious or

physical abuse by hire), because she provided it to the police with her complaint to Internal Affairs.

There was no thorough impartial investigation; Evans lied to police and said Plaitniff filed

complaints against all of them to get them to say what he wanted.He omitted talking to real witness

13.Indeed, the fraud, misconduct and misrepresentations by defendants constituted a conspiracy to

deprive plaintiff of her civil and constitutional rights according to Black v. Bayer. Plaintiff was

similarly deprived of her right to fully and fairly present her case as facts were covered up;there

was no investigation by police , no questions asked by prosecutors, evidence not brought to the

fact finder .Plaintiff has demonstrated more than sufficient evidence for relief under Rule 60(b)(3)

with her Exhibits and that stated herein for this court to amend the judgment under rule 52(b) or

alter judgment under Rule 59, particularly becasue Plaintiff did not timely receive the last two

Orders for some reason.Plaintiff contends that she has sufficiently shown good cause pursuant to

Rule 4(a)(1),to extend the time for appeal if the court decides not to reopen the case However,

.Reconsideration of the dismisssal Order here is necessary to prevent a clear error of law and

manifest injustice because as Judge Davis found "Plaintiff's Affidavit or Concise Statement of Facts

created a dispute of material fact" Hamilton v. Leavy, 322F.3d 776 (3d Cir. 2003). According to

Hamilton, It would be error of law and manifest injustice to dismiss an injury case when there are

material issues of fact in dispute and Plaintiff suffered serious disabling injuries.

14. Plaintiff suffered serious physical and emotional injuries and damages as a result of the incidents of October 6, 2010. There were injuries at the time of the incidentts and there were damages the extent of which were unknown at the time of the injuries.

15. Plaintiff has been in the hospital for the physical injuries a total of 5 times since the incidents of October 6, 2010. Plaintiff had a concussion, bruised, contused ,swelling of right hand, arm, shoulder, neck and chest from the traumatic assaults.

16. The medical costs are continuing because Plaintiff requires cardiac treatment for the blunt force trauma casued heart condition for the rest of her life.

17. Plaintiff suffered a life changing debilitating physical injury from the aggravated assault to her chest by officer Kelewischeky.Plaintiff's 1st and 4th Amendment constituitonal rights were violated .

18. Plaintiff suffered emotional injuries and was diagnosed with PTSD as a result of the life threatening physical trauma she endured on October 6, 2010.

19. Plaintiff has suffered in the loss of enjoyment and damage to her personal life and relationships with family , friends and boyfriend.

10. Plaintiff has suffered the loss of productivity in her professional life as she can only work part time now on legal matters. Plaintiff takes three kinds of heart medication which cause low blood pressure and exhaustion as side effects.

21. Plaintiff suffered extreme humiliation, discrimination, prejudice, from being dragged through the criminal system, though she was the innocent injured victim. Plaintiff was slandered , libeled, disrespected, maligned, misrepresented thorough the process becasue she was the victim.

   WHEREFORE, Plaintiff respectfully requests that this Honorable Court carefully consider the aforementioned reasons and reopen this important civil rights/injury action in the interests of justice.

Dated: 07/11/22                                    By: _John Jay, Esquire_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOANNE FONZONE,                      :
                                     :        CIVIL ACTION
            Plaintiff,               :
                                     :
      v.                             :        NO. 12-5726
                                     :
JOE OTERI, et al.,                   :
                                     :
            Defendants.              :

## ORDER

**AND NOW**, this 22nd day of April, 2022, upon consideration of the Order to Show

Cause why the case should not be dismissed for failure to prosecute (Doc. No. 202), Plaintiff

Joanne Fonzone's Response to this Court's Order to Show Cause (Doc. No. 204), Defendants

City of Philadelphia, James Kisielewski, Lisenette Ortiz, and Mark Kovacs' Response to the

Court's Rule to Show Cause for Failure to Prosecute (Doc. No. 205), Defendant Christopher

Bee's Response to the Court's Rule to Show Cause for Failure to Prosecute (Doc. No. 207),

Defendant Christopher Bee's Amended Response to the Court's Rule to Show Cause for Failure

to Prosecute (Doc. No. 209); and Plaintiff Joanne Fonzone's Reply to Defendants' Response and

Motion to Dismiss Personal Injury/Civil Rights Action for Lack of Prosecution (Doc. No. 211),

**IT IS HEREBY ORDERED** that Plaintiff's case is dismissed with prejudice for failure to

prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court shall mark this

case **CLOSED**.

BY THE COURT:

_/s/ Marilyn Heffley_
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

5/3/22
Evelyn
Renner
Clerk
Allentown
Fed Court

-6-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE FONZONE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 12-5726 |
| JOE OTERI, et al., | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this 16th day of June, 2022, upon consideration of Plaintiff's Motion to

Vacate Order of Dismissal of Civil Rights Personal Injury Action (Doc. No. 216), it is **HEREBY**

**ORDERED** that Plaintiff's Motion is **DENIED**.[1]

---

[1]   On April 22, 2022, this Court entered a Memorandum Opinion and Order dismissing
Plaintiff's case with prejudice for failure to prosecute. Doc. Nos. 212, 213. Federal Rule of
Civil Procedure 60(b) allows a court to grant a party relief from a final judgment in specified
circumstances. Plaintiff indicates in her Motion that she seeks relief on the basis of Rules
60(b)(1) and (3). See Doc. No. 216 at 7-9. Pursuant to Rule 60(b)(1), courts may relieve a party
from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Plaintiff
claims that she is entitled to relief under Rule 60(b)(1) because she was never mailed a copy of
the April 22, 2022 Order by U.S. Mail or electronically. Doc. No. 216 at 7. However, the
docket indicates that both the Memorandum Opinion and Order were entered on the docket and
e-mailed to Plaintiff at the email address for Plaintiff listed on the docket on April 22, 2022.
Doc. Nos. 212, 213; see also Notice to Pro Se Litigants (E.D. Pa. Apr. 9, 2020), *available at*
https://www.paed.uscourts.gov/documents/notices/not_pro%20se%20email%20address.pdf
("The email address that is provided will be used to serve copies of orders on the *pro se*
litigant."). To the extent Plaintiff claims she did not timely receive a copy of the April 22, 2022
Order dismissing her case, she does not state a basis for granting relief pursuant to Rule 60(b)(1)
from this Court's dismissal for failure to prosecute.

A motion pursuant to Rule 60(b)(3) allows relief from judgment based on fraud,
misrepresentation, or misconduct by an opposing party. "To prevail, the movant must establish
that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the
moving party from fully and fairly presenting his [or her] case." Stridiron v. Stridiron, 698 F.2d

(Footnote continued on next page)

-7-

*Matt Sheetz - Clerk Allerton Fed Court 7/8/22 provided this Order to Plaintiff no prior Order received*

# AFTER VISIT SUMMARY

**Jo Ann C. Fonzone**   MRN: 00194191 DoB: 7/19/1958

📅 4/19/2022  2:00 PM  📍 LVH-CC 1250 Neurology 610-402-8420

## Instructions   from Vitaliy Koss, MD

 drink sufficient amounts of water, eat regularly, get enough sleep.
Begin regular aerobic exercise, 20 to 30 minutes 5 days a week.
Do 1-minute isometric neck exercises 10 times a day
Undergo a course of biofeedback
Consider preventive medications: antidepressants, antihypertensives, anticonvulsants.
Continue Botox injections
Acute treatment. The goal is to treat headaches 3 days a week or less.
Imitrex, Compazine. Ubrelvy
Other options: acupuncture, yoga
Occipital, auricular blocks + tpi- if needed
Follow up with PA in 3 months and MD in 6 months.

## Today's Visit

You saw Vitaliy Koss, MD on Tuesday April 19, 2022. The following issue was addressed: Intractable chronic migraine without aura and without status migrainosus.

| | | | |
|---|---|---|---|
| ⊘ Blood Pressure **119/75** | | 👤 BMI **17.69** | |
| 🏋 Weight **109 lb 9.6 oz** | | 👤 Height **5' 6"** | |
| ♡ Pulse **71** | | | |

## ⚕ Medications Given

botulinum toxin Type A (BOTOX) injection 155 Units Last given at 2:18 PM for Intractable chronic migraine without aura and without status migrainosus

## What's Next

**JUN 27 2022**   **Return Patient Visit with Susan K Newhart, CRNP**
Monday June 27 1:00 PM
-Arrive 15 minutes early for your appointment.
-Bring your insurance card with you.
-Bring a list of all of your current medications.

LVPG Neurology - Muhlenberg
1770 BATHGATE RD STE 403
BETHLEHEM PA 18017-7334
484-884-8370

**NOV 21 2022**   **ECHO 2D**
Monday November 21 1:00 PM

LVH-CH 1503 N Cedar Crest Cardiac Diag Cntr
1503 N Cedar Crest Blvd
1st Floor
ALLENTOWN PA 18104-2310
610-849-0692

**NOV 21 2022**   **Return Patient Visit with Prasant Pandey, MD**
Monday November 21 2:00 PM
-Arrive 15 minutes early for your appointment.
-Bring your insurance card with you.
-Bring a list of all of your current medications.

LVPG Cardiology -  1503 N Cedar Crest
1503 N CEDAR CREST BLVD
ALLENTOWN PA 18104-2310
610-402-3110

## MyLVHN

Send messages to your doctor, view your test results, renew your prescriptions, schedule appointments, and more.

Go to **https://www.mylvhn.org/mychart/**, click "Sign Up Now", and enter your personal activation code: **R2KQ9-CM8F5.** Activation code expires 4/24/2022.

United States District Court
Eastern District of Pennsylvania
Edward N. Cahn Courthouse
504 W. Hamilton Street, Suite 1601
Allentown, PA 18101

OFFICIAL BUSINESS

$0.930
US POSTAGE
FIRST-CLASS
062S0010118057
18101

LEHIGH VALLEY PA 180

6 JUL 2022 PM 3 L

Orders 1 4/22/22 6/16/22
received 07/09/22
witness:

18104-468331

-9-



IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

Pltf: JOANN PONZONE          2242 Tilghman St.          : File No. 97-PF-61
       2070 WALBERT AVE,      Allentown Pa                : PROTECTION FROM ABUSE
       APT B                  1887 Redwood Drive          :
       ALLENTOWN PA 18104     Whitehall, PA 18052         : Permanent ORDER
            VS                                            :
Dft: CARY J WOODS  fraud;  David Loew                    : U.S. District Court-Phi.
       aka ~~~~~~~ etc.      David Lee Roth               : 2/01/01
       D.O.B. 06-May-1957  S.S. NO. 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           :

P R E L I M I N A R Y     O R D E R

            AND NOW, this 17TH day of JANUARY, 1997, after a
Preliminary Hearing and pursuant to the Protection From Abuse Act,
23 Pa. C.S. 6101 et seq; IT IS HEREBY ORDERED THAT:

    1. Defendant shall refrain from abusing, threatening, stalking, ~~
or harassing the Plaintiff and the minor child(ren) in any manner
or at any location whatsoever. (or having her abused, stalked, threatened, harassed, be

    2. Custody of the following minor child(ren):
N/A
(    ) a. is temporarily awarded to Plaintiff.
(    ) b. is to remain as per existing custody order, No.
(    ) c. is awarded to Plaintiff, temporarily superseding
           existing custody order, No.     N/A
(    ) d. is temporarily awarded to
(    ) e. temporarily superseding existing custody order,
           No.     N/A     is temporarily awarded to

    3. Other PFA orders:
N/A
_____
_____

    4. Defendant is ~~evicted~~/excluded from the premises at the primary
residence or from any premises where the Plaintiff shall come to reside
during the effective period of this order as well as from the following:
( EXCLUDE ) Primary residence/police dept: S WHITEHALL TWSP
    2070 WALBERT AVE APT B ALLENTOWN PA 18104
(    ) Place of employment/police department: or anywhere she travels
(    ) School/police department:
(    ) Other/police department:
(    ) Exceptions to exclusion:

to -

# LEHIGH COUNTY SHERIFF DEPARTMENT

## PROTECTION FROM ABUSE SERVICE INFORMATION FORM

:RIFF'S OFFICE: (610) 820-3175   LEHI CTY RADIO: (610) 437-5252 AFTER 4:30
DEFENDANT INFORMATION:

A. NAME : CARY J WOODS                        LC ID#: 0069762
B. ADDRESS : 13749 Mulholland Dr. BH, CA        PHONE: (000) 000-0000
   2         8701 Hollywood Blvd, Los Angeles, CA   MUNICIPAL:
   3                                              COUNTY:
DIRECTIONS FROM LEHIGH COUNTY COURTHOUSE:
1. NO ADDRESS FOR DEFENDANT WAS PROVIDED. HE ~~~~ RESIDING
2. IN CALIFORNIA.
3.
C. ~~NO EMPLOY~~
   CONTACT : Warner Bros. Records    Sony Loew's Films   PHONE: (000) 000-0000
   ADDRESS : 15 Rockefeller Center or 111 5th Ave.   WORK HRS: Woods Entertainment
   2          NY, NY               NY, NY         MTV Viacom              CA 137.
   3                                              1575 Broadway, NYC      Mulh
D. D.O.B.: 06-May-1957 AGE : 39       HEIGHT: 5'10  HAIRCLR: BLOND     BH
   S.S.N.: 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 RACE: White    WEIGHT:                         902
   IDENTIFYING MARKS:                             EYES: BR
   TATOOS:
E. VEHICLE MAKE: PORSCHE 93            COLOR: BLACK        PICTURE: Y
   LICENSE NO. :                       STATE: CA
   VEHICLE MAKE:                       COLOR:
   LICENSE NO. :                       STATE:
                                  new paid salary payless benefits
                                  illegal use during SSN theft
                                         Identity theft
                                            VICTIM

PLAINTIFF INFORMATION:

A. NAME : JOANN FONZONE   aka Judy McGrath Pres. CEO
                                     MTV      NOTES:
B. ADDRESS : 2070 WALBERT AVE              PHONE: (610) 437-5593
   2          APT B                       COUNTY: LEHIGH
   3          ALLENTOWN PA 18104          MUNCIPAL: SOUTH WHITEHAL
C. EMPLOYER : MTV - VIACOM INC             PHONE: (000) 000-0000
   CONTACT :                              COUNTY:
   ADDRESS : 1515 Broadway, NYC, NY 10036  WORK HRS:
D. CONTACT :                              PHONE: (000) 000-0000
   ADDRESS : and see list sent to         COUNTY:
                                          NOTES:
E. SCHOOL : IRS in March 1997             PHONE: (000) 000-0000
   ADDRESS : alleging tax fraud of employees  COUNTY:
F. D.O.B.: 19-Jul-1958                    SCHOOL HRS:
G. IS PLAINTIFF STILL LIVING WITH DFT (NO)  S.S.N.: 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  June
                                          I left Southern California in 1994
IS THIS AN EVICTION? (Y/N): N             and am legally separated since
                                          not yet divorced  then.

~~HEARING DATE: 23-Jan-1997 10:30 AM~~         ROOM: 604
~~ATTY FOR PLAINTIFF:~~                         PHONE: 000 000-0000
                                                          NY, NY
POLICE JURISDICTION OF PLAINTIFF'S RESIDENCE: S WHITEHALL TWSP PD    Abx
POLICE JURISDICTION OF PLAINTIFF'S CONTACT:
POLICE JURISDICTION OF PLAINTIFF'S EMPLOYMENT:     legal — Palmo
POLICE JURISDICTION OF PLAINTIFF'S SCHOOL:    malpractice
ADDITIONAL INFORMATION:

-11-

*continus VI Crimes abuse @*

8. Because the Plaintiff fears what the Defendant may do in the future, Plaintiff seeks the relief prayed for hereinafter.

THEREFORE, the Plaintiff requests that this Honorable Court enter an Order providing to the Plaintiff the following relief:

a. Directing the Defendant to refrain from stalking, abusing, threatening, or harassing the Plaintiff ~~and the minor child(ren);~~ *or ordering such or paying for such abuse @ vicarious abuse*

b. Directing the Defendant be ~~evicted and excluded~~ from the premises at: 2070 WALBERT AVE APT B ALLENTOWN PA 18104 or any other residence where the Plaintiff ~~and the minor child(ren) may come to reside~~ *resides, place of employment or travels.*

c. Directing the Defendant to surrender the following weapon(s); *~~his~~ Professional licenses and authority to order abuse & arrest of me @* and directing the Sheriff of Lehigh County to confiscate them;

N/A   ~~d. Custody of the following minor child(ren):~~

(   )a. ~~is temporarily awarded to Plaintiff.~~
(   )b. ~~is to remain as per existing custody order, No.~~
(   )c. ~~is awarded to Plaintiff, temporarily superseding existing custody order, No.    N/A~~
(   )d. ~~is temporarily awarded to~~
(   )e. ~~temporarily superseding existing custody order, No.    N/A    is temporarily awarded to~~

e. Directing that the Order remain in effect for a term of one year from the date of its entry;

f. Granting such other relief as your Honorable Court deems to be in the best interests of the parties.

_____ OR _____
Plaintiff

**AFFIDAVIT**

I verify that the statements made in this Petition are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. 4904, relating to unsworn falsification to authorities.

Date: 17-Jan-1997          _____ or _____
Affiant

CK: CAOSAP 1997 60

*12*

Subj:   **Response to your complaint Ref No. 6556115**
Date:   8/11/2005 1:22:10 PM Pacific Standard Time
From:   COMPLAINT@FTC.GOV
To:     Jo76er@aol.com

Thank you for visiting the Identity Theft web site and for using the Federal Trade Commission's new electronic Identity Theft form.  One of our consumer counselors reviewed the information you sent us and entered it into our data clearinghouse for complaints by identity theft victims.  We may share data from this clearinghouse with other law enforcement and regulatory agencies.

Attached is your electronic response, which includes the reference number assigned to your complaint.  Your response may include one or more enclosures of consumer education materials that we hope you'll find helpful.  Note that our brochure, "ID Theft: When Bad Things Happen To Your Good Name" is provided in its PDF version. You will need Adobe Acrobat Reader to open this document.  If you do not have this software on your computer, the latest version is available at www.adobe.com/acrobat/readermain.html.  All of the FTC's consumer education materials can also be found at www.ftc.gov under the News Releases, Publications, Speeches option.

Information from consumers like you helps Federal, State and Local authorities investigate possible illegal practices and enforce our laws.  Someone from the FTC or another law enforcement agency may contact you if they need additional information to help them in an investigation.

Thank you for using our electronic Identity Theft complaint form.  Please continue to visit the Identity Theft web site, www.consumer.gov/idtheft, for updated information.  You may also want to visit the FTC's web site, www.ftc.gov, to get information to help you avoid a variety of consumer problems.

-13-



I called 911
for help after the
1st time Officer Kelewshki
threw me against the wall.

-74-

**PHILADELPHIA POLICE DEPARTMENT**

| CLASSIFICATION | CODE | DISTRICT/AGENCY PREPARED | CODE | REPORT DATE |
|---|---|---|---|---|
| | | | | 7/22/10 |

| SIGNATURE OF PERSON RECEIVING COMPLAINT | Badge | PERSON NOTIFIED (I.A.B.) | | DATE AND TIME NOTIFIED | D.C. COMP. |
|---|---|---|---|---|---|

## CITIZEN MAKING COMPLAINT TO COMPLETE BALANCE OF REPORT

| COMPLAINANT'S NAME Last | First | Initial | ADDRESS | | City | State |
|---|---|---|---|---|---|---|
| FONZONE | Jo ANN | | 2242 Tilghman St. | | Allentown | PA |

| AGE | RACE | SEX | DATE OF BIRTH | OCCUPATION | PHONE |
|---|---|---|---|---|---|
| 52 | | ☐M ☑F | 7/19/58 | Lawyer | 484-29-464 |

| NAME OF ALLEGED VICTIM OF INCIDENT IF OTHER THAN COMPLAINANT | ADDRESS | PHONE |
|---|---|---|

| NAME OF ATTORNEY/INTERPRETER/PERSON ASSISTING COMPLAINANT | ADDRESS | PHONE |
|---|---|---|
| John Fonzone, ESQUIRE | | |

| NAMES OF OTHER WITNESSES Last | First | Initial | ADDRESS | PHONE |
|---|---|---|---|---|
| Jack Fruyman | Florence | | Northampton PA | |
| P.O. Connell | Brian | | | |
| P.O. Addison | Jefferson Emergency Room personnel | | | |

| NAMES OF OFFICERS COMPLAINED AGAINST (If Known) | RANK | BADGE | DISTRICT/UNIT | ASSIGNMENT (Foot/Auto/Det.) |
|---|---|---|---|---|
| Bee | | | | |

| DESCRIPTION | HEIGHT | WEIGHT | HAIR | EYES | SEX | AGE (Approx.) | RACE | OTHER |
|---|---|---|---|---|---|---|---|---|
| | | Stocky 200 lb | | | ☐M ☐F | 5-6 | C | |

| NAME | | RANK | BADGE | DISTRICT/UNIT | ASSIGNMENT (Foot/Auto/Det.) |
|---|---|---|---|---|---|
| Kajowsky Kelewski | | | | | |

| DESCRIPTION | HEIGHT | WEIGHT | HAIR | EYES | SEX | AGE (Approx.) | RACE | OTHER |
|---|---|---|---|---|---|---|---|---|
| | | Stocky 200 | | | ☐M ☐F | 5-6 | C | |

**IN DETAIL, STATE WHAT OCCURRED**

See attached.
Permanent PFA Order
& other documents.

*(If Additional Space is Required, Use A-Continuation Report (75-51))*

| THE ABOVE INFORMATION IS TRUE AND CORRECT | DATE AND TIME COMPLAINT MADE | ☐AM ☐PM |
|---|---|---|
| Signature of Complainant: | | |
| TYPED NAME OF PERSON PREPARING REPORT AND SIGNATURE | AGENCY | |
| Jo Ann Fonzone | DISPATCH | |

10/06/10   6:11

-15-

# INTERNAL AFFAIRS INVESTIGATIVE PROCESS

Upon receiving your complaint, we begin an investigative process. Your complaint receives an Internal Affairs Division control number which allows us to monitor the investigation. In accordance with the Mayor's Executive Order 1-92, we must complete this investigation and the Police Commissioner must send you written notice of our determination and the reasons therefore no later than one hundred and forty (140) days after you make the complaint.

Our investigative process includes but is not limited to:

   a) a personal interview of you
   b) a personal interview of all witnesses
   c) a personal interview of the accused officers
   d) a personal interview of police officers present
   e) a survey of the neighborhood for witnesses
   f) requesting and retrieving documents or physical evidence
   g) possible use of the polygraph (lie detector)

After we have interviewed all persons who have information on your complaint, we examine any physical evidence that may exist. In all cases, your complaint is reviewed by the investigator and his/her supervisor and a determination is made. A report is then prepared which includes a summary of all interviews, records, etc. that we have obtained in the course of the investigation. The report is then reviewed and approved by the Commanding Officer, Internal Affairs Division; Chief Inspector, Internal Investigations Bureau; Deputy Commissioner, Special Operations and, finally, by the Police Commissioner. At any step along the way this report may be returned for additional work or to explain part of the investigation.

After the report is approved by the Police Commissioner you will be notified by mail of our findings. The filing of this report will not necessarily result in a criminal investigation, however, if a crime is involved and we have been able to sustain your allegations, you may be required to appear in court.

If a crime is involved and we have been able to sustain your allegations, you may be required to appear in court.

If we are able to sustain your accusation that a police officer has acted improperly, you may be asked to testify before a Police Board of Inquiry, an administrative proceeding which may result in disciplinary action against the officer.

If we are able to sustain your accusation that a police officer has acted improperly but it is of a very minor nature, you may be advised that this officer will receive appropriate training.

We conduct our investigations in a neutral, impartial manner with the idea that the facts will speak for themselves. We want to be fair to you and to the accused officer.

We classify our reports in the following manner:

**SUSTAINED:** Investigation demonstrates that the allegation is true and the action(s) of the officer(s) was inconsistent with departmental policy, orders and directives and/or applicable local, state or federal laws.

**NOT SUSTAINED:** A thorough investigation can neither prove nor disprove the allegation.

**UNFOUNDED:** The incident alleged did not occur.

**EXONERATED:** Although the allegation is true, the conduct of police is in accordance with accepted Police Department policy.

**WITHDRAWN:** The person(s) making the complaint decided, on his/her own volition, to withdraw the complaint.

In the event the investigation reveals independent evidence that the complaint was false, the complainant could be subject to appropriate criminal and civil action.

As a check and balance on our investigative process, a copy of your complaint will be forwarded to the District Attorney's Office for its review. If criminal charges against an officer may be involved, the District Attorney's Office will be contacted and will decide what charges, if any, will be placed against the police officer(s).

You may come to the Internal Affairs Division, 323 Race Street, 2nd floor, from 9:00 A.M. to 4:00 P.M., Monday through Friday (except holidays) to review the investigation report concerning the complaint. The telephone numbers for Internal Affairs Division are 686-3209 and 686-3210.

Ms. Elizabeth Kottias
District Attorney's office
Three S.Penn square
Philadelphia, PA 1910

June 23, 2012

RECEIVED

JUN 2 7 2012

ACTIVE CRIMINAL RECORDS
CRIMINAL MOTION COURT

Re : Comm. v. Fonzone
MC-51-CR-43169-2010

Dear Ms. Kottias:

It is the   defense's position that discovery has not yet been completed  as there is outstanding
discovery requests  filed  in September  2011  which have not been fully complied with by your office.
(copies  attached  herein).

Pursuant to PaRCrim P 573(C)(2) and 573(D), defense hereby requests any and all names , addresses
and dates of birth of any witnesses the prosecution intends to call . In addition, defense requests  any
and all witness statements, documents reports, exhibits or photographs intended for use by the
prosecutor.

Some of the requested items which have not been provided  , though requested on September 9, 2011,
include:  All police reports including Police form 48 of October 6, 2010 which is the police transport to
hospital form, and  Police form 48 of September 22, 2011, which is the police warrant unit transport
form to hospital. Also, the bench warrant of September 21, 2011 constitutes a police report and has not
been provided to the defense though requested  repeatedly since  then.  ( then defense attorney was told
that Ms. Fonzone had an appointment with her cardiologist September 21 and could not be in court
that day). Other police reports not provided to defense include:  a police report  containing  a police
affadavit of probable cause signed by the arresting officers Kelecheswky and Bee.  The police report
containing the name of the complaining witness  and alleged victim of disorderly conduct  was
similarly not yet provided to the defense.

Furthermore, videotape of the section at Citizen Bank park was requested and not yet provided to
defense. Lastly, the fingerprints  of the accused  were not provided to the defense.

Since  the  case was first called to trial October 2010, there were three Court Orders  for the district
attorney to provide   discovery.  The defense has provided discovery  and medical reports to previous
asst. district attorneys.

Sincerely,

Jo Ann Fonzone, Esquire

Social Security Administration

Form Approved
OMB No. 0960-0671

## OBJECTION TO APPEARING BY VIDEO TELECONFERENCING

Name: Jo Ann Fonzone

Social Security Number: ~~123-45~~-1688

RQID: 00000000000000165405888 SITE:T26 DR:S
SSN: 183461688 DOCTYPE:3267 RF:D CS:2bb0

Wage Earner: *JoAnn Fonzone aka Judy McGrath*

Hearing Office: Elkins Park

[X] **I do not want to appear at my hearing by video teleconference. Please schedule my hearing so that I may appear in person.** *I had a videotape deposition on an Injury case in 2008 and suffered further injuries in 2010*

**Please return this form only if you object to a hearing by video teleconference.** *conspiracy*

Additional Comments: *I am a victim of FRAUD & ID Theft & INJURES & retaliation for 3 decades. I will bring evidence. I am legally separated since 1993, not yet divorced*

Signature: *JoAnn Jo Esposito aka Judy McGrath*

Date: 10/21/15

Area Code and Telephone Number: 484-274-8975

**Privacy Act Statement**
**Collection and Use of Personal Information**

Sections 205(b)(1), 205(d) and 1631(c) of the Social Security Act, as amended, authorize us to collect this information. We will use the information you provide to acknowledge you are opting-out of an appearance via video teleconferencing. Furnishing us this information is voluntary. However, failing to provide us with all part of the information may prevent an accurate and timely decision on any claim filed.

We rarely use the information you supply us for any purpose other than to make a determination regarding benefits eligibility. However, we may use the information for the administration of our programs including sharing information:

1. To comply with Federal laws requiring the release of information from our records (e.g., to the Government Accountability Office and Department of Veterans Affairs); and,

2. To facilitate statistical research, audit, or investigative activities necessary to ensure the integrity and improvement of our programs (e.g., to the Bureau the Census and to private entities under contract with us).

A complete list of when we may share your information with others, called routine uses, is available in our Privacy Act System of Records Notice 60-0089, entitled Claims Folder System. Additional information about this and other system of records notices and our programs are available online at www.socialsecurity.gov or your local Social Security office.

We may share the information you provide to other health agencies through computer matching programs. Matching programs compare our records with records by other Federal, State or local government agencies. We use the information from these programs to establish or verify a person's eligibility for federally funded administered benefit programs and for repayment of incorrect payments or delinquent debts under these programs.

**Paperwork Reduction Act Statement -** This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 5 minutes to read the instructions, gather the facts, and answer the questions. *You may send comments on our time estimate above to: SSA, 6401 Security Blvd, Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.*


-18-

| Dental Implants Deals | Atrial Fibrillation Treat |
|---|---|
| Find Now ! | Find Now ! |

Share

In CHILD HEALTH, CARDIOVASCULAR HEALTH

# Is atrial fibrillation cause of disability?

## Pond Lehocky Law Firm

Get A Free Case Evaluation Today. Top Workers' Compensation Attorneys



**Answered by The Community**
*Making the world better, one answer at a time.*

✎ EDIT

yes, it is. lots have said no but yes.

8 people found this useful

Was this answer useful?

YES   SOMEWHAT   NO

**Like us on Facebook!**

1621 N Cedar Crest Blvd (POD A)
Allentown, PA

**FONZONE, Jo Ann**

July 19, 1958
Born

Female
Sex

0050341
MRN

2242 W Tilghman St (Apt 1C)
Allentown, PA 18104
Address

English (preferred)
Language

White
Race

Not Hispanic or Latino
Ethnicity

## Chief Complaint

FreeTextChiefComplaintCopy: Neck, right shoulder and right hand pain. ;

## Functional Status

Functional status health issues are not documented

Cognitive status health issues are not documented

## Problems

| Problem | | |
|---|---|---|
| Abnormal EKG (794.31, R94.31) | 2010 | Oct 6 |
| Acute sinusitis (461.9, J01.90) | | |
| Atrial fibrillation (427.31, I48.91) | 2010 | Oct 6 |
| Cervical facet syndrome (723.8, M47.812) | 2010 | Oct 6 |
| Cervical spinal stenosis (723.0, M48.02) | | |
| Closed fracture of sternum (807.2, S22.20XA) | 2005 | |
| Complex regional pain syndrome (355.9) | 2010 | Oct 6 |
| Costalchondritis (733.6, M94.0) | | |
| Discoloration of skin of hand (709.80, L81.9) | 2017 | |
| Encounter for examination following surgery (V67.00, Z09) | 2017 | |
| Encounter to establish care with new doctor (V65.5, Z76.89) | | |
| Foraminal stenosis of cervical region (723.0, M99.81) | 2010 | Oct 6 |
| Herniated nucleus pulposus, C5-6 (722.0, M50.222) | 2010 | surgery 2017 |
| Herniated nucleus pulposus, C6-7 (722.0, M50.223) | 2010 | 2017 |
| Influenza vaccine administered (V04.81, Z23) | | |
| Influenza-like symptoms (780.99, R68.89) | | |
| Migraine headache (346.90, G43.909) | 2010 | Oct 6 |
| Mitral regurgitation (424.0, I34.0) | MVP 1985 | |
| Myofascial pain (729.1, M79.18) | | |
| Neck pain (723.1, M54.2) | 2010 | Oct 6 |
| Occipital neuralgia (723.8, M54.81) | 1993 | |
| Osteoarthritis of cervical spine (721.0, M47.812) | traumatic injury arthritis 2010 | |
| Palpitations (785.1, R00.2) | 2010 | Oct 6 |
| Right cervical radiculopathy (723.4, M54.12) | 2010 | Oct 6 |
| Right shoulder pain (719.41, M25.511) | 2010 | Oct 6 |
| Shoulder pain (719.41, M25.519) | 2010 | Oct 6 |
| Somatic dysfunction of cervical region (739.1, M99.01) | 2010 | Oct 6 |
| Somatic dysfunction of thoracic region (739.2, M99.02) | 2010 | Oct 6 |
| Tendinitis of right rotator cuff (726.10, M75.81) | 2010 | Oct 6 |
| Thoracic aortic aneurysm without rupture (441.2, I71.2) | 2015 | |

Seizure 10/06/10    PTSD 10/06/18
Tinnitus 10/06/10    Seizure 10/06/10
PBA
TBI concussion 10/06/18
right ear deafness 2020 August 12
vertigo (dizziness) NL stroke
broken wrist (pre-existing injury 10/06/10)
Sept 2020

rt hand & wrist swollen, bruised
Oct 6, 2010
rt shoulder bruised, swollen Oct 6, 2010
chest bruised Oct 6, 2010 caused atrial fibril
wall injury inflammation thoracic aortic aneurysm
Chronic pain - head, neck, rt shoulder, rt hand, arm
chest, sternum since Oct 6, 2010

Sternum inflammation 2010 - caused breathing problem
hyperinflated right lung - caused by trauma 2020 Avaleat 2020

Right eye blindness 1993
optic stroke, seizure, subdural hematoma

−20−

# Fonzone, Joann

MRN: 62239039

**FL SPINE & PAIN PROCEDURE** 6/22/2022
St. Luke's Spine and Pain Associates Allentown

Primary diagnosis: Cervical spondylosis without myelopathy
Reason for Visit: Referred by Jason Erickson, DO

### H&P

Jason Erickson, DO (Physician) • Pain Medicine

**History of Present Illness:** The patient is a 63 y.o. female who presents with complaints of right sided neck pain

**Patient Active Problem List**
Diagnosis
• Cervical spondylosis without myelopathy

**Past Medical History:**

| Diagnosis | Date |
|---|---|
| • Anxiety | |
| • Aortic aneurysm (HCC) | |
| • Arthritis | |
| • Asthma | |
| • Atrial fibrillation (HCC) | |
| • Fibromyalgia, primary | |
| • Headache(784.0) | |
| • Migraines | |
| • Pericardial effusion | |
| • Seizures (HCC) | |

**Past Surgical History:**

| Procedure | Laterality | Date |
|---|---|---|
| • BACK SURGERY | | |
| • EPIDURAL BLOCK INJECTION | | |
| • LAMINECTOMY | | |
| • NECK SURGERY | | |
| • SPINAL FUSION | | |
| • SPINE SURGERY | | |
| • TRIGGER POINT INJECTION | | |

Current Outpatient Medications:
• aspirin (ECOTRIN LOW STRENGTH) 81 mg EC tablet, Take 81 mg by mouth every other day , Disp: , Rfl:
• Botulinum Toxin Type A 200 units SOLR, Inject 155 units into face and neck IM every 90 days, Disp: , Rfl:
• clonazePAM (KlonoPIN) 1 mg tablet, daily at bedtime as needed , Disp: , Rfl:

- digoxin (LANOXIN) 0.125 mg tablet, Take 125 mcg by mouth daily , Disp: , Rfl:
- Multiple Vitamin (MULTI-VITAMIN DAILY PO), Take 1 tablet by mouth daily, Disp: , Rfl:
- NUCYNTA 50 MG tablet, Take 50 mg by mouth daily at bedtime as needed  (Patient not taking: Reported on 4/8/2022 ), Disp: , Rfl:
- prochlorperazine (COMPAZINE) 5 mg tablet, Take 1 tab twice a day as needed for headache or nausea, limit 3 days per week, Disp: , Rfl:
- propafenone (RYTHMOL SR) 325 mg 12 hr capsule, , Disp: , Rfl:
- Psyllium (Nat-Rul Psyllium Seed Husks) 500 MG CAPS, Take 2 tablets by mouth daily (Patient not taking: Reported on 4/8/2022 ), Disp: , Rfl:
- SUMAtriptan (IMITREX) 25 mg tablet, TAKE 1 TABLET BY MOUTH AT ONSET OF HEADACHE, MAY REPEAT AFTER 2 HOURS. NOT TO EXCEED 4 TABLETS IN 24 HOURS, Disp: , Rfl:
- Ubrelvy 100 MG tablet, TAKE 1 TABLET BY MOUTH TWO TIMES DAILY AS NEEDED FOR HEADACHE LIMIT 16 TABLETS PER MONTH, Disp: , Rfl:
- Ubrogepant (UBRELVY) 100 MG tablet, TAKE 1 TABLET BY MOUTH TWO TIMES DAILY AS NEEDED FOR HEADACHE LIMIT 16 TABLETS PER MONTH, Disp: , Rfl:

Current Facility-Administered Medications:
- lidocaine (PF) (XYLOCAINE-MPF) 2 % injection 5 mL, 5 mL, Perineural, Once, Jason Erickson, DO
- sodium chloride (PF) 0.9 % injection 5 mL, 5 mL, Infiltration, Once, Jason Erickson, DO

**Allergies**
Allergen
- Codeine
- Penicillins

Reactions
GI Intolerance and Other (See Comments)
Other (See Comments) and Rash

*Other reaction(s): Unknown Allergic Reaction*

Physical Exam:
**Vitals:**

|  | 06/22/22 0908 |
|---|---|
| BP: | 96/66 |
| Pulse: | 67 |
| Resp: | 16 |
| Temp: | 98 °F (36.7 °C) |
| SpO2: | 94% |

General: Awake, Alert, Oriented x 3, Mood and affect appropriate
Respiratory: Respirations even and unlabored
Cardiovascular: Peripheral pulses intact; no edema
Musculoskeletal Exam: right sided neck pain

ASA Score: 2

Patient/Chart Verification
Patient ID Verified: Verbal
Consents Confirmed: Procedural, To be obtained in the Pre-Procedure area
H&P( within 30 days) Verified: To be obtained in the Pre-Procedure area
Allergies Reviewed: Yes
Anticoag/NSAID held?: NA
Currently on antibiotics?: No
Pregnancy denied?: NA

22-

Assessment: cervical spondylosis

Plan: RT C2-4 RFA

## Other Notes

All notes

☑ Discharge Instructions from Keri A Scholl, RN (Pain Medicine)

## Instructions

AVS - Discharge to Home (Printed 6/22/2022)

## Additional Documentation

Vitals: BP 114/75 (BP Location: Right arm) Pulse 75 Temp 98 °F (36.7 °C) (Temporal) Resp 20 SpO2 97%   More Vitals

Flowsheets: Preprocedure Assessment, Discharge Planning, Vitals/Pain, Vitals Reassessment, Pain Assessment, Procedure Assessment, Discharge Charting

Encounter Info: Billing Info, History, Allergies, Detailed Report

## Media

From this encounter

Forms - Scan on 6/23/2022 11:02 AM: RT C2-4 RFA

## Orders Performed

FL spine and pain procedure (Resulted 6/22/2022)

## Medication Changes

As of 6/22/2022 9:25 AM

None

## Medication List at End of Visit

As of 6/22/2022 9:25 AM

| | Refills | Start Date | End Date |
|---|---|---|---|
| **aspirin (ECOTRIN LOW STRENGTH) 81 mg EC tablet** | | | |
| Take 81 mg by mouth every other day  - Oral | | | |
| Patient-reported medication | | | |
| **clonazePAM (KlonoPIN) 1 mg tablet** | | 3/27/2020 | |
| daily at bedtime as needed | | | |
| Patient-reported medication | | | |
| **digoxin (LANOXIN) 0.125 mg tablet** | | 3/30/2020 | |
| Take 125 mcg by mouth daily  - Oral | | | |

-23-

| | Refills | Start Date | End Date |
|---|---|---|---|
| Patient-reported medication | | | |

**Multiple Vitamin (MULTI-VITAMIN DAILY PO)**
Take 1 tablet by mouth daily - Oral
Patient-reported medication

**Botulinum Toxin Type A 200 units SOLR** — 4/6/2022
Inject 155 units into face and neck IM every 90 days
Patient-reported medication

**prochlorperazine (COMPAZINE) 5 mg tablet** — 11/19/2019
Take 1 tab twice a day as needed for headache or nausea, limit 3 days per week
Patient-reported medication

**propafenone (RYTHMOL SR) 325 mg 12 hr capsule** — 3/11/2020
Patient-reported medication

**Psyllium (Nat-Rul Psyllium Seed Husks) 500 MG CAPS**
Take 2 tablets by mouth daily - Oral
Patient not taking: Reported on 4/8/2022
Patient-reported medication

**SUMAtriptan (IMITREX) 25 mg tablet** — 3/20/2020
TAKE 1 TABLET BY MOUTH AT ONSET OF HEADACHE, MAY REPEAT AFTER 2 HOURS. NOT TO EXCEED 4 TABLETS IN 24 HOURS
Patient-reported medication

**NUCYNTA 50 MG tablet** — 3/18/2020
Take 50 mg by mouth daily at bedtime as needed  - Oral
Patient not taking: Reported on 4/8/2022
Patient-reported medication

**Ubrogepant**
**Ubrelvy 100 MG tablet** — 4/18/2022
TAKE 1 TABLET BY MOUTH TWO TIMES DAILY AS NEEDED FOR HEADACHE LIMIT 16 TABLETS PER MONTH
Patient-reported medication

**Ubrogepant (UBRELVY) 100 MG tablet** — 5/19/2022
TAKE 1 TABLET BY MOUTH TWO TIMES DAILY AS NEEDED FOR HEADACHE LIMIT 16 TABLETS PER MONTH
Patient-reported medication

## Medications Administered

Lidocaine HCl 5 mL
Sodium Chloride 5 mL

## Visit Diagnoses

Cervical spondylosis without myelopathy M47.812
Neck pain M54.2

-24-

CONCISE STATEMENT

Jo Ann Fonzone was injured on October 6, 2010 while at Citizens Bank Park by the security , Joe Oteri, and police personnel, Officers Bee and Kelowscky.    Jo Ann was on a Phillies playoff package trip with other fans and went to the game a Trans Bridge bus trip from Allentown, PA at around 2 p.m. Upon arrival at the stadium, Jo Ann and Florence , the woman seated nest to her on the bus and at the stadium had their photos taken by the Phillies photographer at around 5:15 p. m. Jo Ann and Florence ate snacks and drank soda on the bus.

After the photo was taken, we went to our seats , section 108, row 32. Jo Ann then decided to go to the Majestic store and did so. The store was crowded and she waited in line, then finally went in and looked around and purchased a Roy Halladay t-shirt and put it on. As she walked back to her seat, she got a beer and went to her seat. ( As it was a cold, damp rainy evening, she drank just a sip and put the almost full bottle in the container in front of her). Jo Ann had had the flu the week before and that is why she had only one ticket. By the time she got to the bus company to get the tickets she was on the waiting list for two, there was only one seat left.

Right before the game started, Jo Ann called a friend to tell him that she was at the game, but as the stadium crowd was so loud, she couldn't have the conversation and put her phone in her left jacket pocket. WIP Radio said that it was the loudest game ever played at the stadium. Roy Halladay was on the mound , the game was very exciting as he was doing great. ( in fact this was a no-hitter game , the Phillies won 4-0 against Cinnicinati).

Around the second inning, as Jo Ann and everyone else was standing and cheering with Rally towels, a man in a blue shirt began to grab at her right arm. The man kept doing that and it was hurting her arm. Jo Ann didnt know who he was or why he was pulling and grabbing her arm, so she naturally moved a step to her left to get away from his grabbing. Soon, a very large man in a white shirt started to assist the blue shirted man in grabbing and pulling and pushing Jo Ann so that she was pushed into the seat in front of her and her head hit the seat and she fell to the ground. ( THEN, JO ANN SAW A GUY INFRONT OF HER AND A FEW SEATS TO HER RIGHT, GRAB THE SECURITY MAN'S ARM AND SAY' LET HER ALONE, SHE'S NOT DOING ANYTHING WRONG".) But, the men dragged her out of the seating area and pushed her up the steps and placed her behind the seating area in the concourse. Jo Ann stood there around the concession stands without incident and watched the game. The men , who now she was aware of were security and police, were nearby. There were other people in the vicinity also standing and watching the game .

About 10-15 minutes later, Jo Ann was grabbed from behind by Kelechewsicky and Bee by the arms and dragged across the concourse. Her feet were dragging so that only her heels were touching the ground and her arms were restrained by the officers grasps. While this was happening, she yelled, "what are you doing? I just wanted to watch the game? What are you doing, you are hurting my arms. " The very large officer replied, "We just want to talk to you." finally, Jo Ann was taken into the room behind the concession stands, which she now knows is the police room.

Jo Ann was thrown into a chair in the police room and her red bag was taken from her. There were 3 men sitting at desks in front of computers, one of them Kovacs, was in a police uniform. Kovacs searched the red bag, took my Phillies playoff souvenir ticket from my bag and it was never returned to me. Kovacs and kelewchisky found my attorney ID card and a card from an Internal Affairs Sargeant from Allentown and became extremely angry upon seeing this. " "Oh, you're a lawyer."

By this time, Jo Ann was very upset, crying and in pain from the trauma she had just experienced. She was put in handcuffs, and as she still had a sinus infection, there was snot running from her nose and, a they would not give her a tissue. When Jo Ann asked them , why they were doing this and what was she charged with, they replied," a man wanted everyone to sit down ."

Minutes later, the very large cop , who she now knows is named kelechewsicky, took her from the chair into an adjacant room, a smaller room, and when the door closed, he threw her against he wall, so that she fell to the ground. Jo Ann's right arm, wrist, hand and shoulder were hit harshly . Jo Ann then got her phone and called 911 for help as she was afraid that she would be killed. She told the 911 woman her name , where she was and that she was in a jail cell and being physically assaulted by the police. Jo Ann mentioned officers kovacs and bee but could not pronounce kelechewsicky as she was so distraught and traumatized. Officer Bee was in the police room , and there were security and police out in the hallway.

The police then came back into the room and again threw her against the wall. Jo Ann tried to call 911 again, but then heard the door open and could not speak to 911 and put the phone in her pocket. This time, the large officer kelechewsicly said" We know you have a phone, give me the phone". He took the phone , threw me against the wall again, and this time when on the ground, he took the nightstick , placed it on my chest and began striking me with the stick repeatedly.

Sometime later, Jo Ann was taken out of the jail cell room and thrown onto the chair in the larger room. At no time , was she given any Miranda warnings or told she was under arrest , though she asked them if she was and what was the charge. Officer kovacs replied by saying "why do you have an Internal Affairs card?" Jo Ann thought they were going to make her leave the stadium at this point, but instead she was taken to a police precinct by a male and a female police officer. She now knows their names are Officers Person and Ortiz.

When Jo Ann got to the precinct, she was fingerprinted, photographed and put in a cell . she was allowed to make a phone call and called a lawyer , Cheryl Gaston, who she had met at a Legal Intelligencer luncheon for women lawyers earlier in the year. She told her what had happened to her.

After some more time, the Sargeant on duty Addison when making rounds saw that my arm and hand were very bruised, contused and swollen. He told me that I needed to go to the hospital, and would be taken there. I was in severe pain, my arm, hand , shoulder and head and felt very beaten and battered. I had to wait for the transport officers and eventually was taken to Jefferson Emergency Room at about 9:30 and got to the ER about 10:00 p.m. While waiting in the triage, I had a grand mal seizure from the head trauma hours earlier at the stadium. My blood pressure was very high before that happened, and I began trembling. I was taken to the ER in handcuffs and handcuffed to the ER bed. I had x-rays on my hand and shoulder, and was given a urine test because I thought I had a yeast infection from the antibiotics I had taken for the flu and sinus infection the week before.

I was given prescription tylenol with codeine for pain while in the ER and a prescription but did not fill it because I am allergic to codeine. I was taken back to the police headquarters around 3:00 a.mf, though I was in severe pain in my chest, head and entire right side. When taken to an ER by the police, a patient does not get admitted to the hospital even if he or she should be.

At police headquarters, I was locked in a cell for several hours and then the hospital discharge papers were brought to me. Finally, I was taken to a room for video arraignment and was questioned by a very arrogant unhelpful pre-trial services employee. She wouldn't let me answer some of the questions.

26

Then, I spoke with the bail commisioner Mr. O'Brien, told him I wanted to represent myself and that I was not guilty and was the injured victim. He released me on my signature or ROR. As I couldn't move my right arm or hand because of the swelling, ( I thought I had broken bones), I signed an "x" with my left hand. Sometime later, I was released . ( I could not write or drive for 3 or 4 weeks as I am right handed.) I was not feeling well, had a concussion, but walked into a police station on the way to the Greyhound station and tried to report the aggravated assault . At 11ᵗʰ and Wharton, the officer at the front window, Alexander looked at my bruised and contused arm and hand and said that I couldnt file a report and had to do that at Internal Affairs. I left and started walking, at a gas station I asked a young man if he would drive me to the bus station, he was kind enough to do that. I then had to buy a bus ticket as the bus to the game had left after the game the night before. Being a victim always costs the victim I paid $158.00 for the game and transportation.


I got home about 4;30 p.m. October 7, 2010. the next day I went to my family physician. She saw the large contusion on my chest and sent me for an immediate chest x-ray and echocardiogram. Jo Ann could not lift her right arm above her head for the chest x-ray as it was excrutiatingly painful, so the Radiologist could only take one view.I have been treating with cardiologists since then and have been in the hospital two more times , March and September 2011 for the heart condition , atrial fibrilation,I have as a result of being beaten on my chest by the police on October 6, 2010.I take medication for the heart condition. I was also diagnosed with PTSD like a veteran and suffer form nightmares, flashbacks, sleeplessness since the incident.

While recovering from a March 2011 hospital stay, Jo Ann phoned and sent medical documents to the Defenders to inform them that she could not be in court April 29. she called LaRue Werthy on April 28, 2011 to make sure they would get a continuance and tell the Judge why I could not be there. The Defenders neglected to do that, and Jo Ann discovered six weeks later that a bench warrant had been issued on April 29, the day Jo Ann was with her cardiologist.

A similar incident occurred in September 2011, though Jo Ann had retained a private attorrey because she was not being properly represented by the Defenders. Jo Ann had an appointment with a cardiologist scheduled September 21, 2011, so she filed for continuance on September 9, 2011, and told the attorrey Mr. Dixon that she could not be there on September 21, 2011. A bench warrant was issued, Mr Dixon did not tell his client this, though she called him many times to ask him what happened in court on that day. He did not answer his phone or return her calls despite the messages she left.

In the middle of the night at 2:00a.m. September 23, 2011, the bench warrant unit stormed into Jo Ann's mother's home while they were sleeping to arrest Jo Ann on a bench warrant for not appearing in court the previous day. Naturally, Jo Ann and her mother were traumatized by this gestapo like action, but Jo Ann was taken away by a swarm of law enforcement. The building was surrounded as though she was a fugitive rather than a sports fan wrongly charged with disorderly conduct for standing up at a playoff game.

Jo Ann was handcuffed and shackled and driven at a speed of 100 miles an hour on the turnpike toward Philadelphia to go to bench warrant court which opens at 8;00 a.m. . Jo Ann said to the driver, "please slow down so that we get there safely," he replied that, he" was going with the speed of the traffic."

Jo Ann began to have palpitations and go into atrial fibrilation and told the driver he better take her to the hospital. Jo Ann did not know where he was going and she was taken to Frankford hospital ER in

shackles and handcuffs. An echocardiogram was done, and because she was a prisoner, she was not admitted and otherwise would have been. Jo Ann was later taken to RCF prison instead of the court on Filbert St. Upon arrival, the bench warrant officers gave the bench warrant and my ER discharge papers to the Corrections Officer. Jo Ann Fonzone did not get these papers back, though she requested them during her time at RCF and several times since then by phone , in person and subpoena to the warrant officers, and the RCF Director, Chris Thomas, and requests to the legal staff of RCF and the Warden . Jo Ann Fonzone has also been denied copies of the transport forms of prisoner to hospital of October 6, 2010 and September 23, 2011.

Jo Ann was afraid for her life while at RCF. At the time, She was unaware of the PaRCrim P 150 (A) (5), that a person can only beheld on a bench warrant for 72 hours. Jo Ann called her mother and asked her to get a lawyer to get her out of RCF as she was not getting her heart medication and was not feeling well . Jo Ann was also afraid of some of the inmates that were detoxing from heroin, one of them , her roommate threatened to kill her, and finally Jo Ann got herself moved to another jail cell.

Jo Ann's sister and mother retained a new private lawyer Mr. Frumer. Jo Ann was told by her sister that Mr. frumer told her he was going to meet Jo Ann in court on Monday at bench warrant hearing court and she wold be released from there. Frumer did not get her out Friday or the next day and should have known about Rule 150. He should have called the sheriff or the warden to find out why his client had not been brought to court. Jo Ann was scheduled to go to court September 26 at noon for bench warrant hearing, but was not allowed to get on the bus to court with the others , though she was in line and at the door that day. The Officer, Fisher told her she had to wait until Wednesday. Mr. frumer was aware that Jo Ann had an Argument on a civil case in Lehigh County scheduled for September 27, 2011. When she was not present at the Argument, her civil case was dismissed ex parte. Jo Ann was instead taken to bench warrant court on September 28, 2001 and released from there at about 3;00 p.m. So, Jo Ann was imprisoned for 6 days on a bench warrant because she had an appointment with her cardiologist on September 21, 2011. Jo Ann does not tolerate the heart meds well and different meds and doses have been tried to try to avoid side effects , like migraines ,which leave her tired and with erratic blood pressure.

When do the violent perpetrators of aggravated assault, reckless endangerment that cause innocent individuals serious injuries and damages get arrested, prosecuted and imprisoned instead of punishing their victims?

Commonwealth of PA

County of Lehigh

Sworn and subscribed before me
this 25th day of June 2012

_Jo Ann Fonzone_, ESQUIRE          6/26/12
Jo Ann Fonzone, Esquire

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Lisa Hein, Notary Public
South Whitehall Twp., Lehigh County
My Commission Expires Dec. 17, 2013
Member, Pennsylvania Association of Notaries

3.                    Exhibits

### INDEX

A. PLAINTIFF'S LETTER TO POLICE COMMISSIONER OF  JULY 2012


B. PLAINTIFF'S INTERNAL AFFAIRS COMPLAINT OF NOVEMBER 30,2010 WITH
ATTACHMENTS (INCLUDING PERMANENT PROTECTION FROM ABUSE ORDER
AGAINST ESTRANGED SPOUSE  CARY WOODS  aka DAVID LEE ROTH FOR DIRECT
AND VICARIOUS ABUSE )


  C.  POLICE  CITATION OF OCTOBER 6, 2010 SIGNED BY  NOT AT SCENE OFFICER
      ORTIZ


    D.  POLICE HOSPITAL TRANSPORT REPORT  SIGNED BY SARGEANT ADDISON


    E. INTERNAL AFFAIRS  REPORT OF LIEUTENANT APPLETON  DESGINATING
PLAINTFF A CONFIDENTIAL INFORMANT AND DETERMINATION OF VALID
COMPLAINT


F. INTERNAL AFFAIRS REPORT OF SARGEANT MIDDLETON WITH DETERMINATION
OF PLAINTIFF'S COMPLAINT AS VALID OR FOUNDED


G. REPORT OF JOHN EVANS  PROMOTED AND  ASSIGNED  TO INTERNAL  AFFAIRS
SOON AFTER OFFSITE  SIGNING SUPERVISORY REPORT TO HAVE PLAINTIFF
ARRESTED


 H. INTERVIEW ON  CD  OF PLAINTIFF AT POLICE ADVISORY COMMISSION OFFICE
OCTOBER 6, 2011


  I.   TRANSCRIPT  OF  PLAINTIFF'S DEPOSITION  OF APRIL 21, 2015


J. TRANSCRIPT OF PLAINTIFF'S 911  CALL FOR HELP OCTOBER 6, 2010 AFTER BEING
THROWN AGAINST THE WALL THE FIRST TIME  BY OFFICER KELEWISCHKY


K. PLAINTIFF'S AFFIDAVIT  NOTARIZED JUNE 26,2012


  L.  PHOTOGRAPH OF PLAINTIFF AND FLORENCE JURAITIS OCTOBER 6, 2010
      PRIOR TO PLAYOFF GAME

    M.PHOTO OF  SPORTS ILLUSTRATED CENTERFOLD  OF OCOTOBER 6, 2010

PLAYOFF GAME DEPICTING  ALL FANS STANDING WITH RALLY TOWELS
N.  POLICE HOSPITAL TRANSPORT  # 42106 REPORT OF OCTOBER 6, 2010 SIGNED BY
SARGEANT ADDISON   AND CONCEALED BY LAW ENFORCEMENT UNTIL JULY 3, 2012

O.  CIVIL RIGHTS ENFORCEMENT COMPLAINT FORM  SENT TO OFFICE OF PA
ATTORENY GENERAL  JULY 3, 2012

P. CORRESPONDENCE FROM OAG  TO JOANN FONZONE, ESQ. REGARDING LETTER
OF  JULY 3, 2012

Q. CORRESPONDENCE FROM FRANK FINA OF OAG DATED OCTOBER 3, 2012

R. LETTER  OF JULY 11,2012 ADVISING PLAINTIFF OF PHILA.DISTRICT ATTORNEY'S
DISAPPROVAL  WITHOUT  INVESTIGATION OF PRIVATE CRIMINAL COMPLAINT
AGAINST JOE OTERI PREPARED BY DISTRICT ATTORNEY'S OFFICE JULY 3, 2012

S.PRIVATE CRIMINAL COMPLAINT OF PLAINTIFF AGAINST JOE OTERI  AUGUST 7,2012

T. PRIVATE CITIZEN APPEAL OF MUNICIPAL COURT DECISION ON CITIZEN
COMPLAINT  DATED DECEMBER 17, 2012

U. NOTICE OF MOTIONS HEARING OF PLAINTIFF'S PRIVATE CITIZEN COMPLAINT
SCHEDULED FOR JANUARY 17, 2013

V.  TRANSCRIPT OF  JANUARY 17, 2013 HEARING AND  DENIAL OF HEARING  ON
PLAINTIFF'S PRIVATE CRIMINAL COMPLAINT  AT  ADA  ENGLE 'S  REQUEST

W. NOTICE OF APPEAL OF SUMMARY DISODERLY CONDUCT  CHARGE FILED
FEBRUARY 11, 2013 BY CO-COUNSEL  MARNI SNYDER

X.  TRANSCRIPT REFLECTING DISMISSAL OF CHARGES AGAINST JO ANN
FONZONE BY JUDGE KOSINSKI AUGUST 22, 2012

Y. JO ANN FONZONE'S  INTERVIEW WITH JOHN EVANS  AND OFFICER CHRISTINE MC
SHEA JANUARY 28, 2011

Z. JO ANN FONZONE'S CORRESPONDENCE SENT TO KATHLEEN KANE  OCTOBER 15,
2013

A. 1. JO ANN FONZONE'S RIGHT TO KNOW REQUESTS  AND CORRESPONDENCE TO
LAW ENFORCEMENT AGENCIES  AND THE RIGHT TO KNOW OFFICE

B.1. COPIES OF SUBPOENAS SERVED UPON 4 DEFENSE WITNESSESS

C.1.TRANSCRIPT NOVEMBER 21, 2013 WITH ROBERT FOSTER,  ATTORNEY
FOR JOE OTERI TESTIFYING WHILE JO ANN FONZONE WAS NOT  IN THE
COURTROOM  AS THE SCHEDULED DATE WAS CHANGED WITHOUT NOTICE
TO HER

D. 1  LETTER FROM JUDGE KOSINSKI  DATED NOVEMBER 17, 2012 TO
JO ANN FONZONE ADVISING HER THAT SHE COULD NOT FILE
EXPUNGEMENT PETITION BECAUSEE THEY HAD APPEALED

E.1. COPY OF JO ANN FONZONE'S EXPUNGEMENT PETITION SHE TRIED TO FILE

F. 1. COPY OF SUBPOENA OF OCTOBER 6, 2009  TO CHASE MANHATTAN BANK FOR
RECORDS ANCILLARY TO PLANTIFF'S DIVORCE ACTION

G.1 COPIES OF SUBPOENAS TO MTV NETWORKS, TIME WARNER, INC. FOR
RECORDS ANCILLARY TO DIVORCE ONGOING SINCE 1993 AND IDTHEFT ACTIONS

H.1  Jo ANN FONZONE'S LETTER TO  ADA KOTCHIAN JUNE 2012  REGARDING
DISCOVERY DOCUMENTS NOT YET PRODUCED THOUGH ORDERED  BY  FOUR
MUNICIPAL COURT JUDGES

I.1. COPY OF  COMMON PLEAS  COURT ORDER IN DIVORCE  2006

J.1. AFFIDAVITS  AND PHOTOGRAPHS

K.1. VCAP COMPLAINTS

L.1.COPY OF BENCH WARRANT  ISSUED  APRIL 2011WHILE JoANN FONZONE
WAS  RECOVERING  AFTER RECENT DISCHARGE FROM CARDIAC HOSPITAL

M.1.TRANSMITTAL LETTER FROM JEFFERSON HOSPITAL TO IA STATING  ER
RECORD SENT

N.1. IRS  FORMS , FTC INFO  REGARDING ID THEFT

O.1. U.S.ATTORNEY  NY  COMPLAINT  OF 11/11/05  BY Jo ANN fONZONE

P.1. PARS

Q.1. LETTER FROM NY AG OFFICE 2005 REGARDING MTV NETWORKS

R.1.  MEDICAL REPORTS  (WILL BE SENT TO  COUNSEL AND CHAMBERS)

S.1.  COPY OF  PRIOR COURT  DOCUMENTS  IN ACTIONS  RELATED ,
BROUGHT  IN AND  MADE ISSUE BY DEFENDANTS  AND  NON-PARTY
TO THIS  LITIGATION  TO PREJUDICE PLAINTIFF

3.  PLAINTIFF'S EXHIBITS ( PAGE4- FOLLOWING  INDEX  of  3pages of EXHI BITS)

T1. Applcation for continuance -filed and served upon Mnicipal court cleerk and District attorney becasue Fonzone had scheduled cardiologist appt.certified mail card receipt  signed

U1. Plaintiff's Interrogatories filed , third time accepted by Michele H. Clerk with Motion

V1.  Petition of Reconsideration of Order Jan.18,2013  Muni Court after case was dismissed with prejudice August 22, 2012   .Fonzone had no inent  to be disorderly , the evidence was insufficient to demonstrate that she acted with the intent of promoting or facilitating the offense of disorderly conduct, she exercised her 1st Amendment right to cheer for her team at a playoff game. If protected by 1st am. , behavior that might annoy or irritate someone is not disorderly conduct. Com. v. Gowan , 582 A.2d 879 (Pa. Super. 1990).

W1. Letter to Dominic Rossi  of  court compliance  5/11/17

X1. United States District Court Notice of lawsuit signed by Don Bailey, Esquire to Joe Oteri and other defendants

Y1.Municipal Transcript of 07/20/12 with Judge O'neill

Z1. Letterof Lucy Chin of US Districe Court  dated 10/20/2016 to Jo Ann Fonzone, Esquire returning Interrogatories , later resent and filed with  clerks Nicole and Michele's authorization with Motion

A2. Phila. Muni court docket page stating Fonzone's Bench warrant hearing  scheduled for Sept. 26, 2011 at noon; though guard would not let her go  or be released untl Sept. 28,2011 whereby she could not attend her scheduled Argument in Lehigh county civil case of Id theft

B2. copy of Trans Bridge  bus ticket receipt of 10/06/10 departing Allentown 2;05 pm for 5'05 game and one way ticket from Phila. To Allentown 10/07/10   departing 12'30 pm on Bieber Tourways bus line

C2. Information of summary disorderly conduct dated July3, 2013 with no facts but element of misdemeanor disorderly conduct

D2. Criminal complaint without any affidavit of probable cause by police of Oct. 7, 2010

E.2. Transcript of June 13, 2012 wherein Judge Stack after colloquy with Fonzone and asst prosecutor kotchian rued that Fonzone could represent herself  over kotchian's objection

F.2 Letter from Kotchian of Dec.21, 2012 falsely stating Judge Neuffeld ordered  Fonzone needed another lawyer knowing Judge Stack had several months prior ruled Fonzone could represent herself. Alos included was long hidden and suppressed by police and prosecution was hospital incident report when police took Fonzone to Emergency Room; this was exculpatory evidence wrongly witheld under Brady v. Maryland  as it stated Fonzone was injured prior to arrest- by Oteri . Prosecutor had report  more than two years as its date stamped Dec. 13, 2010.

G2. Jo Ann Fonzone's Entry of Appearance   dated June 13, 2012

H2. Newspaper articles about false arrest

   I.2  Email to witness about libelous inaccurate  blog

J2. Paragraphs almost verbatim typed  on same paper about incident full of inaccuracies ,
( including the wrong seat section ), fabrications of untruths  with oteri 's name and an off
scene female officer ortiz's name  on it. There  was no sworn affidavit of probable cause .

K.2. Pretrial report containing incorrect information including weight of Plaintiff (who never
weighed  more than 115 pounds in her life), report states 145 pounds; other info ommitted
like fact Fonzone livng with her mother, her occupation lawyer and other  omitted facts

L2. Municipal court dockets conflicting names of arresting officers, some  name Ortiz ( false)
others state Bee, but none mentioned Kelewischky , the officer that brutally assaulted
Fonzone in police room.

M2. Letter from Kelly at Defender Associates to Fonzone telling her she is not allowed to have
copies of her exculpatory  materials- her 911 audio CD, police reports, etc.

N2. Email from Len Berman to Fonzone day after the playoff game  where Roy Halladay had
a no-hitter  nearly perfect game  evidencing Fonzone's intent to watch  the playoff game.

O 2. Title page of ID theft appeal to Pa Supreme Court when trial court dismissed case Sept.27
2011 in Lehigh Co.because Fonzone was unlawfully detained at Riverside until Sept.28.

P2. Letter from IRS August. 19, 2021 to Jo Ann Fonzone, Esquire  (named executor and Estate
lawyer ) for the Estate of Carl W. Alio, Sr.

Q2. Seal of Phila.common Pleas court Admission History of Jo Ann Fonzne to Riverside from
Sept. 23, 2011 to Sept. 28, with her medical intake  report stating  cardiac condition

R2.Page from Muni court docket 10/07/2010-evidencng the wrongful continuation of malicious
prosecution after Fonzone had the charge dropped with prejuidce August 22, 2012.

S2. Envelope from City of Philadelphia law Dept. To Jo Ann Fonzone, Esquire  of 6/14/2012

T2. Operative complaint filed July 7, 2015 pursuant to Judge Davis Order of July 22, 2015
wherein  no  defendants  were dismissed with prejudice

U2.First page of Plaintiff's Amended complaint filed by counsel Mr. Bailey January 11, 2013

V2. Subpoena to Chris Thomas of Riverside to produce warrant of September 21, 2011 and  app
ear in Muni court.

W2.Victims comp. Claim of 07/0/12 against Joe Oteri ( as soon as Claimant learned his name)

X2. Letter from IRS & Dept. Of  Veterans Affairs to J. Fonzone, Esquire Estate lawyer and
named Executrix in Will of Carl W. Allio, Sr. ( no compensation  paid)

Y.2  Letter from Stacy Brendlinger of VCAP dated Jan. 26, 2011 stating they have no police report
     on file which states JoAnn Fonzone was a crime victim .This is because  police and prosecutor
wrongly witheld exculpatory evidence ,three police reports and 911 audio CD which evidenced
Fonzone was  an injured crime victim prior to arrest-while Oteri harrassed and pushed her into seat.
Other documents from and to VCAP  also attached.

Z2. Municipal court Transcript  of December 1, 2012

A.3. Letter from Foxrothschild to Jo Ann Fonzone, Esquire  of September 15, 2001 , Re; Fonzone v.
Chase Manhattan bank, MTV, Warner Brothers about Fonzone's ID theft action scheduled for
Argument September 27, 2011. Fonzone could not appear as she was unlawfully detained  six days
on a three day bench warrant hold ( for not appearing in court though she had filed for continuance
as she had cardiologist appointment and told her lawyer  that).Her important ID theft-fraud case was
dismissed ex parte  in Lehigh County Court of Common Pleas.

B3. Letter from Adm. Asst. To Dept.Court Admin. First Judicial District as proof Jo Ann Fonzone
requested transcript for Oct. 3, 2013 from reporter Vaquez who states she has no transcript from the
ex parte proceeding on this day with Judge Foglietta and asst.prosecutor kotchian.

C3. Letter to Charles Mapp, Deputy Court Admin. Phila. Dated June 11, 2017 from Jo Ann
Fonzone, Esq.  Re: case dismissed with prejudice August 22, 2012; however asst. Prosecutor
Kotchian wrongly proceeded with prosecution by misrepresenting facts to Common Pleas Judges,
knowing Fonzone was then representing herself June, July. Kotchian failed to serve Fonzone with
Appeal and thus continued her harrassment of the injured crime victim.

D3. October 4, 2017 filng by Jo Ann Fonzone

E.3 Letter to Lucy Chin and Michele Hemmer ,U S District court clerks of  Dec. 23, 2016 with
enclosures of 3 sets of Interrogatories  for filing as relevant to Motions filed to compel answers.

F.3  Non-party  witness Jack Ferryman's Answers to Plaintiff Jo Ann Fonzone's Interrogatories

G.3. Requests for Pre-trial Discovery-includng all police reports and exculpatory evidence  and
Request for Bill of Particulars filed by Jo Ann Fonzone, Esquire 9/09/11 with the Continuance
request be cause of a scheduled cardiologist appointment

H3.Petition to vacate filed by Douglas Earle , Esq. March 2, 2012 ,paid attorney for JoAnn Fonzone

     I.3. Request to Staff of Riverside for immediate release  for scheduled bench warant
          hearing Sept. 26, 2011 and becasue it was more than three days so Fonzone was
          unlawfully detained , and could not appear at civil court Argument  in Lehigh County;
          copy of  Items Received at Riverside taken from Fonzone including bench warraant
          which stated Rule 150(A)(5) person can only be held on bench warrant three days,  and
          heart medication (which Fonzone was not  getting while at Riverside)

J.3 Petition for Immedate withdrawal of prosecution and Immediate Disposition of this Matter
Based on Wrongful Arrest and Defects in Procedure and Motion to Dismiss for Failure  to allege
essential elements and No Probable Cause filed  in Municipal court Nov.9,2011 by Jo Ann Fonzone,
Esquire
 K.3. Plaintiff's Motion for Extension of Time To Reply to Defense Response to Plaintff's Second
Motion to compel answers to Discovery filed April 9 2018

L.3 Copy of page of Plaintiff's Motion  filed in United States Court of Appeals for the Third Circuit as per Magistrate to Reinstate all Defendants in the case  per Amended Operative complaint filed July 7, 2015 entry 51 on docket  .

M.3 Order of  District Court Judge Davis November 4, 2016  , "it is hereby ORDERED that Defendants shall submit a response by November 10, 2016".to Plaintiff's Discovery

N.3.Pages 61-64 from transcript January 18,2013  Jo Ann Fonzone testimony about October 6, 2010 (unnecesary because case was dismissed with prejudice August 22, 2012)

O.3 Pages 81-84 from transcript March 19,2014 ( unnecesary because case was dismissed with prejudice August 22, 2012.)

P.3.  CLE Certificates

Q.3. Copy of Order from Municipal court Judge Eubanks signed  January 29, 2013 appearing she had vacated  the sumamry disorderly conduct charge against Jo Ann Fonzone pursuant to Motion filed by Marni Snyder. This order was not provided to Ms. Fonzone until a few years later.

R.3.Letter from Pa Office of Attorney General Civil rights Division Harold Dunbar of September 18,2012 acknowledging receiptof Jo Ann Fonzone's,Esquire correspondenc September 6, 2012

S.3. Copy of fax to Judge Foglietta from appointed lawyer  Richard Patton August 19,2013 prejudicing,libeling Jo Ann Fonzone prior to ever meeting him and prior to her ever being in that Judge's courtroom

T.3.Copy of note sent to Debra Rainy,apponted lawyer after patton replaced ,about next court date of November 22, 2013 with copies of  four witness subpoenas to make sure are present that day

U.3. Tax documents of Jo Ann Fonzone ,  put in issue by opposing counsel

V.3.        Credit reports of Jo Ann Fonzone

W.3. Municipal court docket page 10 of 15 evidencing 5/23/12  "Fonzone found competent  though privatge lawyer Frumer and asst. Prosecutor Ayers had possession of  Dr.,Smith M.D.. psych report deeming Fonzone COMPETENT diagnosed with PTSD October 19, 2011 upon evaluation

X. 3. Philadelphia police department Investigation report witheld from Fonzone for 2/12  years) stating wrong time of inciden t, wrong weight of Fonzone, wrong name of complaining witness, prepared by an off scene police woman -Ortiz

Y.3.Letter from Dr Spinosa, M.D.,Jo Ann Fonzone's primary care physician 's medical opinion that Jo Ann has no psych problems ,and she takes no medications on a regular basis dated Nov1, 2005.

Z3.Copy of  contract with William Morris Talent Agency stamped  by agency ,original signed by agent at time , making it valid(unbeknownst at Fonzone), later , spouse estranged spouse Cary Woods ,estranged since 1993. Woods used Fonzone's creative writings for profit in entertainment business since 1980 , attached name Judy Mc Grath to her ssn and has  taken 100% of profits.

2nd /.

police report
(exculpatory
evidence
hidden from
J. Fonzone
for 2 years after
police transported
her to
Jefferson
Emergency
Room

PHILADELPHIA POLICE DEPARTMENT
**COMPLAINT OR INCIDENT REPORT**

| YEAR | DIST./DOC. | D.C. NO./U—01 | SECT. | DIST. | VEH. NO. | REPORT DATE |
|---|---|---|---|---|---|---|
| 10 | 1 | 42106 | | 3 | 302 | 10-7-10 |

CRIME OR INCIDENT CLASSIFICATION: HOSPITAL CASE  CODE 3017  TIME OUT 1225 P  TIME IN

LOCATION OF OCCURRENCE: 2301 S 24 TH   ☑ IN ☐ OUT  TYPE OF PREM. 21

DATE OF OCCUR. 10-7-10  DAY CODE 9  TIME OF OCCUR. 1225 P  NATURE OF INJURY

COMPLAINANT W/F DOB 3-18-58  JOANN FONZONE  AGE 52  RACE W  SEX F  PHONE (HOME) 294 6881

ADDRESS 5550 N OCEAN DR  WEST MIRAGE FLORIDA  PHONE (BUSINESS)

FOUNDED ☐ Yes ☐ No   REPORT TO FOLLOW ☐ Yes ☑ No ☐ Close Out   UNIT   CODE   INV. CONT NO.

WITNESS ☐ Yes ☐ No   TRACEABLE PROP. ☐ Yes ☑ No   UNIQUE DESCRIPTION OF OFFENDER ☐ Yes ☑ No   OTHER EVIDENCE ☐ Yes ☑ No

DESCRIPTION OF INCIDENT (Include Description of Crime Scene if Applicable):

N/C HOSP CASE

ABOVE COMP TRANSPORTED TO METH
HOSP FOR INJURYS TO HER RIGHT
HAND SHE OBTAINED AT PHILLIES GAME
DR HART ON DUTY COMP STATE'S
INJURYS WERE PRIOR TO BEING
ARRESTED  COMP GIVEN
500 MGS TYLENOL

WITNESS   ADDRESS   PHONE NO.

OFFENDER INFORMATION

PROPERTY DESCRIPTION (Include Make, Model, Color and Serial No. Where Applicable)   PROP. CODE   INSURED ☐ Yes ☐ No   STOLEN VALUE $

VEHICLE 1 — OWNER'S NAME   VEHICLE 2 — OWNER'S NAME

VEHICLE 1 — OPERATOR'S NAME   VEHICLE 2 — OPERATOR'S NAME

WANTED/STOLEN MESSAGE SENT  General No.   Date   DIST./UNIT TERMINAL.   RECEIPT NO.   SENT BY

REPORT PREPARED BY  BALDWIN JENKINS  NO 3511 4444  DIST/UNIT 3  TOTAL PAGES   PAGE NO.

REVIEWED BY  SGT Addison  NO. 8659  DIST./UNIT   REFERRAL DATE 1  GEN. NO.

PURSUANT TO ACT 185 OF 1992, THE BELOW PERSON ACKNOWLEDGES RECEIPT OF THE NOTIFICATION OF VICTIM SERVICES FORM:

75-48 Front (Rev. 11/03)

174431 / 229683

FIL

Jo Ann C. Fonzone AKA
Judy McGrath, John Woods
Plaintiff

VS.

Cary J. WOODS AKA DAVID LOEW AKA
David Lee Roth

Defendant

SSN 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

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF LEHIGH**

2021 NOV -4

CLERK OF C
LEHIGH COUN

FILE NO. _2006-FC-1580, 97 PFA_

**CIVIL DIVISION**

**CIVIL SUBPOENA TO PRODUCE DOCUMENTS OR THINGS**
**FOR DISCOVERY PURSUANT TO RULE 4009.22**

TO: _Department of the Treasury Internal Revenue Service_
(Name of Person or Entity)

Within twenty (20) days after service of this subpoena, you are ordered by the court to produce the follow documents or things: _Reported taxable Income for Plaintiff and Defendant from 1980 through 2020_

at _631 Primrose Lane, Allentown, PA 18104_
(Address)

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, toget with the certificate of compliance, to the party making this request at the address listed above. You have right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after service, the party serving this subpoena may seek a court order compelling you to comply with it.

**THIS SUBPOENA WAS ISSUED AT THE REQUEST OF THE FOLLOWING PERSON:**

NAME: _JoAn Fonzone, Esquire_
ADDRESS: _631 Primrose Lane_
_Allentown, PA 18104_
TELEPHONE: _484-773-8056_
SUPREME COURT ID # _Confidential status for safety_
_263914_

BY THE COURT:   Andrea E. Naugle
Clerk of Judicial Records

_Michelle Grippler_

DATE: _10/15/21_

Dep

SEAL OF THE COURT

(Rev. 1/18)

-37-

## Notice of Language Rights

Language Access Coordinator
455 W. Hamilton Street
Allentown, PA 18101
610-782-3311
LanguageAccessCoordinator@lehighcounty.org

**English:** You have the right to an interpreter at no cost to you. To request an interpreter, please inform court staff using the contact information provided at the top of this notice.

**Spanish/Español:** Usted tiene derecho a un intérprete libre de costo. Para solicitar un intérprete favor de informárselo al personal judicial utilizando la información provista en la parte superior de este aviso.

**Mandarin/Cantonese Simplified Chinese/普通话/粤语简体中文:** 您有权获得免费的口译员服务。若需要口译员，请使用本通知上方提供的联系信息通知法院工作人员。

**Arabic/العربية:** يحق لك الحصول على مترجم دون دفع أي تكلفة من جانبك. لطلب مترجم، يُرجى إعلام موظفي المحكمة باستخدام معلومات الاتصال المقدمة في الجزء العلوي من هذا الإشعار.

**Vietnamese/Tiếng Việt:** Quý vị có quyền được một thông dịch viên giúp mà không tốn chi phí nào cả, xin hãy báo cho nhân viên tòa án dùng thông tin liên lạc có ở trên đầu thông báo này.

**Korean/한국어:** 귀하는 비용에 대한 부담 없이 통역 서비스를 받을 권리가 있습니다. 통역 서비스를 요청하려면 본 통지서의 상단에 기재된 연락처를 통해 법원 직원에게 알리십시오.

---

## RETURN OF SERVICE:

On the ___15___ day of ___October___, 20_21_

I __J. Ann Fonzone, Esquire__ served __Dept. of Treasury Internal Revenue Service__
(Requestor's Name)                      (Name of Person Served)

with the foregoing subpoena by: __U.S. Mail certified - Fresno, CA__
(Describe Method of Service)

I verify that the statements in this return of service are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

DATE: |0|15|21|

_____
(Signature)

-38-

| Form **3949-A**<br>(April 2016) | Department of the Treasury - Internal Revenue Service<br># Information Referral<br>*(See instructions on reverse)* | OMB Number<br>1545-1960 |
|---|---|---|

Use this form to report suspected tax law violations by a person or a business.

**CAUTION: READ THE INSTRUCTIONS BEFORE COMPLETING THIS FORM. There may be other more appropriate forms specific to your complaint.**
**(For example, if you suspect your identity was stolen, use Form 14039.)**

## Section A – Information About the Person or Business You Are Reporting

Complete 1, if you are reporting an individual. Complete 2, if you are reporting a business only. Complete 1 and 2 if you are reporting a business and its owner.
*(Leave blank any lines you do not know.)*

**1a. Name of individual** Cary Woods AKA David Loew, David the Roth
**b. Social Security Number/TIN** 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
**c. Date of birth** 06/06/57

**d. Street address** 8750 Hollywood Blvd.
**e. City** Hollywood, Los Angeles
**f. State** CA
**g. ZIP code**

**h. Occupation** entertainment
**i. Email address**

**j. Marital status (check one, if known)**
☐ Married   ☐ Single   ☐ Head of Household   ☐ Divorced   ☒ Legally Separated

**k. Name of spouse** Cary Woods aka David / Lee Roth, D.

**2a. Name of business** MTV Networks
**b. Employer Tax ID number (EIN)**
**c. Telephone number** 212-258-6000

**d. Street address** 1575 Broadway
**e. City** NY
**f. State** NY
**g. ZIP code** 10036

**h. Email address**
**i. Website**

## Section B – Describe the Alleged Violation of Income Tax Law

**3. Alleged violation of income tax law. (Check all that apply.)**
☐ False Exemption
☐ False Deductions
☐ Multiple Filings
☐ Organized Crime
☐ Unsubstantiated Income
☐ Earned Income Credit
☐ Public/Political Corruption
☒ False/Altered Documents
☒ Unreported Income
☐ Narcotics Income
☐ Kickback
☐ Wagering/Gambling
☐ Failure to Withhold Tax
☐ Failure to File Return
☐ Failure to Pay Tax
☒ Other (describe in 5) RICO

**4. Unreported income and tax years**
Fill in Tax Years and dollar amounts, if known (e.g., TY 2010- $10,000) 1980 — ongoing
TY ___ $ ___   TY ___ $ ___   TY ___ $ ___   TY ___ $ ___   TY ___ $ ___   TY ___ $ ___

**5. Comments** *(Briefly describe the facts of the alleged violation-Who/What/Where/When/How you learned about and obtained the information in this report. Attach another sheet, if needed.)*
The estranged spouse sociopath was my agent through an entertainment contract WILLIAM MORRIS in 1980 (unbeknownst to me until 1993.) then in 1983 a marriage contract I unfortunately signed in the name Judy McGrath & Cary Woods assigned to my SSN then unfortunately. I have been receiving income that he and his lawyer stole from me th. Use direct deposit I have been trying to get a divorce since 1993

**6. Additional information. Answer these questions, if possible. Otherwise, leave blank.**
a. Are book/records available? *(If available, do not send now. We will contact you, if they are needed for an investigation.)*   ☐ Yes   ☐ No
b. Do you consider the taxpayer dangerous?   ☒ Yes   ☐ No
c. Banks, Financial Institutions used by the taxpayer

**Name** Chase Manhattan Bank
**Street address**
**City** New York   **State** NY   **ZIP code**

**Name** Citibank, Bank of America
**Street address**
**City** NY   **State** NY   **ZIP code**

## Section C – Information About Yourself

*(We never share this information with the person or business you are reporting.)*
This information is not required to process your report, but would be helpful if we need to contact you for any additional information.

**7a. Your name** Joann C Fonzone aka Judy McGrath aka Ann Woods
**b. Telephone number** 484-773-8056
**c. Best time to call**

**d. Street address** 631 Primrose Lane
**e. City** Allentown
**f. State** PA
**g. ZIP code** 18104

Please print and send your completed form to: Internal Revenue Service
Stop 31313
Fresno, CA 93888

Catalog Number 47872E     www.irs.gov     Form **3949-A** (Rev. 4-2016)

LEHIGH LAW JOURNAL

Executor: Mark I. Kumpf c/o Rebecca M. Young, Esq. and Lia K. Snyder, Esq., Young & Young, 119 E. Main Street, Macungie, PA 18062.
Attorneys: Rebecca M. Young, Esq. and Lia K. Snyder, Esq., Young & Young, 119 E. Main Street, Macungie, PA 18062.

----

**Mitman, Willard H.,** dec'd.
Late of Allentown.
Executrix: Karen M. Derr c/o Fitzpatrick Lentz & Bubba, P.C., 4001 Schoolhouse Lane, P.O. Box 219, Center Valley, PA 18034-0219.
Attorneys: Fitzpatrick Lentz & Bubba, P.C., 4001 Schoolhouse Lane, P.O. Box 219, Center Valley, PA 18034-0219.

----

**Pors, Kaylani Sarah,** dec'd.
Late of the City of Allentown.
Administrators: Kenneth A. Pors, 2649 Saucon Dr., Center Valley, PA 18034 and Lorraine E. Manieri, 5 Royal Ct. at Waterford, York, PA 17402.
Attorneys: Kenneth C. Russell, Jr., Esquire, Baratta, Russell & Baratta, 3500 Reading Way, Huntingdon Valley, PA 19006.

----

**Rooks, Russell T.,** dec'd.
Late of the City of Allentown.
Co-Executrices: Peggy A. Petty and Betty J. Hauser c/o Norris, McLaughlin & Marcus, P.A., 515 West Hamilton Street, Suite 502, Allentown, PA 18101.
Attorneys: R. Nicholas Nanovic, Esquire, Norris, McLaughlin & Marcus, P.A., 515 West Hamilton Street, Suite 502, Allentown, PA 18101.

----

**Sook, Jeanne L. a/k/a Jeanne Lorraine Sook,** dec'd.
Late of S. Whitehall Twp.

Executrix: Susan P. Brodish c/o Michael W. Mills, Esq., 131 W. State St., P.O. Box 50, Doylestown, PA 18901.
Attorneys: Michael W. Mills, Esquire, Antheil, Maslow & MacMinn, LLP, 131 W. State St., P.O. Box 50, Doylestown, PA 18901.

----

**Tubbs, Robert P. a/k/a Robert Paul Tubbs,** dec'd.
Late of Trexlertown.
Administratrix: Patricia A. L'Huillier, 612 E. Main St., Titusville, PA 16354.
Attorneys: Schellart H. Los, Esquire, Los Scales Elder Law LLC, 110 W. Spring St., P.O. Box 346, Titusville, PA 16354.

----

**Werley, Philip M.,** dec'd.
Late of Allentown.
Administrator: Myles R. Werley, III, 127 Wolf Drive, Allentown, PA 18104.

### THIRD PUBLICATION

**Allio, Carl W., Sr.,** dec'd.
Late of Allentown City.
Executrix: JoAnn Fonzone, 2242 Tilghman St., Allentown, PA 18104.
Attorney: JoAnn Fonzone, Esquire, 2242 Tilghman St., #1C, Allentown, PA 18104.

----

**Cohen, Donald E. a/k/a Donald Edward Cohen a/k/a Donald Cohen,** dec'd.
Late of 4567 Canterbury Drive, Emmaus.
Personal Representative: Anne Marie E. Cohen c/o James A. Ritter, Esquire, Gross McGinley, LLP, 111 E. Harrison St., Suite 2, Emmaus, PA 18049-2916.

40 —