**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOANN FONZONE,** : | |
|      **Plaintiff,** : | |
| v. : | **CIVIL ACTION** |
| : | **No. 12-5726** |
| **JOE OTERI, et al.,** : | |
|      **Defendants.** : | |
| : | |
| : | |

**ORDER**

AND NOW, this _____ day of _____, 2022, upon consideration of Plaintiff Joann Fonzone's Petition to Reopen Civil Action and Defendants' response thereto, it is **HEREBY ORDERED** that Plaintiff's petition is hereby **DENIED.**

BY THE COURT:

_____

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JOANN FONZONE,** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | No. 12-5726 |
| **JOE OTERI, et al.,** | : | |
| Defendants. | : | |
| | : | |
| | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**PETITION TO REOPEN A CIVIL ACTION**

Defendants, City of Philadelphia, James Kisielewski, Lisenette Ortiz, and Mark Kovacs by and through the undersigned counsel, hereby file this Response to Plaintiff's Petition to Reopen a Civil Action. In support thereof, Responding Defendants incorporate the attached Memorandum of Law. Responding Defendants respectfully request that this Court deny Plaintiff's petition.

Date: July 25, 2022　　　　　　　　　　　/s/ *Kathryn Faris*
　　　　　　　　　　　　　　　　　　　　Kathryn Faris
　　　　　　　　　　　　　　　　　　　　Deputy City Solicitor
　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 318580
　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　215-683-5445
　　　　　　　　　　　　　　　　　　　　Kathryn.faris@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANN FONZONE,<br>    Plaintiff,<br>v.<br>JOE OTERI, et al.,<br>  Defendants. | CIVIL ACTION<br>No. 12-5726 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFF'S PETITION TO REOPEN A CIVIL ACTION**

  Defendants, City of Philadelphia, James Kisielewski, Lisenette Ortiz, and Mark Kovacs by and through the undersigned counsel, hereby file this Response to Plaintiff's Motion to Reopen a Civil Action and respectfully request that the Court deny Plaintiff's petition(s) (Docket Nos. 218 and 221) as wholly without merit.

**I. PROCEDURAL HISTORY[1]**

  Plaintiff initiated this lawsuit nearly ten years ago on October 9, 2012 by Complaint. *See* Docket No. 1. Plaintiff filed an amended complaint on January 11, 2013. *See* Docket No. 17. A year and a half later, on August 15, 2014, the Court issued a Rule to Show Cause why the matter should not be dismissed. *See* Docket No. 21. On September 26, 2014, Plaintiff filed a petition to reopen the civil action. *See* Docket No. 22. On March 19, 2015, and March 23, 2015, Plaintiff filed subsequent amended complaints. *See* Docket Nos. 29 and 30.

  The Court ordered discovery to be completed on or before February 12, 2016. *See* Docket No. 61. On March 17, 2016, following the close of the discovery deadline, Plaintiff filed a motion

---

[1] The following is adopted from Responding Defendants' March 22, 2022 response to the Court's Rule to Show Cause. Docket No. 205.

3

to stay the proceedings for six months. *See* Docket No. 67. The Court denied Plaintiff's motion. *See* Docket No. 72. Plaintiff filed a motion to extend discovery and stay the proceedings on May 2, 2016. *See* Docket No. 73. On May 24, 2016, the Court granted Plaintiff's request to extend the discovery deadline to August 22, 2016 but denied the request to stay the proceedings. *See* Docket No. 74.

On June 8, 2016, Plaintiff filed a motion to reinstate Joseph Oteri as a defendant to this action. *See* Docket No. 75. That motion was denied on June 26, 2016. *See* Docket No. 76. On August 15, 2016, Plaintiff filed another motion to extend the discovery deadline. *See* Docket No. 81. Plaintiff then filed another motion to extend the discovery deadline on October 21, 2016. *See* Docket No. 94. On October 25, 2016, the Court denied Plaintiff's motion to extend the discovery deadline a third time. *See* Docket No. 95. On November 10, 2016, the Court denied Plaintiff's fourth motion to extend the discovery deadline. *See* Docket No. 98. On January 30, 2017, the Court issued a second amended scheduling order directing that discovery was to be completed by March 3, 2017. *See* Docket No. 103.

On March 1, 2017, Plaintiff filed a fifth motion for an extension of the discovery deadline. *See* Docket No. 104. On March 17, 2017, Defendants filed a motion to dismiss for lack of prosecution and a motion for partial summary judgment. *See* Docket No. 105. On April 4, 2017, the Court denied Plaintiff's request for an extension of the discovery deadline. *See* Docket No. 106. Defendant's motion to dismiss was granted in part and denied in part on September 5, 2017. *See* Docket No. 108.

On April 9, 2018, Plaintiff filed a sixth motion for an extension of the discovery deadline. *See* Docket No. 123. On January 31, 2019, a case management conference was held before the Honorable Jeffrey L. Schmehl, during which Plaintiff requested a continuance because she had

4

obtained counsel. *See* Docket No. 130. A final pretrial conference was held on June 19, 2019, and Plaintiff indicated that she would not be prepared to proceed to trial in July 2019 as scheduled. *See* Docket Nos. 139 and 145. At that conference, Plaintiff again requested that Defendant Oteri be reinstated as a defendant. *Id.*

On September 30, 2019, the Court placed this matter in suspense to permit Plaintiff to obtain an attorney. *See* Docket No. 157. On February 4, 2020, the Court granted Plaintiff additional time to obtain an attorney and ordered that on or before April 6, 2020 Plaintiff was to indicate whether she would proceed with representation or *pro se* and that failure to do so would result in dismissal for lack of prosecution. *See* Docket No. 160. On June 5, 2020, a phone conference was held before the Honorable Marilyn Heffley, which resulted in an order directing that fact and expert discovery be completed by October 5, 2020, that a final pretrial conference be held on April 21, 2021 and that trial begin on April 27, 2021. See Docket Nos. 164 and 165.

On August 19, 2020, Plaintiff filed another motion to reinstate all defendants in the case. *See* Docket No. 166. The Court denied the motion on September 8, 2020. *See* Docket No. 167. On April 27, 2021, the Court issued an amended scheduling order, scheduling the matter for pretrial conference on September 29, 2021, and trial on October 21, 2021. *See* Docket No. 174. On August 23, 2021, Plaintiff filed another motion to reinstate Oteri as a defendant to this action. *See* Docket No. 180. The Court again denied the motion. *See* Docket No. 181.

On September 29, 2021, a pretrial conference was held, at which time the Court ordered Plaintiff to provide proof indicating that she was not prepared to go forward with trial on October 21, 2021 due to a medical procedure scheduled for October 13, 2021. *See* Docket No. 187. Following provision of same, the Court rescheduled the jury trial by six months to April 19, 2022, and indicated that no further continuances would be granted. *See* Docket No. 194.

Still undeterred by this Court's orders, Plaintiff filed a motion to reopen discovery on November 4, 2021. *See* Docket No. 195. The Court denied the motion on November 5, 2021. *See* Docket No. 196. Nevertheless, on March 1, 2022, Plaintiff filed a motion to enforce a subpoena that had been served on the Phillies Organization. *See* Docket No. 200. On March 10, 2022, the Court denied Plaintiff's motion. *See* Docket No. 201.

Also on March 10, 2022, a final pretrial conference was held by phone. At that time, Plaintiff indicated that she was not prepared to proceed to trial on April 19, 2022. Plaintiff also once again requested that Oteri be reinstated as a defendant and again requested additional time to conduct discovery. Following this conference, the Court issued a rule to show cause why the case should not be dismissed for lack of prosecution and provided Plaintiff seven days to respond in writing. *See* Docket No. 202. On March 21, 2022, Plaintiff filed a handwritten response to the Court's order. *See* Docket No. 204.

On April 22, 2022, the Court issued an order and opinion dismissing Plaintiff's case with prejudice for failure to prosecute pursuant to Rule 41(b). *See* Docket Nos. 212, 213. On June 14, 2022, Plaintiff moved to vacate the order of dismissal. *See* Docket No. 216. On June 16, 2022, the Court issued an order denying Plaintiff's motion and analyzing the Rule 60(b) factors in a footnote. *See* Docket No, 217. Plaintiff then filed this petition to reopen a civil action on July 11, 2022. *See* Docket No. 218. Plaintiff followed that petition with a notice of appeal and duplicate petition to reopen a civil action on July 15, 2022. *See* Docket Nos, 219, 220, and 221. On July 21, 2022, the United States Court of Appeals for the Third Circuit ordered that Plaintiff's appeal be stayed pending the disposition of this motion. See Docket No. 223.

## II.  ARGUMENT

Plaintiff's petition, [2] which is titled "Petition to Reopen a Civil Action," seeks relief from a final judgment entered by this Court on April 22, 2022. ECF 218 and 221.  This action was dismissed pursuant to Rule 41(b) for lack of prosecution, where Plaintiff was unprepared to begin trial despite having ten (10) years to prepare her case. Plaintiff filed an untimely motion for reconsideration on June 14, 2022, which was denied on June 16, 2022. Plaintiff then filed the current petition on July 11, 2022.

### 1.  Plaintiff's Petition Should be Dismissed Under the Law of the Case Doctrine.

This Court previously considered Plaintiff's arguments in its order denying Plaintiff's motion for reconsideration. Docket No. 217. Therefore, at the outset, the Court should dismiss the petition from being relitigated under the law of the case doctrine. *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 815 (1988) (summarizing the doctrine of the law of the case as established when a court decides, upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case, and opining that the doctrine promotes the finality and efficiency of the judicial process by "protecting against the agitation of settled issues."; further discouraging courts from revising its prior decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." (internal citations omitted)). Plaintiff fails to raise any new arguments in her current petition, and instead reiterates arguments made previously before the Court. As a result, the law of the case doctrine applies here, and Plaintiff's petition should be dismissed.

---

[2] Plaintiff filed two petitions to reopen under Docket Nos. 218 and 221. The latter appears to be duplicative of the former, though only one page was uploaded. As a result, Responding Defendants treat these petitions as one and the same and requests the Court dismiss both.

2. **Plaintiff's Petition Should Be Dismissed Because She Fails to Demonstrate that She Meets Any of the Six Justifications under Rule 60(b) to Receive Relief from Final Judgment.**

Under Rule 60(b) the Court may grant relief in the following circumstances (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Here, just as in Plaintiff's June 14, 2022 motion for reconsideration, Plaintiff argues excusable neglect under Rule 60(b)(1) because she was never mailed copies of the April 22, 2022 and June 16, 2022 orders. The same reasoning applies to the current petition as in the Court's June 16, 2022 denial of Plaintiff's motion for reconsideration. Docket No. 217 at n.1. Copies of the orders were sent to Plaintiff via e-mail, as noted in the Court's denial of the motion for reconsideration. *Id*; *see also* Docket No. 213. It is Plaintiff's obligation to ensure that her email address is correctly listed on the docket. *See* Notice to Pro Se Litigants (E.D. Pa. Apr. 9, 2020), *available at* https://www.paed.uscourts.gov/documents/notices/not_pro%20se%20email%20address.pdf).

Furthermore, undersigned counsel received an email from the same address listed on the docket for Plaintiff on March 29, 2022, requesting that copies of filings be mailed to her, which Responding Defendants have done. Ex. A, Mar. 29, 2022 email from Plaintiff. As a result, Plaintiff fails to demonstrate a basis for the Court to grant relief pursuant to Rule 60(b)(1).

Plaintiff cannot make out a claim under 60(b)(2) with respect to newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial,

8

because Plaintiff has had ten years to conduct discovery and prepare for trial, but instead made eight motions to extend discovery deadlines, five motions to reinstate a dismissed defendant, and requested continuances of trial dates four times. *See gen.* Docket Nos. 12-5726. There is no rational basis to conclude that Plaintiff could show that she has discovered new evidence, at this juncture, that she could not have discovered with reasonable diligence during the ten-year pendency of her case.

With regard to 60(b)(3), fraud, misrepresentation, or misconduct by an opposing party, the Court has previously rejected Plaintiff's continued arguments that Defendants failed to provide discovery throughout the case. Docket No. 217 at n.1; *and* Nos. 65, 88, 98, 102, 123, 147, 201. Plaintiff is unable to demonstrate any fraud, misrepresentation, or misconduct by an opposing party that warrants reconsideration of the Court's decision to dismiss her matter with prejudice.

Similarly, Plaintiff cannot substantiate claims under Rule 60(b) subsections (4), (5), or (6). There is no reason to conclude that the Court's judgment is void under 60(b)(4). Similarly, there are no possible arguments under 60(b)(5) from which the Court could conclude that the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Finally, there are no other reasons that would justify relief in Plaintiff's favor under 60(b)(6).

There is plainly no factor that weighs in favor of abandoning the Court's prior well-reasoned opinion dismissing this matter with prejudice. In its April 22, 2022 opinion, the Court conducted a thorough balancing of the *Poulis* factors and determined that they weighed in favor of dismissal for lack of prosecution. Docket No. 212. Plaintiff has had ten years to propound and review discovery, come to terms with the Court's rulings, and present her case before a jury. She

9

has failed to do so at every step of the way, and at this juncture, as the Court previously ordered, the only appropriate remedy is dismissal of the case with prejudice.

### III. CONCLUSION

For the reasons set forth above, Defendants, City of Philadelphia, James Kisielewski, Lisenette Ortiz, and Mark Kovacs, hereby request that this Court deny Plaintiff's petition to reopen the civil action.

Date: July 25, 2022                  /s/ *Kathryn Faris*
                                     Kathryn Faris
                                     Deputy City Solicitor
                                     Pa. Attorney ID No. 318580
                                     City of Philadelphia Law Department
                                     1515 Arch Street, 14th Floor
                                     Philadelphia, PA 19102
                                     215-683-5445
                                     Kathryn.faris@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOANN FONZONE,** | : | |
| Plaintiff, | : | |
| v. | : | **CIVIL ACTION** |
| | : | **No. 12-5726** |
| **JOE OTERI, et al.,** | : | |
| Defendants. | : | |
| | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendant's Motion has been filed on ECF and is available for viewing and downloading by all parties. A copy will also be sent via first class mail to:

Joann Fonzone
631 Primrose Lane
Allentown, PA 18104


Date: July 25, 2022                              /s/ *Kathryn Faris*
                                                 Kathryn Faris
                                                 Deputy City Solicitor
                                                 Pa. Attorney ID No. 318580
                                                 City of Philadelphia Law Department
                                                 1515 Arch Street, 14th Floor
                                                 Philadelphia, PA 19102
                                                 215-683-5445
                                                 Kathryn.faris@phila.gov

11

# EXHIBIT A

| | |
|---|---|
| **From:** | .com |
| **To:** | james@jamesbinns.net; Kathryn Faris; Katelyn Mays |
| **Date:** | Tuesday, March 29, 2022 1:58:03 PM |

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Since I have not met or spoken with any of you that are suddenly appearing on the correspondence I receive from the Federal Court, I'd like to take this opportunity to ask you to please send any filings to me by U. S. mail. The reason for this is two-fold: 1, Frequently I cannot check my email because of the many serious injuries and health conditions I have as a result of the incidents of October 6, 2010 and will be treating for the rest of my life and 2, often I have attempted to file electronically only to be told by the clerk that the documents were not received by the Court. In fact, magistrate Heffley has Ordered that I , the Plaintiff , be served by U.S. mail and electronic mail because of these facts.  Thank you for your attention to this matter.  Jo Ann Fonzone, Esquire  aka Judy Mc Grath