IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JOANN FONZONE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| JOE OTERI, et al., | : | No. 12-5726 |
| Defendants. | : | |
| | : | |

**ORDER**

**AND NOW,** this 12th day of May, 2023, upon consideration of Plaintiff Joann Fonzone's Motion to Reopen Civil Rights Personal Injury Action (ECF No. 234) and her correspondence docketed on May 10, 2023 (ECF No. 236), it is hereby **ORDERED as follows:**

1. The motion to reopen (ECF No. 234) is **DENIED.**[1]

---

[1] This is the Plaintiff's third motion to reopen the present action pursuant to Federal Rule of Civil Procedure 60(b). *See* ECF Nos. 216, 218, 234. She again is attempting to relitigate issues that have already been presented to—and rejected by—this Court. As such, her request is denied for all the reasons set forth in the late Honorable Marilyn Heffley's thorough and well-reasoned opinion dismissing this matter and order denying plaintiff's previous petition to reopen. ECF No. 213 (memorandum opinion), ECF No. 217 (order on Rule 60(b) motion); *see also* ECF No. 233-1 (Third Circuit opinion affirming denial of Rule 60(b) motion); ECF No. 231 (order denying subsequent Rule 60(b) motion).

To the extent Plaintiff is raising a new argument under Rule 60(b)(1), no relief is warranted. Rule 60(b)(1) permits courts to relieve a party from a final judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relying on this subsection, Plaintiff points to an alleged "mistake" in an ECF notification from 2019 indicating the case was closed, when really it was only in civil suspense, and argues that the mistake prevented her from obtaining a lawyer to represent her in this matter. *See* ECF No. 234, at 2. However, she admits that she realized the error in July 2020, and it was corrected later that year. *Id.* Because this alleged mistake (if it even is one) does not "call the validity of the *judgment* into doubt," there are no grounds to reopen pursuant to Rule 60(b)(1). *See Moses v. Soto*, No. 14-4744, 2022 WL 704204, at *1 (E.D. Pa. Mar. 8, 2022) (McHugh, J.) (". . . Rule 60(b) is aimed at correcting injustices that might 'call the validity of the *judgment* into doubt." (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (emphasis in original))).

In addition, the compact discs that the Plaintiff provided to chambers in conjunction with this motion cannot constitute a basis for reactivating the present case. Plaintiff has been in possession of the evidence contained on those discs for over a decade, *see* ECF No. 236, and therefore they are not "newly discovered" for purposes of Rule 60(b)(2), *see* Wright & Miller, 11 Fed. Prac. & Proc. § 2950 (3d ed.) (explaining that if the evidence "was in the possession of the party before the judgment was rendered[,] it is not newly discovered and does not entitle the party to relief" under Rule 60(b)(2)).

    2.    The Plaintiff's request to stay the present proceedings (ECF No. 236) is **DENIED as moot.**[2]

BY THE COURT:

_s/Pamela A. Carlos_____
PAMELA A. CARLOS
U.S. Magistrate Judge

---

[2] At the end of her response to my order dated April 27, 2023, regarding the contents of the CDs she sent to my chambers, the Plaintiff requested "a brief stay of proceedings" due to a recent wrist surgery. *See* ECF No. 236. Considering that this case has been closed for over a year and there is no basis to reopen, there are no proceedings to stay, and so her request will be denied as moot.