IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOANN FONZONE, | : | CIVIL ACTION |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| JOE OTERI, et al., | : | No. 12-5726 |
| Defendants. | : |  |

## ORDER

**AND NOW,** this 13th day of September, 2023, upon consideration of Plaintiff Joann Fonzone's *pro se* motions for relief (ECF No. 245) and argument (ECF No. 246), it is hereby **ORDERED** that said motions are **DENIED.**[1]

BY THE COURT:

_s/Pamela A. Carlos_
PAMELA A. CARLOS
U.S. Magistrate Judge

---

[1] Although Ms. Fonzone currently has an appeal pending with the Third Circuit in this action, *see* ECF No. 241 (notice of appeal), she recently filed two *pro se* motions in this Court, *see* ECF Nos. 245, 246. The first motion appears to request that the present action be "reinstated" pursuant to Federal Rules of Civil Procedure 59 and 60, along with a request for attorney's fees to reimburse her for the work she has done to litigate this matter on her own behalf. *See* ECF 245, at 1–5. The second motion requests that this Court schedule an "argument" with the defendants listed in her July 2015 amended complaint. *See* ECF No. 246

Ordinarily, "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985). But where, such as here, the "district court is presented with a Rule 60(b) motion that is filed more than 28 days after the entry of the judgment being challenged on appeal, that general rule does not prevent a district court from either denying the motion or indicating that it would grant the motion if the case were remanded." *McCracken v. R.J. Reynolds Tobacco*, 842 F. App'x 722, 725 (3d Cir. 2021) (not precedential) (citing to *Venen*, 758 F.2d at 123). In addition, district courts may rule on requests for attorney's fees notwithstanding a pending appeal. *See Venen*, 758 F.2d at 120 n.2.

Here, regardless of their titles, Ms. Fonzone's two motions, in essence, seek relief pursuant Federal Rule of Civil Procedure 60(b). Because she filed them more than twenty-eight days after the order she is appealing, this Court has the authority to deny them. On review, neither filing presents new grounds that would warrant relief under

---

Rule 60(b). Therefore, the motions are denied for all the reasons set forth in the late Honorable Marilyn Heffley's thorough and well-reasoned opinion dismissing this matter and the various orders denying Ms. Fonzone's previous requests to reopen. *See* ECF Nos. 213, 217, 231, 237; *see also* ECF No. 233-1 (Third Circuit opinion affirming denial of Rule 60(b) motion).

In addition, Ms. Fonzone's request for attorney's fees will also be denied. Not only is her request facially untimely and nonspecific, *see* FED. R. CIV. P. 54(d)(2)(B), there are no grounds justifying such an award. Significantly, Ms. Fonzone was not the prevailing party in this section 1983 action, *see* 42 U.S.C. § 1988 (authorizing courts to award reasonable attorney's fees in section 1983 actions to "the prevailing party"), nor was she represented by an attorney, *see Pitts v. Vaughn*, 679 F.2d 311, 313 (3d Cir. 1982) (concluding that section 1988 "does not entitle a non-lawyer, pro se litigant to attorney's fees"); *Kay v. Ehrler*, 499 U.S. 432 (1991) (holding that *pro se* litigants who happen to also be lawyers are not entitled to attorney's fees under section 1988).